| | |
|---|---|
| 1 | **ROSMAN & GERMAIN LLP**<br>DANIEL L. GERMAIN (Cal. Bar #143334) |
| 2 |   germain@lalawyer.com<br>16311 Ventura Boulevard, Ste. 1200 |
| 3 | Encino, CA 91436<br>Telephone: (818) 788-0877 |
| 4 | Facsimile: (818) 788-0885 |
| 5 | *Proposed Liaison Counsel for the Class* |
| 6 | **KESSLER TOPAZ**<br>  **MELTZER & CHECK, LLP** |
| 7 | NAUMON A. AMJED<br>  namjed@ktmc.com |
| 8 | RYAN T. DEGNAN<br>  rdegnan@ktmc.com |
| 9 | MEREDITH L. LAMBERT<br>  mlambert@ktmc.com |
| 10 | 280 King of Prussia Road<br>Radnor, PA 19087 |
| 11 | Telephone: (610) 667-7706<br>Facsimile: (610) 667-7056 |
| 12 | |
| 13 | *Attorneys for John D. Chapman and Proposed Lead Counsel for the Class* |

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| 16 | FERNANDO X. GARCIA,<br>Individually and on Behalf of All<br>Others Similarly Situated, | Case No. 8:17-cv-00118-CJC-DFM |
| 17 | | <u>CLASS ACTION</u> |
| 18 |     Plaintiff, | **NOTICE OF MOTION AND MOTION OF JOHN D. CHAPMAN FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF HIS SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| 19 |     v. | |
| 20 | BANC OF CALIFORNIA, INC.,<br>STEVEN A. SUGARMAN, RONALD<br>J. NICOLAS, JR., and JAMES J.<br>MCKINNEY, | |
| 21 | | |
| 22 |     Defendants. | |
| 23 | | Date:      April 24, 2017<br>Time:     1:30 p.m. |
| 24 | | Courtroom: 9B<br>Judge:    Hon. Cormac J. Carney |
| 25 | | <u>ORAL ARGUMENT REQUESTED</u> |
| 26 | | |
| 27 | [*Additional captions on following page.*] | |

28    <small>MOTION OF JOHN D. CHAPMAN FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF HIS SELECTION OF COUNSEL
CASE NOS.: 8:17-CV-00118-CJC-DFM, *ET AL.*</small>

| | |
|---|---|
| ANDRES CARDONA, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>        v.<br><br>BANC OF CALIFORNIA, INC., JAMES J. MCKINNEY, RONALD J. NICOLAS, JR., and STEVEN A. SUGARMAN,<br><br>        Defendants. | Case No. 2:17-cv-00621-CJC-DFM |
| MARK MALAK, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>        v.<br><br>BANC OF CALIFORNIA, INC., STEVEN A. SUGARMAN, and JAMES J. McKINNEY,<br><br>        Defendants. | Case No. 8:17-cv-00138-CJC-DFM |

MOTION OF JOHN D. CHAPMAN FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF HIS SELECTION OF COUNSEL
CASE NOS.: 8:17-CV-00118-CJC-DFM, *ET AL.*

# **TABLE OF CONTENTS**

NOTICE OF MOTION AND MOTION ........................................................................ 1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 2

    I.    PRELIMINARY STATEMENT ............................................................... 2

    II.    FACTUAL BACKGROUND .................................................................... 4

    III.    ARGUMENT ............................................................................................. 7

        A.    The Related Actions Should Be Consolidated ............................... 7

        B.    Mr. Chapman Is the Most Adequate Plaintiff .............................. 8

            1.    Mr. Chapman's Motion Is Timely ...................................... 9

            2.    Mr. Chapman Has the Largest Financial Interest in the Relief Sought by the Class .......................... 9

            3.    Mr. Chapman Satisfies the Relevant Requirements of Rule 23 ..................................................... 10

                a.    Mr. Chapman Is Typical ......................................... 10

                b.    Mr. Chapman Is Adequate ..................................... 11

        C.    Mr. Chapman's Selection of Counsel Should Be Approved ....................................................................................... 12

    IV.    CONCLUSION ........................................................................................ 13

---

MOTION OF JOHN D. CHAPMAN FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF HIS SELECTION OF COUNSEL
CASE NOS.: 8:17-CV-00118-CJC-DFM, *ET AL.*

