UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 17-00118 AG (DFMx); SACV 17-00138 AG (DFMx) | Date | May 1, 2017 |
|---|---|---|---|
| Title | FERNANDO X. GARCIA ET AL. v. BANC OF CALIFORNIA, INC. ET AL. | | |

Present: The Honorable    ANDREW J. GUILFORD

| Lisa Bredahl | Not Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

**Proceedings:    [IN CHAMBERS] ORDER REGARDING CONSOLIDATION AND APPOINTMENT OF LEAD PLAINTIFF**

Plaintiffs in two putative class actions—*Garcia v. Banc of California, Inc.*, and *Malak v. Banc of California, Inc.*—move to consolidate their cases and appoint a lead plaintiff under Federal Rule of Civil Procedure 42(a) and the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4.  Defendants have filed a joint statement of non-opposition. (Dkt. No. 22.) And while there was originally some disagreement between various movants regarding the appointment of a "lead plaintiff" and "lead counsel," the parties have since come to a consensus. (*See* Dkt. Nos. 21, 25, 27.)

The Court now considers the relevant issues in turn.

*Consolidation.*  Federal courts have "broad discretion to consolidate cases pending in the same district." *Inv'rs Research Co. v. U.S. Dist. Court*, 877 F.2d 777, 777 (9th Cir. 1989); *see also* Fed. R. Civ. P. 42(a) (noting that a district court "may" consolidate actions if they "involve a common question of law or fact"). Further, the PSLRA anticipates that "consolidated actions" may be maintained where "more than one action on behalf of a class asserting substantially the same claim or claims . . . has been filed." *See* 15 U.S.C. § 78u-4(3)(B)(ii). The Court concludes that consolidation is warranted here. Both cases are putative securities class

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SACV 17-00118 AG (DFMx); SACV 17-00138 AG (DFMx) | Date | May 1, 2017 |
|----------|--------------------------------------------------|------|-------------|
| Title | FERNANDO X. GARCIA ET AL. v. BANC OF CALIFORNIA, INC. ET AL. | | |

actions; both cases were brought against the same or similar defendants; both cases concern allegations that Banc of California mislead and defrauded public investors in violation of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934; and both cases concern conduct that occurred between October 2015 and January 2017. It should come as no surprise, then, that all Plaintiffs and all Defendants agree these cases involve common questions of law and fact.

*Lead Plaintiff.* The PSLRA instructs district courts "to select as lead plaintiff the one 'most capable of adequately representing the interests of class members.'" *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002) (quoting 15 U.S.C. § 78u-4(a)(3)(B)(i)). And the "most capable" plaintiff is generally "the one who has the greatest financial stake in the outcome of the case, so long as he meets the requirements of [Federal Rule of Civil Procedure] 23." *Id.* As the Ninth Circuit has said, courts should apply a "simple three-step process for identifying the lead plaintiff." *Id.* First, the plaintiff must publicize—in a "widely circulated national business-oriented publication or wire service"—the pendency of the action, the claims asserted, and the purported class period. 15 U.S.C. § 78u-4(a)(3)(A)(i). Second, the district court must consider the alleged losses suffered by the various plaintiffs, and select the "presumptively most adequate plaintiff"—defined by statute as the person that "has either filed the complaint or made a motion in response to a notice," "has the largest financial interest in the relief sought by the class," and "otherwise satisfies the requirements of Rule 23." *Id.* § 78u-4(a)(3)(B)(iii)(I). Third, the other "members of the purported plaintiff class" must be given a chance to rebut the presumptive lead plaintiff's prima facie showing that it satisfies the "typicality" and "adequacy" requirements of Rule 23. *Id.* § 78u-4(a)(3)(B)(iii)(II).

All Plaintiffs and movants agree that, under the statutory framework just outlined, the Pension Fund is the appropriate lead plaintiff. (*See* Dkt. Nos. 21, 25, 27.) First, the Pension Fund's motion was timely filed in response to adequate statutory notice. (McCormick Decl., Dkt. No. 18, Ex. A.) Second, as shown in the Pension Fund's "certification of named plaintiff" and corresponding "loss estimate," this particular pool of investors has suffered a loss of approximately $97,000, and thus has the largest financial interest in this proposed class action. (*Id.*, Exs. C, D.) Third, for present purposes, the Pension Fund appears to have

