1  LATHAM & WATKINS LLP
2     Manuel A. Abascal (Bar No. 151301)
      *manny.abascal@lw.com*
3     Michele D. Johnson (Bar No. 198298)
      *michele.johnson@lw.com*
4     Andrew R. Gray (Bar No. 254594)
5     *andrew.gray@lw.com*
6  650 Town Center Drive, 20th Floor
   Costa Mesa, California 92626-1925
7  Telephone: +1.714.540.1235
8  Facsimile: +1.714.755.8290

9  Attorneys for Defendant Steven A. Sugarman

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE BANC OF CALIFORNIA SECURITIES LITIGATION | SACV 17-00118 AG (DFMx) consolidated with SACV 17-00138 AG (DFMx) |
| | **DEFENDANT STEVEN A. SUGARMAN'S NOTICE OF MOTION AND MOTION TO DISMISS THE CONSOLIDATED AMENDED COMPLAINT, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| | Judge: Honorable Andrew J. Guilford<br>Date: August 14, 2017<br>Time: 10:00 a.m.<br>Place: Department 10D |

**ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on August 14, 2017, at 10:00 a.m., or at such later date and time as the Court may order, in the Courtroom of the Honorable Andrew J. Guilford, Courtroom 10D, United States District Court, Central District of California, located at 411 West 4th Street, Santa Ana, California, defendant Steven A. Sugarman will and hereby does move for an Order dismissing the Consolidated Amended Complaint for Violation of the Federal Securities Laws dated May 31, 2017 (the "Complaint" or "AC"). This Motion is made pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Federal Rule of Civil Procedure 12(b)(6), on the grounds that the Amended Complaint fails to state a claim upon which relief can be granted.

This Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on June 23, 2017, and is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Mark R. McDonald in Support of Defendants' Joint Request for Judicial Notice and for Incorporation of Documents by Reference ("McDonald Decl.") and exhibits thereto, the Complaint, the Court's record in this matter, the arguments of counsel, and any other materials that the Court may consider prior to its decision on this Motion. Mr. Sugarman also joins the legal arguments made in Defendant Banc of California Inc.'s Motion to Dismiss and the accompanying Memorandum of Points and Authorities.

Respectfully submitted,

Dated: June 30, 2017      LATHAM & WATKINS LLP

By: _/s/ Andrew R. Gray_
     Manuel A. Abascal
     Michele D. Johnson
     Andrew R. Gray

Attorneys for Defendant Steven A. Sugarman

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................... 1

II. BACKGROUND CONCERNING STEVEN SUGARMAN ........................ 3

III. ARGUMENT .................................................................................................. 3

    A.    Plaintiff Has Failed To Plead An Actionable Omission With Respect To Ties With Jason Galanis .......................................... 3

        1.    The Banc Disclosed The Risk Associated With The Anonymous Blog ................................................................. 4

        2.    The Banc Had No Duty To Provide Any Further Disclosure Regarding The Ties With Galanis ......................... 5

    B.    Plaintiff Fails To Allege An Actionable Misstatement Regarding Director Independence ......................................................... 7

    C.    Plaintiff Has Failed To Plead Scienter As To Mr. Sugarman ................................................................................................. 8

IV. CONCLUSION ............................................................................................. 10

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Brody v. Transitional Hosps. Corp.*,
 280 F.3d 997 (9th Cir. 2002) ................................................................................ 6

*City of Roseville Emps. Ret. Sys. v. Sterling Fin. Corp.*,
 963 F. Supp. 2d 1092 (E.D. Wash. 2013) ........................................................... 10

*In re Cutera Sec. Litig.*,
 610 F.3d 1103 (9th Cir. 2010) .............................................................................. 4

*In re Daou Sys. Inc.*,
 411 F.3d 1006 (9th Cir. 2005) ............................................................................ 10

*In re Gap Sec. Litig.*,
 No. 89-16098, 1991 WL 17091 (9th Cir. Feb. 8, 1991) ....................................... 6

