ROBBINS GELLER RUDMAN
  & DOWD LLP
LAURIE L. LARGENT (153493)
MATTHEW I. ALPERT (238024)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
llargent@rgrdlaw.com
malpert@rgrdlaw.com

Lead Counsel for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| In re BANC OF CALIFORNIA SECURITIES LITIGATION | ) No. SACV 17-00118 AG (DFMx) ) consolidated with ) SACV 17-00138 AG (DFMx) ) |
| This Document Relates To: | ) CLASS ACTION ) |
| ALL ACTIONS. | ) STIPULATION AND PROTECTIVE ) ORDER ) |

Pursuant to Federal Rule of Civil Procedure 26(c), the parties to this action respectfully request that the Court issue this Protective Order to protect the confidentiality of nonpublic and competitively-sensitive information that may need to be disclosed in connection with discovery in this case, and to guard against the waiver of attorney-client privilege and work product protection pursuant to Federal Rule of Evidence 502(d). The parties by and through their counsel hereby stipulate to the following terms governing the pre-trial phase of this action.

## I. PURPOSE AND LIMITS OF THIS ORDER

Discovery in this action is likely to involve confidential, proprietary, or private information requiring special protection from public disclosure and from use for any purpose other than this litigation. Thus, the Court enters this Protective Order. This Order does not confer blanket protections on all disclosures or responses to discovery, and the protection it gives from public disclosure and use extends only to the specific material entitled to confidential treatment under the applicable legal principles. This Order does not automatically authorize the filing under seal of material designated under this Order. Instead, the parties must comply with L.R. 79-5.1 if they seek to file anything under seal. This Order does not govern the use at trial of material designated under this Order.

## II. DESIGNATING PROTECTED MATERIAL

1. **Confidential Information.** A party or non-party may designate as "CONFIDENTIAL" any confidential, proprietary, personal and/or trade-secret technical, scientific, business, or financial information that is not generally known and that the producing party would normally maintain in confidence and not reveal to a third party or would cause third parties to maintain in confidence. Any information that is derived from CONFIDENTIAL information also constitutes CONFIDENTIAL information to the extent the derived information embodies, contains, or discloses any CONFIDENTIAL information.

2. **Highly Confidential – Attorneys' Eyes Only Information.** A party or non-party may designate as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" extremely sensitive "CONFIDENTIAL" information disclosure of which to another party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means. Any information that is derived from HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY also constitutes HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY information to the extent the derived information embodies, contains, or discloses any HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY information.

3. **Over-Designation Prohibited.** Any party or non-party who designates information or items for protection under this Order as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (a "designator") must only designate specific material that qualifies under the appropriate standards. To the extent practicable, only those parts of documents, items, or oral or written communications that require protection shall be designated. Mass, indiscriminate, or routinized designations are prohibited. Unjustified designations may expose the designator to sanctions. Designation under this Order is allowed only if the designation is necessary to protect material that, if disclosed to persons not authorized to view it, would cause competitive or other recognized harm. Material may not be designated if it has been made public, or if designation is otherwise unnecessary to protect a secrecy interest. If a designator learns that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that designator must promptly notify all parties that it is withdrawing the mistaken designation.

4. **Manner and Timing of Designations.**

(a) Designation under this Order requires the designator to affix "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

1 ONLY" to each page that contains protected material. For testimony given in
2 deposition or other proceeding, the designator shall specify all protected testimony for
3 which protection is being asserted. It may make that designation during the deposition
4 or proceeding, or may invoke, on the record or by written notice to all parties on or
5 before the next business day, a right to have up to 21 days from the deposition or
6 proceeding to make its designation.

7 (b) A party or non-party that makes original documents or materials
8 available for inspection need not designate them for protection until after the
9 inspecting party has identified which material it would like copied and produced.
10 During the inspection and before the designation, all materials shall be treated as
11 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting
12 party has identified the documents it wants copied and produced, the producing party
13 must designate the documents or portions thereof that qualify for protection under this
14 Order.

