# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | SA CV 17-00118-AG (DFMx) | Date: | December 7, 2018 |
|---|---|---|---|
| Title | In re Banc of California Securities Litigation | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
|---|---|
| Nancy Boehme | Not Present |
| Deputy Clerk | Court Reporter |
| Attorney(s) for Plaintiff(s): | Attorney(s) for Defendant(s): |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS)** Order re: Sugarman's Motion to Compel (Dkt. 405)

Defendant Steven A. Sugarman ("Sugarman") moves to compel further responses to document subpoenas served on non-party Wilmer Cutler Pickering Hale and Dorr LLP ("WilmerHale"). See Dkt. 405. Defendant Banc of California, Inc. ("Banc") and WilmerHale jointly opposed Sugarman's motion. See Dkt. 412.

In late 2017, lead Plaintiff Iron Workers Local No. 25 Pension Fund ("Plaintiff") and Sugarman each served subpoenas on WilmerHale. After WilmerHale objected, Plaintiff and Sugarman separately filed motions to compel on May 4, 2018. See Dkts. 194, 198. On May 23, 2018, the Court ruled in favor of Plaintiff's motion, ordering WilmerHale to produce "any notes and memoranda memorializing the interviews it took in connection with its internal investigation." See Dkt. 223. The Court reasoned that WilmerHale's disclosure of summaries of the witness interviews to the SEC constituted a waiver of any work product or attorney-client privilege. See id. Soon after, WilmerHale produced those documents.

On June 21, 2018, the Court denied Sugarman's motion. See Dkt. 246. In so doing, the Court concluded that Banc and its Special Committee did not waive privilege through various limited disclosures of WilmerHale's findings. See id. In a footnote, the Court rejected Sugarman's remaining waiver arguments "for the reasons set forth in Banc's and WilmerHale's oppositions." Id. The assigned District Judge denied Sugarman's motion for review and affirmed the Court's order without modification. See Dkt. 326.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

The instant motion seeks production of four categories of documents: (1) notes related to an October 30, 2016 conversation between WilmerHale and Banc in-house counsel John Grosvenor; (2) exhibits that "were used, referenced or shown" to witnesses; (3) specifically identified Banc and Winston & Strawn documents; and (4) all correspondence between WilmerHale and certain witnesses interviewed by WilmerHale. See Dkt. 405.

For the second category, Sugarman contends the Court's prior order should encompass the exhibits because "they are an integral part of the interview and are necessary to give context to the witnesses' statements." Id. at 16. The Court agrees. The exhibits fall within the Court's prior waiver ruling and are clearly and specifically identified so there is little danger that production will reveal WilmerHale's thought process. Nor does Sugarman's request strike the Court as a motion for reconsideration. WilmerHale's argument that Sugarman should have moved for the exhibits between June 6 (when WilmerHale produced the notes and memos) and June 21 (when the Court denied Sugarman's motion to compel) is not persuasive. The request as written, however, is too broad. Sugarman's counsel conceded as much at the hearing, acknowledging that his interest was in the documents expressly shown to the witnesses and identified in the memos. Accordingly, the Court has modified the request at the end of this order.

With respect to everything else, the opposition persuasively argues that Sugarman's motion represents a thinly-disguised motion for reconsideration. Sugarman effectively seeks to compel disclosure of documents that the Court has already ruled are privileged or not subject to the narrow SEC waiver. But Sugarman has not demonstrated the existence of previously undiscovered facts, intervening law, or judicial error that would permit reconsideration of the Court's June 21 order. See L.R. 7-18. It simply cannot be the case—as Sugarman argues—that a party's compelled production constitutes new material facts that warrant reconsidering the very order that required the production in the first place. Such a discovery merry-go-round is not the law.

The notes from WilmerHale's October 30, 2016 conversation with Grosvenor warrant additional comment. Sugarman has not persuaded the Court to depart from its prior ruling, under a motion for reconsideration standard or otherwise. The conversation was not among the fifteen interviews described to the SEC. Sugarman's primary case, SEC v. Roberts, 254 F.R.D. 371, 374 n.4 (N.D. Cal. 2008), offers the general idea that no attorney-client relationship exists between a board of directors and its special committee's outside counsel. But other courts have recognized that the privilege remains intact and is not destroyed as to certain communications between the special committee's counsel and company management. See In re BCE West, L.P., No. M-8-85, 2000 WL 1239117, at *2 (S.D.N.Y. Aug. 31, 2000) (finding that communications between board of directors and special committee's counsel did not waive attorney-client privilege). The timing of

CV-90 (12/02)                         CIVIL MINUTES-GENERAL                    Initials of Deputy Clerk: nb

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

the WilmerHale-Grosvenor conversation is significant. The conversation happened the day
WilmerHale was formally engaged, with Grosvenor providing background for WilmerHale's
representation of the Special Committee. See Dkt. 412, Ex. 2 (Declaration of Randall R. Lee) ¶ 5.[1]
To the Court's knowledge, no case has held that corporate counsel's initial engagement-related
discussion with outside counsel cannot be privileged because outside counsel will eventually
represent the special committee and not the company. The fact that Grosvenor may have been (or
would become) one of the subjects of the special committee's investigation does not alter that
analysis.

Accordingly, Sugarman's motion is GRANTED in PART and DENIED in PART.
WilmerHale is ORDERED to produce the exhibits that were expressly shown to the interview
witnesses within seven (7) days of the date of this order. Sugarman's motion is otherwise
DENIED.

---

[1] Mr. Lee describes the conversation as follows:

> The purpose of the call was for Mr. Grosvenor to provide us
> relevant background for our representation of the Special
> Committee. We had just been formally retained that day, and
> we had minimal understanding of the background or context to
> our engagement. We understood and believed, and continue to
> believe, that Banc and the Special Committee shared a
> common interest and thus that our conversation with Mr.
> Grosvenor was protected by the attorney-client privilege. The
> conversation with Mr. Grosvenor was not intended to be an
> interview for purposes of the fact investigation that we had been
> engaged to conduct. Consistent with the purpose of the
> conversation, we did not provide a so-called "*Upjohn* warning"
> to Mr. Grosvenor.

Id.