1
2
3
4
5
6

LATHAM & WATKINS LLP
  Manuel A. Abascal (Bar No. 171301)
  *manny.abascal@lw.com*
  Brian T. Glennon (Bar No. 211012)
  *brian.glennon@lw.com*
  Kristen M. Tuey (Bar No. 252565)
  *kristen.tuey@lw.com*
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071-1560
Tel: (213) 485-1234
Fax: (213) 891-8763

7
8
9
10
11

LATHAM & WATKINS LLP
  Michele D. Johnson (Bar No. 198298)
  *michele.johnson@lw.com*
  Andrew R. Gray (Bar No. 254594)
  *andrew.gray@lw.com*
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
Tel: (714) 540-1235
Fax: (714) 755-8290

12
13

Attorneys for Defendant
Steven A. Sugarman

14

UNITED STATES DISTRICT COURT

15

CENTRAL DISTRICT OF CALIFORNIA

16

17
18

IN RE BANC OF CALIFORNIA
SECURITIES LITIGATION

CASE NO. SACV 17-00118 AG (DFMx)
consolidated with
SACV 17-00138 AG (DFMx)

19
20
21
22
23

This Document Relates to:

ALL ACTIONS

**DEFENDANT STEVEN A.
SUGARMAN'S OPPOSITION TO
DEFENDANT BANC OF
CALIFORNIA, INC.'S MOTION TO
COMPEL DEFENDANT SUGARMAN
TO PRODUCE DOCUMENTS
RESPONSIVE TO BANC'S FIRST SET
OF REQUESTS FOR PRODUCTION**

24
25

Judge:      Hon. Douglas F. McCormick

26
27
28

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

CASE NO. SACV 17-00118 AG (DFMx)
SUGARMAN'S OPP. TO BANC'S MOTION TO
COMPEL SUGARMAN TO PRODUCE DOCUMENTS

1
2

# Table of Contents

3
4

I.     INTRODUCTION ...................................................................................... 1

II.    FACTUAL BACKGROUND ...................................................................... 5

       A.    Banc Seizes Mr. Sugarman's Devices and Documents ...................... 5

       B.    Plaintiff Serves Document Requests on Mr. Sugarman in
             October 2017, and Mr. Sugarman—With Banc's
             Involvement—Negotiates a Scope of Review and
             Production ........................................................................................ 6

       C.    When Presented With Evidence That He Lied to Banc,
             Banc Director Halle Benett Walks Out of His Deposition ................ 7

       D.    Shortly After the Benett Deposition, on the Last Day to
             Serve Party Discovery, Banc Serves Its Requests on Mr.
             Sugarman; Mr. Sugarman Timely Responds, and Banc
             Fails to Follow-Up ............................................................................ 7

III.   ARGUMENT .............................................................................................. 9

       A.    Banc, As a Result of its Own Lack of Diligence, Failed to
             Follow the Local Rules' Meet-and-Confer and Briefing
             Requirements Governing Motions to Compel, and the
             Motion Can and Should be Denied on that Basis Alone ................. 10

       B.    Banc's Requests are Grossly Overbroad and Unduly
             Burdensome ..................................................................................... 12

       C.    To The Extent Banc's Requests Seek Relevant
             Documents, They Are Duplicative of Plaintiff's Prior
             Discovery ......................................................................................... 16

       D.    Banc Cannot Use Discovery in this Case to Obtain
             Documents for Use in Other Litigation ........................................... 23

IV.    CONCLUSION ......................................................................................... 24

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

i

CASE NO. SACV 17-00118 AG (DFMx)
SUGARMAN'S OPP. TO BANC'S MOTION TO
COMPEL SUGARMAN TO PRODUCE DOCUMENTS

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

## CASES

*Aardwolf Indus., LLC v. Abaco Machines USA, Inc.*,
  2017 WL 4769431 (C.D. Cal. July 10, 2017) .............................................. 11, 12

*Bay City Surgery Ctr., Inc. v. ILWU-PMA Welfare Plan Bd. of Trs.*,
  2018 WL 1942379 (C.D. Cal. Mar. 28, 2018) ............................................ 12, 13

*Davidson v. Apple, Inc.*,
  2018 WL 6169349 (N.D. Cal. Nov. 26, 2018)...................................... 11, 12, 18

*F.T.C. v. AMG Servs., Inc.*,
  2015 WL 176417 (D. Nev. Jan. 14, 2015) ............................................ 14, 15, 24

*Hyland v. Homeservices of Am., Inc.*,
  2012 WL 1680109 (W.D. Ky. May 14, 2012) .................................................. 11

*Jimenez v. City of Chicago*,
  733 F. Supp. 2d 1268 (W.D. Wash. 2010)........................................... 15, 21, 24

*Jones v. Lehigh Southwest Cement Co., Inc.*,
  2014 WL 346619 (E.D. Cal. Jan. 30, 2014)..................................................... 14

*Joseph v. Sikorsky Aircraft Corp*,
  2015 WL 5304177 (D. Conn. Sept. 9, 2015) ................................................... 11

*Oppenheimer Fund, Inc. v. Sanders*,
  437 U.S. 340 (1978) ................................................................................... 23, 24

*Safeco Ins. Co. of Am. v. Rawstrom*,
  183 F.R.D. 668 (C.D. Cal. 1998) ................................................................... 17

*Unilin Beheer B.V. v. NSL Trading Corp.*,
  2015 WL 12659919 (C.D. Cal. Mar. 27, 2015) .......................................... 17, 19

*Wilson v. Int'l Bus. Machines Corp.*,
  62 F.3d 237 (8th Cir. 1995)........................................................................... 11

*Zuniga v. W. Apartments*,
  2014 WL 2599919 (C.D. Cal. March 25, 2014) .............................................. 17

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

ii

CASE NO. SACV 17-00118 AG (DFMx)
SUGARMAN'S OPP. TO BANC'S MOTION TO
COMPEL SUGARMAN TO PRODUCE DOCUMENTS

1

**RULES**

2

Fed. R. Civ. P. 26(a)(1) ...................................................................... 18, 20

3

Fed. R. Civ. P. 26(b)(1) ............................................................................ 12

4

Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii) ............................................................ 12

5

Fed. R. Civ. P. 30(b)(6) ............................................................................ 16

6

L.R. 37 ................................................................................................. *passim*

7

L.R. 37-1 ............................................................................................. 10, 12

8

L.R. 37-2 ..................................................................................................... 10

9

L.R. 37-2.4 ................................................................................................. 10

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

iii

CASE NO. SACV 17-00118 AG (DFMx)
SUGARMAN'S OPP. TO BANC'S MOTION TO
COMPEL SUGARMAN TO PRODUCE DOCUMENTS

## I.  INTRODUCTION

Banc of California, Inc.'s procedurally improper, vitriolic motion to compel argues that Mr. Sugarman must produce all documents responsive to Banc's 53 overly broad, last-minute requests for production, but the background, scope, and procedure related to these requests demonstrate that the motion should be denied.

