MARK R. MCDONALD (CA SBN 137001)
MMcDonald@mofo.com
ROBERT B. HUBBELL (CA SBN 100904)
RHubbell@mofo.com
ASHLEIGH LANDIS (CA SBN 281601)
ALandis@mofo.com
WILLIAM C. HERBERT (CA SBN 300963)
WHerbert@mofo.com
ZAINAB A. ALI (CA SBN 323187)
ZAli@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Blvd., Suite 6000
Los Angeles, California 90017-3543
Telephone: 213.892.5200
Facsimile: 213.892.5454

Attorneys for Defendant
BANC OF CALIFORNIA, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| IN RE BANC OF CALIFORNIA SECURITIES LITIGATION | SACV 17-00118 AG (DFMx) consolidated with SACV 17-00138 AG (DFMx) <br><br>**DEFENDANT BANC OF CALIFORNIA, INC.'S REPLY IN SUPPORT OF MOTION TO COMPEL DEFENDANT SUGARMAN TO PRODUCE DOCUMENTS RESPONSIVE TO BANC'S FIRST SET OF REQUESTS FOR PRODUCTION**<br><br>Date: April 2, 2019<br>Time: 10:00 a.m.<br>Dept.: 6B<br>Judge: Honorable Douglas F. McCormick |

**TABLE OF CONTENTS**

Page

INTRODUCTION .................................................................................................. 1

ARGUMENT .......................................................................................................... 2

I. SUGARMAN'S OBJECTION ABOUT UNDUE BURDEN SHOULD BE DENIED. ............................................................................ 2

    A. Banc's Requests Are Not Overbroad. ............................................... 2

    B. Sugarman Does Not Submit Any Evidence of Burden, Much Less Undue Burden ........................................................... 3

II. BANC IS NOT REQUIRED TO ACCEPT SUGARMAN'S PRODUCTION TO PLAINTIFF AS SATISFYING SUGARMAN'S OBLIGATIONS TO BANC. ...................................... 4

    A. Sugarman Waived Any Objection that Banc's Requests Were Duplicative of Plaintiff's Discovery. ........................................ 5

    B. Even If Some of Banc's RFPs Overlap with Plaintiff's RFPs, Banc Does Not Have to Accept the Deal Reached By Plaintiff And Sugarman. .................................................................. 6

III. BANC'S REQUESTS ARE NOT MADE FOR AN IMPROPER PURPOSE. ..................................................................... 7

IV. SUGARMAN'S REMAINING MISCELLANEOUS OBJECTIONS ARE BASELESS. .................................................... 8

    A. Sugarman Must Still Produce Documents He Believes Are in Banc's Possession. ........................................................................ 8

    B. Banc's Discovery Is Relevant to Claims and Allegations that Sugarman Injected into this Action. ............................................. 9

    C. Documents Provided to, and Communications with, the SEC Are Not Related to Halle Benett. ................................................ 10

    D. Banc's Requests Were Timely Served. ............................................ 11

CONCLUSION ..................................................................................................... 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Aardwolf Indus., LLC v. Abaco Machines USA, Inc.*,
  No. 16-01968-GW, 2017 WL 4769431
  (C.D. Cal. July 10, 2017) .................................................................................. 12

*Bay City Surgery Ctr., Inc. v. ILW-UPMA Welfare Plan Bd. of Trs.*,
  No. CV 15-6209-MWF, 2018 WL 1942379
  (C.D. Cal. Mar. 28, 2018) .................................................................................. 4

*Davidson v. Apple, Inc.*,
  No. 16-cv-04942-LHK (VKD), 2018 WL 6169349
  (N.D. Cal. Nov. 26, 2018) ................................................................................ 12

*F.T.C. v. AMG Servs., Inc.*,
  No. 2:12–cv–536–GMN–VCF. 2015 WL 176417
  (D. Nev. Jan. 14, 2015) ....................................................................................... 4

