UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | SA CV 17-00118-AG (DFMx) | Date: | April 5, 2019 |
|---|---|---|---|
| Title | In re Banc of California Securities Litigation | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
|---|---|
| Nancy Boehme | Not Present |
| Deputy Clerk | Court Reporter |
| Attorney(s) for Plaintiff(s): | Attorney(s) for Defendant(s): |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS)** Order re: Banc's Motion to Compel (Dkt. 536)

    Before the Court is a Motion to Compel filed by Defendant Banc of California ("Banc") against Defendant Steven A. Sugarman ("Sugarman"). See Dkt. 536 ("Motion").[1] Banc seeks further responses to 53 requests for production. Sugarman objects that the requests are grossly overbroad, unduly burdensome, and duplicative of prior discovery. See Dkt. 553 ("Opp'n"). For the reasons set forth below, the Motion is GRANTED IN PART.[2]

    The Federal Rules provide that parties may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Relevant information "need not be admissible in evidence to be discoverable." Id. The party who resists discovery has the burden of showing that discovery should not be allowed, and must clarify, explain, and support its objections. See DIRECTV, Inc. v. Trone, 209 F.R.D. 455, 458 (C.D. Cal. 2002).

    Sugarman first argues that Requests 6, 16-25, 28-38, 39-44, and 51 are grossly overbroad and unduly burdensome.

---

[1] Separately, the parties have sought guidance over the scope of the District Judge's Moratorium Order. Discovery—including non-party depositions—can and should continue while the moratorium is in effect.

[2] The Court declines Sugarman's invitation to deny the Motion outright due to Banc's alleged failure to follow Local Rule 37. Both parties share the blame for the meet-and-confer difficulties.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Request 6** seeks "All text messages sent from any device relating to Banc, or its officers or directors" between January 1, 2015 to the present. The Motion is **granted**. The text messages are relevant to Sugarman's resignation and several other issues that are set out in the Motion. See Motion at 11-12.

**Requests 16 through 25** seek "All Documents" showing any person or entity with ownership or interest in COR Capital, CORSHI, and COR Clearing. The Motion is **granted in part.** Except for Jason Galanis, persons and entities with ties to the COR portfolio of companies are not relevant to any claims or defenses. Consequently, the Requests are limited to documents relating to whether Galanis had any ownership or interest in COR Capital, CORSHI, and COR Clearing.

**Requests 28 through 38** seek "All Documents regarding or mentioning" eleven Banc directors and employees. The Motion is **denied.** It is unclear that the requests as written would lead to relevant information. The parties should meet-and-confer to come up with more targeted requests.

**Requests 39 through 44** seek "All Communications" with six former Banc employees. Banc contends the documents will shed light on Sugarman's use of friends, associates, and current or former employees to retaliate against directors who would have voted against his continued service as CEO. See Motion at 18-19. The motion is **denied** for Requests 39 through 42 and **granted** for Requests 43 and 44. While the former seek mostly irrelevant information, the latter requests seek information related to whistleblowing, which has some connection to Sugarman's resignation.

**Request 51** seeks "Any calendar" that concerns any part of the period January 1, 2015 to the present. The Motion is **denied.** Banc does not identify why this Request is relevant to a claim or defense in this litigation.

Sugarman next argues that various requests are duplicative of Plaintiff's prior discovery.[3] Plaintiff served document requests on Sugarman and Banc in October 2017. Although the parties hotly dispute whether they worked together, the negotiations resulted in two largely duplicative

---

[3] The Court is not persuaded by Banc's argument that Sugarman waived this objection. Sugarman made a general objection that the requests were "unnecessarily cumulative or duplicative" and specifically objected that the requests sought documents already in Banc's control.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

lists of search terms which Sugarman and Banc used to search for responsive documents that were produced to Plaintiff.

For **Requests 10 and 11**, Banc suggests that it would be satisfied if Sugarman were to represent that he possesses no other responsive documents beyond those produced to Plaintiff in response to Plaintiff's RFPs. This is an elegant solution that the Court optimistically believes could resolve Sugarman's objections to **Requests 12, 14-15, 26, 27, 45-50, and 52-53**, especially given that Banc has not argued that any of these requests fall outside Plaintiff's broad RFPs.

The parties are thus ordered to meet-and-confer to determine is Sugarman can satisfactorily represent that he does not possess additional documents responsive to Banc's requests. If Sugarman is unable to do so, Banc may submit a letter brief to the Court setting out (1) which requests remain unresolved and (2) why they are not captured by Sugarman's prior production to Plaintiff.