LATHAM & WATKINS LLP
Manuel A. Abascal (Bar No. 171301)
*manny.abascal@lw.com*
Brian T. Glennon (Bar No. 211012)
*brian.glennon@lw.com*
Kristen M. Tuey (Bar No. 252565)
*kristen.tuey@lw.com*
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071-1560
Tel: (213) 485-1234
Fax: (213) 891-8763

LATHAM & WATKINS LLP
Michele D. Johnson (Bar No. 198298)
*michele.johnson@lw.com*
Andrew R. Gray (Bar No. 254594)
*andrew.gray@lw.com*
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
Tel: (714) 540-1235
Fax: (714) 755-8290

Attorneys for Defendant
Steven A. Sugarman

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE BANC OF CALIFORNIA SECURITIES LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | CASE NO. SACV 17-00118 AG (DFMx) consolidated with<br>SACV 17-00138 AG (DFMx)<br><br>**DEFENDANT STEVEN A. SUGARMAN'S NOTICE OF MOTION AND MOTION FOR ORDER DE-DESIGNATING DOCUMENTS IMPROPERLY DESIGNATED CONFIDENTIAL OR ATTORNEYS' EYES ONLY PURSUANT TO STIPULATION AND PROTECTIVE ORDER**<br><br>**[REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL]**<br><br>Judge: Honorable Douglas F. McCormick<br>Date:   October 1, 2019<br>Time:   10:00 a.m.<br>Place:   Courtroom 6B<br>Trial Date: February 18, 2020 |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on October 1, 2019, at 10:00 a.m. or as soon thereafter as the matter may be heard, in the Courtroom of the Honorable Douglas F. McCormick, Courtroom 6B, United States District Court for the Central District of California, located at 411 West Fourth Street, Santa Ana, California, Defendant Steven A. Sugarman will and hereby does move for an Order De-Designating Documents Improperly Designated Confidential or Attorneys' Eyes Only Pursuant to the Stipulation and Protective Order as laid out in the [Proposed] Order filed concurrently herewith.

This Motion is based on this Notice of Motion and Motion, the Declaration of Joseph De Leon in support and exhibits thereto, and any other materials the Court may consider prior to its decision on this Motion.

Dated:  September 3, 2019                         LATHAM & WATKINS LLP

                                                  By: */s/ Manuel A. Abascal*
                                                  Manuel A. Abascal
                                                  *Attorneys for Defendant Steven A. Sugarman*

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..................................................................................................1

II. BACKGROUND ...................................................................................................3

III. BANC REFUSED TO MEET AND CONFER ..................................................8

IV. ARGUMENT ........................................................................................................8

    A. Banc Cannot Satisfy Its Burden to Establish that the Designated Documents Are Entitled to Protection, and therefore the Documents Should Be Ordered De-Designated ...........................................................................................8

V. CONCLUSION ...................................................................................................11

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Del Campo v. Am. Corrective Counseling Servs., Inc.*,
   No. C-01-21151JWPVT, 2007 WL 3306496 (N.D. Cal. Nov. 6, 2007) .................................................................................................................. 11

*Echostar Satellite LLC v. Freetech, Inc.*,
   No. C 07-6127 JW RS, 2009 WL 8398697 (N.D. Cal. Aug. 5, 2009) .................................................................................................................... 8

*Kamakana v. City & Cty. of Honolulu*,
   447 F.3d 1172 (9th Cir. 2006) ................................................................................ 2

*Karoun Dairies, Inc. v. Karoun Dairies, Inc.*,
   No. 08-CV_1521-AJB WVG, 2014 WL 5170800 (S.D. Cal. Oct. 14, 2014) ................................................................................................................. 9

*Louisiana Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*,
   285 F.R.D. 481 (N.D. Cal. 2012) ........................................................................... 8

*Minter v. Wells Fargo Bank, N.A.*,
   Nos. 07-3442, 08-1642, 2010 WL 5418910 ....................................................... 10