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Andrade v. American Apparel, Inc.*,
No. 10-06352 MMM (PJWx),
2011 WL 13130706 (C.D. Cal. Mar. 15, 2015) ..............................................*passim*

*Bhojwani v. Pistiolis*,
No. 06 CIV 13761 CM KNF,
2007 WL 2197836 (S.D.N.Y. June 26, 2007) ........................................................ 2

*In re Cavanaugh*,
306 F.3d 726 (9th Cir. 2002) ......................................................................*passim*

*In re Cohen v. United States Dist. Court for the N. Dist. of Cal.*,
586 F.3d 703 (9th Cir. 2009) ............................................................................... 12

**Statutes**

15 U.S.C. § 78u-4(a) ....................................................................................*passim*

**Other Authorities**

Fed. R. Civ. P. 23 ..................................................................................... 10, 11

Fed. R. Civ. P. 42(a) ................................................................................................ 7

MOTION OF JOHN D. CHAPMAN FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF HIS SELECTION OF COUNSEL
CASE NOS.: 8:17-CV-00118-CJC-DFM, *ET AL.*

ii

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on or about April 24, 2017, at 1:30 p.m., before the Honorable Cormac J. Carney, at the United States District Court for the Central District of California, located at Courtroom 9B of the Ronald Reagan Federal Building and United States Courthouse, 411 W. Fourth St., Santa Ana, California, Lead Plaintiff movant John D. Chapman ("Mr. Chapman") will respectfully move this Court for entry of an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"): (1) consolidating the above-captioned related actions; (2) appointing Mr. Chapman as Lead Plaintiff; (3) approving Mr. Chapman's selection of Kessler Topaz Meltzer & Check, LLP ("Kessler Topaz") to serve as Lead Counsel for the class and Rosman & Germain LLP ("Rosman & Germain") to serve as Liaison Counsel for the class; and (4) granting any such further relief as the Court may deem just and proper.[1]

This Motion is made on the grounds that Mr. Chapman timely filed this Motion and is the "most adequate plaintiff" under the PSLRA. Specifically, Mr. Chapman believes that he has the "largest financial interest" in the relief sought by the class in this litigation and also satisfies the applicable requirements of Federal Rule of Civil Procedure 23 because his claims are typical of other class members' claims and because he will fairly and adequately represent the interests of the class.

---

[1] This Motion has been filed pursuant to Section 21D(a)(3)(B) of the Exchange Act, as amended by the PSLRA. Section 21D(a)(3)(B) provides that within 60 days after publication of the required notice, any member of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not that proposed class member has previously filed a complaint in the underlying action. Consequently, counsel for Mr. Chapman cannot determine who the competing lead plaintiff candidates are at this time. As a result, counsel for Mr. Chapman has been unable to confer with opposing counsel as prescribed in Local Rule 7-3, and respectfully requests that the conference requirement of Local Rule 7-3 be waived for this Motion.

MOTION OF JOHN D. CHAPMAN FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF HIS SELECTION OF COUNSEL
CASE NOS.: 8:17-CV-00118-CJC-DFM, *ET AL.*

1

The Motion is made based upon the accompanying Memorandum of Points and Authorities in Support Thereof, the Declaration of Daniel L. Germain (the "Germain Decl.") filed herewith, the pleadings and other filings in this litigation, and such other written or oral argument as may be permitted by the Court. Mr. Chapman respectfully requests oral argument.

WHEREFORE, Mr. Chapman respectfully requests that the Court enter an order: (1) consolidating the above-captioned related actions; (2) appointing Mr. Chapman as Lead Plaintiff pursuant to the PSLRA; (3) approving Mr. Chapman's selection of Kessler Topaz as Lead Counsel for the class and Rosman & Germain as Liaison Counsel for the class; and (4) granting such further relief as the Court may deem just and proper.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. PRELIMINARY STATEMENT

Three class actions ("the Actions") brought on behalf of all persons who purchased or otherwise acquired Banc of California, Inc. ("Banc" or the "Company") securities between August 7, 2015 and January 23, 2017 (the "Class Period")[2] are currently pending in this District. The Actions allege violations of Sections 10(b) and 20(a) of the Exchange Act, as amended by the PSLRA (15 U.S.C. §§ 78j(b) and 78t(a)), and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5), against Banc and certain of its current and former officers and/or directors (collectively, "Defendants"). As detailed below, the Actions involve common issues of law and