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES - GENERAL**

| Case No. | SACV 17-00118 AG (DFMx); SACV 17-00138 AG (DFMx) | Date | May 1, 2017 |
|---|---|---|---|
| Title | FERNANDO X. GARCIA ET AL. v. BANC OF CALIFORNIA, INC. ET AL. | | |

made a prima facie showing under Rule 23(a). *See Yanek v. Staar Surgical Co.*, CV 04-8007 SJO (CWx), 2004 WL 5574358, at \*6 (C.D. Cal. Dec. 15, 2004). For example, the Pension Fund's claims are "typical" of the class because all claims at issue here are brought under the same provisions of the Securities Exchange Act, concern the same misleading or fraudulent statements allegedly made by Banc of California, and concern the same time period from October 2015 and January 2017. (Mot., Dkt. No. 17 at 5–6.) As another example, the Pension Fund is an "adequate" representative because its attorneys appear competent, there's no suggestion of any antagonistic interests, there's no suggestion of any collusive action, and, as the plaintiff with the a highest financial interest, the Pension Fund has a strong incentive to vigorously pursue a substantial recovery for all putative class members. (*Id.*)

*Lead Counsel.* Section 78u-4(a)(3)(B)(v) says: "The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." Here, the Pension Fund has selected Robbins Geller Rudman & Dowd LLP to serve as lead counsel. (Mot., Dkt. No. 17 at 6–7.) Further, the Pension Fund represents that Robbins Geller is a "200-attorney firm with offices nationwide," "regularly practices complex securities litigation," and has "extensive experience . . . in securities class actions." (*Id.*; *see also* McCormick Decl., Dkt. No. 18, Ex. D.) Because plaintiff has made a "reasonable choice of counsel," the Court will "defer to that choice." *See Cohen v. U.S. Dist. Court*, 586 F.3d 703, 712 (9th Cir. 2009); *Cavanaugh*, 306 F.3d at 732 ("[T]his is not a beauty contest; the district court has no authority to select for the class what it considers to be the best possible lawyer or the lawyer offering the best possible fee schedule.").

In sum, the Court GRANTS the Pension Fund's motion to consolidate and for appointment as lead plaintiff, and DENIES all competing motions. (Dkt. Nos. 11, 12, 16.) The Court thus ORDERS that the two cases shall be consolidated, that the Pension Fund shall be appointed as lead plaintiff, and Robbins Geller shall serve as lead counsel to represent the putative class. A consolidated complaint shall be filed within 30 days of this order, and any responsive pleadings shall be filed within 30 days after service of the consolidated complaint. As stated at the hearing in this matter, Plaintiffs may file an opposition to any motions to dismiss within 21 days, and Defendants may file any reply within 14 days after that.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SACV 17-00118 AG (DFMx); SACV 17-00138 AG (DFMx) | Date | May 1, 2017 |
|---|---|---|---|
| Title | FERNANDO X. GARCIA ET AL. v. BANC OF CALIFORNIA, INC. ET AL. | | |

*    *    *

The clerk is directed to consolidate *Garcia v. Banc of California, Inc.*, SACV 17-00118 AG (DFMx), and *Malak v. Banc of California, Inc.*, SACV 17-00138 AG (DFMx), for all purposes, including discovery, pretrial proceedings, and trial. The consolidated action shall be captioned "*In re Banc of California Securities Litigation*," SACV 17-00118 AG (DFMx). All files shall now be kept in one "lead case" or "master case" file. The clerk shall also close SACV 17-00138 AG (DFMx), and all future filings shall be lodged in SACV 17-00118 AG (DFMx). The caption in SACV 17-00118 AG (DFMx) shall be updated to reflect all parties who have appeared in both actions.

The parties shall file all pleadings and motions under the following short title:

*In re Banc of California Securities Litigation*                  SACV 17-00118 AG (DFMx)
                                                                  consolidated with
                                                                  SACV 17-00138 AG (DFMx)

From time to time, other cases that concern substantially the same claims as this consolidated action might be (1) pending in the Central District of California, (2) newly filed in this District, or (3) transferred to this Court from another United States District Court. Under those circumstances, and in accordance with the Federal Rules of Civil Procedure, the Court's General Orders, and the Local Rules, all other related cases shall be consolidated with this action subject to any appropriate objections. Whenever such circumstances occur, Defendants are ORDERED to file a notice of related cases under Local Rule 83-1.3, in both the master case and the proposed related case.

                                                                  _____ :  0

                                        Initials of Preparer       lmb