*Greenberg v. Cooper Cos., Inc.*,
 No. 11-cv-5697, 2013 U.S. Dist. LEXIS 2944 (N.D. Cal. Jan. 7,
 2013) ..................................................................................................................... 5

*In re HP Sec. Litig.*,
 No. 12-05980, 2013 WL 6185529 (N.D. Cal. Nov. 26, 2013) ............................ 7

*Kovtun v. VIVUS, Inc.*,
 No. C 10-4957, 2012 WL 4477647 (N.D. Cal. Sept. 27, 2012) ..................... 4, 5

*McDonald v. Kinder-Morgan, Inc.*,
 287 F.3d 992 (10th Cir. 2002) .............................................................................. 6

*Monk v. Johnson & Johnson*,
 No. 10-4841, 2011 WL 6339824 (D.N.J. Dec. 19, 2011) .................................. 11

*Or. Pub. Emps. Ret. Fund v. Apollo Grp.*,
 774 F.3d 598 (9th Cir. 2014) ................................................................................ 9

*Retail Wholesale & Dep't Store Union Local 338 Ret. Fund v.
 Hewlett-Packard Co.*,
 845 F.3d 1268 (9th Cir. 2017) .............................................................................. 6

*In re Rigel Pharms., Inc. Sec. Litig.*,
 697 F.3d 869 (9th Cir. 2012) ................................................................................... 8

*Roth v. OfficeMax, Inc.*,
 527 F. Supp. 2d 791 (N.D. Ill. 2007) ....................................................................... 7

*ScripsAmerica, Inc. v. Ironridge Global LLC*,
 119 F. Supp. 3d 1213 (C.D. Cal. 2015) ................................................................. 10

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
 551 U.S. 308 (2007) ................................................................................................ 9

*TSC Indus. v. Northway*,
 426 U.S. 438 (1976) ................................................................................................ 6

*In re UBS AG Secs. Litig.*,
 No. 07 Civ. 11225, 2012 U.S. Dist. LEXIS 141449 (S.D.N.Y.
 Sept. 28, 2012) ........................................................................................................ 6

*In re Yahoo! Inc. Sec. Litig.*,
 No. C 11-02732, 2012 WL 3282819 (N.D. Cal. Aug. 10, 2012) ............................ 7

**STATUTES**

15 U.S.C. § 78u-4(b)(1) ................................................................................................ 8

**REGULATIONS**

12 C.F.R. 21.11 ............................................................................................................. 7

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

iii

STEVEN A. SUGARMAN'S MOTION TO
DISMISS THE AMENDED COMPLAINT

## I. INTRODUCTION

Banc of California Inc. ("Banc") is a financial institution with over $10 billion in assets. On October 18, 2016, an anonymous blogger posted an online article expressing various opinions that he/she said were based on research into publicly available information. Two of the key opinions were that: Banc executives and directors had ties with a fraudster named Jason Galanis; and one of the Banc's directors may not be "independent" under New York Stock Exchange ("NYSE") rules. AC ¶ 5; McDonald Decl. Ex. 12 at 3. The Banc's stock price dropped. AC ¶ 7. A few hours later, the Banc issued a press release indicating that it previously conducted an internal investigation led by an outside law firm into Galanis's ties to the Banc, and that the internal investigation concluded the blogger's opinion about Galanis was wrong. *Id.* ¶ 8. A few months later, the Banc issued another press release indicating that a second outside law firm had conducted a follow-up investigation, which concluded: (a) the blogger's opinion about Galanis was wrong, and (b) none of the directors violated any independence requirements. *Id.* ¶ 104; McDonald Decl. Ex. 4 at 1. By then, the stock price had recovered all of the value it had lost since the blogger issued his/her opinion. AC ¶¶ 7, 11.