15 (c) The use of a document as an exhibit at a deposition shall not in any
16 way affect its designation. Transcripts containing designated material shall have a
17 legend on the title page noting the presence of designated material, and the title page
18 shall be followed by a list of all pages (including line numbers as appropriate) that
19 have been designated, and the level of protection being asserted. The designator shall
20 inform the court reporter of these requirements. Any transcript that is prepared before
21 the expiration of the 21-day period for designation shall be treated during that period
22 as if it had been designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
23 ONLY." After the expiration of the 21-day period, the transcript shall be treated only
24 as actually designated.

25 5. **Inadvertent Failures to Designate.** An inadvertent failure to designate
26 does not, standing alone, waive protection under this Order. If at any time prior to the
27 trial of this action, a producing person or party realizes that discovery material was
28 inadvertently produced without designation, the person or party may designate by

apprising all parties in writing, and any designated portions of the discovery material will thereafter be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the terms of this Order.

### III. CHALLENGING CONFIDENTIALITY DESIGNATIONS

All challenges to confidentiality designations shall proceed under L.R. 37-1 through L.R. 37-4.

### IV. ACCESS TO DESIGNATED MATERIAL

1. **Basic Principles.** A receiving party may use designated material only for this litigation. Designated material may be disclosed only to the categories of persons and under the conditions described in this Order. Nothing in this Order shall be interpreted to prohibit or prevent the producing party from using or discussing its own "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" material in any way it sees fit or to so use or discuss that material for any reason. Any such use or discussion of designated material shall not be deemed a waiver of the terms of the Order.

2. **Disclosure of CONFIDENTIAL Material Without Further Approval.**

Unless otherwise ordered by the Court or permitted in writing by the designator, a receiving party may disclose any material designated "CONFIDENTIAL" only to:

(a) The receiving party's outside counsel of record in this action and employees of outside counsel of record to whom disclosure is reasonably necessary;

(b) The officers, directors, and employees of the receiving party to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

(c) Experts retained by the receiving party's outside counsel of record to whom disclosures is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

(d) The Court and its personnel;

1  (e) Outside court reporters and their staff, professional jury or trial consultants, mock jurors, and professional vendors to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

(f) During their depositions, witnesses, and attorneys for witnesses, in the action to whom disclosure is reasonably necessary and who have signed the Agreement to Be Bound (Exhibit A);

(g) The author or recipient of a document containing the CONFIDENTIAL material, or a custodian or other person who otherwise possessed or knew the information; and

(h) Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

3. **Disclosure of Highly Confidential – Attorneys' Eyes Only Material Without Further Approval.**

Unless otherwise ordered by the Court or permitted in writing by the designator, a receiving party may disclose any material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) The receiving party's outside counsel of record in this action and employees of outside counsel of record to whom disclosure is reasonably necessary;

(b) Experts retained by the receiving party's outside counsel of record to whom disclosures is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

(c) The Court and its personnel;

(d) Outside court reporters and their staff, professional jury or trial consultants, mock jurors, and professional vendors to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

(e) During their depositions, witnesses and attorneys for witnesses in the action to whom disclosure is reasonably necessary and who have signed the Agreement to Be Bound (Exhibit A); and

(f) The author or recipient of a document containing the confidential material, or a custodian or other person who otherwise possessed or knew the information.

**V. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

1. **Subpoenas and Court Orders.** This Order in no way excuses noncompliance with a lawful subpoena or court order. The purpose of the duties described in this section is to alert the interested parties to the existence of this Order and to give the designator an opportunity to protect its confidentiality interests in the court where the subpoena or order issued.

2. **Notification Requirement.** If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that party must:

(a) Promptly notify the designator in writing. Such notification shall include a copy of the subpoena or court order;

(b) Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c) Cooperate with all reasonable procedures sought by the designator whose material may be affected.

3. **Wait for Resolution of Protective Order.** If the designator timely seeks a protective order, the party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court where the subpoena or order issued, unless the party has obtained the

designator's permission. The designator shall bear the burden and expense of seeking protection of this confidential material in that court.

## VI. UNAUTHORIZED DISCLOSURE OF DESIGNATED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed designated material to any person or in any circumstance not authorized under this Order, it must immediately (i) notify in writing the designator of the unauthorized disclosures, (ii) use its best efforts to retrieve all unauthorized copies of the designated material, (iii) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (iv) use reasonable efforts to have such person or persons execute the Agreement to Be Bound (Exhibit A).