Banc had more than fifteen months to issue discovery on Mr. Sugarman and to negotiate a proper scope of production.  A co-defendant that is liable for Mr. Sugarman's conduct, Banc made the decision not to pursue such discovery.  But Banc abandoned its focus on the outcome of this litigation after Mr. Sugarman found evidence of Banc board member malfeasance.  Twelve days after Banc's counsel and board member Halle Benett walked out of deposition because Mr. Sugarman uncovered evidence that Mr. Benett lied to Banc, Banc served the requests for production at issue.  Over the course of the ensuing two months, Banc issued 53 document requests, 27 requests for admission, a 30(b)(6) deposition subpoena on COR Capital, LLC (owned and managed by Mr. Sugarman), and an *ex parte* application for an additional 10 hours of deposition testimony in this case (Mr. Sugarman had already testified for seven hours).  In addition, Banc issued three document subpoenas and three deposition subpoenas to Mr. Sugarman and his entities in other lawsuits.  In total, after Mr. Sugarman exposed that Banc director Halle Benett had in fact engaged in the misconduct that Mr. Sugarman alleged prior to his resignation, Banc issued 93 requests for production, 27 requests for admission, and five requests for a total of 38 hours of deposition testimony from Mr. Sugarman and his entities.  Now, despite the Court's imposition of a moratorium on this litigation and its order that the parties "renew discussions with the mediator[,]" Banc continues to push these retaliatory discovery demands in an effort to misuse this litigation for a different purpose instead of agreeing to mediation dates as the Court has ordered.  Dkt. 551; *see also* Declaration of Andrew Gray ("Gray Decl."), Ex. O.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

1

CASE NO. SACV 17-00118 AG (DFMx)
SUGARMAN'S OPP. TO BANC'S MOTION TO
COMPEL SUGARMAN TO PRODUCE DOCUMENTS

1    Parties may obtain discovery that is relevant to a claim or defense and

2 proportional to the needs of the case.  Banc's requests are not at all directed

3 towards Mr. Sugarman's April 2016 biography, his decision to resign, or any

4 element of a claim or defense.  For example, Banc admits that it is seeking

5 evidence of "Sugarman's willingness to break the law in order to punish directors"

6 and to support its assertion that "Sugarman may have taken documents in violation

7 of his separation agreement."  As an initial matter, there is no evidence that Mr.

8 Sugarman violated the law or his separation agreement, and Banc cites to none.

9 Banc's requests on this topic are nothing more than speculation.  Regardless, Banc

10 has no claim or defense in this litigation related to purported attempts to punish

11 directors or purported violations of a separation agreement.  Banc's defense in this

12 litigation (it has no affirmative claims) is that the challenged statement in Mr.

13 Sugarman's April 2016 biography was not made in violation of federal securities

14 laws.  Not even Plaintiff, who seeks to show that Mr. Sugarman's biography is

15 misleading and was made with scienter, has asked for the types of documents Banc

16 now seeks.  It makes no sense that Banc, who presumably wants to defend the

17 claims against it, would want to prove in this litigation that Mr. Sugarman broke

18 the law.

19    The requests are also inconsistent with this Court's discovery rulings.  In the

20 Omnibus ruling and other rulings, this Court carefully parsed various elements of

21 the operative claims and potential defenses, and through exemplars indicated to the

22 parties what it thought were the appropriate bounds of discovery—specifically,

23 reasons for Mr. Sugarman's resignation and scienter.  The Court made clear that

24 reasons for Mr. Sugarman's resignation were appropriate, but other matters

25 tangential to that were not.  Banc's requests do not comply with the letter or spirit

26 of those rulings.

27    The targets of Banc's requests further belie Banc's assertion that it seeks

28 documents for this litigation.  Banc unabashedly seeks all communications

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

2

CASE NO. SACV 17-00118 AG (DFMx)
SUGARMAN'S OPP. TO BANC'S MOTION TO
COMPEL SUGARMAN TO PRODUCE DOCUMENTS

1   between Mr. Sugarman and six former Banc employees who are related to lawsuits

2   against Banc for whistleblower violations, improperly accessing other parties'

3   confidential documents, and retaliatory firings.  Banc also seeks all documents

4   regarding Banc that Mr. Sugarman or his agents placed on OneHub—the subject of

5   a dispute between Banc and COR Advisors—despite the fact that Banc previously

6   objected to such a request which Mr. Sugarman dropped pursuant to this Court's

7   guidance.  And while Banc argues that its requests for documents regarding the

8   ownership, interest, and corporate structure of Mr. Sugarman's entities are related

9   to Plaintiff's allegation that Jason Galanis controlled these entities, Banc admits

10  that Mr. Sugarman already reviewed and produced documents in response to

11  Plaintiff's request for all documents concerning Mr. Galanis.  Mot. at 6.

12          Banc's argument that its 53 requests are so "targeted" that there could be "no

13  plausible objection to relevance" is not supported by the record.  For example,

14  Banc requests:

15      • "All Documents and Communications that You have in
           Your possession, custody, or control that You obtained
16         during Your employment at Banc" without any limitation to
           items of relevance to this case (Gray Decl., Ex. A at Request
17         1);

18      • "All text messages sent from any device relating to Banc, or
           its officers or directors" over the period from January 1,
19         2015 to the present—a period of over four years (*id*. at
           Request 6) with no relevance limitation to the biography or
20         Mr. Sugarman's resignation;

21
        • "All documents regarding or mentioning" eleven different
22         Banc directors and employees (*id*. at Requests 28-38) over
           the period from January 1, 2015 to the present with no
23         subject matter limitation; and

24
        • "Any calendar, whether written or electronic or otherwise,
25         that concerns any part of the period January 1, 2015 to the
           present that shows any of [Mr. Sugarman's] meetings,
26         events, schedule, telephone calls or trips during that time"
           with no subject matter limitation (*id*. at Request 51).
27

28  The timing of the requests also undermines Banc's need for the documents.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

3

CASE NO. SACV 17-00118 AG (DFMx)
SUGARMAN'S OPP. TO BANC'S MOTION TO
COMPEL SUGARMAN TO PRODUCE DOCUMENTS

1  The requests came after many depositions were already taken, over three months
2  after the deadline for substantial completion of document production, and after Mr.
3  Sugarman already produced documents in response to Plaintiff's timely requests
4  served in October 2017.

5      Finally, Banc possesses virtually all of the documents it seeks. Prior to Mr.
6  Sugarman's resignation, Banc demanded that Mr. Sugarman return his laptop and
7  phone. On January 9, 2017, Mr. Sugarman provided these to Banc, even though
8  the devices contained personal information and information from Mr. Sugarman's
9  other companies. Banc also took possession of Mr. Sugarman's materials in his
10  office. Thus, for over two years Banc has had access to all of Mr. Sugarman's
11  electronic and hard copy documents in existence prior to his resignation. Banc
12  seeks to avoid this plainly relevant fact by arguing Mr. Sugarman waived any
13  objections relating to Banc's duplicative discovery requests; that, however, is not a
14  separate objection and is encompassed within Mr. Sugarman's burden objection.