*GE v. Wilkins*,
  No. 1:10-cv-00674-LJO-JLT, 2012 U.S. Dist. LEXIS 108513
  (E.D. Cal. Aug. 2, 2012) ..................................................................................... 5

*Green v. Baca*,
  219 F.R.D. 485 (C.D. Cal. 2003) ....................................................................... 4

*Herring v. Clark*,
  No. 1:05-cv-00079-LJO-SMS-PC, 2011 U.S. Dist. LEXIS 63332
  (E.D. Cal. June 13, 2011) ................................................................................... 3

*Hill v. Eddie Bauer*,
  242 F.R.D. 556 (C.D. Cal. 2007) ....................................................................... 3

*Hyland v. Homeservices of Am., Inc.*,
  No. 3:05-CV-612, 2012 WL 1680109
  (W.D. Ky. May 14, 2012) ................................................................................ 12

*Jones v. Lehigh Southwest Cement Co., Inc.*,
  No. 1:12–cv–00633–AWI–JLT, 2014 WL 346619
  (E.D. Cal. Jan. 30, 2014) .................................................................................... 4

*Joseph v. Sikorsky Aircraft Corp*,
   No. 94-3809, 2015 WL 5304177 .................................................................. 11

*Kanellakopoulos v. Unimerica Life Ins. Co.*,
   No. 5:15-cv-04674-BLF (HRL), 2017 U.S. Dist. LEXIS 121772
   (N.D. Cal. Aug. 2, 2017) ............................................................................... 5

*Lofton v. Verizon Wireless*
   LLC, 308 F.R.D. 276 (N.D. Cal. 2015) ..................................................... 2, 3

*Malbco Holdings, Ltd. Liab. Co. v. Bhupendra Patel*,
   No. 3:14-cv-00947-PK, 2015 U.S. Dist. LEXIS 105834
   (D. Or. Aug. 12, 2015) ................................................................................... 2

*Manriquez v. Huchins*,
   No. 1:09-CV-00456-OWW SMS PC, 2011 WL 3290165
   (E.D. Cal. July 27, 2011) ............................................................................... 3

*Pac. Marine Propellers, Inc. v. Wartsila Def., Inc.*,
   No. 17cv555 BEN (NLS), 2017 U.S. Dist. LEXIS 176307
   (S.D. Cal. Oct. 20, 2017) ............................................................................ 5, 6

*Safeco Ins. Co. of Am. v. Rawstrom*,
   183 F.R.D. 668 ............................................................................................... 8

*Santa Monica Baykeeper v. Kramer Metals, Inc.*,
   No. CV 07-3849 DDP, 2009 U.S. Dist. LEXIS 69130
   (C.D. Cal. Feb. 27, 2009) .............................................................................. 2

*Tatum v. Schwartz*,
   No. CIV S-06-1440 RRB EFB, 2007 WL 2220977
   (E.D. Cal. Aug. 2, 2007) ............................................................................... 9

*Thomas v. Cate*,
   715 F. Supp. 2d 1012 (E.D. Cal. 2010) ........................................................ 4

*Tyler v. City of San Diego*,
   No. 14-cv-01179-GPC-JLB, 2015 U.S. Dist. LEXIS 56309
   (S.D. Cal. Apr. 29, 2015) .............................................................................. 7

*W. Res., Inc. v. Union Pac. R.R. Co.*,
   No. 00-2043-CM, 2001 WL 1718368
   (D. Kan. Dec. 5, 2001) .................................................................................. 3

*Wilson v. Int'l Bus. Machines Corp.*,
   62 F.3d 237 (8th Cir. 1995) .................................................................................. 11

**Other Authorities**

Fed. R. Civ. Proc. 26 ..................................................................................................... 4

Fed. R. Civ. Proc. 26(b) ................................................................................................ 4

Fed. R. Civ. Proc. 34 ........................................................................................... 5, 6, 8, 9

L.R. 37 ....................................................................................................................... 11

# INTRODUCTION

During the two year history of this action, Banc of California served only one set of RFPs on Sugarman consisting of 53 RFPs. In response to each of those 53 RFPs, Sugarman objected and did not produce a single document, nor did he agree to produce a single document during a month of meet and confer with Banc. In his Opposition, he persists with his contention that he should not be compelled to produce *any* document in response to *any* of Banc's RFPs. Sugarman's arguments are feeble.