*In re Roman Catholic Archbishop of Portland in Oregon*,
   661 F.3d 417 (9th Cir. 2011) .................................................................................. 9

**RULES**

L.R. 37-1 ...................................................................................................................... 8

L.R. 37-2.4 ................................................................................................................... 8

L.R. 37-4 ...................................................................................................................... 8

## I. INTRODUCTION

Mr. Steven A. Sugarman hereby seeks an order compelling Banc of California, Inc. ("Banc") to withdraw its designations of documents as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" pursuant to the Stipulation and Protective Order in this case (Dkt. 83) (hereinafter, the "Protective Order"). In its Protective Order, this Court instructed the Parties to limit designations only to documents that may cause a competitive injury, not to designate public material, and specifically prohibited mass, indiscriminate, or routinized designations:

> **Mass, indiscriminate, or routinized designations are prohibited. Unjustified designations may expose the designator to sanctions.** Designation under this Order is allowed only if the designation is necessary to protect material that, if disclosed to persons not authorized to view it, would cause competitive or other recognized harm. Material may not be designated if it has been made public, or if designation is otherwise unnecessary to protect a secrecy interest.

(Dkt. 82 at 2) (emphasis added). Despite this clear warning against mass designation, Banc appears to have designated every single page of its 464,010 production as "Confidential" or "Highly Confidential – Attorney's Eyes Only." The documents designated do not involve competitively sensitive material, but rather years-old historical facts regarding events and subject matters that Banc, Plaintiff, third parties have discussed in numerous public news articles, pleadings, securities disclosures, and other media for the past three years. Some of the documents designated even include public articles. This over-designation has caused this Court and the litigants to spend substantial additional resources because designated material must be filed provisionally under seal, requiring time consuming and unnecessary briefing. The over-designation is also inconsistent with the principle of public access to court proceedings.

Banc's over-designation creates the unfair situation where Plaintiff and Banc have made public, disparaging statements about historical facts related to Mr. Sugarman in pleadings and other public filings, and the documents disproving

these public statements are designated as confidential thus hiding from the public a complete record of the events in question. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) ("Unless a particular record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point").

Banc has not provided any proper basis for designating these materials as "Confidential" or "AEO," and it is apparent they are seeking to selectively disclose and spin facts about historical events to manage their public image and that of certain directors, rather than protecting any commercial business reason for confidentiality of these three-year-old, already public historical events. The Protective Order in this case is not intended to allow one party, in this case Banc, to be empowered to selectively manage its media presence while preventing other parties from responding publicly.

Banc's abuse of the AEO designation is particularly harmful to Mr. Sugarman because the Protective Order is ambiguous as to whether Mr. Sugarman—as the sole individual party, as opposed to entity, in this case—is allowed to view such documents. Mr. Sugarman requested that the parties agree to resolve this ambiguity and allow Mr. Sugarman to view AEO documents, but Banc refused. Not allowing Mr. Sugarman to review AEO material prevents him from seeing the evidence in this matter, which among other things complicates settlement negotiations.

Banc's overreach is perhaps best exemplified by four productions of emails it made in late February and early March—*after the close of fact discovery*—which Banc designated as AEO *in their entirety*. These emails involve three-year-old historical facts about who prepared the October 18, 2016 press release, the subject of substantial litigation in this case. They include ███████████████████████████████████████████████████████████████████████████████████████

Banc permitted the law firm hired by a special committee of Banc's board of directors to produce drafts of the Press Release that came from Mr. Sugarman's computer without the AEO designation. There is no legitimate reason why a 2:58 p.m. draft of the press release sent from Mr. Sugarman's computer is not designated AEO, while ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ is designated AEO. AEO designations should involve "extremely sensitive" information such as business strategy or potential acquisitions, not three-year-old emails about historical events that are already the subject of extensive public disclosure and litigation. Banc's effort to deny Mr. Sugarman the ability to review evidence critical to his defense makes it impossible for him to defend himself effectively in this case.