---

[2] For purposes of appointing a lead plaintiff, the longest, most inclusive class period governs. *See, e.g.*, *Bhojwani v. Pistiolis*, No. 06 CIV 13761 CM KNF, 2007 WL 2197836, at *3 (S.D.N.Y. July 31, 2007), *report and recommendation adopted*, No. 06 CIV. 13761 CM NKF, 2007 WL 9228588 (S.D.N.Y. July 31, 2007) (applying more inclusive class period for purposes of lead plaintiff appointment). As such, the class period alleged in *Cardona v. Banc of California, Inc., et al.*, No. 2:17-cv-00621-CFC-DFM (C.D. Cal. filed January 26, 2017), is relied upon for this Motion.

MOTION OF JOHN D. CHAPMAN FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF HIS SELECTION OF COUNSEL
CASE NOS.: 8:17-CV-00118-CJC-DFM, *ET AL.*

fact and should be consolidated pursuant to Rule 42(a) of the Federal Rules of Civil Procedure ("Rule 42(a)"). *See* § III.A., *infra*.

After consolidation, the PSLRA allows any member of the purported class to move for appointment as lead plaintiff and sets forth the process for determining which movant is the "most adequate plaintiff." *See* 15 U.S.C. § 78u-4(a)(3)(A)-(B); *In re Cavanaugh*, 306 F.3d 726, 729-730 (9th Cir. 2002). Under the PSLRA, the Court must appoint as lead plaintiff the movant who: (1) makes a timely motion under the PSLRA's 60-day deadline; (2) asserts the largest financial interest in the litigation; and (3) otherwise satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Mr. Chapman respectfully submits that he is the presumptive "most adequate plaintiff" under the PSLRA and should be appointed as Lead Plaintiff. Mr. Chapman has timely moved for lead plaintiff appointment. To the best of Mr. Chapman's knowledge, his loss of approximately $38,421 on a first-in, first-out ("FIFO") basis or approximately $31,537 on a last-in, first-out ("LIFO") basis in connection with his transactions in Banc securities during the Class Period represents the largest known financial interest in the relief sought by the class. *See* Germain Decl., Exs. A-B. In addition to asserting the largest financial interest, Mr. Chapman easily satisfies the relevant requirements of Rule 23 because his claims are typical of all members of the class and because he will fairly and adequately represent the class.

Lastly, Mr. Chapman has retained experienced and competent counsel to represent the class. As the "most adequate plaintiff" under the PSLRA, Mr. Chapman's selection of Kessler Topaz as Lead Counsel and Rosman & Germain as Liaison Counsel for the class should be approved. *See* 15 U.S.C. § 78u-

4(a)(3)(B)(v); *Cavanaugh*, 306 F.3d at 734 ("the [PSLRA] clearly leaves the choice of class counsel in the hands of the lead plaintiff").

## II. FACTUAL BACKGROUND

Banc, a Maryland corporation with its principal executive officers in Irvine, California, is a financial holding company that provides comprehensive banking services to California businesses, entrepreneurs, and homeowners.

The Actions allege that throughout the Class Period, Defendants made materially false and misleading statements and omitted material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants: (1) failed to disclose that the Company was exposed to substantial regulatory risk as a result of its secret ties to Jason Galanis ("Galanis") – an individual who had been convicted of manipulating securities markets and accused of engaging in bank fraud; and (2) misrepresented that the Company's Board of Directors (the "Board"), acting through its "disinterested" Directors, had initiated an "independent" investigation into the Company's ties to Galanis and received regular reports from government and regulatory authorities concerning the same.

As pled in the Actions, on October 9, 2016, a contributor to the investment website *SeekingAlpha.com* published an article (the "*Seeking Alpha* Article") revealing that Banc and certain of its executives, including its President, Chief Executive Officer, and Board Chairman, Steven A. Sugarman ("Sugarman"), may have undisclosed ties to Galanis and other accused fraudsters. In particular, based upon an exhaustive review of tens of thousands of pages of publicly available documents, the *Seeking Alpha* Article reported that Galanis may have secretly gained control of the Company and highlighted a number of parallels between Banc and Gerova Financial – a $1 billion financial institution that propagated a similar "community reinvestment" narrative as part of a giant fraud and collapsed after

Galanis's involvement in the company was exposed. The *Seeking Alpha* Article further detailed a "bevy of related party transactions that benefit insiders," including related-party transactions involving Sugarman and members of his family. On this news, the price of Banc stock fell $4.61 per share, or 29%, from a closing price of $15.87 per share on October 17, 2016, to close at $11.26 per share on October 18, 2016.