Plaintiff is a stockholder who purports to have suffered losses following the blogger's post. Plaintiff alleges three material omissions from the Banc's public statements: (1) that Banc executives and directors, including CEO Steven A. Sugarman, had ties with Galanis; (2) that one of the Banc's "disinterested directors" may not have been independent under NYSE rules; and (3) that the Banc's management was in the midst of an internal investigation into the Company's ties with Galanis. AC ¶ 4; *see also id.* ¶¶ 59, 72. Based on these alleged omissions, Plaintiff asserts claims under Sections 10(b) and 20(a) of the Securities and Exchange Act (the "Exchange Act") and the SEC's Rule 10b-5 against Mr. Sugarman. AC ¶¶ 121-27.

Plaintiff's claims fail for several reasons. As stated by the Banc, the allegedly concealed information was all publicly available and thus not actionable. In addition, the Banc actually did disclose the facts that caused Plaintiff's claimed damages. The Banc's financial statements during the Class Period warned investors that the Banc faced "reputational risk" from "negative publicity" that could be generated "with or without merit" and could cause harm to investors. AC ¶ 58. This is precisely what caused the Plaintiff's harm as alleged in the Complaint. Apparently anticipating this issue, Plaintiff alleges that this disclosure was insufficient because the Banc should have disclosed more details regarding Galanis's alleged financial ties to Banc executives. *Id.* ¶ 59. The alleged lack of detail, however, did not render the risk factor inaccurate, and thus the alleged omission is not actionable. Moreover, it is not required, nor is it even possible, for the Banc to predict and disclose with specificity what facts an anonymous blogger may use to publish incorrect opinions. Because the material facts regarding the risk of false publicity were disclosed, Plaintiff's fraud-by-omission claim fails.

Plaintiff's claim that a Banc director violated NYSE rules also fails to state a claim because Plaintiff fails to allege that the purported violation caused any damages. To bring a securities fraud claim, Plaintiff must allege a material false statement that caused damages when the alleged "truth" was revealed to the market. Here, Plaintiff fails to allege that the market was ever told that a Banc director violated NYSE independence rules. On the contrary, Plaintiff cites to public Company statements disclosing that the second law firm's investigation concluded that the director did not violate any independence rules. AC ¶ 104; McDonald Decl. Ex. 4 at 1. Thus, Plaintiff could not have been harmed by the alleged violation because (a) there was no actual violation, and (b) even if there was one, the violation was never disclosed to the markets and therefore could not have caused the stock to drop.

The Complaint also is deficient because it does not allege that Mr. Sugarman was involved in the decisions relating to the Company's disclosures or relating to Galanis. For these and other reasons, the Complaint fails to allege scienter on the part of Mr. Sugarman, as well as failing to allege loss causation.

In short, Plaintiff suffered losses because the market briefly believed the incorrect views of an anonymous blogger who was shorting the stock. Plaintiff cannot point to any actionable false statement or omission of fact that would make Defendant Steven Sugarman, or any other Defendant, liable for Plaintiff's losses.

## II.  BACKGROUND CONCERNING STEVEN SUGARMAN

Although the Court must assume the facts alleged to be true, Mr. Sugarman does not concede that any of the alleged facts in the Complaint, or any facts alleged in any brief submitted by any other party, are true. Defendant Steven Sugarman served as the Banc's Chairman, President, and CEO until January 23, 2017. AC ¶ 20. During Mr. Sugarman's tenure as CEO of Banc, the Company experienced remarkable and sustained growth. None of the relevant financial results has ever been restated, and Plaintiff does not challenge any of them as false. The Complaint contains no allegation that Mr. Sugarman drafted any of the statements at issue, nor does it contain any particularized allegation that Mr. Sugarman was aware of any alleged false statements or omissions.

## III.  ARGUMENT

### A.  Plaintiff Has Failed To Plead An Actionable Omission With Respect To Ties With Jason Galanis

As noted by the Banc, the anonymous blogger's report was derived from research into publicly available information, and a securities fraud case cannot be based on the failure to disclose publicly available information. *See* Defendant Banc of California's Notice of Motion and Motion to Dismiss the Consolidated Amended Complaint, and Memorandum of Points and Authorities in Support Thereof ("Banc's Motion") at Section II.A.3. Plaintiff's theory, however, suffers

from two other significant flaws: (a) the Banc actually disclosed the risk presented by the blog posting, and (b) the Banc did not have a duty to make any further disclosure regarding Galanis.