## VII. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review pursuant to Federal Rule of Evidence 502(d) and (e).

## VIII. FILING UNDER SEAL

Without written permission from the designator or a Court order, a party may not file in the public record in this action any designated material. A party seeking to file under seal any designated material must comply with L.R. 79-5.1. Filings may be made under seal only pursuant to a court order authorizing the sealing of the specific material at issue. The fact that a document has been designated under this Order is insufficient to justify filing under seal. Instead, parties must explain the basis for confidentiality of each document sought to be filed under seal. Because a party other than the designator will often be seeking to file designated material, cooperation

between the parties in preparing, and in reducing the number and extent of, requests for under seal filing is essential.  If a *receiving party's* request to file designated material under seal pursuant to L.R. 79-5.1 is denied by the Court, then the receiving party *may file the material in the public record* unless (i) *the designator* seeks reconsideration within four days of the denial, or (ii) as otherwise instructed by the Court.

## IX. FINAL DISPOSITION

Within sixty days after the final disposition of this action, each party shall return all designated material to the designator or destroy such material, including all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any designated material.  The receiving party must submit a written certification to the designator by the 60-day deadline that (i) identifies (by category, where appropriate) all the designated material that was returned or destroyed, and (ii) affirms that the receiving party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the designated material. This provision shall not prevent counsel from retaining an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain designated material.  Any such archival copies remain subject to this Order.

All signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED:  November 6, 2017      ROBBINS GELLER RUDMAN  
       & DOWD LLP  
     LAURIE L. LARGENT  
     MATTHEW I. ALPERT

         s/ Laurie L. Largent  
     LAURIE L. LARGENT

|  |  |  |
|---|---|---|
| 1 | | 655 West Broadway, Suite 1900 |
| 2 | | San Diego, CA 92101 |
| | | Telephone: 619/231-1058 |
| 3 | | 619/231-7423 (fax) |
| 4 | | Lead Counsel for Plaintiff |
| 5 | DATED: November 6, 2017 | MORRISON & FOERSTER LLP |
| | | MARK R. MCDONALD (CA SBN 137001) |
| 6 | | MMcDonald@mofo.com |
| 7 | | ROBERT B. HUBELL (CA SBN 100904) |
| | | RHubell@mofo.com |
| 8 | | MATTHEW J. CAVE (CA SBN 280704) |
| | | MCave@mofo.com |
| 9 | | JOSEPH R. ROSNER (CA SBN 307126) |
| | | JRosner@mofo.com |

s/ Mark R. McDonald<br>MARK R. MCDONALD

707 Wilshire Blvd., Suite 6000
Los Angeles, CA 90017-3543
Telephone: 213/892-5200
213/892-5454 (fax)

Attorneys for Defendant Banc of California, Inc.

DATED: November 6, 2017

LATHAM & WATKINS LLP
MANUEL A. ABASCAL (Bar No. 151301)
manny.abascal@lw.com
MICHELE D. JOHNSON (Bar No. 198298)
michele.johnson@lw.com
ANDREW R. GRAY (Bar No. 254594)
andrew.gray@lw.com

s/ Andrew R. Gray<br>ANDREW R. GRAY

650 Town Center Drive
20th Floor
Costa Mesa, CA 92626-1925
Telephone: 714/540-1235
714/755-8290 (fax)

Attorneys for Defendant Steven A. Sugarman

* * *

**O R D E R**

GOOD CAUSE APPEARING, the court hereby approves this Stipulation and Protective Order.

IT IS SO ORDERED.

DATED: November 13, 2017

_____
HONORABLE DOUGLAS F. McCORMICK
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A
# AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *In re Banc of California Securities Litigation*, Case No. No. SACV 17-00118 AG (DFMx). I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment for contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing this Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
              [printed name]

Signature: _____
              [signature]

## CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2017, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 6, 2017.

s/ LAURIE L. LARGENT
LAURIE L. LARGENT

ROBBINS GELLER RUDMAN
 & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail: llargent@rgrdlaw.com