15      Against this background, Mr. Sugarman identified overbreadth, harassment,
16  Banc's possession of the documents requested, and burden, among other things, in
17  his timely objections to the requests. Each objection provides ample support for a
18  refusal to produce. Nonetheless, Mr. Sugarman offered to meet and confer in an
19  effort to identify a scope of document review and production that might be relevant
20  and appropriate for this stage of the litigation. In response, Mr. Sugarman heard
21  nothing from Banc on its document requests for three weeks. When Banc finally
22  requested a meet and confer, Mr. Sugarman agreed to a call. Banc's counsel began
23  the conversation with a statement that the parties were unlikely to reach agreement,
24  suggesting that motion practice was inevitable. Banc refused to discuss methods
25  for Mr. Sugarman to search for documents not already reviewed and produced in
26  response to Plaintiff's October 2017 discovery requests. Though Banc eventually
27  agreed to consider Mr. Sugarman's request for a search term proposal, it never
28  followed through. The discovery cut-off passed on February 1, 2019.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

4

CASE NO. SACV 17-00118 AG (DFMx)
SUGARMAN'S OPP. TO BANC'S MOTION TO
COMPEL SUGARMAN TO PRODUCE DOCUMENTS

Having failed to meet the Court's deadlines, Banc sought permission to file this motion *ex parte*.  When it did not get an immediate response, Banc filed the instant motion in violation of Local Rule 37.  Given its procedural failures, Banc now attempts to convert two curt emails where Mr. Mark McDonald requested a meet and confer regarding Mr. Sugarman's production of responses to <u>requests for admission</u> ("RFA Responses") (responses that were discussed by the parties), into an effort to meet and confer regarding <u>requests for production</u> ("RFP Responses").  Banc also relies on an inaccurate declaration by an attorney who did not participate in the negotiations to assert that any delay must be Mr. Sugarman's fault.  Based on this sleight of hand, Banc now contends that it should be permitted to violate Local Rule 37 and this Court's prohibition against motions filed more than 30 days after the close of discovery because Mr. Sugarman somehow delayed Banc's motion to compel by not engaging in a meet and confer until Banc requested it.  Despite demanding that Mr. Sugarman follow the Local Rule 37 procedure throughout this litigation, Banc argues that it should not be held to that requirement.  Banc's last-minute motion seeking broad discovery over a multi-year period should be denied due to its procedural defects and lack of diligence alone.

Even putting aside Banc's attempt to use discovery for claims in other matters and its procedural failures in pursuing discovery requests, Banc's motion should be denied because the requests themselves are not proper.  On their face, the requests are grossly overbroad, unduly burdensome, and duplicative of other discovery in this case.  Banc's motion should be denied.

## II.   FACTUAL BACKGROUND

### A.   Banc Seizes Mr. Sugarman's Devices and Documents

Prior to his resignation, and at Banc's request, Mr. Sugarman turned in all of his electronic devices.  Gray Decl., Exs. H, I, J.  Banc also took Mr. Sugarman's hard copy documents.  Mr. Sugarman also complied with his Separation Agreement and delivered to Banc by January 30, 2017 materials he had in his

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

5

CASE NO. SACV 17-00118 AG (DFMx)
SUGARMAN'S OPP. TO BANC'S MOTION TO
COMPEL SUGARMAN TO PRODUCE DOCUMENTS

1    personal possession.  *See* Gray Decl., Exs. K, L.

2         **B.     Plaintiff Serves Document Requests on Mr. Sugarman in October
                 2017, and Mr. Sugarman—With Banc's Involvement—Negotiates
3                 a Scope of Review and Production**

4         On October 13, 2017, Plaintiff served its First Set of Requests for

5    Production on Mr. Sugarman, seeking many of the same categories of documents

6    Banc now seeks.  Gray Decl., Ex. B.  For example, Plaintiff sought:

7         • "All documents and communications (including text and
             instant messages) regarding: (a) Galanis; (b) Galanis
8             Entities; (c) Galanis People; (d) any of the Investigations; or
             (e) Banc's public statements made on October 18, 2016."
9             (*Id.* at 13.)

10        • "All documents and communications (including text and
             instant messages) regarding the KPMG Letter."  (*Id.* at 14.)
11

12        • "All documents and communications (including text and
             instant messages) regarding your resignation."  (*Id.* at 15.)
13

14        • "All documents supporting or relating to any of Defendants'
             affirmative and other defenses set forth in your Answer[.]"
15             (*Id.*)

16   On the same day, Plaintiff served its First Set of Requests for Production on Banc.

17   Banc served no discovery at that time.

18        The three parties to the litigation—Plaintiff, Mr. Sugarman, and Banc—

19   negotiated the scopes of Banc's and Mr. Sugarman's productions in response to

20   Plaintiff's requests.  The negotiations resulted in two largely duplicative lists of

21   search terms which Mr. Sugarman and Banc used to search for responsive

22   documents.  Both search-term lists were shared with all parties, and all parties had

23   the opportunity to comment on and provide guidance regarding the agreed-upon

24   search parameters.  *See, e.g.*, Gray Decl., Exs. C, D.  Banc asserts that it was not

25   "involved in the process" of negotiating the search terms to which Mr. Sugarman

26   agreed, Mot. at 19, but the correspondence demonstrates the contrary.  Indeed, Mr.

27   Sugarman and Banc discussed presenting "a common response to plaintiffs" in

28   response to Plaintiff's suggested search term list.  Gray Decl., Ex. C.  Mr.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

6

CASE NO. SACV 17-00118 AG (DFMx)
SUGARMAN'S OPP. TO BANC'S MOTION TO
COMPEL SUGARMAN TO PRODUCE DOCUMENTS

Sugarman subsequently searched for, reviewed, and produced documents based on the agreed-upon parameters.

### C. When Presented With Evidence That He Lied to Banc, Banc Director Halle Benett Walks Out of His Deposition

On December 6, 2018, Mr. Sugarman attempted to take the deposition of Halle Benett, a Banc director who is represented by Banc's counsel.  At that deposition, Mr. Sugarman's counsel showed Mr. Benett an agreement which showed Mr. Benett had lied to Banc regarding his compensation arrangements with KBW for Banc transactions.  This evidence was directly related to this case—Mr. Sugarman has asserted that he resigned because he did not feel he could sign Banc's financials in light of wrongdoing committed by Banc directors.  Specifically, prior to his resignation, Mr. Sugarman had reported to Banc's Board, inside and outside counsel, and auditors that he believed Mr. Benett had engaged in this wrongdoing.  Mr. Benett walked out of his deposition, forcing Mr. Sugarman to bring a motion to compel against Mr. Benett to continue the deposition.

### D. Shortly After the Benett Deposition, on the Last Day to Serve Party Discovery, Banc Serves Its Requests on Mr. Sugarman; Mr. Sugarman Timely Responds, and Banc Fails to Follow-Up

Banc raised no issues with the sufficiency of Mr. Sugarman's production through the course of the discovery period.  Then, on December 18, 2018—twelve days after Mr. Benett's deposition, over one year after Plaintiff and Mr. Sugarman served their first document requests, and on the last possible day it was permitted to serve written party discovery—Banc served its First Set of Requests for Production of Documents on Mr. Sugarman, seeking 53 categories of documents.  Gray Decl., Ex. A.  Mr. Sugarman timely served objections and responses to the requests on January 17, 2019, arguing, among other things, that the requests are "overly broad, unduly burdensome, seek documents that are irrelevant …, [are] disproportional to the needs of this case, and [are] outside the scope of permissible inquiry."  *See* McDonald Decl., Ex. A.  Mr. Sugarman noted that the requests seek

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

7

CASE NO. SACV 17-00118 AG (DFMx)
SUGARMAN'S OPP. TO BANC'S MOTION TO
COMPEL SUGARMAN TO PRODUCE DOCUMENTS

1   "documents and information already in Banc's possession, custody, or control" and

2   objected to the requests to the extent they seek information protected by the

3   attorney-client privilege or work product doctrine, among other things.  *See id.*

4          Contrary to Banc's assertions, Banc did not raise any issues with these

5   responses for three weeks.  Rather, after Mr. Sugarman served RFA Responses on

6   January 21, 2019, Mr. McDonald sent a response to the RFA correspondence

7   stating "[w]e want to meet and confer in advance of a motion to compel."  Gray

8   Decl., Ex. E.  Mr. McDonald attached a copy of the RFA Responses to his email,

9   seemingly in order to identify the subject of the proposed meet and confer.  *Id.*  Mr.