First, he argues that 35 of the 53 RFPs are burdensome because they are overbroad. Sugarman's argument fails because he fails to submit any evidence of burden whatsoever, much less burden unjustified by the needs of this action. Even if he could establish burden disproportional to the needs of the case, Sugarman would have to explain how the allegedly overbroad request could be narrowed. Sugarman does not make any such proposal. Sugarman's objections of burden should be rejected.

Second, Sugarman argues 15 of Banc's RFPs are "duplicative" of RFPs propounded by Plaintiff, and therefore Banc should have to accept the same deal Plaintiff accepted. Sugarman does not, and cannot, offer any legal authority to support his illogical objection. The interests and needs of Plaintiff are not the same as Banc's, and Banc's right to discovery cannot be curtailed by an agreement between Plaintiff and Sugarman. Sugarman's suggestion that Banc was a party to that agreement between Plaintiff and Sugarman regarding Plaintiff's RFPs is flat wrong.

Finally, Sugarman asserts that 7 of Banc's RFPs are for the "improper purpose" of obtaining documents for use in other litigation. Nonsense. There is a protective order in place that addresses that concern.

Sugarman's objections are meritless. Banc's Motion should be granted, and Sugarman ordered to produce all responsive documents in 30 days.

# ARGUMENT

## I. SUGARMAN'S OBJECTION ABOUT UNDUE BURDEN SHOULD BE DENIED.

### A. Banc's Requests Are Not Overbroad.

Sugarman fails to substantiate his assertion that Banc's Requests 6, 16-25, 28-38, 39-44 are overbroad and unduly burdensome. As "the party opposing discovery," Sugarman "bears the burden of showing that discovery should not be allowed, and of clarifying, explaining, and supporting its objections with competent evidence." *Lofton v. Verizon Wireless* (VAW) LLC, 308 F.R.D. 276, 281 (N.D. Cal. 2015). Sugarman has not done so.

In its opening brief, Banc demonstrated that each request was only so broad as to "to insure that all discoverable material is provided." *Santa Monica Baykeeper v. Kramer Metals, Inc.*, No. CV 07-3849 DDP (FMOx), 2009 U.S. Dist. LEXIS 69130, at *19 (C.D. Cal. Feb. 27, 2009).

Sugarman never argues otherwise. Sugarman concedes that "a sub-section of the documents sought are relevant," but asserts that the requests "*may* also result in significant irrelevant material." (Opp. At 14.) (Emphasis added.) Sugarman does not propose how the requests might be narrowed to capture only the relevant materials. (Opp. at 14.) A request is not overbroad merely because it is broad; nor is it unduly burdensome merely because it imposes a burden. *See Malbco Holdings, Ltd. Liab. Co. v. Bhupendra Patel,* No. 3:14-cv-00947-PK, 2015 U.S. Dist. LEXIS 105834, at *9 (D. Or. Aug. 12, 2015) (broad "discovery requests may well be a burden, but that does not render them an undue burden given the complexity and breadth of this case"). The fact that Sugarman acknowledges that a "subset of the documents requested are potentially relevant" and does not contend that the requests can be narrowed only confirms the appropriateness of their scope. (Opp. at 13.)