Banc, as the designating party, bears the burden of establishing that its designations of documents as Confidential and AEO are proper and it has not. Banc did not even respond to Mr. Sugarman's two letters requesting a meet and confer on the issue. Many of the documents Banc has designated in this case clearly do not qualify for the protections asserted, and Banc's blanket over-designations are prejudicing Mr. Sugarman's defense and burdening this Court.

Given the sheer scope of the mass over-designation, and Banc's complete refusal to meet and confer regarding this issue, the Court should rule that all of Banc's designations are removed and that if Banc wishes to reinstate any designation, it must present to the Court a specific request with evidence supporting their designation. In the alternative, Mr. Sugarman requests that the documents attached in Exhibit P[1] be immediately de-designated.

## II. BACKGROUND

On November 13, 2017, the Court entered the Protective Order, which sets forth the proper bounds of confidentiality in this case. (Dkt. 83.) It explicitly

---

[1] Exhibits referenced herein are exhibits to the declaration of Joseph De Leon, filed concurrently herewith.

"does not confer blanket protections on all disclosures or responses to discovery, and the protection it gives from public disclosure and use extends only to the specific material entitled to confidential treatment under the applicable legal principles." (*Id*. at 1.) The Order provides for two categories of non-public designations, Confidential and AEO, which it defines as follows:

- "<u>Confidential Information</u>. A party or non-party may designate as 'CONFIDENTIAL' any confidential, proprietary, personal and/or trade-secret technical, scientific, business, or financial information that is not generally known and that the producing party would normally maintain in confidence and not reveal to a third party or would cause third parties to maintain in confidence." (*Id*.) Documents designated as Confidential may only be disclosed to parties and certain others in the context of this litigation. (*Id*. at 4-5.)

- "<u>Highly Confidential - Attorneys' Eyes Only Information</u>. A party or non-party may designate as 'HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY' extremely sensitive 'CONFIDENTIAL' information disclosure of which to another party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means." (*Id*. at 2.) Documents designated as AEO may only be disclosed to outside counsel and certain others in the context of this litigation, but may not be disclosed to the parties themselves. (*Id*. at 5-6.)

The Protective Order further states: "Designation under this Order is allowed only if the designation is necessary to protect material that, if disclosed to persons not authorized to view it, would cause competitive or other recognized harm. Material may not be designated if it has been made public, or if designation is otherwise unnecessary to protect a secrecy interest." (*Id*. at 2.)

Additionally, the Protective Order explicitly prohibits over-designation. It states that a party using the Confidential or AEO designations "must only

designate specific material that qualifies under the appropriate standards" and "only those parts of documents, items, or oral or written communications that require protection shall be designated." (*Id*. at 2.) Designating full productions that do not qualify under the Protective Order standards is <u>explicitly identified as sanctionable</u>: "Mass, indiscriminate, or routinized designations are prohibited. Unjustified designations may expose the designator to sanctions." (*Id*. at 2.) And parties are required to promptly address issues identified with their productions: "If a designator learns that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that designator must promptly notify all parties that it is withdrawing the mistaken designation." (*Id*. at 2.)

From October 2017 to January 2019, Banc produced 464,010 pages of documents in this case.  Banc did not include with those productions any metadata indicating the confidentiality designations of individual documents, making it extremely difficult to identify the exact number of documents designated as either Confidential or AEO.  But it appears ***that all, or substantially all,*** documents in those productions were stamped either Confidential or AEO.  Examples of documents Banc designated as Confidential or AEO demonstrate that the productions clearly do not meet the standards required for such designations.  The improperly designated documents include the following:

- Documents designated as Confidential:
  - ███████████████████████████████████ (BOC_000006302, Ex. A.)
  - ███████████████████████████ (BOC_000034046, BOC_000002045, Exs. B, C.)
  - ███████████████████████████ (BOC_000028350, BOC_000003885, BOC_000012848, Ex. D-F.)