In response to the *Seeking Alpha* Article's revelations concerning Galanis's secret ties to the Company and certain of its executives, Banc issued a press release that same day (the "October 18 Press Release") announcing that: (1) the Board had been aware of these matters; (2) acting through its "Disinterested Directors," the Board had promptly initiated an "independent investigation" led by the law firm Winston Strawn, into these matters; and (3) the Board or its Disinterested Directors had "received regular reports including related to regulatory and government communications" regarding these matters.

One month later, on November 16, 2016, Banc issued a press release announcing a delay in the filing of its quarterly report on Form 10-Q for the third fiscal quarter of 2016 with the Securities and Exchange Commission ("SEC") pending the completion of an internal review by independent legal counsel under the direction of a Special Committee of Independent Directors (the "Special Committee") into "certain purported improper relationships and related party transactions and related matters."

Finally, on January 23, 2017, the Company issued a press release announcing Sugarman's abrupt resignation. That same day, the Company issued a separate press release providing an update on the Special Committee's investigation (the "January 23 Update"). Among other things, the Company disclosed that on October 27, 2016, it had received a letter from Banc's outside auditor, KPMG, raising concerns about

MOTION OF JOHN D. CHAPMAN FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF HIS SELECTION OF COUNSEL
CASE NOS.: 8:17-CV-00118-CJC-DFM, *ET AL.*

5

the alleged "inappropriate relationships with third parties" and "potential undisclosed related party relationships." The Company further reported in the January 23 Update that its Special Committee had retained WilmerHale, a law firm with no prior relationship to the Company, to conduct an independent investigation into the matters raised in the *Seeking Alpha* Article.

In addition, the Company admitted in the January 23 Update that the October 18 Press Release "contained inaccurate statements" when issued because it had incorrectly stated that: (1) the investigation into the Company's alleged ties with Galanis had been initiated by the Board, when, in fact, it had been directed by Company management; (2) the investigation was "independent," without disclosing that the law firm conducting the investigation had previously represented both the Company and Sugarman individually; and (3) the Board or a group of "Disinterested Directors" had received "regular reports including related to regulatory and governmental communications[,]" which overstated both the extent of the Company's contact with regulatory agencies about the subject matter referenced in the *Seeking Alpha* Article and the directors' involvement in such communications.

The Company also revealed in the January 23 Update that, on January 12, 2017, the SEC had instituted a formal investigation into the Company concerning certain of the matters being reviewed by its Special Committee, and issued a subpoena seeking documents from the Company primarily relating to the October 18 Press Release and associated public statements. Finally, the Company announced in the January 23 Update that its Board was in the process of implementing various measures to enhance its overall corporate governance. On this news, Banc's stock price declined $1.50 per share, or 9%, from a closing price of $16.15 per share on January 20, 2017, to close at $14.65 per share on January 23, 2017.

MOTION OF JOHN D. CHAPMAN FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF HIS SELECTION OF COUNSEL
CASE NOS.: 8:17-CV-00118-CJC-DFM, *ET AL.*

6

## III. ARGUMENT

### A. The Related Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under [the Exchange Act] has been filed," courts shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. §78u-4(a)(3)(B)(ii).

Here, there are at least three related securities class actions asserting claims under the federal securities laws on behalf of investors:

| **Case Caption** | **Date Filed** | **Claims/Class Period** |
| --- | --- | --- |
| *Garcia v. Banc of California, Inc., et al.*, No. 8:17-cv-00118 | Jan. 23, 2017 | Sections 10(b) and 20(a) of the Exchange Act; October 29, 2015, through January 20, 2017 |
| *Cardona v. Banc of California, Inc., et al.*, No. 2:17-cv-00621 | Jan. 26, 2017 | Sections 10(b) and 20(a) of the Exchange Act; August 7, 2015, through January 23, 2017 |
| *Malak v. Banc of California, Inc., et al.*, No. 8:17-cv-00138 | Jan. 26, 2017 | Sections 10(b) and 20(a) of the Exchange Act; October 29, 2015, through January 20, 2017 |