### 1. The Banc Disclosed The Risk Associated With The Anonymous Blog

Plaintiff cannot proceed on a securities fraud claim where the risks that Plaintiff claims were hidden were actually disclosed. *See In re Cutera Sec. Litig.*, 610 F.3d 1103, 1112 (9th Cir. 2010) (affirming dismissal as to sales statements where company warned that "'ability to continue increasing sales performance worldwide' could cause variance in results"); *Kovtun v. VIVUS, Inc.*, No. C 10-4957, 2012 WL 4477647, *12 (N.D. Cal. Sept. 27, 2012) (dismissing claims where "risk factors" were "devoted to the very risks that plaintiff claims were hidden").

As Plaintiff's own allegations make clear, Defendants consistently disclosed the risk that the Company may face reputational harm from negative publicity based on incorrect facts. In each of the challenged annual and quarterly filings, Defendants explicitly warned investors as follows:

> **Managing reputational risk is important to attracting and maintaining customers, investors and employees.**
>
> Threats to our reputation can come from many sources, including adverse sentiment about financial institutions generally, unethical practices, employee misconduct, failure to deliver minimum standards of service or quality, compliance deficiencies and questionable or fraudulent activities of our customers. We have policies and procedures in place to promote ethical conduct and protect our reputation. However, these policies and procedures may not be fully effective. Negative publicity regarding our business, employees, or customers, with or without merit, may result in the loss of customers, investors and employees, costly litigation, a decline in revenues and increased government oversight.

AC ¶¶ 58, 64. The Banc incorporated this risk factor into all of its quarterly filings. *Id.*

Plaintiff's alleged injury arises from this disclosed risk. The anonymous

blogger created "reputational risk" by publishing "negative publicity" that sought to create "adverse sentiment" about allegedly "unethical practices, employee misconduct . . ., compliance deficiencies." The risk factor even warns that such negative publicity may harm the Company even if it is ultimately "without merit," as was the case here. Indeed, the blogger's thesis—"this introduces a significant undiscounted risk that notorious criminals gained control over the $10 Billion taxpayer guaranteed Banc of California," making it "un-investible"—is grounded in the very "reputational risk" addressed in the risk factor. AC ¶ 84.

### 2. The Banc Had No Duty To Provide Any Further Disclosure Regarding The Ties With Galanis

Plaintiff argues that the risk factor is insufficient because it omitted the specific risk posed by potential negative publicity regarding Galanis. Section 10(b) and Rule 10b-5, however, provide liability for omission of information only when there is a duty to disclose the allegedly omitted information. "Absent a duty to disclose, an omission, even with respect to information that a reasonable investor might find material, is not misleading." *Greenberg v. Cooper Cos., Inc.*, No. 11-cv-5697, 2013 U.S. Dist. LEXIS 2944, *37 (N.D. Cal. Jan. 7, 2013).

A duty to disclose arises if a statement is made, and the omitted information relates to the same topic and the omission renders the statement made to be misleading. *See Brody v. Transitional Hosps. Corp.*, 280 F.3d 997, 1006 (9th Cir. 2002) (omission is actionable if statement "affirmatively create[s] an impression of a state of affairs that differs in a material way from the one that actually exists"); *In re Gap Sec. Litig.*, No. 89-16098, 1991 WL 17091, at *2 (9th Cir. Feb. 8, 1991) (no duty to disclose where company did not make "an affirmative statement on the same subject which would be misleading absent disclosure of the information"); *see also McDonald v. Kinder-Morgan, Inc.*, 287 F.3d 992, 998 (10th Cir. 2002) (duty to disclose only arises where statement made is material and "omitted fact is material to the statement in that it alters the meaning of the statement").