10  Sugarman responded by requesting further detail about what Banc wished to

11  discuss.  Gray Decl., Ex. F.  On January 30, 2019, Mr. McDonald sent another

12  email, specifically referencing his prior email about the RFAs.  Gray Decl., Ex. G.

13  Banc made no mention of RFPs in either correspondence.

14         On February 7, a different attorney for Banc sent an email stating that Banc

15  wished to "schedule a discussion about Sugarman's responses to the document

16  requests and requests for admissions."  *See* McDonald Decl., Ex. D.  Having

17  already discussed the RFAs and seeking some direction from Banc regarding what

18  discovery it wanted to discuss, Mr. Sugarman responded by requesting that Banc

19  follow the requirements of Local Rule 37 and set forth in writing the specific

20  discovery requests on which it wanted to meet and confer.  Gray Decl., Ex. G.

21  Banc finally did so in a letter dated February 14, 2019.  McDonald Decl., Ex. B.  In

22  that letter, Banc demanded that Mr. Sugarman respond to all of Banc's overly

23  broad discovery requests as written.  *Id.*  Mr. Sugarman responded in advance of

24  the parties' February 22, 2019 meet and confer.  McDonald Decl., Ex. C.

25         Banc began the meet and confer on February 22 by suggesting that the

26  parties would need motion practice because it was highly unlikely the parties could

27  agree.  Gray Decl. ¶ 2.  But Mr. Sugarman nevertheless attempted to find a

28  practical solution that might obviate the need for motions.  *Id.*  Mr. Sugarman

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

8

CASE NO. SACV 17-00118 AG (DFMx)
SUGARMAN'S OPP. TO BANC'S MOTION TO
COMPEL SUGARMAN TO PRODUCE DOCUMENTS

several times invited Banc to review the search terms that Mr. Sugarman had used
to produce documents in response to Plaintiff's discovery requests and determine
what remaining search terms, if any, Mr. Sugarman should run to find additional
relevant, non-privileged documents in response to Banc's requests. *Id.*
Unfortunately, Banc's counsel was unprepared to discuss specific search terms. *Id.*
After discussing two requests, Banc's counsel concluded that the parties would not
be able to reach agreement on the call and ended the discussion. *Id.*

On February 25, Banc sent Mr. Sugarman an email representing that it
would "consider" Mr. Sugarman's suggestion to review prior search terms, but in
that same email Banc proposed a briefing schedule for a motion to compel.
McDonald Decl., Ex. D.  Mr. Sugarman reiterated his request that Banc "identify a
list of non-duplicative search terms that might identify relevant documents not
already reviewed and produced so that [h]e could consider a review that would not
require Mr. Sugarman to repeat the process he completed in the early stages of
discovery." Gray Decl. Ex. G.

The February 25 correspondence was the last Mr. Sugarman heard from the
Banc attorney involved in the RFP negotiations.  Banc subsequently filed an *ex
parte* application requesting that the Court allow Banc to file a motion to compel
outside of the Court's normal procedures.  Dkt. 528.  The Court has not yet ruled
on Banc's *ex parte* application, but Banc nonetheless filed this motion to compel as
a noticed motion, failing to follow the procedures set out in Local Rule 37.  Both
Banc's *ex parte* application and the motion at issue here are supported by a
declaration from Mark McDonald, an attorney who was not involved in any
negotiations regarding Mr. Sugarman's responses to the RFPs at issue.

Banc has yet to propose search parameters as Mr. Sugarman requested.

## III.   ARGUMENT

Banc's motion should be denied in its entirety because it is procedurally
improper; Banc's requests are grossly overbroad, unduly burdensome, and abusive;

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

9

CASE NO. SACV 17-00118 AG (DFMx)
SUGARMAN'S OPP. TO BANC'S MOTION TO
COMPEL SUGARMAN TO PRODUCE DOCUMENTS

1   and to the extent the requests seek relevant documents, such requests are

2   duplicative of Plaintiff's document requests to Mr. Sugarman.

3       **A.**    **Banc, As a Result of its Own Lack of Diligence, Failed to Follow
the Local Rules' Meet-and-Confer and Briefing Requirements
Governing Motions to Compel, and the Motion Can and Should
be Denied on that Basis Alone**

6   Under Local Rule 37, parties are required to send a letter requesting a meet

7   and confer on any discovery disputes.  L.R. 37-1.  The letter requesting a

8   conference must "identify each issue and/or discovery request in dispute," "state

9   briefly with respect to each such issue/requests the moving party's position ... and

10   specify the terms of discovery order to be sought."  *Id.*  If unable to settle their

11   differences, "and unless otherwise ordered by the Court[,]" counsel must raise the

12   issues to the Court by means of a joint stipulation.  L.R. 37-2.  Per the Local Rules,

13   the Court "will not consider any discovery motion in the absence of a joint

14   stipulation or a declaration from counsel for the moving party establishing that

15   opposing counsel ... failed to confer in a timely manner in accordance with L.R.

16   37-1[.]"  L.R. 37-2.4.

17   Banc does not—and cannot—assert that Mr. Sugarman failed to confer in a

18   timely manner in accordance with Local Rule 37.  Instead, Banc refers to the

19   misleading timeline laid out in its *ex parte* application to suggest that its failure to

20   meet procedural requirements was somehow Mr. Sugarman's fault.  Mot. at 2,

21   citing Dkt. 528.  As detailed above and explained in Mr. Sugarman's opposition to

22   Banc's *ex parte* (Dkt. 529), Banc's account is factually inaccurate.  Banc did not

23   raise the issue of Mr. Sugarman's responses to the requests for production until

24   February 7; did not send a letter setting forth its positions until February 14; cut

25   short the meet and confer on February 22; and when Mr. Sugarman did not

26   stipulate to additional time for Banc, Banc immediately filed an *ex parte*

27   application seeking permission to file this motion.

28   Mark McDonald's assertion that "Mr. Sugarman refused to agree to a

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

10

CASE NO. SACV 17-00118 AG (DFMx)
SUGARMAN'S OPP. TO BANC'S MOTION TO
COMPEL SUGARMAN TO PRODUCE DOCUMENTS

stipulation that would allow Banc time to respond to Sugarman's demand and to complete the meet and confer process" (Dkt. 536-2) seeks to blame Mr. Sugarman for Banc's lack of diligence and is insufficient to permit Banc to file the instant motion in violation of Local Rule 37.  Mr. Sugarman attempted to meet and confer with Banc in good faith, requesting non-duplicative search terms and attempting to negotiate a narrowing of the scope of the facially overbroad requests.  Banc declined to similarly engage.  On that basis alone, this motion should be denied.