Moreover, even if the requests were overbroad—and they are not—it would

not justify Sugarman's refusal to produce even a single document after conceding the requests seek "documents that may be relevant to this litigation." (Opp. at 14.) Even in objecting, Sugarman still has a "duty . . . to respond to the extent [the] discovery requests are not objectionable." *W. Res., Inc. v. Union Pac. R.R. Co.*, No. 00-2043-CM, 2001 WL 1718368, at *4 (D. Kan. Dec. 5, 2001). And should the Court find the requests overbroad, the remedy is not to deny Banc discovery into admittedly relevant material; it is to "narrow the request" to capture only information the Court deems relevant. *Manriquez v. Huchins*, No. 1:09-CV-00456-OWW SMS PC, 2011 WL 3290165, at *23 (E.D. Cal. July 27, 2011). Neither during the month-long meet and confer process, nor in this Opposition does Sugarman propose any narrower, alternative RFP that would ensure Banc received all relevant documents while somehow culling out only allegedly irrelevant documents. Sugarman thus has failed to establish that any of Banc's RFPs are overbroad. *See Lofton* 308 F.R.D. at 281. His objections should be overruled.

**B.     Sugarman Does Not Submit Any Evidence of Burden, Much Less Undue Burden.**

To support an objection of undue burden, Sugarman "must state specifically how, despite the broad and liberal construction of federal discovery rules" each request is "unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." *Herring v. Clark*, No. 1:05-cv-00079-LJO-SMS-PC, 2011 U.S. Dist. LEXIS 63332, at *25-26 (E.D. Cal. June 13, 2011). Supporting evidence would include how and where the information is stored, how the information would be reviewed, how much information there is to review, and how much time and how many employees it would take to perform the review. *See, e.g., Hill v. Eddie Bauer*, 242 F.R.D. 556, 564 (C.D. Cal. 2007). Sugarman has supplied nothing of the kind, and without evidence, the objection cannot stand. *See Herring*, 2011 U.S. Dist. LEXIS 63332, at *24-26 (denying motion for failure to provide evidence of how each request is overly burdensome).

1 Sugarman's contention that the requests are "so broad" that they are "by
2 definition, unduly burdensome" has no support in the law. (Opp. at 12-13.)  Federal
3 Rule of Civil Procedure 26(b) weighs the "the burden or expense of proposed
4 discovery against its likely benefit," such as "the potential for finding relevant
5 material." *Green v. Baca*, 219 F.R.D. 485, 493 (C.D. Cal. 2003); *see also Thomas*
6 *v. Cate*, 715 F. Supp. 2d 1012, 1032 (E.D. Cal. 2010) ("In making a decision
7 regarding burdensomeness, a court must balance the burden on the [responding]
8 party against the benefit to the discovering party of having the information.").
9 Here, Sugarman concedes the requests seek "documents that may be relevant to this
10 litigation" and offers no evidence of any burden. (Opp. at 14.)  The balance,
11 therefore, weighs entirely in favor of production.[1]  His objections should be
12 overruled.

### II. BANC IS NOT REQUIRED TO ACCEPT SUGARMAN'S PRODUCTION TO PLAINTIFF AS SATISFYING SUGARMAN'S OBLIGATIONS TO BANC.

15 Sugarman argues that Banc's Requests 10-12, 14-15, 27, 45-50, and 52-53
16 are duplicative of Plaintiff's discovery, and therefore the documents Sugarman
17 agreed to produce to Plaintiff in response to Plaintiff's RFPs should satisfy
18 Sugarman's discovery obligations to Banc.  Sugarman's argument fails for multiple
19 reasons.