LATHAM&WATKINS<sup>LLP</sup> US-DOCS\110403291.4
ATTORNEYS AT LAW
ORANGE COUNTY

5

CASE NO. SACV 17-00118 AG (DFMx)
DEFENDANT SUGARMAN'S MOT. TO
DE-DESIGNATE

- Documents designated as AEO:
    - October 18, 2016 emails from John Grosvenor, General Counsel of Banc, to Matthew Guest of Wachtell, Lipton, Rosen & Katz, copying Steven Sugarman, ███████████████ ███████████████████████████████ (BOC_000463907, BOC_000463909, Exs. G, H.)
    - An October 18, 2016 email from Hugh Boyle to John Grosvenor, stating, ███████████████████ (BOC_000463922, Ex. I.)
    - An October 18, 2016 email ███████████████ ███████████████. (BOC_000464014, Ex. J.)
    - A May 9, 2016 email from Steven Sugarman to Halle Benett stating, in full, ███████████████████ █████ (BOC_000463983, Ex. K.)

As the Court can see from this very briefing, Mr. Sugarman is required to follow the cumbersome sealing procedures to protect from disclosure information that is either public or clearly not confidential.

In February and March 2019—after the close of fact discovery—Banc produced four additional volumes of documents, totaling 92 documents, that it designated AEO *in their entirety*.[2]  Included in these productions were highly important documents that contradict Banc's claims against Mr. Sugarman.  For example, in public statements, the *Seabold* Amended Answer, and discovery responses in this case that Banc did not designate as Confidential or AEO, Banc has alleged that Mr. Sugarman was solely responsible for drafting the October 18 press release, and that he did so while knowing it to be incorrect.  But documents in these productions demonstrate that Banc's public accusations against Mr.

---

[2] As a result of this late production, which includes key documents impacting the parties positions, Mr. Sugarman will soon be filing a separate motion seeking to reopen discovery regarding the late-produced documents, including the re-opening of Mr. Grosvenor's deposition to address these documents and a deposition of Mr. Sedabres, the Banc employee whose role was implicated by the late production.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

US-DOCS\110403291.4

6

CASE NO. SACV 17-00118 AG (DFMx)
DEFENDANT SUGARMAN'S MOT. TO DE-DESIGNATE

1 Sugarman were false. (Ex. L.) ███████████████████
2 ████████████████████████████████████████████
3 ████████████████████████████████. The documents also show
4 ████████████████████████████████████████████
5 ██████ These documents establish █████████████████████
6 ████████████████████████████████████████████
7 ████████████████████████████████████████████
8 ██████████████████████████████████████
9 Furthermore, a redline of █████████████████████████
10 ████████████████████████████████████ shows obvious and
11 material differences. (Ex. M.) There simply is no justification for designating the
12 post-discovery cut off documents as AEO, and it appears that Banc did so purely to
13 keep Mr. Sugarman from seeing facts that support his claims.

14 In fact, any and all emails about the October 18th Press Release are not
15 "confidential, proprietary, personal and/or trade-secret technical, scientific,
16 business, or financial information that is not generally known" and thus should not
17 be designated at all. The 2016 Press Release is described in detail in Plaintiff's
18 Complaint (now over two and a half years old), Banc's securities disclosures, and
19 court filings in this case. These emails are certainly not "extremely sensitive
20 'CONFIDENTIAL' information disclosure of which to another party or non-party
21 would create a substantial risk of serious harm that could not be avoided by less
22 restrictive means" as required for an AEO designation. Further, it is manifestly
23 unfair to Mr. Sugarman to allow a situation where Plaintiff and Banc's allegations
24 about Mr. Sugarman's involvement in the October 18th Press Release are made
25 public, while literally **every single document** produced by Banc on that same topic
26 is designated as Confidential or Attorney's Eyes Only and must be filed under seal.