Consolidation is appropriate under Rule 42(a) where the actions involve common questions of law or fact. *See Andrade v. Am. Apparel, Inc.*, No. 10-06352 MMM (PJWx), 2011 WL 13130706, at *3 (C.D. Cal. Mar. 15, 2011) (quoting Rule 42(a)). Here, the Actions present virtually identical factual and legal issues arising out of the same alleged course of misconduct and involve the purchase of Banc securities at artificially inflated prices. Accordingly, consolidation is appropriate. *See id.* (citing prior order consolidating four related actions asserting claims under the Exchange Act).[3]

---

[3] Further, the slight variations in class periods and parties among the Actions do not render consolidation inappropriate where, as here, the Actions assert identical claims based on similar factual allegations against overlapping Defendants. *See id.* ("The existence of slight differences in class periods, parties, or damages among the

MOTION OF JOHN D. CHAPMAN FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF HIS SELECTION OF COUNSEL
CASE NOS.: 8:17-cv-00118-CJC-DFM, *ET AL.*

7

### B. Mr. Chapman Is the Most Adequate Plaintiff

The PSLRA establishes the procedure for selecting a lead plaintiff in a class action lawsuit asserting claims under the federal securities laws. 15 U.S.C. § 78u-4(a)(1)-(3)(B)(i); *see also Cavanaugh*, 306 F.3d at 729 (discussing the process for selecting a lead plaintiff under the PSLRA).

First, a plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action informing class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the purported class period; and (4) the right to move the court to be appointed as lead plaintiff within 60 days of the publication of the notice. 15 U.S.C. § 78u-4(a)(3)(A)(i). Within 60 days after publication of the notice, any member of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. § 78u-4(a)(3)(A)-(B).

Second, the PSLRA provides that within 90 days after publication of the notice, the court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the court determines to be most capable of adequately representing the interests of class members. *See* 15 U.S.C. § 78u-4(a)(3)(B); *see also Cavanaugh*, 306 F.3d at 729-32. In selecting the "most adequate plaintiff," the PSLRA provides that the court shall adopt a presumption that the most adequate plaintiff in any private action arising under the PSLRA is:

> the person or group of persons that –
> (aa) has either filed the complaint or made a motion in response to a notice . . . ;

---

suits does not necessarily defeat consolidation where the essential claims and factual allegations are similar.") (citation omitted).

MOTION OF JOHN D. CHAPMAN FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF HIS SELECTION OF COUNSEL
CASE NOS.: 8:17-CV-00118-CJC-DFM, *ET AL.*

8

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Here, Mr. Chapman is the "most adequate plaintiff" because he: (1) timely moved for appointment as Lead Plaintiff; (2) possesses the "largest financial interest in the relief sought by the class"; and (3) "otherwise satisfies the requirements of Rule 23" for purposes of this Motion. *Id.*

### 1. Mr. Chapman's Motion Is Timely

The PSLRA allows any member of the class to move for appointment as lead plaintiff within 60 days of the publication of notice that the first action has been filed. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). Here, in connection with the filing of the first-filed action, *Garcia v. Banc of California, et al.*, No: 8:17-cv-00118 (C.D. Cal.), notice was published on January 23, 2017 in *Business Wire*. *See* Germain Decl., Ex. C. Accordingly, the deadline to seek appointment as lead plaintiff is March 24, 2017. Therefore, Mr. Chapman's Motion is timely.

### 2. Mr. Chapman Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA presumes that the movant asserting the largest financial interest in the relief sought by the class and who otherwise satisfies the requirements of Rule 23 is the most adequate plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also Cavanaugh*, 306 F.3d at 729-32. Here, Mr. Chapman suffered losses of approximately $38,421 on a FIFO basis or approximately $31,537 on a LIFO basis in connection with his Class Period purchases of Banc securities. *See* Germain Decl., Exs. A-B; *see also Andrade*, 2011 WL 13130706, at *5, 14 (appointing as lead

MOTION OF JOHN D. CHAPMAN FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF HIS SELECTION OF COUNSEL
CASE NOS.: 8:17-CV-00118-CJC-DFM, *ET AL.*

9

plaintiff individual investor who sustained largest losses). To the best of Mr. Chapman's knowledge, there are no other lead plaintiff movants asserting a larger financial interest in this litigation.