Here, Plaintiff does not allege, much less with the particularity required by the PSLRA, how any statement by the Banc or Mr. Sugarman was rendered misleading by not disclosing the ostensible Galanis ties. If Plaintiff's theory is that the reputational risk disclosure is rendered misleading because the alleged Galanis ties were omitted, this theory cannot be sustained. Courts allow, and regulations require, that risk factors be "concise," and neither requires companies to predict every variation of facts that may be material to investors. *See, e.g., In re UBS AG Secs. Litig.*, No. 07 Civ. 11225, 2012 U.S. Dist. LEXIS 141449, at *96-98 (S.D.N.Y. Sept. 28, 2012) (holding that the required "concise" risk factor statements need identify only the risk, not every fact underlying that risk). Indeed, the Supreme Court has noted that courts should not impose an overwhelming reporting burden that would make the resultant disclosures so vast and speculative as to be meaningless. *TSC Indus. v. Northway*, 426 U.S. 438, 448 (1976) (the standard for materiality should not be unnecessarily low because it would cause corporations to "bury the shareholders in an avalanche of trivial information"); *see also Retail Wholesale & Dep't Store Union Local 338 Ret. Fund v. Hewlett-Packard Co.*, 845 F.3d 1268, 1277 (9th Cir. 2017) (same).

The Banc's warning is appropriate here. The Banc could not realistically disclose with specificity every instance of potential meritorious or unmeritorious alleged misconduct that could be misused by a blogger to provide an incorrect negative opinion about the Banc. The Banc has over $10 billion in assets, along with tens of thousands of clients and account holders. *See* AC ¶¶ 26, 73. Like other banks, it regularly reviews, inspects, and investigates its clients and transactions for many issues, including suspicious activities that are required by law to be reported to regulators. *See* 12 C.F.R. 21.11 (requiring national banks to file Suspicious Activity Reports). Under Plaintiff's proposed omission theory, the Banc must disclose with specificity (a) every relationship that senior Banc executives have with any person who could be the subject of any negative opinion,

with or without merit, and (b) every actual or potential banking relationship that, with or without merit, could be mis-used by an anonymous blogger to harm the Banc's reputation. Such a standard is untenable.

In short, the reputational risk disclosure is not misleading due to the omission of the Galanis information, and Plaintiff cannot identify any other duty that Defendants had to disclose the alleged Galanis ties.

### B. Plaintiff Fails To Allege An Actionable Misstatement Regarding Director Independence

Plaintiff's allegation that Defendants misled investors about the independence of the Banc's directors also fails. *See* AC ¶ 4. Plaintiff claims that the Banc violated an unspecified NYSE requirement because independent director Chad Brownstein had undisclosed financial relationships with Mr. Sugarman. *Id.* ¶¶ 39-46. In a footnote, Plaintiff also suggests that another director lacked independence because of his prior employment with an investment banking firm that served as an underwriter for Banc offerings, though it is unclear whether this theory is part of Plaintiff's allegations of securities fraud. *Id.* ¶ 101 n.4. These allegations cannot state a claim for securities fraud because they: (a) lack the required specificity, and (b) fail to allege loss causation, *i.e.*, particularized facts showing that the alleged violation was revealed to the market and caused harm.

Plaintiff fails to allege with particularity which NYSE listing requirement was purportedly violated. *Id*. ¶¶ 55-57, 59(b). Plaintiff also fails to identify any false statement made regarding Mr. Brownstein's independence or compliance with listing standards. *Id.*; *see In re Rigel Pharms., Inc. Sec. Litig.*, 697 F.3d 869, 877 (9th Cir. 2012) (requiring plaintiffs to "specify each statement alleged to have been misleading") (quoting 15 U.S.C. § 78u-4(b)(1)). Instead, Plaintiff appears to rely upon an omission theory—that the alleged "ties" between Browstein and Sugarman were undisclosed and violated the NYSE listing standard for an independent director. AC ¶ 46 ("Defendants knew but failed to disclose that

because of Brownstein's financial ties with Sugarman, he did not meet the NYSE listing standards for director independence . . . .").