The prejudice to Mr. Sugarman resulting from Banc's failure to comply with the Local Rules is compounded by the belated nature of the requests themselves. A court need not allow parties to conduct discovery, "especially if a party did not 'diligently pursue[] its previous discovery opportunities.'"  *Wilson v. Int'l Bus. Machines Corp.*, 62 F.3d 237, 240 (8th Cir. 1995) (affirming magistrate judge's denial of a motion to compel because "in the circumstances of this case, including the eleventh-hour nature and the overbreadth of many of the discovery requests, we find no abuse of the court's discretion").  "[C]ourts have denied motions to compel filed just before the discovery deadline, where there is unjustified delay and particularly where there is prejudice." *Aardwolf Indus., LLC v. Abaco Machines USA, Inc.*, 2017 WL 4769431, at *1 (C.D. Cal. July 10, 2017); *see also Davidson v. Apple, Inc.*, 2018 WL 6169349, at *6 (N.D. Cal. Nov. 26, 2018) (denying in part motion to compel because, although it was "technically timely," it was also filed "very late in the discovery period" and the "delay in moving to compel this discovery weigh[ed] strongly against the relief" sought); *Joseph v. Sikorsky Aircraft Corp*, 2015 WL 5304177, at *3 (D. Conn. Sept. 9, 2015) ("After many months of discovery, a motion to compel should not be served at the last minute."); *Hyland v. Homeservices of Am., Inc.*, 2012 WL 1680109, at *4-6 (W.D. Ky. May 14, 2012) (denying motion to compel filed 10 days before the discovery deadline because "the court can only presume that Plaintiffs' delay was for strategic reasons and Plaintiffs must now 'endure the harsh results of this tactical decision'").

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

11

CASE NO. SACV 17-00118 AG (DFMx)
SUGARMAN'S OPP. TO BANC'S MOTION TO
COMPEL SUGARMAN TO PRODUCE DOCUMENTS

*Aardwolf* is instructive.  In *Aardwolf*, a magistrate judge in this district denied a motion to compel filed ten days before the close of discovery seeking "last minute, massive discovery relief."  *Aardwolf Indus.*, 2017 WL 4769431, at *1.  The court, observing the 48 disputes raised in the motion, found that "[t]here obviously ha[d] been a failure to comply with Local Rule 37-1 requiring the parties to confer in good faith[,]" particularly in light of the "overbroad and disproportionate" nature of the moving party's written discovery.  *Id*.  As is the case with Banc and its 53 overly broad requests here, the Court noted that the moving party "ha[d] demonstrated no willingness to narrow the propounded discovery and demands complete production as propounded," *id*., and as here, the moving party "d[id] not even offer an explanation for the delay[.]"  *Id*. at *2.

Banc had over a year to serve discovery requests on Mr. Sugarman, and failed to do so.  There is no reasonable justification for this delay.  Banc's decision to engage in this eleventh-hour discovery, and its failures to comply with the Local Rules, should not be rewarded and, on this basis, Banc's motion should be denied.

## B.     Banc's Requests are Grossly Overbroad and Unduly Burdensome

Banc's requests go far beyond the bounds of relevancy to this case, and for that additional and independent reason Banc's motion should be denied.  The Federal Rules require a court to limit discovery if it is (i) unreasonably cumulative or duplicative, (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).  Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).  Requests so broad as to go clearly beyond relevance are, by definition, unduly burdensome and must be denied.  *See, e.g.*, *Bay City Surgery Ctr., Inc. v. ILWU-PMA Welfare Plan Bd. of Trs.*, 2018 WL 1942379, at *4-5 (C.D. Cal. Mar. 28, 2018) (denying motion to compel where moving party requested "all records for [a] three-year period, regardless of connection to a specific ... claim" because the "expansive request 'goes beyond what is relevant to Defendants' current claims

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

12

CASE NO. SACV 17-00118 AG (DFMx)
SUGARMAN'S OPP. TO BANC'S MOTION TO
COMPEL SUGARMAN TO PRODUCE DOCUMENTS

1  and defenses"); *see also Davidson*, 2018 WL 6169349, at *4 ("the extremely broad

2  scope of the requests is wholly unsupported").  Indeed, where requested discovery

3  goes beyond what is relevant "there [is] no reason for [the Judge] to analyze each

4  proportionality factor."  *See Bay City Surgery Ctr.*, 2018 WL 1942379, at *4-5.

5       Banc's requests impermissibly seek vast quantities of documents wholly

6  irrelevant to this case, and Banc's demands for such documents should be denied:

7       Request 6 seeks "[a]ll text messages sent from any device relating to Banc,

8  or its officers or directors" between January 1, 2015 to the present.  Mr. Sugarman

9  was CEO of Banc for the first two years of that period, and remained a large

10 shareholder of Banc and a co-defendant with Banc in the instant case during the

11 other two years requested.  This request would cover any text message Mr.

12 Sugarman had regarding Banc's earnings, dividends, management changes,

13 litigation, and press releases, as well as social and personal communications.  It

14 encompasses a boundless range of topics over the countless number of text

15 messages Mr. Sugarman sent and received over this four year period, the vast

16 majority of which are entirely irrelevant to this litigation.

17      In its motion, Banc asserts that it is interested in text messages relating to

18 Mr. Sugarman's whistleblower claims, alleged "initiation and supervision of the

19 Winston investigation, issuance of the press release, allegations of misconduct

20 against directors, efforts to replace directors . . ., interference with the Special

21 Committee investigation, and supervision and direction of Sandy Michelman."

22 Mot. at 11.  Despite having implicitly acknowledged that only a small subset of the

23 documents requested are potentially relevant, Banc does not actually offer to

24 narrow the request.  Banc also fails to explain how the implicated text messages

25 are relevant to its defenses and non-duplicative of Mr. Sugarman's prior review.

26      Requests 28 through 38 seek "[a]ll documents" "regarding or mentioning"

27 eleven different Banc directors and employees: Halle Benett, Jonah Schnel, Jeffrey

28 Karish, Robert Sznewajs, Eric Holoman, Chad Brownstein, Richard Lashley, Kirk

LATHAM&WATKINS
ATTORNEYS AT LAW
LOS ANGELES

13

CASE NO. SACV 17-00118 AG (DFMx)
SUGARMAN'S OPP. TO BANC'S MOTION TO
COMPEL SUGARMAN TO PRODUCE DOCUMENTS

1   Wycoff, Jeffrey Seabold, Fran Turner, and Cynthia Abercrombie.  These requests

2   are facially overbroad and unduly burdensome.  *See F.T.C. v. AMG Servs., Inc.*,

3   2015 WL 176417, at *5 (D. Nev. Jan. 14, 2015) (requests for "all

4   communications" and "all documents" "epitomize unduly burdensome requests").

5   During the relevant period, Mr. Sugarman was the CEO of Banc and would be

6   expected to have countless documents "regarding or mentioning" Banc directors

7   and employees.  Without any attempt to limit these requests to documents that may

8   be relevant to this litigation, each of these requests alone is facially overbroad and

9   likely to result in significant irrelevant material.

10      Banc explains in its motion that it is interested in Mr. Sugarman's

11   whistleblower claims regarding Messrs. Benett, Schnel, Karish and Sznewajs, and

12   any "personal bias" he might have had against them; communications relating to

13   Mr. Sugarman's whistleblower claims; "the initiation and supervision of the

14   Winston investigation, issuance of the Press Release, and alleged ties to Jason

15   Galanis"; and misconduct allegations regarding Fran Turner.  Mot. at 14.

16   However, not only does Banc again fail to offer to narrow the requests based on its

17   admission that only a sub-section of the documents sought are relevant, but it also

18   fails to explain how Mr. Sugarman's personal bias against any director is relevant

19   to its defenses or to suggest search terms non-duplicative of prior review.[1]

20      Requests 39 through 44 seek "[a]ll Communications with" six different

21   individuals—Carlos Salas, Carlos Velasquez, Blake Brooks, Heather Endresen,

22   Raquel Gillett, and Thedora Nickel—"relating or referring to Banc in any way."

23   All of the identified individuals were employees of Banc for part or all of this time

24   period, and most of Mr. Sugarman's conversations with these individuals would be

25   completely unrelated to the issues raised in the instant case.  Therefore, these

26   requests are clearly overbroad.  *See Jones v. Lehigh Southwest Cement Co., Inc.*,

27

28   [1] Banc also claims that Request 36 may produce documents "in which Sugarman asks Seabold to sue Banc."  Mot. at 14.  This Court has ruled that communications regarding Mr. Seabold's lawsuit are outside the scope of discovery.  *See* Dkt. 374.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

14

CASE NO. SACV 17-00118 AG (DFMx)
SUGARMAN'S OPP. TO BANC'S MOTION TO
COMPEL SUGARMAN TO PRODUCE DOCUMENTS

1  2014 WL 346619, at *3-4 (E.D. Cal. Jan. 30, 2014) (denying motion to compel

2  production of all communications between a number of people because "there

3  [wa]s no showing that every communication between these people ha[d] anything

4  to do with the substance of th[e] litigation").