---

[1] Sugarman's reliance on *Bay City Surgery* only confirms this point. Contrary to Sugarman's assertion, the court in *Bay City Surgery* did not hold that a request that exceeds in part the scope of relevance is therefore overly burdensome. *Bay City Surgery Ctr., Inc. v. ILW-UPMA Welfare Plan Bd. of Trs.*, No. CV 15-6209-MWF (AFMx), 2018 WL 1942379, at *4-6 (C.D. Cal. Mar. 28, 2018).  Rather, the court explicitly instructed that the objecting party "will have to do more to justify its argument that production is burdensome." *Id.* His other citations are similarly inapposite. *See Jones v. Lehigh Southwest Cement Co., Inc.*, No. 1:12–cv–00633–AWI–JLT, 2014 WL 346619, at *3-4 (E.D. Cal. Jan. 30, 2014) (party "fail[ed] to identify" the discovery requests at issue and the presumed request was so "vague and ambiguous" that the court "[could ]not determine" what documents were being sought); *F.T.C. v. AMG Servs., Inc.*, No. 2:12–cv–536–GMN–VCF. 2015 WL 176417, at *5 (D. Nev. Jan. 14, 2015) (denying motion to compel for failure to follow Federal Rule of Civil Procedure Rule 26).

### A. Sugarman Waived Any Objection that Banc's Requests Were Duplicative of Plaintiff's Discovery.

Sugarman concedes that he did not object that any of Banc's RFPs were duplicative of Plaintiff's RFPs—as is required under the Federal Rules. (*See* Mot. at 4.) Rather, Sugarman contends that the objection was encompassed by three *different* "general objections," which were directed "to all of the requests to the extent they" asked for documents in violation of the given objection. (Opp. at 16-17.) Sugarman is wrong; Federal Rule of Civil Procedure 34 requires much more.

"Under Rule 34, the response to each document demand must 'state with specificity the grounds for objecting to the request, including the reasons.'" *Pac. Marine Propellers, Inc. v. Wartsila Def., Inc.*, No. 17cv555 BEN (NLS), 2017 U.S. Dist. LEXIS 176307, at *10-11 (S.D. Cal. Oct. 20, 2017) (quoting Fed. R. Civ. P. 34(b)(2)). Because none of Sugarman's objections included the argument he now makes—that Banc's requests are duplicative of Plaintiff's requests—Sugarman has waived any such objection (assuming for the sake of argument, that such an objection was appropriate in the first place). Courts routinely hold that general objections are waived because "[i]t is well-settled that all grounds for objection must be stated with specificity." *GE v. Wilkins*, No. 1:10-cv-00674-LJO-JLT, 2012 U.S. Dist. LEXIS 108513, at *22 (E.D. Cal. Aug. 2, 2012); *see also e.g. Kanellakopoulos v. Unimerica Life Ins. Co.*, No. 5:15-cv-04674-BLF (HRL), 2017 U.S. Dist. LEXIS 121772, at *2-3 (N.D. Cal. Aug. 2, 2017) ("Insofar as Unimerica simply incorporated by reference its list of General Objections, wholesale, into its response to each request, those objections are waived."). Sugarman's general objections, which do not even include the specific objection he now wishes to assert, should likewise be overruled.

But even if Sugarman could shoehorn in the newly raised objection, he would still fail to satisfy Rule 34 because "any objection 'must state whether any responsive materials are being withheld on the basis of that objection'" and "[i]f the

objection only pertains to part of the request, the responding party 'must specify the part and permit inspection of the rest.'" *Pac. Marine Propellers*, No. 2:12–cv–536–GMN–VCF, 2017 U.S. Dist. LEXIS 176307, at *11 (quoting Fed. R. Civ. P. 34(b)(2)). As Banc explained in its opening brief, Sugarman does not, in response to *any* request, state whether documents are being withheld and, if so, what they are. (Mot. at 1.) Nor has Sugarman, at any point, permitted inspection of those documents he concedes are relevant.

Because the newly raised objection is not contained within Sugarman's general objections, and because those general objections fail to satisfy even a single element of Rule 34, the newly raised objection that Banc's requests are duplicative of Plaintiff's discovery should be deemed waived.

### B. Even If Some of Banc's RFPs Overlap with Plaintiff's RFPs, Banc Does Not Have to Accept the Deal Reached by Plaintiff And Sugarman.