27
28

### III. BANC REFUSED TO MEET AND CONFER

Because the Protective Order provides that "[a]ll challenges to confidentiality designations shall proceed under L.R. 37-1 through L.R. 37-4" (Dkt. 83 at 4), on July 8, 2019, Mr. Sugarman sent Banc a letter challenging Banc's indiscriminate over-designation of documents as Confidential and AEO, and included a list of documents that Mr. Sugarman contends do not qualify for the protection asserted. (Ex. N.) Banc never responded to that letter. On August 19, 2019, Mr. Sugarman again wrote to Banc, noting that Banc had not responded to the July 8 letter, Mr. Sugarman remained willing to meet and confer on these issues, but that he intended to seek relief from the Court if Banc did not correct its myriad over-designations. (Ex. O.) Banc similarly never responded to that letter. In short, Banc violated this Court's order by mass designating every document, and when asked to meet and confer on the issue, simply ignored the request (twice). Because Banc has refused to meet and confer on these issues, pursuant to L.R. 37-2.4 Mr. Sugarman has filed the present motion as a noticed motion instead of as a joint stipulation.

### IV. ARGUMENT

#### A. Banc Cannot Satisfy Its Burden to Establish that the Designated Documents Are Entitled to Protection, and therefore the Documents Should Be Ordered De-Designated

Banc bears the burden of establishing that its confidentiality designations are appropriate, which, given its pervasive over-designations, is a burden it cannot meet here. "[W]hen a confidentiality designation is challenged, the burden of persuasion rests upon the designating party," *Louisiana Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 490 (N.D. Cal. 2012), and that party "must establish good cause for each particular document for which protection is sought by demonstrating that harm or prejudice would result from removing the designation," *Echostar Satellite LLC v. Freetech, Inc.*, No. C 07-6127 JW RS,

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

US-DOCS\110403291.4

8

CASE NO. SACV 17-00118 AG (DFMx)
DEFENDANT SUGARMAN'S MOT. TO DE-DESIGNATE

2009 WL 8398697, at *1 (N.D. Cal. Aug. 5, 2009); *see also Karoun Dairies, Inc. v. Karoun Dairies, Inc.*, No. 08-CV_1521-AJB WVG, 2014 WL 5170800, at *6 (S.D. Cal. Oct. 14, 2014) ("The burden of proof to maintain the confidentiality of any document is on the party seeking to maintain the confidentiality.") (citing *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011) ("When the protective order 'was a stipulated order and no party ha[s] made a 'good cause' showing, then 'the burden of proof ... remain[s] with the party seeking protection.'")).

Under the Protective Order, a party may designate as Confidential only those materials that are "confidential, proprietary, personal and/or trade-secret technical, scientific, business, or financial information that is not generally known and that the producing party would normally maintain in confidence and not reveal to a third party or would cause third parties to maintain in confidence." (Dkt. 82 at 1.) Similarly, a party may designate as AEO only "information disclosure of which to another party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means." (*Id*. at 2.) The Protective Order explicitly prohibits "[m]ass, indiscriminate, or routinized designations," and provides that over-designation may subject a party to sanctions. *Id.*

Banc designated all, or substantially all, of the documents it produced as Confidential or AEO, directly contravening the Protective Order's prohibition against mass and indiscriminate designations. Furthermore, many, if not the majority, of documents Banc designated are not entitled to any protection at all under the terms of the Protective Order and governing law, or are entitled to a lesser degree of protection than Banc has asserted. Attached as Exhibit P is a list of specific documents that Mr. Sugarman contends are over-designated, and Mr. Sugarman seeks an order compelling Banc to de-designate these documents.