### 3. Mr. Chapman Satisfies the Relevant Requirements of Rule 23

In addition to possessing the largest financial interest in the relief sought by the class, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure" in order to trigger the presumption of adequacy. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii).

Rule 23(a) provides that a party may serve as a class representative if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. However, at this stage of litigation, a movant need only make "a prima facie showing that he satisfies the [typicality and adequacy] requirements of Rule 23." *Andrade*, 2011 WL 13130706, at *5 (citation and internal quotations omitted); *see also Cavanaugh*, 306 F.3d at 729-31.

#### a. Mr. Chapman Is Typical

The typicality requirement is satisfied where the movant's claims "arise[] from the same practice or course of conduct that gives rise to the claims of the other class members and [are] based on the same legal theory." *Andrade*, 2011 WL 13130706, at *6 (citation and internal quotations omitted). Moreover, "claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Id.* (citation and internal quotations omitted). Mr. Chapman satisfies the typicality requirement because, just like all other proposed class members, Mr. Chapman seeks recovery for the losses on his investments in

MOTION OF JOHN D. CHAPMAN FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF HIS SELECTION OF COUNSEL
CASE NOS.: 8:17-CV-00118-CJC-DFM, *ET AL*.

10

Banc securities that he incurred as a result of Defendants' misrepresentations and omissions. Thus, Mr. Chapman's claims arise from the same conduct as those of the other class members. Accordingly, Mr. Chapman is typical. *See id.*

### b. Mr. Chapman Is Adequate

The adequacy element of Rule 23 requires that the Lead Plaintiff "fairly and adequately protect the interests of the class." Rule 23(a)(4). Thus, the adequacy element is satisfied where: (1) the movant has "a sufficient interest in the outcome of the case to ensure vigorous advocacy"; (2) the movant's "interests are not antagonistic to the interests of absent class members"; and (3) the movant's proposed "counsel for the class is qualified and competent." *Andrade*, 2011 WL 13130706, at *7.

Here, Mr. Chapman is adequate because his interest in aggressively pursuing claims against Defendants is aligned with the interests of other class members who were similarly harmed as a result of Defendants' false and misleading statements. There is no antagonism or potential conflict between Mr. Chapman's interests and those of the other members of the class, and Mr. Chapman is fully committed to vigorously pursuing the claims on behalf of the class. Further, Mr. Chapman has demonstrated his adequacy through his selection of Kessler Topaz to serve as Lead Counsel and Rosman & Germain as Liaison Counsel for the class. As discussed more fully below, Kessler Topaz is highly qualified and experienced in the area of securities class action litigation and has repeatedly demonstrated its ability to prosecute complex actions in an efficient, effective, and professional manner. Similarly, Rosman & Germain is well qualified to represent the class as Liaison Counsel.

MOTION OF JOHN D. CHAPMAN FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF HIS SELECTION OF COUNSEL
CASE NOS.: 8:17-CV-00118-CJC-DFM, *ET AL.*

11

### C. Mr. Chapman's Selection of Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain counsel for the class, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cavanaugh*, 306 F.3d at 734 ("the [PSLRA] clearly leaves the choice of class counsel in the hands of the lead plaintiff"). Courts should not disturb the lead plaintiff's choice of counsel unless it is necessary to protect the interests of the class. *See In re Cohen v. United States Dist. Court for the N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009) ("if the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice").

Here, Mr. Chapman has selected and retained Kessler Topaz to serve as Lead Counsel for the class. Kessler Topaz specializes in prosecuting complex class action litigation and is one of the leading law firms in its field. *See* Germain Decl., Ex. D. The firm is actively engaged in complex litigation, and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, including: *In re Tyco International, Ltd. Securities Litigation*, No. 02-1335-PB (D.N.H. 2002) ($3.2 billion recovery); *In re Bank of America Corp. Securities, Derivative, and Employee Retirement Income Security Act (ERISA) Litigation*, No. 09-MDL-2058 (PKC) (S.D.N.Y.) ($2.425 billion recovery); *In re Wachovia Preferred Securities and Bond/Notes Litigation*, No. 09-cv-6351 (RJS) (S.D.N.Y.) ($627 million recovery); and *In re Lehman Bros. Equity/Debt Securities Litigation*, No. 08-cv-5523 (LAK) (S.D.N.Y.) ($615 million recovery). Additionally, Kessler Topaz is currently serving as lead or co-lead counsel in several high-profile securities class actions throughout the country and in this District, including: *Basile v. Valeant Pharmaceutical International, Inc.*, No. CV 14-2004-DOC (KESx) (C.D. Cal.); *Baker v. SeaWorld Entertainment, Inc.*, No. 14-cv-2129-MMA (KSC) (S.D. Cal.);