This omission theory fails for the same reason as Plaintiff's other claims; specifically, the "material ties" that Plaintiff alleges were not disclosed were all based exclusively on publicly available information, rendering them not actionable. *See supra* Section I.A.; Banc's Motion at Section II.A.3. As to the other director mentioned in the footnote, there is no allegation whatsoever about Mr. Sugarman's involvement in disclosures regarding such director, or his views regarding that director.

Most importantly, Plaintiff fails to allege that the "truth" regarding the alleged NYSE violations was disclosed to the market and caused any drop in the stock price. To plead a securities fraud claim, the Complaint must "state with particularity the circumstances constituting" loss causation, *i.e.*, how the alleged false statement caused Plaintiff's losses. *Or. Pub. Emps. Ret. Fund v. Apollo Grp.*, 774 F.3d 598, 605 (9th Cir. 2014). The Complaint nowhere alleges that the NYSE violation was revealed to the public; on the contrary, the Complaint incorporates press releases that confirm the opposite—that Mr. Brownstein was in compliance with NYSE listing standards. AC ¶ 104 (citing the Banc's February 9, 2017 disclosure, which stated that the WilmerHale investigation "did not find that any loan, related party transaction, or any other circumstance had impaired the independence of any director"). An alleged violation of the NYSE rules could not have caused the stock to drop if (a) the market was never made aware of the violation and (b) in fact, there was no violation.

### C. Plaintiff Has Failed To Plead Scienter As To Mr. Sugarman

As explained in Section III of the Banc's brief (Banc's Motion at Section III), Plaintiff has not met the exacting requirements to plead scienter as to Mr. Sugarman. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 313 (2007). Plaintiff's Complaint fails to meet this standard as to Mr. Sugarman for

the following additional reasons.

The Complaint presents no evidence that Mr. Sugarman could have anticipated that an anonymous blogger would misconstrue certain events to opine incorrectly that Galanis controls the Banc. Even the anonymous author expressly conceded that he/she didn't know the full facts—the blogger makes "no representation as to the accuracy or completeness of the information set forth in th[e] article." McDonald Decl. Ex. 12 at 2; *see ScripsAmerica, Inc. v. Ironridge Global LLC*, 119 F. Supp. 3d 1213, 1261 (C.D. Cal. 2015) ("[W]ith regard to anonymous internet postings, it is [plaintiff's] burden to plead reliability and knowledge that are indicative of scienter[.]").

Plaintiff also does not allege that Mr. Sugarman was involved with the Banc's internal investigation. *See generally* AC. If that investigation should have been disclosed to investors, Plaintiff fails to allege any facts as to why that failure should be ascribed to Mr. Sugarman, and not to any of the directors or management members involved in the investigation. *Cf. In re Daou Sys. Inc.*, 411 F.3d 1006, 1022-24 (9th Cir. 2005) (dismissing claims against defendants who were "less heavily involved in the details and personally directing" the statements).

Mr. Sugarman's lack of trading also belies any inference of scienter. Unlike the short-selling blogger, who admitted to shorting the stock and thus profited from the false rumors, there is no allegation that Mr. Sugarman sold stock during the class period, undermining any inference of his scienter. *See City of Roseville Emps. Ret. Sys. v. Sterling Fin. Corp.*, 963 F. Supp. 2d 1092, 1137 n.24 (E.D. Wash. 2013) ("[C]ompensat[ion] by stock awards tends to negate an inference of scienter [where defendants] were subject to the same large losses as the investors they allegedly defrauded[.]"), *aff'd*, No. 14-35902, 2017 WL 2241820 (9th Cir. May 22, 2017); *Monk v. Johnson & Johnson*, No. 10-4841, 2011 WL 6339824, at *12 n.12 (D.N.J. Dec. 19, 2011) (accumulation of stock "raises a compelling inference against scienter").

## IV. CONCLUSION

For the foregoing reasons, the Complaint should be dismissed.

Dated: June 30, 2017

LATHAM & WATKINS LLP

By: /s/ *Andrew R. Gray*
Manuel A. Abascal
Michele D. Johnson
Andrew R. Gray

Attorneys for Defendant Steven A. Sugarman