5       Banc justifies these requests by asserting that they seek documents "related

6  to Sugarman's use of friends, associates, and current and former employees to

7  litigate claims Sugarman released in the Separation Agreement in an effort to

8  retaliate against directors who were prepared to vote against his continued services

9  as CEO."  Mot. at 18.  Just as the Court found that discovery relating to Mr.

10  Seabold's lawsuit against Banc "has little if any relevance to the issues presented

11  by this case" (Dkt. 374 at 1-2), so too Banc's attempts to seek documents relating

12  to other lawsuits against Banc are clearly outside the scope of discovery.  Mr.

13  Sugarman's purported after-the-fact actions to "retaliate against directors" are not

14  relevant to the circumstances of Mr. Sugarman's resignation, and are by definition,

15  unduly burdensome.  *See, e.g., F.T.C.*, 2015 WL 176417, at *5 ("Requests . . .

16  seek[ing] irrelevant information are inherently undue and burdensome."); *Jimenez*

17  *v. City of Chicago*, 733 F. Supp. 2d 1268, 1273 (W.D. Wash. 2010) (same).

18       Banc's claim that Mr. Sugarman is using other people to bring lawsuits on

19  his behalf is totally baseless.  Each of these individuals is represented by separate

20  counsel, each brought claims against Banc, and there is substantial corroboration to

21  their claims—in fact, Banc has paid millions to settle the claims already.  For

22  example: (a) Banc settled Mr. Seabold's claims for millions (Gray Decl., Ex. M),

23  (b) Banc settled Mr. Salas's claims for an undisclosed amount (*id.* at Ex. N), and

24  (c) discovery has supported Ms. Endresen's claims—she claimed to have been

25  retaliated against because she blew the whistle on misconduct by Banc's former

26  CFO, who was alleged to have used drugs and prostitutes in the office, and

27  discovery in this case has corroborated her claim.  Banc's claims that Mr.

28  Sugarman is using "proxies" is without any factual support, but nonetheless is

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

15

CASE NO. SACV 17-00118 AG (DFMx)
SUGARMAN'S OPP. TO BANC'S MOTION TO
COMPEL SUGARMAN TO PRODUCE DOCUMENTS

1    totally irrelevant to this case.

2        Requests 16 through 25 seek "all documents" showing any person or entity

3    with ownership or interest in COR Capital, CORSHI, and COR Clearing; their

4    respective directors, officers, members, and managers; and formational documents

5    and by-laws for all three entities.  These requests are incredibly overbroad and go

6    far beyond any purported ties to Jason Galanis: there is no possible justification for

7    requesting *all* documents reflecting these organizations' structures.  Furthermore,

8    as Mr. Sugarman would either need to request any such documents from the

9    entities themselves or receive the entities' approval prior to production, Banc

10   should have simply subpoenaed those entities directly rather than serving this last-

11   minute discovery request on Mr. Sugarman himself.  Moreover, there are much

12   more efficient ways to obtain the necessary information from these entities—such

13   as through a Rule 30(b)(6) deposition, which Banc scheduled then abandoned at

14   the end of discovery.  Finally, Mr. Galanis has conceded that he had no direct

15   ownership interest, employment position, directorship, or rights under the

16   formational documents to control COR Capital or COR Clearing, making this

17   request totally irrelevant.

18       Request 51 may be the broadest of all, seeking any calendar that concerns

19   any part of the period January 1, 2015 to the present—a more than four year

20   period.  Again, Banc does not attempt to limit its request to documents that may be

21   relevant to the issues in this litigation.  Indeed, as Banc does not even mention this

22   request in its motion, it appears Banc may recognize that this request is

23   indefensible, although Banc at no point offered to withdraw or limit the request.

24       **C.    To The Extent Banc's Requests Seek Relevant Documents, They Are Duplicative of Plaintiff's Prior Discovery**

25

26       As an initial matter, Banc's argument that Mr. Sugarman waived his

27   objection that Banc's requests are duplicative (Mot. at 4) is meritless.  Among

28   other objections, Mr. Sugarman objected to all of the requests to the extent they

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

16

CASE NO. SACV 17-00118 AG (DFMx)
SUGARMAN'S OPP. TO BANC'S MOTION TO
COMPEL SUGARMAN TO PRODUCE DOCUMENTS

"seek production of documents that are unnecessarily cumulative or duplicative of documents that are otherwise obtainable in a more convenient, less burdensome, or less expensive manner"; "seek documents and information already in Banc's possession, custody, or control"; or "are overly broad [or] unduly burdensome[.]" McDonald Decl., Ex. A at 2.  Mr. Sugarman also objected to the overbreadth of Banc's requests and the undue burden that would be caused by repeating its prior review.  For many requests, the duplicative nature of what Banc is actually seeking only became apparent when Banc attempted to define their overbroad requests as seeking the same information Plaintiff requested.  There is no waiver here.

Banc's cited cases are inapposite.  For example, in *Safeco Ins. Co. of Am. v. Rawstrom*, 183 F.R.D. 668, 670 (C.D. Cal. 1998), "the party required to serve a response served a timely response but interposed only some objections, and subsequently served a supplemental response dropping the objections initially interposed and interposing new objections in their place."  This is hardly the case here, where Mr. Sugarman included in his original objections that Banc's requests were unduly burdensome and sought documents already in Banc's possession, custody, or control.  Mr. Sugarman's meet-and-confer letter merely explained his earlier objections; it did not withdraw and replace them with new ones.  Similarly, unlike in *Zuniga v. W. Apartments*, 2014 WL 2599919, at *2 (C.D. Cal. March 25, 2014), Mr. Sugarman is not raising objections "for the first time in th[is] Opposition."  On the contrary, these objections are consistent with the objections Mr. Sugarman served on January 17.  Here, Banc's requests, to the extent they seek relevant documents, are duplicative of Plaintiff's requests that were served in 2017.  *See Unilin Beheer B.V. v. NSL Trading Corp.*, 2015 WL 12659919, at *2 (C.D. Cal. Mar. 27, 2015) (court can limit discovery if it is duplicative, obtainable from a more convenient source, or unduly burdensome).

As discussed above, Banc participated in the negotiation of the search terms used by Mr. Sugarman in responding to Plaintiff's requests and failed to object to

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

CASE NO. SACV 17-00118 AG (DFMx)
SUGARMAN'S OPP. TO BANC'S MOTION TO
COMPEL SUGARMAN TO PRODUCE DOCUMENTS

the scope of review.  Indeed, throughout the litigation Banc successfully asserted a narrow view of relevance that it only attempts to revise at the last minute so that it can expand discovery for itself while resisting any reciprocal scope.  It is patently unfair for Banc to now demand that Mr. Sugarman repeat his prior collection and review for a broader scope of relevance when Banc has opposed such discovery throughout the litigation, particularly where Banc fails to suggest any search terms that would produce non-duplicative documents.  *See Davidson*, 2018 WL 6169349, at \*6 (partially denying motion to compel where plaintiffs "now seek to regain ground they arguably gave up to resolve an earlier dispute").