In around January 2018, Plaintiff and Sugarman agreed between themselves on a list of search terms that Sugarman would use to search for documents responsive to Plaintiff's First Set of RFPs to Sugarman. Sugarman now contends that Banc—who was not a party to that agreement—must accept the deal about search terms agreed upon by Plaintiff and Sugarman if Banc now seeks documents encompassed in any of Plaintiff's RFPs. Sugarman does not offer any legal authority for that illogical argument. Each party in an action is entitled to take discovery; Banc cannot be bound by an agreement between Plaintiff and Sugarman about what *Plaintiff* would accept for its needs.

Sugarman asserts that Banc should be bound by the agreement reached by Plaintiff and Sugarman because he claims, "Banc participated in the negotiation of th[ose] search terms . . . and failed to object to the scope of review" (Opp. at 17-18.) That is wrong. Banc did not negotiate on behalf of Sugarman as to search terms *Sugarman would use to respond to Plaintiff's requests*. (Declaration of Robert Hubbell, ¶ 3.) Nor would it make sense for Banc to have done so; Banc did

not issue the requests and had no outstanding discovery requests of its own at that time. (*Id*.) Although Sugarman and Banc held concurrent discussions with Plaintiff as to their respective responses to *different* discovery requests issued by Plaintiff to Banc and Sugarman, Sugarman's counsel made clear that the concurrent discussions did not bind co-defendants as to *other* discovery requests. (*Id*.; *see also* Dkt. 553-2, Ex D at 42 (Sugarman "cannot agree that these terms are the appropriate set for Banc to run in connection with Banc's responses to Mr. Sugarman's RFPs.")) Banc did not have any duty to object to the Plainitff/Sugarman deal because Banc had no right to object to Plaintiff's requests to Sugarman.

And as Banc explained in its opening brief, Sugarman's "[f]ailure to reach an agreement on search terms" with Banc "does not relieve [him] of [his] obligation to respond to discovery Requests." *Tyler v. City of San Diego*, No. 14-cv-01179-GPC-JLB, 2015 U.S. Dist. LEXIS 56309, at *5 (S.D. Cal. Apr. 29, 2015). Sugarman "could have conducted [his] own search for responsive, non-privileged ESI and produced those documents" or "could have sought relief from the court." *Id*. Sugarman did neither, and makes no effort to rebut this authority. Sugarman was, and is, obligated to produce documents responsive to Banc's requests. His duplication objection should be overruled.

### III. BANC'S REQUESTS ARE NOT MADE FOR AN IMPROPER PURPOSE.

In the last of his three core objections, Sugarman objects to Requests 1-5 and 7-9 as "clearly irrelevant" and improperly seeking documents "to use . . . in other litigation for purposes other than this litigation." The protective order in this case, however, provides "special protection from . . . use for any purpose other than this litigation" and expressly mandates that a "receiving party may use designated material only for this litigation." (Dkt. 83 at 1, 4.) Sugarman's concern is fully addressed by the Protective Order here. Further, Sugarman's objection has also

already been waived as it does not appear in Sugarman's Objections and Responses (or even in his meet and confer letter). *See Safeco Ins. Co. of Am. v. Rawstrom*, 183 F.R.D. 668, 671 (C.D. Cal. 1998 ("[O]bjections not included in a timely response are waived.").

As for Sugarman's contention that the requests are "clearly irrelevant," he is again wrong. As set forth in Banc's opening brief, Sugarman was obligated, under his Separation Agreement, to return any documents responsive to these requests to Banc. (Mot. at 8.) As such, any documents Sugarman opted to retain would be those he deemed most relevant to this litigation. (*Id.*) Curiously, Sugarman disputes this relevance despite representing that he "has returned all of his Banc devices and Banc documents in his possession." (Opp. at 24.) (Sugarman does not provide any citation to evidence—such as his declaration—to support that statement.) If that statement were accurate, Sugarman need not contest relevance, but can simply respond that he has no responsive documents, as required by Rule 34. Banc submits that it is telling that Sugarman has not so stated.