In many cases, Banc's apparent purpose in seeking to keep documents confidential is to protect Banc's own public image, which is not a proper basis for

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

US-DOCS\110403291.4

9

CASE NO. SACV 17-00118 AG (DFMx)
DEFENDANT SUGARMAN'S MOT. TO DE-DESIGNATE

confidentiality, especially considering the many public statements Banc has made that are harmful to Mr. Sugarman. *See Minter v. Wells Fargo Bank, N.A.*, Nos. 07-3442, 08-1642, 2010 WL 5418910, at *7 ("the Court recognizes that there is both strategic and financial incentive to over-designate. … [D]esignation shields from public view a company's documents."). Throughout this case, Banc has sought to publicly portray Mr. Sugarman in a negative light, while attempting to keep information exonerating Mr. Sugarman, or reflecting negatively on Banc, confidential. Banc made public allegations about the drafting of the October 18th Press Release in securities disclosures dated January 23, 2017 and February 9, 2017. Banc also made public disparaging, allegations against Mr. Sugarman in an Amended Answer filed in the *Seabold v. Banc of California* litigation, which Banc leaked to the *Los Angeles Times* before filing. The Amended Answer describes in public and in detail Banc's version of events regarding the drafting of the October 18, 2016 press release. If that subject matter was confidential or extremely sensitive, Banc would have never described these facts in a public document not filed under seal. Banc has also adopted these disparaging statements in discovery responses in this litigation that it did not mark as Confidential or AEO. It is inequitable to allow Banc to disparage Mr. Sugarman publicly and in discovery responses, but then seek to keep documents that exonerate Mr. Sugarman confidential or AEO.

Furthermore, it appears that in many cases Banc strategically designated documents as AEO in order to prevent Mr. Sugarman from seeing documents undermining Banc's allegations against him. As noted above, documents in Banc's February and March 2019 productions, which were designated as AEO in their entirety, demonstrate that Banc's public statements concerning Mr. Sugarman's involvement in the October 18 press release are false. There is no legitimate reason for Banc to have designated these documents as AEO. Banc permitted hundreds of documents regarding the October 18 press release to be

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

US-DOCS\110403291.4

10

CASE NO. SACV 17-00118 AG (DFMx)
DEFENDANT SUGARMAN'S MOT. TO DE-DESIGNATE

produced without such a designation, including a draft sent at 2:58 p.m. from Mr. Sugarman's computer that is ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (Ex. Q.) There is no legitimate reason why a 2:58 p.m. draft of the release sent from Mr. Sugarman's computer is not designated AEO, while a ▓▓▓▓▓▓▓▓▓▓ is designated AEO. The only explanation for such inconsistent designations is that Banc does not want Mr. Sugarman to see evidence undermining Banc's claims that he drafted the press release by himself.

As the designating party, it is Banc's burden to establish good cause for each particular document it seeks to protect. Despite Mr. Sugarman's invitations for Banc to justify its confidentiality designations, it has refused to do so. Given the undue burden that Banc has placed on the parties and this Court by presumptively designating seemingly all of its documents as Confidential, the Court should remove all of Banc's designations and require Banc to present to the Court a specific request with evidence supporting their designation if it wishes to reinstate any designations. *See Del Campo v. Am. Corrective Counseling Servs., Inc.*, No. C-01-21151JWPVT, 2007 WL 3306496, at *1-4 (N.D. Cal. Nov. 6, 2007) (ordering the entirety of defendants production de-designated due to over-designation and the failure to justify designations). Alternatively, all of the documents in Exhibit P should be de-designated immediately (although Mr. Sugarman notes that this may not be an exhaustive list).

## V. CONCLUSION

For the reasons noted above, Mr. Sugarman respectfully requests that the Court grant the relief requested herein.

Dated: September 3, 2019                    LATHAM & WATKINS LLP

By: */s/ Manuel A. Abascal*
Manuel A. Abascal
*Attorneys for Defendant Steven A. Sugarman*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

US-DOCS\110403291.4

11

CASE NO. SACV 17-00118 AG (DFMx)
DEFENDANT SUGARMAN'S MOT. TO DE-DESIGNATE