MOTION OF JOHN D. CHAPMAN FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF HIS SELECTION OF COUNSEL
CASE NOS.: 8:17-CV-00118-CJC-DFM, *ET AL.*

12

and *In re Ocwen Financial Corporation Securities Litigation*, No. 14-cv-81057-CIV-WPD (S.D. Fla.).

Kessler Topaz's commitment to zealous representation is also evident from its trial experience under the PSLRA. Specifically, the firm obtained a rare jury verdict in the class's favor after a week-long trial held before the Honorable Shira A. Scheindlin in 2014 in *In re Longtop Financial Technologies Ltd. Securities Litigation*, No. 11-cv-3658-SAS (S.D.N.Y.) – one of just thirteen securities class actions to reach a verdict since enactment of the PSLRA in 1995 (based on post-enactment conduct). The firm also obtained the largest damage award in Delaware Chancery Court history following a trial before Chancellor Leo E. Strine, Jr. *See In re Southern Peru Copper Corp. S'holder Derivative Litig.*, No. 961-CS (Del. Ch.), *aff'd Americas Mining Corp. v. Theriault*, 51 A.3d 1213, 1262-63 (Del. 2012) (affirming final judgment, with interest, of $2 billion).

Finally, Rosman & Germain has substantial experience litigating complex actions and is well qualified to represent the class as Liaison Counsel. *See* Germain Decl., Ex. E.

Thus, the Court can be assured that the class will receive the highest caliber of legal representation should it approve Mr. Chapman's selection of Kessler Topaz as Lead Counsel and Rosman & Germain as Liaison Counsel for the class.

## IV. CONCLUSION

For the reasons set forth above, Mr. Chapman respectfully requests that the Court: (1) consolidate the above-captioned related actions; (2) appoint Mr. Chapman as Lead Plaintiff; (3) approve Mr. Chapman's selection of Kessler Topaz as Lead Counsel and Rosman & Germain as Liaison Counsel for the class; and (4) grant such other relief as the Court may deem just and proper.

MOTION OF JOHN D. CHAPMAN FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF HIS SELECTION OF COUNSEL
CASE NOS.: 8:17-CV-00118-CJC-DFM, *ET AL.*

13

| | | |
|---|---|---|
| 1 | Dated: March 24, 2017 | Respectfully submitted, |
| 2 | | **ROSMAN & GERMAIN LLP** |
| 3 | | <u>/s/ Daniel L. Germain</u> |
| 4 | | DANIEL L. GERMAIN (Bar # 143334)<br>germain@lalawyer.com |
| 5 | | 16311 Ventura Boulevard, Ste. 1200<br>Encino, CA 91436 |
| 6 | | Telephone: (818) 788-0877<br>Facsimile: (818) 788-0885 |
| 7 | | *Proposed Liaison Counsel for the Class* |
| 8 | | **KESSLER TOPAZ<br>  MELTZER & CHECK, LLP** |
| 9 | | NAUMON A. AMJED<br>  namjed@ktmc.com |
| 10 | | RYAN T. DEGNAN<br>  rdegnan@ktmc.com |
| 11 | | MEREDITH L. LAMBERT<br>  mlambert@ktmc.com |
| 12 | | 280 King of Prussia Road<br>Radnor, PA 19087 |
| 13 | | Telephone: (610) 667-7706<br>Facsimile: (610) 667-7056 |
| 14 | | |
| 15 | | *Attorneys for John D. Chapman and<br>Proposed Lead Counsel for the Class* |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | MOTION OF JOHN D. CHAPMAN FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF HIS SELECTION OF COUNSEL<br>CASE NOS.: 8:17-CV-00118-CJC-DFM, *ET AL*. | |