### 1.     Requests for Documents Regarding Mr. Sugarman's Denial That He Acted with Scienter are Duplicative

Request 10 seeks documents supporting Mr. Sugarman's contention that he did not act with intent to defraud shareholders with respect to his April 2016 proxy bio, and Request 11 seeks documents supporting Mr. Sugarman's contention that his resignation does not support scienter.  These requests are duplicative of, among others, Plaintiff's RFP 1, which sought all documents regarding the investigations and Banc's public statements on October 18, 2016; Plaintiff's RFP 7, which sought all documents regarding Mr. Sugarman's resignation; Plaintiff's RFP 11, which sought all documents identified in Mr. Sugarman's Fed. R. Civ. P. 26(a)(1) disclosures, including correspondence and documents belonging to Mr. Sugarman relating to his biography; and Plaintiff's RFP 12, which sought all documents supporting or relating to any of Defendants' affirmative and other defenses.

Banc asserts that it would be satisfied if Sugarman were to "represent that he possesses no other responsive documents beyond those produced to Plaintiff in response to these requests."  Mot. at 8.  Mr. Sugarman represents that he diligently searched for and produced all documents responsive to Plaintiff's requests based on agreed-upon search terms, which should be sufficient to satisfy Banc.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

18

CASE NO. SACV 17-00118 AG (DFMx)
SUGARMAN'S OPP. TO BANC'S MOTION TO
COMPEL SUGARMAN TO PRODUCE DOCUMENTS

## 2. Requests for Documents Regarding Banc Directors, Officers, and Employees are Duplicative

Request 12 seeks documents from between October 2016 and January 2017 regarding the possible addition and/or removal of directors from Banc's Board. Banc asserts that this request is relevant because it "seek[s] evidence pertaining to the existence or absence of communications" relating to Mr. Sugarman's contention that "he was separated from Banc because he refused to sign financial statements and was aware of alleged director misconduct." Mot. at 11. On its face, this request does not seek such documents. Rather, the request seeks entirely irrelevant documents relating to the make-up of the Banc board. Banc goes on to assert that the documents sought may "show that Sugarman's allegations of misconduct were fabricated to remove directors so that he could maintain control of the board and his position as CEO." Mot. at 12. But such an unsupported accusation is insufficient to warrant production. *Unilin Beheer*, 2015 WL 12698282, at *4 (denying motion to compel, noting that a moving party's "mere suspicion that additional documents must exist is an insufficient basis to grant a motion to compel"). To the extent this request seeks documents relevant to Mr. Sugarman's resignation, it is duplicative of, among others, Plaintiff's RFP 7, which sought all documents regarding that topic.

Request 14 seeks all documents relating to any misconduct by current or former Banc employees, officers, or directors; Request 26 seeks documents showing that Mr. Sugarman informed anyone at Banc that he was refusing to sign Banc's financial statements unless Banc undertook particular actions, or informed anyone at Banc about misconduct by any Banc employee, officer, or director; Request 27 seeks documents showing that Mr. Sugarman informed anyone at Banc about misconduct by any Banc employee, officer, or director; and Request 49 seeks all documents supporting Mr. Sugarman's statement that Banc's Board of Directors had "forbidden [him] from following up on whistleblower reports of

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

19

CASE NO. SACV 17-00118 AG (DFMx)
SUGARMAN'S OPP. TO BANC'S MOTION TO
COMPEL SUGARMAN TO PRODUCE DOCUMENTS

misconduct and Sarbanes Oxley violations, and had retailed against [him] and others for seeking to disclose and address those concerns."  All of these documents are in Banc's possession and such documents have been used in depositions— Banc's Board minutes, as well as Mr. Sugarman's correspondence and emails to KBW and Banc's Board on these topics, have all been the subject of extensive deposition testimony already.  To the extent any of these requests seek documents potentially relevant to this litigation and not already within Banc's possession, they are duplicative of Plaintiff's RFP 7, which sought all documents regarding Mr. Sugarman's resignation, and Plaintiff's RFP 11, which sought all documents identified in Mr. Sugarman's Fed. R. Civ. P. 26(a)(1) disclosures, which includes correspondence and documents relating to matters alleged in the Complaint and related conduct of Banc executives and Board members.

Importantly, Banc provides no explanation as to how documents relating to alleged misconduct unconnected to Mr. Sugarman's resignation from Banc could be at all relevant to this case.[2]

### 3. Request for Documents Regarding Galanis's Attempt to Associate Himself with COR is Duplicative

Request 15 seeks documents supporting paragraph 3 of Mr. Sugarman's answer, which states that "Galanis created or associated with several entities with 'COR' in the name that were not owned by Mr. Sugarman in a fraudulent attempt to create an artifice of association with Mr. Sugarman."  This request is duplicative of, among others, Plaintiff's RFP 1, which sought all documents regarding Galanis; and Plaintiff's RFP 12, which sought all documents supporting or relating to any of Defendants' affirmative and other defenses.  As Banc does not mention this request

---

[2] Banc makes the conclusory assertion that Plaintiff's RFPs 7 and 11 would not capture all documents that Mr. Sugarman might consider to be unrelated to his resignation, "but would still be directly relevant to his allegations in this case and his attempts to maintain control of the Board and his position as CEO."  Mot. at 13. This argument fails to identify any allegations Mr. Sugarman has made regarding misconduct in this case that are unrelated to his resignation, nor does it establish why any purported "attempts to maintain control of the Board and his position as CEO" would be relevant to this litigation.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

20

CASE NO. SACV 17-00118 AG (DFMx)
SUGARMAN'S OPP. TO BANC'S MOTION TO
COMPEL SUGARMAN TO PRODUCE DOCUMENTS

1   in its motion, it appears Banc recognizes that it is unjustifiably duplicative.

### 4.      Request for Documents Regarding Chris Brown is Duplicative

Request 45 seeks all documents relating to or mentioning Chris Brown, who was an auditor at KPMG who worked on Banc's audits.  First, this is incredibly broad: Mr. Sugarman worked with Mr. Brown for years and Banc makes no effort to seek only relevant documents, and thus any search for documents responsive to this request would be unduly burdensome.  *See Jimenez*, 733 F. Supp. 2d at 1273. Second, this request, to the extent the documents it seeks are potentially relevant to this litigation, is duplicative of Plaintiff's RFP 5, which sought all documents and communications regarding the KPMG Letter; Plaintiff's RFP 17, which sought all documents and communications with KPMG or any independent auditing firm concerning Banc's April 15, 2016 proxy statement; Plaintiff's RFP 18, which sought all documents and communications with KPMG or any independent auditing firm concerning Banc's public disclosures made between October 18, 2016 and February 1, 2017; and Plaintiff's RFP 7, which sought all documents regarding Mr. Sugarman's resignation.  Banc has failed to identify additional searches or search terms which it believes would facilitate collection of additional, relevant documents.