## IV.  SUGARMAN'S REMAINING MISCELLANEOUS OBJECTIONS ARE BASELESS.

For a number of requests, Sugarman asserts additional off-hand objections in addition to his three core objections of undue burden, duplication, and improper purpose. None of these objections fare any better than the objections disposed of above.

### A.  Sugarman Must Still Produce Documents He Believes Are in Banc's Possession.

Sugarman's objections to Requests 14, 27, and 49 highlight the shifting nature of Sugarman's objections. In one sentence, Sugarman objects to the three requests for documents on the basis that "[a]ll of these documents are in Banc's possession." (Opp. at 19.) Then—*in the very next sentence*—Sugarman contends that the requests may "seek documents potentially relevant to this litigation and not

already within Banc's possession." (*Id.*)  From these conflicting statements, Banc cannot determine whether Sugarman has additional responsive documents or not.

In any event, while Sugarman levies this objection throughout his Opposition, his belief that Banc *may* already have certain documents within its possession, custody, or control does not relieve Sugarman of his obligation to produce those documents.  *See Tatum v. Schwartz*, No. CIV S-06-1440 RRB EFB, 2007 WL 2220977, at *3 (E.D. Cal. Aug. 2, 2007) ("Regardless of whether plaintiff believes the documents are in defendants' possession, she has an obligation to produce documents in her "possession, custody, or control" that are responsive to a Rule 34 request for production.").

### B. Banc's Discovery Is Relevant to Claims and Allegations that Sugarman Injected into this Action.

Sugarman contends that a number of topics relevant to his allegations of misconduct against Banc directors are irrelevant to Banc's defenses.  He contends that topics including Sugarman's attempts to maintain control of the Board and his position as CEO; his personal bias against directors involved in those attempts; and his use of friends, associates, and current and former employees to litigate retaliatory claims against Banc and those directors are all irrelevant to this case. (*See* Opp. at 14-15, 19-20.)  Sugarman's argument is, in effect, that *he* is entitled to discovery into director misconduct because he deemed it relevant to his defenses, but *Banc* should not be able to seek discovery to rebut his allegations because they are not directly relevant to Banc's defenses against Plaintiff's claims.  This unilateral view of discovery cannot hold. It cannot be the case that Sugarman can make allegations (and pursue discovery into those allegations) that would portray Banc as a bad actor before a jury, but prevent Banc from discovery that would rebut those allegations.  Further, Banc is entitled to obtain the communications between Sugarman and that long list of his friends and current colleagues because he has

identified them as potential trial witnesses to support his accusations against Banc and its directors.

### C. Documents Provided to, and Communications with, the SEC Are Not Related to Halle Benett.

Sugarman contends that Requests 52 and 53 seeks irrelevant materials. This argument, again, reflect Sugarman's unilateral view of discovery. As Banc stated in its opening brief,[2] these requests are intended to "reach topics beyond those included in Plaintiff's [requests], including, but not limited to Sugarman's claims that he was separated from Banc because he refused to sign financial statements, his alleged awareness of director misconduct, and the alleged whistleblower claims." (Mot. at 17.)

Sugarman makes no effort to contend that these topics were covered under Plaintiff's requests. Rather, he contends that Plaintiff's requests covered "all . . . topics relevant to this litigation." (Opp. at 23.) Sugarman's own words defeat him. On Page 7 of the very same brief, Sugarman expressly states that these topics are "***directly related to this case***—Mr. Sugarman has asserted that he resigned because he did not feel he could sign Banc's financials in light of wrongdoing committed by Banc directors." (Opp. at 7 (emphasis added).) Sugarman cannot have it both ways.