### 5.      Requests for Communications with Lawyers are Duplicative

Requests 46 through 48 seek all communications after January 23, 2017 with David Aronoff of Winston & Strawn; Sanford Michelman of Michelman & Robinson; and Matthew Guest of Wachtell Lipton.  These requests, to the extent the documents they seek are potentially relevant to this litigation, are duplicative of, among others, Plaintiff's RFP 1, which sought all documents regarding the Winston and WilmerHale investigations, and, in the case of Request 47, Plaintiff's

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

21

CASE NO. SACV 17-00118 AG (DFMx)
SUGARMAN'S OPP. TO BANC'S MOTION TO
COMPEL SUGARMAN TO PRODUCE DOCUMENTS

1    RFP 7, which sought all documents relating to Mr. Sugarman's resignation.[3]

2    Further, these requests seek correspondence with attorneys which may involve

3    attorney-client privilege issues.  They also are not limited by subject matter.

4         Banc does not mention Request 48 in its motion to compel, so Mr.

5    Sugarman presumes it has been withdrawn.  To the extent it has not, Banc fails to

6    explain how the request is relevant and proportional to the needs of the case.  Banc

7    demands all communications with Sanford Michelman *after* January 23, 2017,

8    claiming that the request is somehow relevant to Mr. Sugarman's "general

9    direction of Michelman," "allegations of director misconduct," "and the alleged

10   whistleblower claims that Sugarman has repeatedly raised," even though his

11   alleged "direction of Michelman" and claims regarding director misconduct all

12   occurred *prior* to his January 23, 2017 resignation.  Banc again fails to explain its

13   failure to limit the request to relevant topics and its specific request for documents

14   outside the relevant time period.  To the extent that the request seeks information

15   relevant to this litigation, it is duplicative of Plaintiff's RFP 1, which sought all

16   documents regarding the Winston and WilmerHale investigations, and Plaintiff's

17   RFP 7, which sought all documents related to Mr. Sugarman's resignation.

18            **6.    Request for All Emails and Text Messages Mr. Sugarman
                      Sent or Received Around the Time of His Resignation is**
19                   **Duplicative**

20        Request 50 seeks all emails and text messages Mr. Sugarman sent or

21   received between January 19, 2017 and January 25, 2017, with no subject matter

22   limitation.  As an initial matter, this request is overbroad and Banc makes no

23   attempt to narrow it by subject matter.  Assuming that this request is designed to

24

25   [3] Banc admits that Request 46 (seeking communications with Mr. Aronoff) is
     duplicative of Plaintiff's RFP 1.  Banc simply asserts that "whether the requests are
26   duplicative is different from the question of whether Sugarman has produced all
     responsive documents—especially those he may have taken with him on his
27   departure from Banc." Mot. at 17-18.  Mr. Sugarman has produced all responsive
     documents identified through agreed upon search parameters, and Banc's reference
28   to alleged taking of documents reveals its true interest in searching for evidence for
     potential claims against Mr. Sugarman outside of this litigation.

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

                                           22

CASE NO. SACV 17-00118 AG (DFMx)
SUGARMAN'S OPP. TO BANC'S MOTION TO
COMPEL SUGARMAN TO PRODUCE DOCUMENTS

seek documents relating to Mr. Sugarman's resignation, the request is duplicative of Plaintiff's RFP 7, which sought all documents regarding Mr. Sugarman's resignation. As Banc does not mention this request in its motion, Mr. Sugarman presumes Banc came to the same conclusion and has abandoned the request.

### 7. Requests for Documents Provided to, and Communications with, the SEC are Duplicative

Requests 52 and 53 seek all documents Mr. Sugarman provided to the SEC and all communications with the SEC. Again, Banc fails to even attempt to narrow these requests by relevance, and instead seeks all communications Mr. Sugarman may have had with the SEC on any topic within a four year period. This is plainly intended to determine if Mr. Sugarman has reported misconduct by Mr. Benett or others to the SEC. Since Plaintiff's RFP 2 already requested all documents and communications produced or shown to the SEC on topics relevant to this litigation, to the extent these requests are relevant they are entirely duplicative. Again, as Banc does not mention these requests in its motion, Mr. Sugarman presumes Banc came to the same conclusion and has abandoned the requests.

### D. Banc Cannot Use Discovery in this Case to Obtain Documents for Use in Other Litigation

Many of Banc's requests seek clearly irrelevant documents that Mr. Sugarman presumes Banc is only seeking because it wants to use those documents in other litigation or for purposes other than this litigation, such as to defend Banc and its directors from regulatory or enforcement actions. That is improper, and such requests must be denied. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352 n.17 (1978)( "[W]hen the purpose of a discovery request is to gather information for use in proceedings other than the pending suit, discovery properly is denied.")

Request 1 seeks all documents in Mr. Sugarman's "possession, custody, or control that [he] obtained during [his] employment at Banc"; Request 2 seeks all documents and communications that he has in his "possession, custody, or control

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

23

CASE NO. SACV 17-00118 AG (DFMx)
SUGARMAN'S OPP. TO BANC'S MOTION TO
COMPEL SUGARMAN TO PRODUCE DOCUMENTS

1  that [he] obtained in [his] capacity as an officer or director of Banc"; and Request

2  13 seeks all documents regarding Banc that Mr. Sugarman or his agents placed on

3  OneHub.  *See also* Requests 3-5, 7-9.  To argue that these requests are relevant

4  here, Banc asserts that "to the extent Sugarman may have taken documents in

5  violation of his separation agreement, Sugarman's selection of documents is

6  probative of his judgment concerning what is pertinent to this dispute" and of

7  "Sugarman's willingness to break the law in order to punish directors who were

8  willing to vote against his continued employment."  Mot. at 9-10.

9  Allegations related to Mr. Sugarman's conduct post-resignation regarding

10  whether Mr. Sugarman complied with his separation agreement are irrelevant to

11  this litigation, and fishing expeditions for potential claims outside of this

12  litigation—such as the purported contractual claims implicated by these requests—

13  are not a valid use of discovery.  As Banc is aware, Mr. Sugarman has returned all

14  of his Banc devices and Banc documents in his possession.  Moreover, Banc has

15  no need to pursue duplicative review and production of such documents because

16  they are already documents within Banc's possession custody and control.  Any

17  such documents would not suggest a "willing[ness] to break the law" or intent to

18  "punish directors," but regardless, post-resignation conduct has no value for

19  showing "judgment" on the issues in this case.  *See Oppenheimer*, 437 U.S. at 352

20  n.17; *see also* Dkt. 146 at 2 (finding outside the scope of discovery "those requests

21  [that] were not tailored" to topics at issue in this litigation).  Requests related to

22  Banc's outside retaliatory attacks on Mr. Sugarman are unduly burdensome and

23  should be denied.  *See, e.g., F.T.C.*, 2015 WL 176417, at *5; *Jimenez*, 733 F. Supp.

24  2d at 1273.

25  **IV.   CONCLUSION**

26  Mr. Sugarman respectfully requests that the Court deny Banc's Motion to

27  Compel Defendant Sugarman to Produce Documents Responsive to Banc's First

28  Set of Requests for Production.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

24

CASE NO. SACV 17-00118 AG (DFMx)
SUGARMAN'S OPP. TO BANC'S MOTION TO
COMPEL SUGARMAN TO PRODUCE DOCUMENTS

1

2   Dated:  March 12, 2019                      LATHAM & WATKINS LLP

3

4                                                  By: */s/ Andrew R. Gray*
                                                   Andrew R. Gray
5                                                  *Attorneys for Defendant*
                                                   *Steven A. Sugarman*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES
                                    25
CASE NO. SACV 17-00118 AG (DFMx)
SUGARMAN'S OPP. TO BANC'S MOTION TO
COMPEL SUGARMAN TO PRODUCE DOCUMENTS