Sugarman's reassertion of his claims against the directors belies his argument that the requests are "plainly intended to determine if Mr. Sugarman has reported misconduct by Mr. Benett or others to the SEC." (Opp. at 23.) In any event, discounting the requests as solely related to Benett ignores that Banc has already confirmed the allegations to be baseless. Banc has, three times, requested KBW to

---

[2] Sugarman "presumes Banc . . . abandoned the requests" because "Banc does not mention these requests in its motion." (Opp. at 23.) Not so. Banc's addressed the requests in Section II.D.6 of its opening brief: "Requests 52-53 seek unique documents: 'All Documents [Sugarman] produced or provided to the SEC and All Communications with the SEC.'" (Mot. at 17.)

state whether Benett received any payments on deals associated with Banc. KBW has three times confirmed that Benett received no such payments, the last of which was confirmed by a Business Support Administrator at KBW responsible for compensation of individual bankers, who confirmed that KBW did not compensate Halle Benett for any work performed by KBW for Banc of California at any time, (Hubbell Decl. ¶ 4). Sugarman's deposition of Benett, before this Court, revealed nothing to the contrary. In any event, Benett's deposition is entirely unrelated to Banc's entitlement to conduct discovery in this case.

### D. Banc's Requests Were Timely Served.

Sugarman argues that the Court should find that Banc lost its right to obtain any documents from Sugarman because Banc filed a noticed motion and did not strictly comply with the joint stipulation procedure in Local Rule 37. (Opp. at 10.) Amazing. First, Sugarman has repeatedly flouted Local Rule 37 and criticized Banc for asking that the meet and confer requirement in Local Rule 37 be followed. (*See e.g.* Dkt. No. 431 (moving to compel Banc to withdraw privilege objections); Dkt. 480 (moving to compel Banc to produce documents and amended privilege logs). Second, as Banc has explained, the reason that Banc was unable to prepare a joint stipulation is because Sugarman refused to cooperate in a timely fashion. (*See* Dkt. 528.) Third, Banc asked this Court for permission to proceed by way of noticed motion rather than joint stipulation, and thereafter the Court issued an order expressly agreeing that it would hear Banc's motion to compel. (*Id.*; Dkt. 551.)

Sugarman concedes that Banc met the discovery deadline in this case, but claims he should not be required to produce any documents because the requests could have been served earlier. There is no authority for that proposition. Sugarman's cases are inapposite. *See Wilson v. Int'l Bus. Machines Corp.*, 62 F.3d 237, 240 (8th Cir. 1995) (plaintiff waited until the date of the hearing on defendant's motion for summary judgment to move to compel); *Joseph v. Sikorsky*

*Aircraft Corp*, No. 94-3809, 2015 WL 5304177, at *3 (D. Conn. Sept. 9, 2015 (plaintiff waited five months to move to compel); *Hyland v. Homeservices of Am., Inc.*, No. 3:05-CV-612, 2012 WL 1680109, at *4-6 (W.D. Ky. May 14, 2012) (plaintiff waited six months to move to compel); *Aardwolf Indus., LLC v. Abaco Machines USA, Inc.*, No. 16-01968-GW (JEMx), 2017 WL 4769431, at *1 (C.D. Cal. July 10, 2017) (plaintiff waited seven months to move to compel); *Davidson v. Apple, Inc.*, No. 16-cv-04942-LHK (VKD), 2018 WL 6169349 at *6 (N.D. Cal. Nov. 26, 2018) (plaintiff waited a year to supplement discovery requests in response to court order).

In stark contrast to these cases, Banc timely served its written discovery requests, promptly attempted to meet and confer with Sugarman regarding deficiencies in his Objections and Responses, and filed this motion prior to the discovery motion deadline. (*See* Dkt. 529.) Sugarman's argument should be rejected.

## CONCLUSION

For the foregoing reasons, Banc respectfully requests the Court compel Sugarman to produce all documents responsive to Banc First Set of Requests for Production within 30 days.

Dated: March 19, 2019         MORRISON & FOERSTER LLP

                              */s/ Mark R. McDonald*
                              MARK R. MCDONALD

                              Attorneys for Defendant
                              Banc of California, Inc.