1  ROBBINS GELLER RUDMAN
     & DOWD LLP
2  SPENCER A. BURKHOLZ (147029)
   LAURIE L. LARGENT (153493)
3  ROBERT R. HENSSLER JR. (216165)
   MATTHEW I. ALPERT (238024)
4  ERIKA OLIVER (306614)
   655 West Broadway, Suite 1900
5  San Diego, CA  92101
   Telephone:  619/231-1058
6  619/231-7423 (fax)
   spenceb@rgrdlaw.com
7  llargent@rgrdlaw.com
   bhenssler@rgrdlaw.com
8  malpert@rgrdlaw.com
   eoliver@rgrdlaw.com
9
   Lead Counsel for Plaintiff
10
                        UNITED STATES DISTRICT COURT
11
                       CENTRAL DISTRICT OF CALIFORNIA
12
                            SOUTHERN DIVISION
13

| | | |
|---|---|---|
| In re BANC OF CALIFORNIA SECURITIES LITIGATION | ) ) ) ) | No. SACV 17-00118 AG (DFMx) consolidated with SACV 17-00138 AG (DFMx) |
| This Document Relates To: | ) ) ) | CLASS ACTION |
| ALL ACTIONS. | ) ) ) ) | STIPULATION OF SETTLEMENT |

This Stipulation of Settlement dated October 28, 2019 (the "Stipulation") is made and entered into by and among: (i) Lead Plaintiff Iron Workers Local No. 25 Pension Fund ("Lead Plaintiff" or "Plaintiff") (on behalf of itself and each of the Class Members), by and through its counsel of record in the Litigation (as defined herein); and (ii) defendant Banc of California, Inc. ("Defendant Banc" or "Banc"), by and through its counsel of record in the Litigation.  The Stipulation is intended to fully, finally, and forever resolve, discharge, and settle the Released Plaintiff's Claims and Released Defendant's Claims (as defined herein), subject to the approval of the Court and the terms and conditions set forth in this Stipulation.

## I.    THE LITIGATION

The initial complaint in this Litigation was filed on January 23, 2017, in the United States District Court for the Central District of California, Southern Division (the "Court").  On May 1, 2017, the Court issued an order appointing Iron Workers Local No. 25 Pension Fund as Lead Plaintiff, and Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as Lead Counsel.

On May 31, 2017, Lead Plaintiff filed its Consolidated Amended Complaint for Violation of the Federal Securities Laws ("Consolidated Complaint").  On June 30, 2017, Defendants Banc and Steven A. Sugarman (together "Defendants") moved to dismiss the Consolidated Complaint, which was opposed by Lead Plaintiff.  On September 6, 2017, the Court granted in part and denied in part Defendants' motion to dismiss.

On October 2, 2017, Lead Plaintiff and the Defendants filed a joint report and Rule 26(f) discovery plan, and October 10, 2017, Defendants filed their answers to the Consolidated Complaint.  Shortly thereafter, the parties began formal discovery.  Over the course of the case Lead Plaintiff served several sets of written discovery on Defendants and issued 78 document subpoenas to third parties.  At the time the Settlement was reached, counsel for Lead Plaintiff had collected and analyzed over 457,000 pages of documents from Defendants and over 773,000 pages from various

- 1 -

1   third parties and deposed 17 fact witnesses.  The parties had also exchanged expert
2   reports.

3        On December 20, 2017, Lead Plaintiff moved for this action to be certified as a
4   class action, to be appointed as Class Representative and for Robbins Geller appointed
5   as Class Counsel.  After extensive briefing on class certification issues, the Court
6   granted the motion on May 31, 2018.  Defendants then filed a petition for permission
7   to appeal the Court's certification order to the U.S. Court of Appeals for the Ninth
8   Circuit on June 14, 2018, which Lead Plaintiff opposed.  The Ninth Circuit denied
9   Defendants' petition on September 19, 2018.

10       In August 2018, the parties engaged the services of Robert H. Fairbank, a
11  nationally recognized mediator, to facilitate settlement negotiations.  On August 10,
12  2018, the parties participated in a full day in-person mediation with Mr. Fairbank and
13  in advance of that session, prepared detailed statements of their case and defenses with
14  supporting evidence.  The case did not settle, and the parties continued to litigate the
15  case.  In June 2019, the parties engaged the services of the Hon. Layn Phillips (Ret.)
16  and Michelle Yoshida of Phillips ADR Enterprises, a nationally recognized mediation
17  firm.  The parties participated in an in-person mediation session with Judge Phillips
18  and Ms. Yoshida on June 21, 2019, and in advance of that session, prepared detailed
19  statements of their case and defenses with supporting evidence.  While the Settling
20  Parties did not reach an agreement to settle the Litigation at the mediation, the Settling
21  Parties continued settlement negotiations with the assistance of Judge Phillips who
22  provided the Settling Parties with a mediator's proposal on September 14, 2019.  The
23  Settling Parties each accepted the mediator's proposal to settle the Litigation for
24  $19.75 million.

25  **II.    DEFENDANT'S DENIALS OF WRONGDOING AND**
26  **        LIABILITY**

27       Defendant Banc has denied and continues to deny each and all of the claims
28  alleged by Lead Plaintiff and the Class in the Litigation.  Defendant Banc expressly has

- 2 -

4822-8588-3814.v8

denied and continues to deny all charges of wrongdoing or liability against it arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation.  Defendant Banc also has denied and continues to deny, among other allegations, the allegations that Lead Plaintiff or the Class have suffered any damage, that the price of Banc common stock was artificially inflated by reasons of alleged misrepresentations, non-disclosures or otherwise, or that Lead Plaintiff or the Class were harmed by the conduct alleged, or that could have been alleged, in the Litigation.  Defendant Banc believes that the Litigation is without merit and the evidence developed to date supports its position that it acted in good faith and in a manner it reasonably believed to be in accordance with all applicable rules, regulations, and laws.  Defendant Banc also believes that its public statements during the Class Period contained no material misstatements or omissions.  In addition, Defendant Banc maintains that it has meritorious defenses to all claims alleged in the Litigation.

Nonetheless, Defendant Banc has taken into account the expense, uncertainty and risks inherent in any litigation, especially in complex cases such as this Litigation, and has, therefore, determined that it is desirable and beneficial to it that the Litigation be settled in the manner and upon the terms and conditions set forth in this Stipulation.

## III.    LEAD PLAINTIFF'S CLAIMS AND THE BENEFITS OF SETTLEMENT

Lead Plaintiff believes that the claims asserted in the Litigation have merit and that the evidence developed to date supports the claims.  However, Lead Plaintiff and its counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation against Defendant Banc through trial and through appeals.  Lead Plaintiff and its counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this Litigation, as well as recent changes in the law and the difficulties and delays inherent in such litigation.  Lead Plaintiff and its counsel also are mindful of the inherent problems of proof under and possible defenses to the securities law

violations asserted in the Litigation.  Lead Plaintiff and its counsel believe that the Settlement set forth in the Stipulation confers substantial benefits upon the Class. Based on their evaluation, Lead Plaintiff and its counsel have determined that the Settlement set forth in the Stipulation is in the best interests of the Class.

## IV.   TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Lead Plaintiff (for itself and the Class) and Defendant Banc, by and through their attorneys of record, that, subject to the approval of the Court, the Litigation, the Released Plaintiff's Claims and Released Defendant's Claims shall be finally and fully compromised, settled, and released, and the Litigation shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and conditions of the Stipulation, as follows.

### 1.   Definitions

As used in the Stipulation the following terms have the meanings specified below:

1.1   "Authorized Claimant" means any Class Member who submits a Claim for payment that is approved for payment from the Net Settlement Fund pursuant to the terms of this Stipulation and the Court-approved Plan of Allocation.

1.2   "Claim" means a paper claim submitted on a Proof of Claim and Release or an electronic claim that is submitted to the Claims Administrator.

1.3   "Claimant" means a person or entity who or which submits a Claim seeking to be eligible to share in the proceeds of the Net Settlement Fund.

1.4   "Claim Form" or "Proof of Claim and Release" means the form, substantially in the form attached hereto as Exhibit A-2, that a Claimant must complete and submit should that Claimant seek to share in the distribution of the Net Settlement Fund.

- 4 -

1    1.5    "Claims Administrator" means the firm retained by Lead Plaintiff and
2  Lead Counsel, subject to approval of the Court, to administer the Settlement,
3  including providing all notices approved by the Court to Class Members, and
4  processing Claims.

5    1.6    "Class" means All persons and entities who purchased or otherwise
6  acquired the common stock of Banc of California, Inc. ("Banc" or the "Company")
7  during the period from April 15, 2016 through January 20, 2017, inclusive (the "Class
8  Period"), and were damaged thereby.  Excluded from the Class are Defendants,
9  present or former executive officers and directors of Banc and their immediate family
10  members (as defined in 17 C.F.R. §229.404, Instructions (1)(a)(iii) and (1)(b)(ii)).

11    1.7    "Class Member(s)" or "Member(s) of the Class" means a Person who
12  falls within the definition of the Class as set forth in ¶1.6 above.

13    1.8    "Class Period" means the period from April 15, 2016 through January 20,
14  2017, inclusive.

15    1.9    "Defendants" means Defendant Banc and Steven A. Sugarman.

16    1.10    "Defendant Banc" means Banc of California, Inc.

17    1.11    "Defendant Banc's Counsel" means Morrison & Foerster LLP.

18    1.12    "Effective Date," means the date upon which the Settlement and the
19  Sugarman Dismissal shall have become effective, as set forth in ¶7.1 of this
20  Stipulation.

21    1.13    "ERISA" means the Employee Retirement Income Security Act of 1974.

22    1.14    "Escrow Agent" means The Huntington National Bank.

23    1.15    "Fee and Expense Application" means Lead Counsel's application or
24  applications for: (a) an award of attorneys' fees; plus (b) expenses or charges in
25  connection with prosecuting the Litigation; plus (c) any interest on such attorneys'
26  fees and expenses at the same rate and for the same periods as earned by the
27  Settlement Fund (until paid) as may be awarded by the Court.

28

- 5 -

1.16  "Fee and Expense Award" means the payment of attorneys' fees and expenses of Plaintiffs' Counsel from the Settlement Fund.

1.17  "Final" means, with respect to the Judgment approving the Stipulation, substantially in the form of Exhibit B attached hereto or any other order of the Court, including the dismissal with prejudice of Steven A. Sugarman ("Sugarman"), when the last of the following shall occur: (i) the expiration of the time to file a motion to alter or amend the Judgment or order under Federal Rule of Civil Procedure 59(e) without any such motion having been filed; (ii) the time in which to appeal the Judgment or order has passed without any appeal having been taken; or (iii) if a motion to alter or amend is filed or if an appeal is taken, immediately after the determination of that motion or appeal so that it is no longer subject to any further judicial review or appeal whatsoever, whether by reason of affirmance by a court of last resort, lapse of time, voluntary dismissal of the appeal or otherwise in such a manner as to permit the consummation of the Settlement substantially in accordance with the terms and conditions of this Stipulation. For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this Settlement; however, any appeal which concerns only the issue of Lead Counsel's attorneys' fees and expenses, payments to Lead Plaintiff for its time and expenses, the Plan of Allocation, as hereinafter defined, or the procedures for determining Authorized Claimants' Recognized Claims shall not in any way delay or preclude the Judgment from becoming Final.

1.18  "Judgment" means the Final Judgment and Order of Dismissal with Prejudice to be rendered by the Court, substantially in the form attached hereto as Exhibit B.

1.19  "Lead Counsel" means Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101.

1.20  "Lead Plaintiff" means Iron Workers Local No. 25 Pension Fund.

- 6 -

1       1.21   "Litigation" means the action captioned *In re Banc of California*
2   *Securities Litigation*, No. SACV 17-00118 AG (DFMx) consolidated with SACV 17-
3   00138 AG (DFMx).

4       1.22   "Net Settlement Fund" means the Settlement Fund less any attorneys'
5   fees, expenses, and interest and any award to Lead Plaintiff provided for herein or
6   approved by the Court and less Notice and Administration Expenses, Taxes and Tax
7   Expenses, and other fees and expenses authorized by the Court.

8       1.23   "Notice" means the Notice of Pendency and Proposed Settlement of
9   Class Action, substantially in the form attached hereto as Exhibit A-1, which is to be
10  mailed to Class Members.

11      1.24   "Notice and Administration Expenses" means all costs, fees, and
12  expenses incurred in connection with providing notice to the Class and the
13  administration of the Settlement, including, but not limited to: (i) providing notice by
14  mail, publication, and other means to Class Members; (ii) receiving and reviewing
15  Claims; (iii) applying the Plan of Allocation; (iv) communicating with Persons
16  regarding the Settlement and claims administration process; (v) distributing the
17  proceeds of the Settlement; and (vi) fees related to the Escrow Account and
18  investment of the Settlement Fund.

19      1.25   "Person" means an individual, corporation (including all divisions and
20  subsidiaries), general partnership, limited partnership, association, joint stock
21  company, joint venture, limited liability company, professional corporation, estate,
22  legal representative, trust, unincorporated association, government or any political
23  subdivision or agency thereof, and any business or legal entity and their heirs,
24  predecessors, successors, representatives, or assignees.

25      1.26   "Plaintiffs' Counsel" means any legal counsel who represented any
26  plaintiffs in the Litigation.

27      1.27   "Plan of Allocation" means the proposed plan of allocation of the Net
28  Settlement Fund set forth in the Notice.

- 7 -

4822-8588-3814.v8

1.28    "Preliminary Approval Order" means the proposed order, substantially in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the Settlement set forth in the Stipulation, and approval for the mailing of the Notice and publication of the Summary Notice, substantially in the forms of Exhibits A-1 and A-3 attached hereto.

1.29    "Released Defendant Party" or "Released Defendant Parties" means Defendant Banc, and each of its respective past, present, or future subsidiaries, parents, affiliates, attorneys, principals, successors and predecessors, joint venturers, assigns, officers, directors, shareholders, underwriters, trustees, partners, members, agents, fiduciaries, contractors, employees, insurers, co-insurers, reinsurers, controlling shareholders, accountants or auditors, commercial bank lenders, financial or investment advisors, consultants, banks or investment bankers, personal or legal representatives, estates, heirs, related or affiliated entities, in their capacity as such, and any entity in which Defendant Banc has a controlling interest.

1.30    "Released Defendant's Claims" means any and all actions, suits, claims, demands, rights, liabilities, obligations, damages, costs, restitution, rescission, interest, attorneys' fees, expert or consulting fees, expenses, matters and issues whatsoever, whether known or unknown, asserted or unasserted, whether arising under federal, state, local, statutory, common, foreign or administrative law, or any other law, rule or regulation, whether fixed or contingent, at law or in equity, whether class or individual in nature, that any Released Defendant Party could have asserted against any of the Releasing Plaintiff Parties that arise out of or relate in any way to the initiation, prosecution, or settlement of the Litigation or the Released Defendant's Claims. "Released Defendant's Claims" includes "Unknown Claims" as defined in ¶1.41 hereof.  "Released Defendant's Claims" does not include any claims relating to the enforcement of the Settlement.

1.31    "Released Plaintiff's Claims" means any and all claims and causes of action of every nature and description, whether known or unknown, whether arising

4822-8588-3814.v8

1     under federal, state, common, or foreign law, that Lead Plaintiff or any other members

2     of the Class asserted or could have asserted in any forum that arise out of or are based

3     upon (a) the allegations, transactions, facts, matters or occurrences, representations or

4     omissions referred to in the operative complaint, and (b) the purchase or acquisition of

5     Banc common stock during the Class Period. "Released Plaintiff's Claims" includes

6     "Unknown Claims" as defined in ¶1.41 hereof. "Released Plaintiff's Claims" does not

7     include any claims relating to the enforcement of the Settlement.

8         1.32   "Releasing Plaintiff Party" or "Releasing Plaintiff Parties" means Lead

9     Plaintiff, Lead Counsel, each and every Class Member, and each of their respective

10    past or present subsidiaries, parents, affiliates, principals, successors and predecessors,

11    joint venturers, assigns, officers, directors, shareholders, underwriters, trustees,

12    partners, members, agents, fiduciaries, contractors, employees, insurers, co-insurers,

13    reinsurers, controlling shareholders, attorneys, accountants or auditors, financial or

14    investment advisors or consultants, banks or investment bankers, personal or legal

15    representatives, estates, heirs, related or affiliated entities in their capacity as such.

16    Releasing Plaintiff Parties do not include any Person who timely and validly seeks

17    exclusion from the Class.

18         1.33   "Settlement" means the settlement between Lead Plaintiff and Defendant

19    Banc on the terms and conditions set forth in this Stipulation.

20         1.34   "Settlement Amount" means Nineteen Million, Seven Hundred and Fifty

21    Thousand Dollars ($19,750,000.00) in cash to be paid by wire transfer or check to the

22    Escrow Agent pursuant to ¶2.2 of this Stipulation.

23         1.35   "Settlement Fund" means the Settlement Amount plus all interest and

24    income earned thereon.

25         1.36   "Settlement Hearing" means the hearing to be held by the Court to

26    determine whether the Settlement is fair, reasonable and adequate and should be

27    approved.

28

4822-8588-3814.v8

1.37   "Settling Parties" means, collectively, Defendant Banc and Lead Plaintiff on behalf of itself and the Class.

1.38   "Summary Notice" means the Summary Notice, substantially in the form attached hereto as Exhibit A-3, to be published as set forth in the Preliminary Approval Order.

1.39   "Tax" or "Taxes" means any and all taxes, fees, levies, duties, tariffs, imposts, and other charges of any kind (together with any and all interest, penalties, additions to tax and additional amounts imposed with respect thereto) imposed by any governmental authority, whether federal, state or local.

1.40   "Tax Expenses" means, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in ¶2.10.

1.41   "Unknown Claims" means any and all Released Plaintiff's Claims which the Releasing Plaintiff Parties do not know or suspect to exist in their favor at the time of the release of the Released Defendant Parties, and any and all Released Defendant's Claims which the Released Defendant Parties do not know or suspect to exist in their favor at the time of the release of the Releasing Plaintiff Parties, which, if known by him, her, or it, might have affected his, her or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Class.  With respect to any and all Released Plaintiff's Claims and Released Defendant's Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and Defendant Banc shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have expressly waived, the provisions, rights, and benefits of California Civil Code §1542, which provides:

A general release does not extend to claims which the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

- 10 -

4822-8588-3814.v8

Lead Plaintiff and Defendant Banc shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or any foreign country, or any principle of common law, which is similar, comparable or equivalent in substance to California Civil Code §1542. Lead Plaintiff, any Releasing Plaintiff Party, Defendant Banc, or any Released Defendant Party may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Plaintiff's Claims and the Released Defendant's Claims, but Lead Plaintiff and Defendant Banc shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiff's Claims and Released Defendant's Claims as applicable, known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which now exist, or heretofore existed, or may hereafter exist, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Lead Plaintiff and Defendant Banc acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

**2.      The Settlement**

2.1      The obligations incurred pursuant to this Stipulation are: (a) subject to approval by the Court and the Judgment, reflecting such approval, becoming Final; and (b) in full and final disposition of the Litigation with respect to the Releasing

- 11 -

1   Plaintiff Parties and Released Defendant Parties and any and all Released Plaintiff's

2   Claims and Released Defendant's Claims.

3              **a.**    **The Settlement Amount**

4         2.2   In full settlement of the claims asserted in the Litigation against

5   Defendant Banc and in consideration of the releases specified in ¶4 below, all of

6   which the Settling Parties agree are good and valuable consideration, Defendant Banc

7   shall cause its Director's and Officer's liability insurance carriers to pay the

8   Settlement Amount by wire transfer or check in accordance with instructions to be

9   provided by the Escrow Agent.  The Settlement Amount shall be paid within thirty

10   (30) business days of execution of this Stipulation and receipt by Banc of complete

11   payment instructions, including wire transfer instructions, payment address, and a

12   complete and executed Form W-9 for the Settlement Fund that reflects a valid tax

13   identification number.  If the entire Settlement Amount is not timely paid to the

14   Escrow Agent, Lead Counsel may terminate the Settlement but only if: (i) Lead

15   Counsel has notified Defendant Banc's Counsel in writing of Lead Counsel's

16   intention to terminate the Settlement, and (ii) the entire Settlement Amount is not

17   transferred to the Escrow Agent within five (5) calendar days after Lead Counsel has

18   provided such written notice by email.  The Escrow Agent shall deposit the Settlement

19   Amount in a segregated escrow account (the "Escrow Account") maintained by the

20   Escrow Agent.

21         2.3   With the sole exception of Defendant Banc's obligation to secure

22   payment of the Settlement Amount into the Escrow Account as provided for in ¶2.2,

23   the Released Defendant Parties shall have no responsibility for, interest in, or liability

24   whatsoever with respect to: (i) any act, omission, or determination by Lead Counsel or

25   the Claims Administrator, or any of their respective designees, in connection with the

26   administration of the Settlement or otherwise; (ii) the management, investment, or

27   distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the determination,

28   administration, calculation, or payment of any claims asserted against the Settlement

1 Fund; (v) any loss suffered by, or fluctuation in value of, the Settlement Fund; or

2 (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred in

3 connection with the taxation of the Settlement Fund, distributions or other payments

4 from the Escrow Account, or the filing of any federal, state, or local returns.

5    2.4    Other than the obligation to cause the payment of the Settlement Amount

6 pursuant to ¶2.2, Defendant Banc shall have no obligation to make any other

7 payments into the Escrow Account or to any Class Member pursuant to this

8 Stipulation.

9    **b.    The Escrow Agent**

10    2.5    The Escrow Agent shall invest the Settlement Amount deposited pursuant

11 to ¶2.2 hereof in United States Agency or Treasury Securities or other instruments

12 backed by the Full Faith & Credit of the United States Government or an Agency

13 thereof, or fully insured by the United States Government or an Agency thereof and

14 shall reinvest the proceeds of these instruments as they mature in similar instruments

15 at their then-current market rates.  The Released Defendant Parties shall have no

16 responsibility for, interest in, or liability whatsoever with respect to investment

17 decisions executed by the Escrow Agent.  All risks related to the investment of the

18 Settlement Fund shall be borne solely by the Settlement Fund. The Escrow Agent

19 shall not disburse the Settlement Fund except as provided in the Stipulation, by an

20 order of the Court, or with the written agreement of Defendant Banc's Counsel.

21    2.6    Subject to further order(s) and/or directions as may be made by the Court,

22 or as provided in the Stipulation, the Escrow Agent is authorized to execute such

23 transactions as are consistent with the terms of the Stipulation.  The Released

24 Defendant Parties shall have no responsibility for, interest in, or liability whatsoever

25 with respect to the actions of the Escrow Agent, or any transaction executed by the

26 Escrow Agent.

27    2.7    All funds held by the Escrow Agent shall be deemed and considered to be

28 in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court,

- 13 -

1 until such time as such funds shall be distributed or returned pursuant to the

2 Stipulation and/or further order(s) of the Court.

3        2.8     Before the Effective Date, without further approval from Defendant Banc

4 or further order of the Court, Lead Counsel may expend up to $250,000 from the

5 Settlement Fund to pay Notice and Administration Expenses actually incurred.

6 Additional sums for this purpose before the Effective Date may be paid from the

7 Settlement Fund upon approval of Defendant Banc or further order of the Court.

8 Taxes and fees related to the Escrow Account and investment of the Settlement Fund

9 may be paid as incurred, without further approval of Defendant Banc or further order

10 of the Court.  After the Effective Date, without approval of Defendant Banc or further

11 order of the Court, Notice and Administration Expenses may be paid as incurred.  In

12 the event that the Settlement does not become Final, any money paid or incurred for

13 the above purposes, including any related fees, shall not be returned or repaid to

14 Defendant Banc or its insurers.

15        2.9     It shall be Lead Counsel's responsibility to disseminate the Notice and

16 Summary Notice to the Class in accordance with this Stipulation and as ordered by the

17 Court.  Class Members shall have no recourse as to the Released Defendant Parties

18 with respect to any claims they may have that arise from any failure of the notice

19 process.

20        **c.**     **Taxes**

21        2.10   (a)     The Settling Parties agree to treat the Settlement Fund as being at

22 all times a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1.

23 In addition, the Escrow Agent shall timely make, or cause to be made, such elections

24 as necessary or advisable to carry out the provisions of this ¶2.10, including the

25 "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest

26 permitted date.  Such elections shall be made in compliance with the procedures and

27 requirements contained in such regulations.  It shall be the responsibility of the

28 Escrow Agent to timely and properly prepare and deliver the necessary documentation

- 14 -

1   for signature by all necessary parties, and thereafter to cause the appropriate filing(s)
2   to occur.

3          (b)     The Settling Parties agree that Lead Counsel shall be
4   "administrators" of the qualified settlement fund for the purpose of §468B of the
5   Internal Revenue Code of 1986, as amended, and the regulations promulgated
6   thereunder.  Lead Counsel shall timely and properly file, or cause to be filed, all
7   federal, state, or local tax returns and information returns necessary or advisable with
8   respect to the earnings on the funds deposited in the Escrow Account (including,
9   without limitation, the returns described in Treas. Reg. §1.468B-2(k)).  Such returns
10  (as well as the election described in ¶2.10(a) hereof) shall be consistent with this ¶2.10
11  and in all events shall reflect that all Taxes (including any estimated Taxes, interest or
12  penalties) on the income earned on the funds deposited in the Escrow Account shall be
13  paid out of the Settlement Fund as provided in ¶2.10(c) hereof.

14         (c)     All (a) Taxes (including any estimated Taxes, interest or penalties)
15  arising with respect to the income earned by the Settlement Fund, including any Taxes
16  or tax detriments that may be imposed upon the Released Defendant Parties or their
17  counsel with respect to any income earned by the Settlement Fund for any period
18  during which the Settlement Fund does not qualify as a "qualified settlement fund" for
19  federal or state income tax purposes, and (b) Tax Expenses, shall be paid out of the
20  Settlement Fund; in all events the Settling Parties and their counsel shall have no
21  liability or responsibility for the Taxes or the Tax Expenses.  Taxes and Tax Expenses
22  shall be treated as, and considered to be, a cost of administration of the Settlement
23  Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund
24  without prior order from the Court or approval of Defendant Banc, and Lead Counsel
25  shall be authorized (notwithstanding anything herein to the contrary) to withhold from
26  distribution to Authorized Claimants any funds necessary to pay such amounts,
27  including the establishment of adequate reserves for any Taxes and Tax Expenses (as
28  well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-

- 15 -

2(l)(2)); neither the Releasing Plaintiff Parties, the Released Defendant Parties nor their counsel are responsible nor shall they have any liability for any Taxes or Tax Expenses.  The Settling Parties hereto agree to cooperate with the Escrow Agent, each other, their counsel, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.10.

### d.  Termination of Settlement

2.11   In the event that the Settlement is not approved or the Settlement is terminated, canceled, or fails to become effective for any reason, the Settlement Fund less Notice and Administration Expenses or Taxes or Tax Expenses paid, incurred, or due and owing in connection with the settlement provided for herein, shall be refunded pursuant to written instructions from Defendant Banc's Counsel in accordance with ¶7.5 herein.

### 3.  Class Certification, Preliminary Approval Order, Dismissal of Steven A. Sugarman and Settlement Hearing

3.1   By order dated May 31, 2018, the Court has certified the Litigation as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Class.  The Court has also certified Lead Plaintiff as Class Representative and appointed Lead Counsel as Class Counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

3.2   Within fifteen (15) days after execution of the Stipulation, Lead Plaintiff shall file a motion, seeking entry of the Preliminary Approval Order, substantially in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the Settlement set forth in the Stipulation, and approval for the mailing of the Notice and publication of the Summary Notice, substantially in the forms of Exhibits A-1 and A-3 attached hereto.  The Notice shall include the general terms of the Settlement, the proposed Plan of Allocation, the general terms of the Fee and Expense Application, and the date of the Settlement Hearing.

- 16 -

3.3     Lead Counsel shall request that after notice is given, the Court hold the Settlement Hearing.  At or after the Settlement Hearing, Lead Counsel also will request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application and Lead Plaintiff's request for payment of its time and expenses, if any.

3.4     Lead Counsel shall also request, at or after the Settlement Hearing, that the Court enter a dismissal, with prejudice, of Sugarman, pursuant to the September 15, 2019, Agreement Between Lead Plaintiff and Steven A. Sugarman to Dismiss Mr. Sugarman with Prejudice ("Sugarman Dismissal").  As set forth below in ¶7.1, the Effective Date of this Stipulation shall not occur until the Settlement becomes Final and the Sugarman Dismissal becomes Final.  Likewise, the Effective Date of the Sugarman Dismissal shall not occur until the Sugarman Dismissal becomes Final and the Settlement becomes Final.

**4.     Releases**

4.1     By operation of the Judgment, as of the Effective Date, as defined in ¶1.12 hereof, Lead Plaintiff and each and every Releasing Plaintiff Party shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Plaintiff's Claims against each and every one of the Released Defendant Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Plaintiff's Claims against any and all of the Released Defendant Parties, whether or not such Releasing Plaintiff Party executes and delivers the Proof of Claim and Release or shares in the Settlement Fund.  Claims to enforce the terms of the Stipulation are not released.

4.2     The Proof of Claim and Release to be executed by the Class Members shall release all Released Plaintiff's Claims against the Released Defendant Parties and shall be substantially in the form contained in Exhibit A-2 attached hereto.

- 17 -

4822-8588-3814.v8

4.3     By operation of the Judgment, as of the Effective Date, as defined in ¶1.12 hereof, Defendant Banc and each and every Released Defendant Party shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Defendant's Claims against each and every one of the Releasing Plaintiff Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Defendant's Claims against any and all of the Releasing Plaintiff Parties.  Claims to enforce the terms of the Stipulation are not released.

**5.     Provision of Notice, Administration and Calculation of Claims, Final Awards and Supervision and Distribution of the Settlement Fund**

5.1     As part of the Preliminary Approval Order, Lead Counsel shall seek appointment of a Claims Administrator.  The Claims Administrator shall administer the Settlement, including, but not limited to, the process of receiving, reviewing, and approving or denying Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court.  Other than Defendant Banc's obligation to provide its securities holders records as provided in ¶5.2 below, the Released Defendant Parties and Defendant Banc's Counsel shall have no responsibility for or interest in whatsoever with respect to the administration of the Settlement or the actions or decisions of the Claims Administrator, and shall have no liability whatsoever to the Releasing Plaintiff Parties, including Lead Plaintiff, any other Class Member, or Lead Counsel, in connection with such administration, including, but not limited to, with respect to: (i) any act, omission, or determination by Lead Counsel, the Escrow Agent, and/or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management or investment of the Settlement Fund or the Net Settlement Fund, or the distribution of the Net Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any claims asserted against

- 18 -

the Settlement Fund; (v) any losses suffered by, or fluctuations in value of, the Settlement Fund; or (vi) the payment or withholding of any taxes, expenses, and/or costs incurred with the taxation of the Settlement Fund or the filing of any federal, state, or local returns.  Defendant Banc's Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

5.2     In accordance with the terms of the Preliminary Approval Order, Lead Counsel shall cause the Claims Administrator to mail the Notice and Claim Form to those Members of the Class as may be identified through reasonable effort.  Lead Counsel shall also cause the Claims Administrator to have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court.  For the purposes of identifying and providing notice to the Class, within twenty (20) business days following the Settling Parties' execution of this Stipulation, Defendant Banc shall provide or cause to be provided to the Claims Administrator in electronic format (at no cost to the Settlement Fund, Lead Counsel or the Claims Administrator) the names and addresses of Persons who purchased or acquired Banc common stock during the Class Period, as listed on Banc's shareholder transfer records, in electronic form, such as Excel.

5.3     The Claims Administrator, subject to such supervision and direction of the Court as may be necessary or as circumstances may require, shall administer and calculate the Claims submitted by Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.

5.4     The Settlement Fund shall be applied as follows:

(a)     to pay all Notice and Administration Expenses as described in ¶2.8 hereof;

(b)     to pay the Taxes and Tax Expenses as described in ¶2.10 hereof;

(c)     to pay the Fee and Expense Award to Lead Counsel and to award Lead Plaintiff an amount pursuant to 15 U.S.C. §78u-4(a)(4) for its representation of the Class, if and to the extent allowed by the Court; and

4822-8588-3814.v8

(d)     after the Effective Date, to distribute the Net Settlement Fund to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court.

5.5     After the Effective Date, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following.

5.6     Within ninety (90) days after the mailing of the Notice or such other time as may be set by the Court, each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release, substantially in the form of Exhibit A-2 attached hereto, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and Release.

5.7     The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or in part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim compared to the total Recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation set forth in the Notice attached hereto as Exhibit A-1, or in such other plan of allocation as the Court approves).

5.8     Except as otherwise ordered by the Court, all Class Members who fail to timely submit a valid Proof of Claim and Release within such period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment.  Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not an obligation) to accept

- 20 -

1    late-submitted claims for processing by the Claims Administrator so long as the

2    distribution of the Net Settlement Fund to Authorized Claimants is not materially

3    delayed thereby, but will bear no liability for failing to accept such late claims.

4        5.9    Proofs of Claim and Release that do not meet the submission

5    requirements may be rejected.  Prior to rejection of a Proof of Claim and Release, the

6    Claims Administrator shall communicate with Claimants in order to remedy the

7    curable deficiencies in the Proofs of Claim and Release submitted.  The Claims

8    Administrator, under supervision of Lead Counsel, if necessary, shall notify, in a

9    timely fashion and in writing, all Claimants whose Proofs of Claim and Release it

10   proposes to reject in whole or in part, setting forth the reasons therefore, and shall

11   indicate in such notice that the Claimant whose Claim is to be rejected has the right to

12   a review by the Court if the Claimant so desires and complies with the requirements of

13   ¶5.11 below.

14       5.10   If any Claimant whose Claim has been rejected in whole or in part desires

15   to contest such rejection, the Claimant must, within twenty (20) calendar days after

16   the mailing of the notice required in ¶5.10 above, or a shorter period of time if the

17   Claim was untimely, serve upon the Claims Administrator a notice and statement of

18   reasons indicating the Claimant's grounds for contesting the rejections along with any

19   supporting documentation, and requesting a review thereof by the Court.  If a dispute

20   concerning a Claim cannot otherwise be resolved, Lead Counsel shall thereafter

21   present the request for review to the Court.  Defendant Banc shall not take a position

22   on the administrative determinations of the Claims Administrator.

23       5.11   Each Claimant who submits a Proof of Claim and Release shall be

24   deemed to have submitted to the jurisdiction of the Court with respect to the

25   Claimant's Claim, including, but not limited to, all releases provided herein and in the

26   Judgment, and the Claim will be subject to investigation and discovery under the

27   Federal Rules of Civil Procedure, provided that such investigation and discovery shall

28   be limited to that Claimant's status as a Class Member and the validity and amount of

- 21 -

the Claimant's Claim.  No discovery shall be allowed on the merits of the Litigation or settlement in connection with the processing of the Claims.  All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court, but shall not in any event delay or affect the finality of the Judgment.  All Class Members, other Claimants, and parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

5.12   Payment pursuant to this Stipulation and Plan of Allocation shall be deemed final and conclusive against all Claimants.  All Class Members whose Claims are not approved shall be barred from participating in a distribution from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in the Litigation and the releases provided for herein, and shall be banned from bringing any action against the Released Defendant Parties concerning the Released Plaintiff's Claims.

5.13   Following the Effective Date, the Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with the Plan of Allocation approved by the Court.  No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.  If there is any balance remaining in the Net Settlement Fund after a reasonable period of time after the date of the initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible, reallocate such balance among Authorized Claimants who negotiated the checks sent in the initial distribution and who would receive a minimum of $10.00.  These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is *de minimis*.  Thereafter, any balance which still remains in the Net Settlement Fund shall be donated to Orange County Public Law Center.

- 22 -

4822-8588-3814.v8

5.14    The Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of Claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith.   No Person shall have any claim of any kind against the Released Defendant Parties with respect to the matters set forth in ¶¶5.1-5.14 hereof; and the Releasing Plaintiff Parties, including the Class Members, Lead Plaintiff, and Lead Counsel, release the Released Defendant Parties from any and all liability and claims arising from or with respect to the administration, investment or distribution of the Settlement Fund.

5.15    No Person shall have any claim against Lead Plaintiff, Lead Counsel or the Claims Administrator, or any other Person designated by Lead Counsel based on determinations or distributions made substantially in accordance with the Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

5.16    It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund, including, but not limited to, any adjustments to an Authorized Claimant's Claim set forth therein, is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's Judgment approving the Stipulation and the Settlement set forth herein.

## 6.    Lead Counsel's Attorneys' Fees and Expenses

6.1    Lead Counsel will submit a Fee and Expense Application on behalf of all Plaintiffs' Counsel for: (a) an award of attorneys' fees; plus (b) expenses or charges in connection with prosecuting the Litigation; plus (c) any interest on such attorneys' fees and expenses at the same rate and for the same periods as earned by the

- 23 -

1  Settlement Fund (until paid) as may be awarded by the Court.  Lead Counsel reserves

2  the right to make additional applications for fees and expenses incurred.  In addition,

3  Lead Plaintiff may also submit a request for an award pursuant to 15 U.S.C. §78u-

4  4(a)(4) for its representation of the Class.

5      6.2    The amount of attorneys' fees and expenses awarded by the Court is

6  within the sole discretion of the Court.  Any attorneys' fees and expenses awarded by

7  the Court shall be paid from the Settlement Fund to Lead Counsel immediately upon

8  entry of the Judgment and an Order awarding such attorneys' fees and expenses,

9  notwithstanding the existence of any timely filed objections thereto or to the

10  Settlement, or potential for appeal therefrom, or collateral attack on the awarded fees

11  and expenses, the Settlement, or any part thereof.  Lead Counsel shall allocate any

12  Court-awarded attorneys' fees and expenses among other Plaintiffs' Counsel in a

13  manner in which it in good faith believes reflects the contributions of such counsel to

14  the initiation, prosecution, and resolution of the Litigation.

15      6.3    In the event that the Effective Date does not occur, or the Judgment or the

16  order making the Fee and Expense Award is reversed or modified, or the Stipulation is

17  canceled or terminated for any other reason, and such reversal, modification,

18  cancellation or termination becomes Final and not subject to review, and in the event

19  that the Fee and Expense Award has been paid to any extent, then: (a) Lead Counsel

20  with respect to the entire Fee and Expense Award, and (b) such of Plaintiffs' Counsel

21  who have received any portion of the Fee and Expense Award shall within thirty (30)

22  business days from receiving notice from the Defendant Banc's counsel or from a

23  court of appropriate jurisdiction, refund to the Settlement Fund such fees and expenses

24  previously paid to them from the Settlement Fund plus interest thereon at the same

25  rate as earned on the Settlement Fund in an amount consistent with such reversal or

26  modification.  Each such Plaintiffs' Counsel's law firm receiving fees and expenses,

27  as a condition of receiving such fees and expenses, on behalf of itself and each partner

28  and/or shareholder of it, agrees that the law firm and its partners and/or shareholders

- 24 -

1    are subject to the jurisdiction of the Court for the purpose of enforcing the provisions

2    of this paragraph.

3        6.4    The procedure for and the allowance or disallowance by the Court of any

4    applications by Lead Counsel for attorneys' fees and expenses, or the expenses of

5    Lead Plaintiff, to be paid out of the Settlement Fund, are not part of the Settlement set

6    forth in the Stipulation, and are to be considered by the Court separately from the

7    Court's consideration of the fairness, reasonableness, and adequacy of the Settlement

8    set forth in the Stipulation, and shall have no effect on the terms of the Stipulation or

9    on the validity or enforceability of this Settlement.  The approval of the Settlement,

10   and it becoming Final, shall not be contingent on the award of attorneys' fees and

11   expenses, any award to Lead Plaintiff or Lead Counsel, nor any appeals to such

12   awards.  Lead Plaintiff and Lead Counsel may not cancel or terminate the Stipulation

13   or the Settlement in accordance with ¶¶7.1-7.9 or otherwise based on the Court's or

14   any appellate court's ruling with respect to fees and expenses in the Litigation.

15       6.5    Any fees and/or expenses awarded by the Court shall be paid solely from

16   the Settlement Fund.  The Released Defendant Parties shall have no responsibility for

17   any payment of attorneys' fees and/or expenses to Lead Counsel, Plaintiffs' Counsel,

18   or any other plaintiffs and counsel.

19       6.6    The Released Defendant Parties shall have no responsibility for the

20   allocation among Plaintiffs' Counsel, any other counsel who have represented one or

21   more plaintiffs in the Litigation, and/or any other Person who may assert some claim

22   thereto, of any Fee and Expense Award that the Court may make in the Litigation.

23   **7.     Conditions of Settlement, Effect of Disapproval,
24            Cancellation or Termination**

25       7.1    The Effective Date of the Settlement and the Sugarman Dismissal shall

26   be the first business day on which all of the following shall have occurred or been

27   waived:

28

- 25 -

4822-8588-3814.v8

(a)   the Settlement Amount has been deposited into the Escrow Account;

(b)   the Court has entered the Preliminary Approval Order, as required by ¶3.2 hereof;

(c)   the Court has entered the Judgment, or a judgment substantially in the form of Exhibit B attached hereto, following notice to the Class and the Settlement Hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure;

(d)   the Court has entered the dismissal with prejudice of Sugarman;

(e)   Defendant Banc has not exercised its option to terminate the Stipulation pursuant to ¶7.3 hereof;

(f)   the Judgment has become Final, as defined in ¶1.17 hereof; and

(g)   the Court's dismissal, with prejudice, of Sugarman has become Final, as defined in ¶1.17 hereof.

7.2   This is not a claims made settlement.  Upon the Effective Date, the Released Defendant Parties, including Defendant Banc, Defendant's insurers, and/or any other Person funding the Settlement on their behalf, shall have no interest in the Settlement Fund or in the Net Settlement Fund, shall not have any right to the return of the Settlement Fund or any portion thereof for any reason, and shall not have liability should Claims made exceed the amount available in the Settlement Fund for payment of such Claims.  The Released Defendant Parties shall not be liable for the loss of any portion of the Settlement Fund, nor have any liability, obligation, or responsibility for the payment of Claims, Taxes, legal fees, or any other expenses payable from the Settlement Fund. If the conditions specified in ¶7.1 hereof are not met, then the Stipulation shall be canceled and terminated subject to ¶7.4 hereof unless Lead Counsel and Defendant Banc's Counsel mutually agree in writing to proceed with the Stipulation.

7.3   If prior to the Settlement Hearing, the aggregate number of shares of Banc common stock purchased or acquired during the Class Period by Persons who

4822-8588-3814.v8

would otherwise be Class Members, but who request exclusion from the Class, exceeds the sum specified in a separate supplemental agreement between Lead Plaintiff and Defendant Banc (the "Supplemental Agreement"), Defendant Banc shall have the discretion to withdraw from or terminate this Stipulation in accordance with the procedures set forth in the Supplemental Agreement. The Settling Parties agree to maintain the confidentiality of the Supplemental Agreement, which shall not be filed with the Court unless a dispute arises as to its terms, or as otherwise ordered by the Court, nor shall the Supplemental Agreement otherwise be disclosed unless ordered by the Court. If required by the Court, the Supplemental Agreement and/or any of its terms may be disclosed *in camera* to the Court for purposes of approval of the Settlement, but such disclosure shall be carried out to the fullest extent possible in accordance with the practices of the Court so as to preserve the confidentiality of the Supplemental Agreement, particularly the threshold aggregate number of shares.

7.4     Defendant Banc and Lead Plaintiff shall each have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so to all other counsel of the Settling Parties within thirty (30) days of:

(a)     the Court's final non-appealable refusal to enter the Preliminary Approval Order or any material part of it;

(b)     the Settlement Amount not being timely funded when Lead Counsel has complied with ¶2.2 hereof;

(c)     the Court's final non-appealable refusal to approve this Stipulation or any material part of it;

(d)     the Court's final non-appealable refusal to enter the proposed Judgment or any material part of it;

(e)     The Court's final non-appealable refusal to enter the dismissal, with prejudice, of Sugarman; or

- 27 -

4822-8588-3814.v8

(f)     the Judgment being modified or reversed in any material respect by a Final order of the Court, the United States Court of Appeals, or the Supreme Court of the United States.

For the avoidance of doubt, no order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, expenses, and interest awarded by the Court to Lead Counsel or expenses to Lead Plaintiff shall operate to terminate or cancel this Stipulation or constitute grounds for cancellation or termination of the Stipulation.

7.5     Unless otherwise ordered by the Court, in the event the Settlement is not approved or the Settlement is terminated, canceled, or fails to become effective for any reason, within thirty (30) business days after joint written notification of such event is sent by Defendant Banc's Counsel and Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest), less expenses which have either been disbursed pursuant to ¶¶2.8 and 2.10 hereof, or are chargeable to the Settlement Fund pursuant to ¶¶2.8 and 2.10 hereof, shall be refunded by the Escrow Agent pursuant to written instructions from Defendant Banc's Counsel.  The Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Amount and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, pursuant to written instructions from Defendant Banc's Counsel.  In the event that the funds received by Lead Counsel consistent with ¶6.2 above have not been refunded to the Settlement Fund within the thirty (30) business days specified in this paragraph, those funds shall be refunded by the Escrow Agent pursuant to written instructions from Defendant Banc's Counsel immediately upon their deposit into the Escrow Account consistent with ¶6.3 above.

7.6     In the event that the Stipulation is not approved by the Court or the Settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Litigation as of September 18, 2019.  In such event, the terms and

- 28 -

4822-8588-3814.v8

provisions of the Stipulation and any aspect of the discussions or negotiations leading to this Stipulation, with the exception of ¶¶2.8, 2.10, 2.11, 6.3, 7.5-7.7, 8.4, and 8.6 hereof, shall not be admissible in this Litigation and shall not be used against or to the prejudice of Defendant Banc or against or to the prejudice of Lead Plaintiff, in any court filing, deposition, at trial, or otherwise, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*.

7.7     If the Effective Date does not occur, or if the Stipulation is terminated pursuant to its terms, neither Lead Plaintiff nor any of its counsel shall have any obligation to repay any amounts disbursed pursuant to ¶¶2.8 or 2.10.  In addition, any expenses already incurred pursuant to ¶¶2.8 or 2.10 hereof at the time of such termination or cancellation but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of the Stipulation prior to the balance being refunded in accordance with ¶¶2.11 and 7.5 hereof.

7.8     Defendant Banc warrants as to itself that, as to the payments made by or on behalf of it, at the time of such payment that Defendant Banc made or caused to be made pursuant to ¶2.2 hereof, it was not insolvent, nor will the payment required to be made by or on behalf of it render Defendant Banc insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§101 and 547 thereof.  This warranty is made by Defendant Banc and not by Defendant Banc's Counsel.

7.9     If, before the Settlement becomes Final, Defendant Banc files for protection under the Bankruptcy Code or any similar law or a trustee, receiver, conservator, or other fiduciary is appointed under Bankruptcy, and in the event of a final order of a court of competent jurisdiction, not subject to any further proceedings, determining the transfer of the Settlement Fund, or any portion thereof, by or on behalf of any Defendant to be a preference, voidable transfer, fraudulent transfer or similar transaction under Title 11 of the United States Code (Bankruptcy) or applicable state law and any portion thereof is required to be refunded and such

- 29 -

1  amount is not promptly deposited in the Settlement Fund by or on behalf of any other

2  Defendant, then, at the election of Lead Plaintiff, the Settlement may be terminated

3  and the releases given and the Judgment entered in favor of Defendant Banc pursuant

4  to the Settlement shall be null and void. In such instance, the Settling Parties shall be

5  restored to their respective positions in the Litigation as of September 18, 2019.

6      **8.    Miscellaneous Provisions**

7      8.1    The Settling Parties: (a) acknowledge that it is their intent to consummate

8  this agreement; and (b) agree to cooperate to the extent reasonably necessary to

9  effectuate and implement all terms and conditions of the Stipulation and to exercise

10 their best efforts to accomplish the foregoing terms and conditions of the Stipulation.

11     8.2    The Settling Parties intend the Settlement to be the full, final, and

12 complete resolution of all claims asserted or that could have been asserted by the

13 Settling Parties with respect to the Litigation, Released Plaintiff's Claims and

14 Released Defendant's Claims. The Settlement compromises claims which are

15 contested and shall not be deemed an admission by any Settling Party as to the merits

16 of any claim or defense. Pursuant to 15 U.S.C. §78u-4(c)(1), the Final Judgment will

17 contain a finding that, during the course of the Litigation, the Settling Parties and their

18 respective counsel at all times complied with the requirements of Federal Rule of

19 Civil Procedure 11 in connection with the maintenance, prosecution, defense, and

20 settlement of the Litigation and shall not make any application for sanctions, pursuant

21 to Rule 11 or other court rule or statute, with respect to any claim or defense in this

22 Litigation. The Settling Parties agree that the Settlement Amount and the other terms

23 of the Settlement were negotiated at arm's length and in good faith by the Settling

24 Parties, and reflect a settlement that was reached voluntarily based upon adequate

25 information and after consultation with competent legal counsel. The Settling Parties

26 reserve their right to rebut, in a manner that such party determines to be appropriate,

27 any contention made in any public forum regarding the Litigation, including that the

28 Litigation was brought or defended in bad faith or without a reasonable basis.

4822-8588-3814.v8

8.3     The Settling Parties shall, in good faith, endeavor to communicate the terms of the Settlement, if at all, in a manner that is respectful of the fact that no final adjudication of fault was determined by a court or a jury.

8.4     Except as set forth in ¶8.5 below, this Stipulation, whether or not consummated, and whether or not approved by the Court, and any discussions, negotiations, proceedings, or agreements relating to the Stipulation, the Settlement, and any matters arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the Settling Parties or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

(a)     do not constitute, and shall not be offered or received against or to the prejudice of Defendant Banc as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by Defendant Banc with respect to the truth of any allegation by Lead Plaintiff and the Class or the validity of any claim that has been or could have been asserted in the Litigation or in any litigation, including, but not limited to, the Released Plaintiff's Claims, or of any liability, damages, negligence, fault or wrongdoing of Defendant Banc or any person or entity whatsoever;

(b)     do not constitute, and shall not be offered or received against or to the prejudice of Defendant Banc as evidence of a presumption, concession, or admission of any fault, misrepresentations, or omission with respect to any statement or written document approved or made by Defendant Banc, or against or to the prejudice of Lead Plaintiff or any other Class Members as evidence of any infirmity in the claims of Lead Plaintiff or the other Class Members;

(c)     do not constitute, and shall not be offered or received against or to the prejudice of Defendant Banc, Lead Plaintiff, any other Class Members, or their respective counsel, as evidence of a presumption, concession or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any

- 31 -

1  way referred to for any other reason against or to the prejudice of any of the Settling

2  Parties, in any other civil, criminal, or administrative action or proceeding, other than

3  such proceedings as may be necessary to effectuate the provisions of this Stipulation;

4     (d) do not constitute, and shall not be construed as, or offered or

5  received against or to the prejudice of Defendant Banc, Lead Plaintiff, or any other

6  Class Members, as evidence of a presumption, concession, or admission that the

7  consideration to be given hereunder represents the amount which could be or would

8  have been recovered after trial;

9     (e) do not constitute, and shall not be construed as, or offered or

10  received against or to the prejudice of Defendant Banc, Lead Plaintiff, or any other

11  Class Members, as evidence of a presumption, concession, or admission that any of

12  their claims are without merit or infirm or that damages recoverable under the

13  Consolidated Complaint would not have exceeded the Settlement Amount.

14    8.5 Defendant Banc or any other Released Defendant Party may file this

15  Stipulation and/or the Judgment in any action that may be brought against it in order

16  to support a defense or counterclaim based on principles of *res judicata*, collateral

17  estoppel, release, statute of limitations, statute of repose, good-faith settlement,

18  judgment bar or reduction, or any theory of claim preclusion or issue preclusion or

19  similar defense or counterclaim, or to effectuate any liability protection granted them

20  under any applicable insurance policy. The Settling Parties may file this Stipulation

21  and/or the Judgment in any action that may be brought to enforce the terms of this

22  Stipulation and/or the Judgment.  All Settling Parties submit to the jurisdiction of the

23  Court for purposes of implementing and enforcing the Settlement.

24    8.6 All agreements made and orders entered during the course of the

25  Litigation relating to the confidentiality of information shall survive this Stipulation.

26    8.7 All of the Exhibits to the Stipulation, and the Supplemental Agreement,

27  are material and integral parts hereof and are fully incorporated herein by this

28  reference.

- 32 -

4822-8588-3814.v8

8.8     The Stipulation, along with its Exhibits and the Supplemental Agreement, may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

8.9     The waiver by one Settling Party of any breach of this Stipulation by any other Settling Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

8.10    The Stipulation, its Exhibits, and the Supplemental Agreement constitute the entire agreement among the Settling Parties and no representations, warranties or inducements have been made to any party concerning the Stipulation or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.

8.11    Lead Counsel, on behalf of the Class, is expressly authorized by Lead Plaintiff to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effectuate its terms and also is expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which it deems appropriate.

8.12    All counsel and any other person executing this Stipulation, its Exhibits, the Supplemental Agreement, or any related Settlement document, warrant and represent that they have the full authority to do so, and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms, without requiring additional consent, approval, or authorization of any other Person, board, entity, tribunal, or other regulatory or governmental authority.

8.13    The Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of executed counterparts shall be filed with the Court. Signatures sent by facsimile or pdf'd via e-mail shall be deemed originals.

4822-8588-3814.v8

1    8.14   This Stipulation shall be binding when signed, but the Settlement shall be

2  effective upon the entry of the Judgment and the payment in full of the Settlement

3  Amount, subject only to the condition that the Effective Date will have occurred.

4    8.15   The Stipulation shall be binding upon, and inure to the benefit of, the

5  successors and assigns of the Settling Parties hereto.

6    8.16   The headings herein are used for the purpose of convenience only and are

7  not meant to have legal effect.

8    8.17   The administration and consummation of the Settlement as embodied in

9  this Stipulation shall be under the authority of the Court, and the Court shall retain

10  jurisdiction for the purpose of entering orders providing for awards of attorneys' fees

11  and any expenses, and implementing and enforcing the terms of this Stipulation.

12    8.18   Pending approval of the Court of the Stipulation and its Exhibits, all

13  proceedings in this Litigation shall be stayed and all Members of the Class shall be

14  barred and enjoined from prosecuting any of the Released Plaintiff's Claims against

15  any of the Released Defendant Parties.

16    8.19   This Stipulation, its Exhibits, and the Supplemental Agreement shall be

17  considered to have been negotiated, executed and delivered, and to be wholly

18  performed, in the State of California.  The construction, interpretation, operation,

19  effect, and validity of this Stipulation, its Exhibits, the Supplemental Agreement, and

20  all documents necessary to effectuate them, shall be governed by the internal,

21  substantive laws of the State of California without giving effect to that State's choice-

22  of-law principles, except to the extent that federal law requires that federal law

23  govern.

24    8.20   This Stipulation shall not be construed more strictly against one Settling

25  Party than another merely by virtue of the fact that it, or any part of it, may have been

26  prepared by counsel for one of the Settling Parties, it being recognized that it is the

27  result of arm's-length negotiations among the Settling Parties, and all Settling Parties

28  have contributed substantially and materially to the preparation of this Stipulation.

4822-8588-3814.v8

1    8.21    Nothing in the Stipulation, or the negotiations relating thereto, is intended

2   to or shall be deemed to constitute a waiver of any applicable privilege or immunity,

3   including, without limitation, attorney-client privilege, joint defense privilege, or work

4   product protection.

5    8.22    Unless otherwise provided, the Settling Parties may agree to reasonable

6   extensions of time to carry out any of the provisions of this Stipulation without further

7   order of the Court.

8    8.23    Except as otherwise provided herein, each party shall bear its own costs.

9    IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be

10   executed, by their duly authorized attorneys, dated October 28, 2019.

11                                    ROBBINS GELLER RUDMAN
                                        & DOWD LLP
12                                    SPENCER A. BURKHOLZ
                                      LAURIE L. LARGENT
13                                    ROBERT R. HENSSLER JR.
                                      MATTHEW I. ALPERT
14                                    ERIKA OLIVER

15

16                                    SPENCER A. BURKHOLZ

17                                    655 West Broadway, Suite 1900
                                      San Diego, CA  92101
18                                    Telephone:  619/231-1058
                                      619/231-7423 (fax)
19
                                      Lead Counsel for Plaintiff
20

21                                    MORRISON & FOERSTER LLP
                                      MARK R. McDONALD
22                                    ROBERT B. HUBBELL

23

24                                    ROBERT B. HUBBELL

25                                    707 Wilshire Blvd., Suite 6000
                                      Los Angeles, CA  90017-3543
26                                    Telephone:  213/892-5200
                                      213/892-5454 (fax)
27
                                      Attorney for Defendant Banc of California, Inc.
28

- 35 -

4822-8588-3814.v8

1        8.21   Nothing in the Stipulation, or the negotiations relating thereto, is intended

2    to or shall be deemed to constitute a waiver of any applicable privilege or immunity,

3    including, without limitation, attorney-client privilege, joint defense privilege, or work

4    product protection.

5        8.22   Unless otherwise provided, the Settling Parties may agree to reasonable

6    extensions of time to carry out any of the provisions of this Stipulation without further

7    order of the Court.

8        8.23   Except as otherwise provided herein, each party shall bear its own costs.

9        IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be

10   executed, by their duly authorized attorneys, dated October 28, 2019.

11                           ROBBINS GELLER RUDMAN
                            & DOWD LLP
12                           SPENCER A. BURKHOLZ
                        LAURIE L. LARGENT
13                           ROBERT R. HENSSLER JR.
                        MATTHEW I. ALPERT
14                           ERIKA OLIVER

15

16                               SPENCER A. BURKHOLZ

17                           655 West Broadway, Suite 1900
                        San Diego, CA 92101
18                           Telephone: 619/231-1058
                        619/231-7423 (fax)
19
                        Lead Counsel for Plaintiff
20

21                           MORRISON & FOERSTER LLP
                        MARK R. McDONALD
22                           ROBERT B. HUBBELL

23                           *Robert Hubbell*

24                           ROBERT B. HUBBELL

25                           707 Wilshire Blvd., Suite 6000
                        Los Angeles, CA 90017-3543
26                           Telephone: 213/892-5200
                        213/892-5454 (fax)
27
                        Attorney for Defendant Banc of California, Inc.
28

                                - 35 -

INDEX OF EXHIBITS TO STIPULATION OF SETTLEMENT

| DOCUMENT | EXHIBIT |
|---|---|
| [Proposed] Order Preliminarily Approving Settlement and Providing for Notice | A |
| Notice of Pendency and Proposed Settlement of Class Action | A-1 |
| Proof of Claim and Release | A-2 |
| Summary Notice | A-3 |
| [Proposed] Final Judgment and Order of Dismissal with Prejudice | B |

# EXHIBIT A

ROBBINS GELLER RUDMAN
  & DOWD LLP
SPENCER A. BURKHOLZ (147029)
LAURIE L. LARGENT (153493)
ROBERT R. HENSSLER JR. (216165)
MATTHEW I. ALPERT (238024)
ERIKA OLIVER (306614)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
spenceb@rgrdlaw.com
llargent@rgrdlaw.com
bhenssler@rgrdlaw.com
malpert@rgrdlaw.com
eoliver@rgrdlaw.com

Lead Counsel for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| In re BANC OF CALIFORNIA SECURITIES LITIGATION | No. SACV 17-00118 AG (DFMx) consolidated with SACV 17-00138 AG (DFMx) |
| ――――――――――――――――――― | CLASS ACTION |
| This Document Relates To:<br><br>    ALL ACTIONS. | [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE |
| ――――――――――――――――――― | EXHIBIT A |

1    WHEREAS, an action is pending before this Court entitled *In re Banc of*
2  *California Securities Litigation*, No. SACV 17-00118 AG (DFMx) consolidated with
3  SACV 17-00138 AG (DFMx) (the "Litigation");

4    WHEREAS, the parties having made application, pursuant to Federal Rule of
5  Civil Procedure 23(e), for an order preliminarily approving the settlement of this
6  Litigation, in accordance with a Stipulation of Settlement dated October 28, 2019 (the
7  "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms
8  and conditions for a proposed settlement of the Litigation and for dismissal of the
9  Litigation with prejudice upon the terms and conditions set forth therein; and the
10  Court having read and considered the Stipulation and the Exhibits annexed thereto;
11  and

12    WHEREAS, unless otherwise defined, all terms used herein have the same
13  meanings as set forth in the Stipulation.

14    NOW, THEREFORE, IT IS HEREBY ORDERED:

15    1.    After a preliminary review, the Settlement appears to be fair, reasonable,
16  and adequate.  The Settlement: (a) resulted from arm's-length negotiations overseen
17  by an experienced mediator; and (b) is sufficient to warrant (i) notice thereof as set
18  forth below; and (ii) a full hearing on the Settlement.  Accordingly, the Court does
19  hereby preliminarily approve the Stipulation and the Settlement set forth therein,
20  subject to further consideration at the Settlement Hearing described below.

21    2.    A hearing (the "Settlement Hearing") shall be held before this Court on
22  _____, 2020, at _:__ _.m. [a date that is at least 100 days from the date of this
23  Order], at the United States District Court for the Central District of California,
24  Southern Division, Ronald Reagan Federal Building and U.S. Courthouse, 411 West
25  Fourth Street, Courtroom 10D, Santa Ana, CA 92701, for the following purposes:

26    (a)    to determine whether the Settlement is fair, reasonable, and
27  adequate, and should be approved by the Court;

28

- 1 -

4810-7969-4502.v4

(b)   to finally determine whether Judgment as provided under the Stipulation should be entered, dismissing the Consolidated Complaint on the merits and with prejudice, and to determine whether the release by the Class of the Released Defendant Parties as set forth in the Stipulation, should be ordered, along with a permanent injunction barring efforts to bring any Released Plaintiff's Claims or Released Defendant's Claims extinguished by the Settlement;

(c)   to finally determine whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

(d)   to consider the application of Lead Counsel for an award of attorneys' fees and expenses, and any application for an award to Lead Plaintiff;

(e)   to consider Class Members' objections, if any, to the Settlement, Plan of Allocation or application for fees and expenses; and

(f)   to rule upon such other matters as the Court may deem appropriate.

3.   The Court may adjourn the Settlement Hearing without further notice to the Members of the Class, and reserves the right to approve the Settlement with such modifications as may be agreed upon or consented to by the parties and without further notice to the Class where to do so would not impair Class Members' rights in a manner inconsistent with Rule 23 and due process of law.  The Court further reserves the right to enter its Judgment approving the Settlement and dismissing the Consolidated Complaint, on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses or made an award to Lead Plaintiff.

4.   The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and the Summary Notice, annexed hereto as Exhibits A-1, A-2, and A-3, respectively, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice, substantially in the manner and form

- 2 -

set forth in ¶¶7-8 of this Order, meet the requirements of Federal Rule of Civil Procedure 23 and due process, Section 21D of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the PSLRA, the rules of this Court, and any other applicable law, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

5.      The firm of Gilardi & Co. LLC ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below.

6.      Defendant Banc shall provide, or cause to be provided, to the Claims Administrator, at no cost to Lead Plaintiff, the Settlement Fund, Lead Counsel or the Claims Administrator, within twenty (20) business days after execution of the Stipulation, the names and addresses of Persons who purchased or acquired Banc common stock during the period from April 15, 2016 through January 20, 2017, inclusive, as listed on Banc's shareholder transfer records.  Defendant shall provide this documentation in an electronic searchable form, such as Excel.  In no event shall the Defendants or any of the Released Defendant Parties have any responsibility for the administration of the Settlement, and neither the Defendants nor any of the Released Defendant Parties shall have any obligation or liability to the Lead Plaintiff, Lead Counsel, or the Class in connection with such administration.

7.      Lead Counsel, through the Claims Administrator, shall commence mailing the Notice and Proof of Claim, substantially in the forms annexed hereto, within ten (10) business days after the Court signs this Order (the "Notice Date"), or by _____, 2019, by first-class mail to all Class Members who can be identified with reasonable effort, and to be posted on the Settlement website at www.BancOfCaliforniaSecuritiesSettlement.com.

8.      Not later than seven (7) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *The Wall Street Journal* and once over a national newswire service.

- 3 -

9.     At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendant Banc's Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

10.     Lead Counsel may make non-material edits to the Notice, Proof of Claim, and Summary Notice without Court approval.

11.     Nominees who purchased or acquired Banc common stock for the beneficial ownership of Class Members during the Class Period shall: (a) within seven (7) calendar days of receipt of the Notice and the Proof of Claim ("Notice Packet"), request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice Packet, send a list of the names and addresses of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail the Notice Packet to such beneficial owners.  Lead Counsel shall, if requested, reimburse banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

12.     In order to be entitled to participate in the recovery from the Settlement Fund after the Effective Date, each Class Member shall take the following action and be subject to the following conditions:

(a)     A properly completed and executed Proof of Claim must be submitted to the Claims Administrator, at the post office box or electronic mailbox indicated in the Notice and Proof of Claim, postmarked no later than ninety (90) calendar days from the Notice Date.  Such deadline may be further extended by Order of the Court.  Each Proof of Claim shall be deemed to have been submitted when

- 4 -

EXHIBIT A
41

legibly postmarked (if properly addressed and mailed by first-class mail).  Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator at the address designated in the Notice.

(b)     The Proof of Claim submitted by each Class Member must satisfy the following conditions: (i) it must be properly filled out, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Lead Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Class Member must be provided with the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)     Once the Claims Administrator has considered a timely submitted Proof of Claim, it shall determine whether such claim is valid, deficient or rejected. For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined.  Persons who timely submit a Proof of Claim that is deficient or otherwise rejected shall be afforded a reasonable time (at least seven (7) calendar days) to cure such deficiency if it shall appear that such deficiency may be cured.

(d)     For the filing of and all determinations concerning their Proof of Claim, each Class Member shall submit to the jurisdiction of the Court.

- 5 -

13.     Any Class Member who does not timely submit a valid and timely Proof of Claim within the time provided for, shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, but will in all other respects be subject to and bound by the provisions of the Stipulation and the Judgment, if entered. Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not an obligation) to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Settlement Fund to Authorized Claimants is not materially delayed thereby, but will bear no liability for failing to accept such late claims.

14.     Any Member of the Class may enter an appearance in the Litigation, at their own expense, individually or through counsel of their own choice.  If they do not enter an appearance, they will be represented by Lead Counsel.

15.     All Class Members shall be bound by all determinations and judgments in this Litigation, whether favorable or unfavorable, unless such persons request to be excluded, or "opt out," from the Class.  A Class Member wishing to be excluded from the Class must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), by first-class mail, such that it is postmarked no later than twenty-one (21) calendar days prior to the Settlement Hearing, or _____ 20__, to the address listed in the Notice.  A Request for Exclusion must be signed and must legibly state: (a) the name, address, and telephone number of the Person requesting exclusion; (b) the number of shares of Banc common stock that the Person requesting exclusion (i) owned as of the opening of trading on April 15, 2016, and (ii) purchased, acquired and/or sold during the Class Period, as well as the number of shares, dates and prices for each such purchase, acquisition and sale; and (c) that the Person wishes to be excluded from the Class in *In re Banc of California Securities Litigation*, No. SACV 17-00118 AG (DFMx) consolidated with SACV 17-00138 AG (DFMx).  All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution

- 6 -

1    of the Net Settlement Fund, and shall not be bound by the Stipulation or any Final

2    Judgment.  Unless otherwise ordered by the Court, any Class Member who does not

3    submit a valid and timely written Request for Exclusion as provided by this paragraph

4    shall be bound by the Stipulation.

5         16.    The Claims Administrator or Lead Counsel shall cause to be provided to

6    Defendant Banc's Counsel copies of all Requests for Exclusion no later than fifteen

7    (15) calendar days prior to the Settlement hearing.

8         17.    The Court will consider comments or objections to the Settlement, the

9    Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and

10    expenses, including Lead Plaintiff's expenses as provided for by 15 U.S.C.

11    §78u-4(a)(4), only if such comments or objections and any supporting papers are

12    served by hand or sent by first-class mail, and are received at least twenty-one (21)

13    calendar days prior to the Settlement Hearing, or _____, 20__:

14                   **Counsel for Lead Plaintiff**

15                   Robbins Geller Rudman & Dowd LLP
Theodore J. Pintar
16                   655 West Broadway, Suite 1900
San Diego, CA  92101
17

18                   **Counsel for Defendant**

19                   Morrison & Foerster LLP
Mark R. McDonald
20                   707 Wilshire Blvd., Suite 6000
Los Angeles, CA  90017

21    Those comments or objections and any supporting papers must also be filed with the

22    Clerk of the United States District Court for the Central District of California,

23    Southern Division, Ronald Reagan Federal Building and United States Courthouse,

24    411 West Fourth Street, Santa Ana, CA 92701, at least twenty-one (21) calendar days

25    prior to the Settlement Hearing, or _____, 20__.  Attendance at the Settlement

26    Hearing is not necessary but any Person wishing to be heard orally in opposition to the

27    Settlement, the Plan of Allocation, or the application for attorneys' fees and expenses

28    or an award to Lead Plaintiff are required to indicate in their written objection whether

4810-7969-4502.v4

they intend to appear at the Settlement Hearing.  The notice of objection must include documentation establishing the objecting Person's membership in the Class, including the number of shares of Banc common stock that the objecting Person: (i) owned as of the opening of trading on April 15, 2016; and (ii) purchased, acquired and/or sold during the Class Period, as well as the dates and prices for each such purchase, acquisition or sale, copies of any papers, briefs, or other documents upon which the objection is based, and the objector's signature, even if represented by counsel.  In addition, the objection must state whether it applies only to the objector, to a specific subset of the Class, or to the entire Class, and also state with specificity the grounds for the objection.  Any Member of the Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Lead Counsel or expenses of the Lead Plaintiff unless otherwise ordered by the Court.  Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

18.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

19.     All opening briefs and supporting documents in support of the Settlement, the Plan of Allocation, and any application by counsel for the Lead Plaintiff for attorneys' fees and expenses or by Lead Plaintiff for its expenses shall be filed and served no later than thirty-five (35) calendar days before the Settlement Hearing, or _____, 20__.  Replies to any objections shall be filed and served at least seven (7) calendar days prior to the Settlement Hearing, or _____, 20__.

20.     Neither Defendants nor the Released Defendant Parties shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or

- 8 -

expenses submitted by Lead Counsel or Lead Plaintiff, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.  Any order or proceeding relating to the Plan of Allocation or any application for attorneys' fees or expenses, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the settlement of the Litigation.

21.    At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or payment of expenses shall be approved.

22.    All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation.

23.    Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants or any of the Released Defendant Parties of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.

24.    If the Stipulation and the Settlement set forth therein is not approved or consummated for any reason whatsoever, the Stipulation and Settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the Settling Parties status *quo ante*.

25.    Pending final determination of whether the proposed Settlement should be approved, neither the Lead Plaintiff, nor any Class Member, directly or indirectly, representatively, or in any other capacity, shall commence or prosecute against any of the Released Defendant Parties, any action or proceeding in any court or tribunal asserting any of the Released Plaintiff's Claims.

- 9 -

26.     Pending further order of the Court, all litigation activity, except that contemplated herein, in the Stipulation, in the Notice, in the Summary Notice, or in the Judgment, is hereby stayed and all hearings, deadlines and other proceedings in this Action, except the Settlement Hearing and any deadlines set forth in this Order, are hereby taken off calendar.

27.     The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

28.     The Court's orders entered during this Litigation relating to the confidentiality of information shall survive this Settlement.

IT IS SO ORDERED.


DATED: _____        _____
                               THE HONORABLE ANDREW J. GUILFORD
                               UNITED STATES DISTRICT JUDGE

- 10 -

4810-7969-4502.v4

# EXHIBIT A-1

1   ROBBINS GELLER RUDMAN
      & DOWD LLP
2   SPENCER A. BURKHOLZ (147029)
    LAURIE L. LARGENT (153493)
3   ROBERT R. HENSSLER JR. (216165)
    MATTHEW I. ALPERT (238024)
4   ERIKA OLIVER (306614)
    655 West Broadway, Suite 1900
5   San Diego, CA  92101
    Telephone:  619/231-1058
6   619/231-7423 (fax)
    spenceb@rgrdlaw.com
7   llargent@rgrdlaw.com
    bhenssler@rgrdlaw.com
8   malpert@rgrdlaw.com
    eoliver@rgrdlaw.com
9
    Lead Counsel for Plaintiff
10
                    UNITED STATES DISTRICT COURT
11
                   CENTRAL DISTRICT OF CALIFORNIA
12
                         SOUTHERN DIVISION
13

| | |
|---|---|
| In re BANC OF CALIFORNIA SECURITIES LITIGATION | No. SACV 17-00118 AG (DFMx) consolidated with SACV 17-00138 AG (DFMx) |
| This Document Relates To: | CLASS ACTION |
| ALL ACTIONS. | NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION |
| | EXHIBIT A-1 |

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:  Please be advised that your rights may be affected by the above-captioned class action lawsuit pending in this Court (the "Litigation") if you purchased or otherwise acquired the common stock ("Securities") of Banc of California, Inc. ("Banc of California" or the "Company") from April 15, 2016 through January 20, 2017, inclusive (the "Class Period").[1]**

**NOTICE OF SETTLEMENT:  Please also be advised that Lead Plaintiff Iron Workers Local No. 25 Pension Fund ("Lead Plaintiff"), on behalf of the Class (as defined in ¶1 below), has reached a proposed settlement of the Litigation for a total of $19.75 million in cash that will resolve all claims in the Litigation (the "Settlement").**

**This Notice explains important rights you may have, including your possible receipt of cash from the Settlement.  Your legal rights will be affected whether or not you act.  Please read this Notice carefully!**

     1.    **Description of the Litigation and the Class**:  This Notice relates to a proposed Settlement of a class action lawsuit pending against Banc of California ("Defendant Banc of California") and Steven A. Sugarman ("Defendant Sugarman") (together, "Defendants").  The proposed Settlement, if approved by the Court, will apply to the following Class (the "Class"):  All persons and entities who purchased or otherwise acquired the common stock of Banc of California, Inc. ("Banc" or the "Company") during the period from April 15, 2016 through January 20, 2017, inclusive (the "Class Period"), and were damaged thereby.  Excluded from the Class are Defendants, present or former executive officers and directors of Banc and their immediate family members (as defined in 17 C.F.R. §229.404, Instructions (1)(a)(iii) and (1)(b)(ii)).  Anyone with questions as to whether or not they are excluded from the Class may call the Claims Administrator toll-free at 1-866-617-3471.  In addition to the proposed Settlement with Defendant Banc of California, Lead Plaintiff will be dismissing Defendant Sugarman, with prejudice, following the final approval and exhaustion of all appeals of the Settlement between Lead Plaintiff and Banc of California.  The Settlement with Defendant Banc is conditioned on the Court approving the dismissal of Defendant Sugarman with prejudice, and the dismissal of Defendant Sugarman with prejudice is conditioned on the Court approving the Settlement with Defendant Banc.

---

[1]    All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation of Settlement dated October 28, 2019 (the "Stipulation"), which is available on the website www.BancOfCaliforniaSecuritiesSettlement.com.

2.   **Statement of Class' Recovery**:  Subject to Court approval, and as described more fully in ¶¶39-45 below, Lead Plaintiff, on behalf of the Class, has agreed to settle all Released Plaintiff's Claims (as defined in ¶41 below) against Defendant Banc of California and other Released Defendant Parties (as defined in ¶42 below) in exchange for a settlement payment of $19.75 million in cash (the "Settlement Amount") to be deposited into an escrow account.  The Net Settlement Fund (the Settlement Fund less Taxes and Tax Expenses, Notice and Administration Expenses, attorneys' fees and litigation expenses, and an amount to Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(4) in connection with its representation of the Class) will be distributed in accordance with a plan of allocation (the "Plan of Allocation") that will be approved by the Court and will determine how the Net Settlement Fund shall be distributed to Members of the Class.  The Plan of Allocation is a basis for determining the relative positions of Class Members for purposes of allocating the Net Settlement Fund.  The proposed Plan of Allocation is included in this Notice, and may be modified by the Court without further notice.

3.   **Statement of Average Distribution Per Share**:  The Settlement Fund consists of the $19.75 million Settlement Amount plus interest earned.  Assuming all estimated potential Class Members elect to participate, the estimated average recovery is $0.52 per damaged share before deduction of Court-approved fees and expenses. Class Members may recover more or less than this amount depending on, among other factors, the aggregate value of the Recognized Claims represented by valid and acceptable Claim Forms; when their shares were purchased or acquired and the price at the time of purchase or acquisition; whether the shares were sold, and if so, when they were sold and for how much.  In addition, the actual recovery of Class Members may be further reduced by the payment of fees and costs from the Settlement Fund, as approved by the Court, including the cost of notifying Class Members and settlement administration and any attorneys' fees and expenses awarded by the Court to Lead Counsel and any award to Lead Plaintiff for its representation of the Class.

4.   **Statement of the Parties' Position on Damages**:  Defendant Banc of California vigorously denies and has denied all claims of wrongdoing, that it engaged in any wrongdoing, that it is liable to Lead Plaintiff and/or the Class and that Lead Plaintiff or other Members of the Class suffered any injury.  Moreover, the parties do not agree on the amount of recoverable damages if Lead Plaintiff were to prevail on each of the claims.  The issues on which the parties disagree include, but are not limited to, whether: (1) the statements made or facts allegedly omitted were material, false or misleading; (2) Defendants are otherwise liable under the securities laws for those statements or omissions; and (3) all or part of the damages allegedly suffered by Members of the Class were caused by economic conditions or factors other than the allegedly false or misleading statements or omissions.

- 2 -

5.    **Statement of Attorneys' Fees and Expenses Sought**:  Lead Counsel will apply to the Court, on behalf of all Plaintiffs' Counsel, for an award of attorneys' fees from the Settlement Fund of no more than 33% of the Settlement Amount, plus interest earned at the same rate and for the same period as earned by the Settlement Fund.  In addition, Lead Counsel also will apply to the Court for payment from the Settlement Fund for Plaintiffs' Counsel's litigation expenses (reasonable expenses or charges of Plaintiffs' Counsel in connection with commencing and prosecuting the Litigation), in an amount not to exceed $1.7 million, plus interest earned at the same rate and for the same period as earned by the Settlement Fund.  If the Court approves Lead Counsel's fee and expense application, the estimated average cost per damaged share is $0.21.  In addition, Lead Plaintiff may apply for an amount not to exceed $10,000 pursuant to 15 U.S.C. §78u-4(a)(4) in connection with its representation of the Class.

6.    **Identification of Attorneys' Representatives**:  Lead Plaintiff and the Class are being represented by Robbins Geller Rudman & Dowd LLP ("Lead Counsel").  Any questions regarding the Settlement should be directed to Theodore J. Pintar at Robbins Geller Rudman & Dowd LLP, 655 W. Broadway, Suite 1900, San Diego, CA 92101, 1-800-449-4900, tedp@rgrdlaw.com.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT | |
|---|---|
| DO NOTHING | Receive no payment pursuant to this Settlement. Remain a Class Member.  Give up your rights. |
| REMAIN A MEMBER OF THE CLASS AND SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN [_____], 20__ | This is the only way to be potentially eligible to receive a payment. |
| EXCLUDE YOURSELF FROM THE CLASS (OPT OUT) BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *POSTMARKED* NO LATER THAN [_____], 20__ | Receive no payment pursuant to this Settlement. This is the only option that allows you to ever potentially be part of any other lawsuit against Defendant Banc of California or the other Released Defendant Parties concerning the Released Plaintiff's Claims. |

- 3 -

| | | |
|---|---|---|
| 1<br>2<br>3<br>4<br>5 | OBJECT TO THE SETTLEMENT SO THAT IT IS ***RECEIVED*** NO LATER THAN [_____], 20__ | Write to the Court if you have any objection to the fairness of the Settlement, the request for attorneys' fees and expenses, the requested award to Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(4) in connection with its representation of the Class, or the proposed Plan of Allocation. |
| 6<br>7<br>8<br>9 | GO TO THE HEARING ON [_____], 20__, AT __:__ _.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS ***RECEIVED*** NO LATER THAN [_____], 20__ | Ask to speak in Court about the fairness of the Settlement, the proposed Plan of Allocation, the request for attorneys' fees and litigation expenses, or the requested award to Lead Plaintiff. |

| **WHAT THIS NOTICE CONTAINS** | |
|---|---|
| Why Did I Get This Notice? | Page ____ |
| What Is This Case About?  What Has Happened So Far? | Page ____ |
| How Do I Know If I Am Affected By The Settlement? | Page ____ |
| Why Did Lead Plaintiff Agree To The Settlement? | Page ____ |
| What Might Happen If There Were No Settlement? | Page ____ |
| How Much Will My Payment Be? | Page ____ |
| How Will My Claim Be Calculated? | Page ____ |
| What Rights Am I Giving Up By Agreeing To The Settlement? | Page ____ |
| What Payment Are The Attorneys For The Class Seeking?<br>How Will The Lawyers Be Paid? | Page ____ |
| How Do I Participate In The Settlement?<br>What Do I Need To Do? | Page ____ |
| What If I Do Not Want To Be A Part Of The Settlement?<br>How Do I Exclude Myself? | Page ____ |
| When And Where Will The Court Decide Whether To Approve The Settlement? Do I Have To Come To The Hearing?<br>May I Speak At The Hearing If I Don't Like The Settlement? | Page ____ |
| What If I Bought Shares On Someone Else's Behalf? | Page ____ |
| Can I See The Court File?  Whom Should I Contact If I Have Questions? | Page ____ |

- 4 -

## WHY DID I GET THIS NOTICE?

7.    You or someone in your family may have purchased or otherwise acquired Banc of California Securities between April 15, 2016 and January 20, 2017, inclusive.

8.    The Court directed that you be sent this Notice because you have a right to know about a settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the Settlement.  If the Court approves it and after any objections or appeals (if there are any) are resolved, the Claims Administrator appointed by the Court will make the payments that the Settlement allows.

9.    This package explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

## WHAT IS THIS CASE ABOUT?  WHAT HAS HAPPENED SO FAR?

10.    This Litigation arises under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and alleges that during the period between April 15, 2016 and January 20, 2017, inclusive (the "Class Period"), Defendants made, or caused to be made, materially false and misleading statements about Sugarman's, the former Chief Executive Officer, business and financial ties to an admitted securities fraudster, Jason W. Galanis ("Galanis"), and the internal investigation Banc of California initiated during the latter part of 2015, which purportedly sought to determine the existence of the alleged ties to Galanis.

11.    Lead Plaintiff alleges that Defendants concealed these facts from investors and that this scheme artificially inflated Banc of California Securities during the Class Period.  Lead Plaintiff alleges that on October 18, 2016, an article published on the *Seeking Alpha* website revealed the Galanis ties, and Banc of California's stock price declined from a close of $15.87 per share on October 17, 2016 to a close of $11.26 per share on October 18, 2016.  Lead Plaintiff also alleges that on January 23, 2017, Banc of California announced that it misled investors about the independence of its investigation into the ties between Galanis and Banc of California and disclosed that the SEC had launched a formal investigation.  Lead Plaintiff alleges that, as a result of the January 23, 2017 news, shares of Banc of California stock dropped $1.50 per share to close at $14.65 at the close of trading on January 23, 2017.

12.    The initial complaint in this Litigation was filed on January 23, 2017, in the United States District Court for the Central District of California, Southern

- 5 -

Division (the "Court").  On May 1, 2017, the Court issued an order appointing Iron Workers Local No. 25 Pension Fund as Lead Plaintiff, and Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as Lead Counsel.

13.  On May 31, 2017, Lead Plaintiff filed its Consolidated Amended Complaint for Violation of the Federal Securities Laws ("Consolidated Complaint"). On June 30, 2017, Defendants moved to dismiss the Consolidated Complaint, which was opposed by Lead Plaintiff.  On September 6, 2017, the Court granted in part and denied in part Defendants' motion to dismiss.

14.  On October 2, 2017, Lead Plaintiff and the Defendants filed a joint report and Rule 26(f) discovery plan, and October 10, 2017, Defendants filed their answers to the Consolidated Complaint.  Shortly thereafter, Lead Plaintiff and the Defendants began formal discovery.  Over the course of the case Lead Plaintiff served several sets of written discovery on Defendants and issued 78 document subpoenas to third parties.  At the time the Settlement was reached, counsel for Lead Plaintiff had collected and analyzed over 457,000 pages of documents from Defendants and over 773,000 pages from various third parties and deposed 17 fact witnesses.  Lead Plaintiff and the Defendants had also exchanged expert reports.

15.  On December 20, 2017, Lead Plaintiff moved for this action to be certified as a class action, to be appointed as Class Representative and for Robbins Geller to be appointed as Class Counsel.  After extensive briefing on class certification issues, the Court granted the motion on May 31, 2018.  Defendants then filed a petition for permission to appeal the Court's certification order to the U.S. Court of Appeals for the Ninth Circuit on June 14, 2018, which Lead Plaintiff opposed.  The Ninth Circuit denied Defendants' petition on September 19, 2018.

16.  In August 2018, Lead Plaintiff and the Defendants engaged the services of Robert H. Fairbank, a nationally recognized mediator, to facilitate settlement negotiations.  On August 10, 2018, Lead Plaintiff and the Defendants participated in a full day in-person mediation with Mr. Fairbank.  The case did not settle, and the parties continued to litigate the case.  In June 2019, Lead Plaintiff and the Defendants engaged the services of the Hon. Layn Phillips (Ret.) and Michelle Yoshida of Phillips ADR Enterprises, a nationally recognized mediation firm.  Lead Plaintiff and the Defendants participated in an in-person mediation session with Judge Phillips and Ms. Yoshida on June 21, 2019.  While the parties did not reach an agreement to settle the Litigation at the mediation, they continued settlement negotiations with the assistance of Judge Phillips and Ms. Yoshida, who provided Lead Plaintiff and the Defendants with a mediator's proposal on September 14, 2019.  The Settling Parties each accepted the mediator's proposal to settle the Litigation for $19.75 million.

- 6 -

EXHIBIT A-1
54

17.     Lead Plaintiff also agreed to dismiss, with prejudice, Steven A. Sugarman, once the Court has entered the Final Judgment and Order of Dismissal with Prejudice in connection with the Settlement, and the Judgment has become Final, *i.e.*, following the exhaustion of all appeals, Lead Counsel will file a request to dismiss, with prejudice, Steven A. Sugarman.  The Settlement will not become Effective until the exhaustion of all appeals of the Sugarman dismissal.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?

18.     If you are a Member of the Class, you are subject to the Settlement unless you timely request to be excluded.  The Class consists of all persons and entities who purchased or otherwise acquired the common stock of Banc of California, Inc. during the Class Period, and were damaged thereby.   Excluded from the Class are Defendants, present or former executive officers and directors of Banc and their immediate family members (as defined in 17 C.F.R. §229.404, Instructions (1)(a)(iii) and (1)(b)(ii)).  Anyone with questions as to whether or not they are excluded from the Class may call the Claims Administrator toll-free at 1-866-617-3471.

RECEIPT OF THIS NOTICE DOES NOT NECESSARILY MEAN THAT YOU ARE A CLASS MEMBER OR THAT YOU ARE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.  IF YOU WISH TO BE POTENTIALLY ELIGIBLE TO RECEIVE A DISTRIBUTION OF THE SETTLEMENT PROCEEDS, YOU MUST COMPLETE, SIGN AND SUBMIT THE ENCLOSED CLAIM FORM POSTMARKED NO LATER THAN [_____], 20__.

## WHY DID LEAD PLAINTIFF AGREE TO THE SETTLEMENT?

19.     Lead Plaintiff and Lead Counsel believe that the claims asserted in the action have merit.  Lead Plaintiff and Lead Counsel recognize, however, that pursuing their claims through trials and appeals would be expensive, lengthy, and may result in a smaller recovery or no recovery at all.

20.     The Settlement provides a substantial and immediate recovery.  Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Class.  The Settlement was negotiated by both sides of the Litigation with the assistance of a highly respected mediator.

21.     Defendants have vigorously denied each and all of the claims alleged by Lead Plaintiff in the Litigation.  Defendants expressly have denied all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts

4829-9028-0358.v4

or omissions alleged, or that could have been alleged, in the Litigation.  Defendants also have denied, among other things, the allegations that Lead Plaintiff or the Class have suffered any damage or that Lead Plaintiff or the Class were harmed by the conduct alleged in the Litigation.  Although Defendant Banc of California continues to deny Lead Plaintiff's allegations, it has concluded that further defense of the Litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

22.   If there were no Settlement, Lead Plaintiff may fail to establish an essential legal or factual element of the alleged claims.  Then, neither Lead Plaintiff nor the Class would recover anything from Defendants.   Also, if Defendants successfully proved any of their defenses, the Class may recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW MUCH WILL MY PAYMENT BE?

23.   Defendant Banc of California has agreed to cause to be paid by its insurance carriers Nineteen Million, Seven Hundred Fifty Thousand Dollars ($19,750,000.00) in cash into escrow for the benefit of the Class.  At this time, it is not possible to make any final determination of how much individual Class Members may receive from the Settlement.  Lead Plaintiff has proposed a plan for allocating the Net Settlement Fund to those Class Members who timely submit valid Claim Forms.  The Plan of Allocation proposed by Lead Plaintiff is set forth below, and additional information is available on the website created for purposes of this Settlement, www.BancOfCaliforniaSecuritiesSettlement.com.

24.   Payment pursuant to the Plan of Allocation shall be conclusive against all Authorized Claimants.    No person or entity shall have any claim based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further order(s) of the Court against Lead Counsel, Lead Plaintiff, Class Members, the Claims Administrator, Defendants and the other Released Defendant Parties (defined below), or any person or entity designated by Lead Counsel.  All Members of the Class who fail to timely submit an acceptable Claim Form by the deadline set by the Court, or such other deadline as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Settlement, but will in all other respects be subject to and bound by the terms of the Settlement, including the release of the Class Member's Released Plaintiff's Claims.

4829-9028-0358.v4

EXHIBIT A-1

25.     The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the claim of any Member of the Class.

26.     The Plan of Allocation set forth below is the proposed plan submitted by Lead Plaintiff and Lead Counsel for the Court's approval.  The Court may approve this plan as proposed or it may modify it without further notice to the Class.

27.     Each Claimant shall be deemed to have submitted to the jurisdiction of the United States District Court for the Central District of California, Southern Division, with respect to his, her or its Claim Form.

28.     Persons and entities that exclude themselves from the Class will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.

## PLAN OF ALLOCATION

29.     The objective of the Plan of Allocation is to equitably distribute the settlement proceeds to those Class Members who suffered economic losses as a proximate result of the alleged wrongdoing.  In developing the Plan of Allocation, Lead Plaintiff's damages expert calculated the potential amount of estimated alleged artificial inflation in Banc of California Securities that according to Lead Plaintiff's allegations was caused by Defendants' alleged false and misleading statements and material omissions.   In calculating the estimated artificial inflation caused by Defendants' alleged misrepresentations and omissions, Lead Plaintiffs' damages expert considered the market and industry adjusted price changes in Banc of California's Securities prices following certain corrective disclosures regarding Banc of California and the allegations in the Consolidated Complaint.

30.     The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Class Members might have been able to recover after a trial.  Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

## HOW WILL MY CLAIM BE CALCULATED?

31.     As discussed above, the Settlement provides $19,750,000 in cash for the benefit of the Class.  The Settlement Amount and any interest it earns constitute the

- 9 -

"Settlement Fund." The Settlement Fund, after deduction of Court-approved attorneys' fees and expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court, is the "Net Settlement Fund." If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to Authorized Claimants – *i.e.*, members of the Class who timely submit valid Claim Forms that are accepted for payment by the Court – in accordance with this proposed Plan of Allocation ("Plan of Allocation" or "Plan") or such other plan of allocation as the Court may approve. Class Members who do not timely submit valid Claim Forms will not share in the Net Settlement Fund, but will otherwise be bound by the Settlement. The Court may approve this proposed Plan of Allocation, or modify it, without additional notice to the Class. Any order modifying the Plan of Allocation will be posted on the Settlement website, www.BancOfCaliforniaSecuritiesSettlement.com.

32.     In order to have recoverable damages in connection with purchases of Banc of California common stock during the Class Period, disclosure(s) of the alleged misrepresentations or omissions must be the cause of the decline(s) in the price of the Banc of California common stock. In this case, Plaintiff alleges that Defendants made false statements and omitted material facts during the period from April 15, 2016 through and including the close of trading on January 20, 2017, which had the effect of artificially inflating the prices of Banc of California common stock. Artificial inflation was removed from the price of Banc of California common stock as the result of the alleged corrective disclosures that occurred on October 18, 2016, during trading hours, and January 23, 2017, prior to the start of trading.[2] In order to have a "Recognized Claim Amount" under the Plan of Allocation, shares of Banc of California publicly traded common stock must have been (i) purchased or otherwise acquired during the Class Period; and (ii) held through one or both corrective disclosures.

## CALCULATION OF RECOGNIZED CLAIM AMOUNT

33.     Based on the formulas stated below, a "Recognized Claim Amount" will be calculated for each purchase or acquisition of Banc of California publicly traded common stock during the Class Period that is listed on the Claim Form and for which adequate documentation is provided. If a Recognized Claim Amount calculates to a negative number or zero under the formula below, that Recognized Claim Amount will be zero.

---

[2]     Any transactions in Banc of California common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

- 10 -

EXHIBIT A-1

58

1    34.    For each share of Banc of California publicly traded common stock purchased or otherwise acquired during the period from April 15, 2016 through January 20, 2017, inclusive, and:

3    (a)    Sold prior to the close of trading on October 17, 2016, the Recognized Claim Amount per share is zero.

5    (b)    Retained at the end of October 17, 2016 and sold before January 23, 2017, the claim per share shall be the lesser of: (i) the decline in inflation shown in Table-1; and (ii) the difference between the purchase price and the sale price.

8    (c)    Retained on or beyond January 23, 2017 and sold before April 21, 2017, the claim per share shall be the least of: (i) the decline in inflation shown in Table-1; (ii) the difference between the purchase price and the sale price; and (iii) the difference between the purchase price and the average closing price up to the date of sale as set forth in Table-2 below.

12    (d)    Held as of the close of trading on April 21, 2017, the claim per share shall be the lesser of: (i) the decline in inflation shown in Table-1; and (ii) the difference between the purchase price and $19.49 per share.[3]

---

[3]    Under Section 21(D)(e)(1) of the Exchange Act, "in any private action arising under this Act in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the statute, Recognized Claim Amounts are reduced to an appropriate extent by taking into account the closing prices of Banc of California common stock during the 90-day look-back period.  The mean (average) closing price for Banc of California common stock during this 90-day look-back period was $19.49 as shown in Table-2.

- 11 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TABLE-1**

**Decline in Inflation**

| Purchase Date | Date of Sale | | |
| --- | --- | --- | --- |
| | 4/15/2016 through 10/17/2016 | 10/18/2016 through 1/22/2017 | Retained on or Beyond 1/23/2017 |
| 4/15/2016 through 10/17/2016 | $0.00 | $4.70 | $6.17 |
| 10/18/2016 through 1/20/2017 | | $0.00 | $1.47 |
| Purchased on or After 1/21/2017 | | | $0.00 |

1

## TABLE-2

2

**Banc of California Closing Price and Average Closing Price**

3

**January 23, 2017 - April 21, 2017**

4

| Date | Banc Closing Price | Banc Average Closing Price | Date | Banc Closing Price | Banc Average Closing Price |
|---|---|---|---|---|---|
| 1/23/2017 | $14.65 | $14.65 | 3/9/2017 | $20.70 | $18.30 |
| 1/24/2017 | $15.70 | $15.18 | 3/10/2017 | $20.90 | $18.38 |
| 1/25/2017 | $14.95 | $15.10 | 3/13/2017 | $20.65 | $18.44 |
| 1/26/2017 | $15.40 | $15.18 | 3/14/2017 | $20.65 | $18.51 |
| 1/27/2017 | $14.80 | $15.10 | 3/15/2017 | $20.90 | $18.57 |
| 1/30/2017 | $15.25 | $15.13 | 3/16/2017 | $20.75 | $18.63 |
| 1/31/2017 | $15.80 | $15.22 | 3/17/2017 | $20.75 | $18.68 |
| 2/1/2017 | $16.00 | $15.32 | 3/20/2017 | $20.80 | $18.74 |
| 2/2/2017 | $15.80 | $15.37 | 3/21/2017 | $20.20 | $18.77 |
| 2/3/2017 | $16.35 | $15.47 | 3/22/2017 | $19.85 | $18.80 |
| 2/6/2017 | $16.20 | $15.54 | 3/23/2017 | $20.20 | $18.83 |
| 2/7/2017 | $16.30 | $15.60 | 3/24/2017 | $20.30 | $18.86 |
| 2/8/2017 | $16.10 | $15.64 | 3/27/2017 | $20.75 | $18.90 |
| 2/9/2017 | $19.75 | $15.93 | 3/28/2017 | $20.95 | $18.95 |
| 2/10/2017 | $19.90 | $16.20 | 3/29/2017 | $20.70 | $18.99 |
| 2/13/2017 | $20.15 | $16.44 | 3/30/2017 | $20.90 | $19.03 |
| 2/14/2017 | $20.10 | $16.66 | 3/31/2017 | $20.70 | $19.06 |
| 2/15/2017 | $20.45 | $16.87 | 4/3/2017 | $20.20 | $19.08 |
| 2/16/2017 | $20.30 | $17.05 | 4/4/2017 | $19.95 | $19.10 |
| 2/17/2017 | $19.85 | $17.19 | 4/5/2017 | $19.90 | $19.12 |
| 2/21/2017 | $19.80 | $17.31 | 4/6/2017 | $20.55 | $19.14 |
| 2/22/2017 | $19.50 | $17.41 | 4/7/2017 | $20.25 | $19.16 |
| 2/23/2017 | $19.55 | $17.51 | 4/10/2017 | $20.30 | $19.18 |
| 2/24/2017 | $19.35 | $17.58 | 4/11/2017 | $21.60 | $19.23 |
| 2/27/2017 | $20.00 | $17.68 | 4/12/2017 | $21.40 | $19.26 |
| 2/28/2017 | $19.45 | $17.75 | 4/13/2017 | $21.05 | $19.30 |
| 3/1/2017 | $20.55 | $17.85 | 4/17/2017 | $21.70 | $19.34 |
| 3/2/2017 | $20.25 | $17.94 | 4/18/2017 | $21.45 | $19.37 |
| 3/3/2017 | $20.30 | $18.02 | 4/19/2017 | $21.30 | $19.40 |
| 3/6/2017 | $19.95 | $18.08 | 4/20/2017 | $21.95 | $19.44 |
| 3/7/2017 | $20.45 | $18.16 | 4/21/2017 | $22.10 | $19.49 |
| 3/8/2017 | $20.35 | $18.23 | | | |

- 13 -

## ADDITIONAL PROVISIONS

35.     If a Class Member held Banc of California common stock at the beginning of the Class Period or made multiple purchases or sales of Banc of California common stock during or after the Class Period, the starting point for calculating a Claimant's Recognized Claim is to match the Claimant's holdings, purchases and acquisitions to their sales using the FIFO (*i.e.*, first-in-first-out) method. Under the FIFO method, Banc of California common stock sold during the Class Period will be matched, in chronological order first against Banc of California common stock held at the beginning of the Class Period. The remaining sales of Banc of California common stock during the Class Period will then be matched, in chronological order against Banc of California common stock purchased during the Class Period.

36.     Purchases and sales of Banc of California common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of Banc of California common stock during the Class Period shall not be deemed a purchase or sale of Banc of California common stock for the calculation of Recognized Claim, unless (i) the donor or decedent purchased such shares of Banc of California common stock during the Class Period; (ii) no Proof of Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of Banc of California common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

37.     If a Claimant had a market gain with respect to his, her, or its overall transactions in Banc of California Securities during the Class Period, the value of the Claimant's Recognized Claim shall be zero. Such Claimants shall be bound by the Settlement. If a Claimant suffered an overall market loss with respect to his, her, or its overall transactions in Banc of California Securities during the Class Period, but that market loss was less than the total Recognized Claim calculated above, then the Claimant's Recognized Claim shall be limited to the amount of the actual market loss.

38.     An Authorized Claimant's Recognized Claim shall be the amount used to calculate the Authorized Claimant's *pro rata* share of the Net Settlement Fund. If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share shall be the Authorized Claimant's Recognized Claim divided by the total of the Recognized Claim of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. Given the costs of

- 14 -

distribution, the Net Settlement Fund will be allocated among all Authorized Claimants whose distribution amount is $10 or greater.

## WHAT RIGHTS AM I GIVING UP BY AGREEING TO THE SETTLEMENT?

39.     If the Settlement is approved, the Court will enter a judgment (the "Judgment").  The Judgment will dismiss with prejudice the claims against Defendant Banc of California and will provide that Lead Plaintiff and all other Releasing Plaintiff Parties (as defined in ¶43 below) shall have waived, released, discharged, and dismissed each and every one of the Released Plaintiff's Claims (as defined in ¶41 below), including Unknown Claims (as defined in ¶44 below), against each and every one of the Released Defendant Parties (as defined in ¶42 below) and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Plaintiff's Claims against any and all of the Released Defendant Parties, whether or not they execute and deliver the Claim Form or share in the Settlement Fund.  Claims to enforce the terms of the Settlement are not released.

40.     Any Plan of Allocation, request for an award of attorneys' fees and expenses, or an award to Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(4) in connection with its representation of the Class, will in no way disturb or affect the Judgment and are each considered separate from the Judgment.  Any order or proceeding relating to the Plan of Allocation, any order entered regarding any award of attorneys' fees and expenses or award to Lead Plaintiff, or any appeal from any order relating thereto or reversal or modification thereof, shall not affect or delay the finality of the Judgment.

41.     "Released Plaintiff's Claims" means any and all claims and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, common, or foreign law, that Lead Plaintiff or any other members of the Class asserted or could have asserted in any forum that arise out of or are based upon (a) the allegations, transactions, facts, matters or occurrences, representations or omissions referred to in the operative complaint, and (b) the purchase or acquisition of Banc of California common stock during the Class Period.  "Released Plaintiff's Claims" includes "Unknown Claims" as defined in ¶44 below.  "Released Plaintiff's Claims" do not include any claims relating to the enforcement of the Settlement.

42.     "Released Defendant Party" or "Released Defendant Parties" means Defendant Banc of California, and each of its respective past, present, or future subsidiaries, parents, affiliates, attorneys, principals, successors and predecessors, joint venturers, assigns, officers, directors, shareholders, underwriters, trustees, partners, members, agents, fiduciaries, contractors, employees, insurers, co-insurers,

- 15 -

reinsurers, controlling shareholders, accountants or auditors, commercial bank lenders, financial or investment advisors, consultants, banks or investment bankers, personal or legal representatives, estates, heirs, related or affiliated entities, in their capacity as such, and any entity in which Defendant Banc of California has a controlling interest.

43.   "Releasing Plaintiff Party" or "Releasing Plaintiff Parties" means Lead Plaintiff, Lead Counsel, each and every Class Member, and each of their respective past or present subsidiaries, parents, affiliates, principals, successors and predecessors, joint venturers, assigns, officers, directors, shareholders, underwriters, trustees, partners, members, agents, fiduciaries, contractors, employees, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, accountants or auditors, financial or investment advisors or consultants, banks or investment bankers, personal or legal representatives, estates, heirs, related or affiliated entities in their capacity as such. Releasing Plaintiff Parties do not include any Person who timely and validly seeks exclusion from the Class.

44.   "Unknown Claims" means any and all Released Plaintiff's Claims which the Releasing Plaintiff Parties do not know or suspect to exist in their favor at the time of the release of the Released Defendant Parties, and any and all Released Defendant's Claims which the Released Defendant Parties do not know or suspect to exist in their favor at the time of the release of the Releasing Plaintiff Parties, which, if known by him, her, or it, might have affected his, her or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Class.  With respect to any and all Released Plaintiff's Claims and Released Defendant's Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and Defendant Banc of California shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have expressly waived, the provisions, rights, and benefits of California Civil Code §1542, which provides:

**A general release does not extend to claims which the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Lead Plaintiff and Defendant Banc of California shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or any foreign country, or any principle of common law, which is similar, comparable or equivalent in substance to California Civil Code §1542.  Lead Plaintiff, any

- 16 -

Releasing Plaintiff Party, Defendant Banc of California, or any Released Defendant Party may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Plaintiff's Claims and the Released Defendant's Claims, but Lead Plaintiff and Defendant Banc of California shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiff's Claims and Released Defendant's Claims as applicable, known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which now exist, or heretofore existed, or may hereafter exist, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Lead Plaintiff and Defendant Banc of California acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

45.     The Judgment also will provide that Defendant Banc of California and each and every Released Defendant Party shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Defendant's Claims against each and every one of the Releasing Plaintiff Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Defendant's Claims against any and all of the Releasing Plaintiff Parties. Claims to enforce the terms of the Stipulation are not released.

> **WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING?  HOW WILL THE LAWYERS BE PAID?**

46.     Lead Counsel has not received any payment for its services in pursuing claims against Defendants on behalf of the Class, nor has Lead Counsel been paid for its expenses. Before final approval of the Settlement, Lead Counsel intends to apply to the Court for an award of attorneys' fees, on behalf of all Plaintiffs' Counsel, from the Settlement Fund of no more than 33% of the Settlement Amount and for payment of Plaintiffs' Counsel's litigation expenses in an amount not to exceed $1.7 million, plus interest on both amounts. In addition, Lead Plaintiff may apply for an amount not to exceed $10,000 pursuant to 15 U.S.C. §78u-4(a)(4) in connection with its representation of the Class. The Court will determine the amount of the award of fees and expenses. Such sums as may be approved by the Court will be paid from the

- 17 -

Settlement Fund.  Class Members are not personally liable for any such fees or expenses.

<div style="border: 1px solid black; background: yellow; text-align: center;">

**HOW DO I PARTICIPATE IN THE SETTLEMENT?**
**WHAT DO I NEED TO DO?**

</div>

47.     If you fall within the definition of the Class as described above, and you are not excluded by the definition of the Class and you do not elect to exclude yourself from the Class, then you are a Class Member, and you will be bound by the proposed Settlement if the Court approves it, and by any judgment or determination of the Court affecting the Class.  If you are a Class Member, you must submit a Claim Form and supporting documentation to establish your potential entitlement to share in the proceeds of the Settlement.  A Claim Form is included with this Notice, or you may go to the website maintained by the Claims Administrator for the Settlement to download a copy or request that a Claim Form be mailed to you.  The website is www.BancOfCaliforniaSecuritiesSettlement.com.  You may also request a Claim Form by calling toll-free 1-866-617-3471.  If you exclude yourself from the Class or do not submit a timely and valid Claim Form with adequate supporting documentation, you will not be entitled to share in the proceeds of the Settlement unless otherwise ordered by the Court.  Please retain all original records of your ownership of, or transactions in, the shares, as they may be needed to document your claim.

48.     As a Class Member, for purposes of the Settlement, you are represented by Lead Plaintiff and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You need not retain your own counsel, but if you choose to do so, your counsel must file a notice of appearance on your behalf and must serve copies of his or her notice of appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?" below.

49.     If you do not wish to remain a Class Member, you may exclude yourself from the Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Part Of The Settlement? How Do I Exclude Myself?" below.  If you exclude yourself from the Class, you will not be eligible to receive any benefit from the Settlement and you should not submit a Claim Form but you will retain the right to be a part of any other lawsuit against any of the Released Defendant Parties (as defined in ¶42 above) with respect to any of the Released Plaintiff's Claims (as defined in ¶41 above).

- 18 -

50.     If you wish to object to the Settlement or any of its terms, the proposed Plan of Allocation, or Lead Counsel's application for attorneys' fees and litigation expenses, and if you do not exclude yourself from the Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?" below.  If you exclude yourself from the Class, you are not entitled to submit an objection.

**WHAT IF I DO NOT WANT TO BE A PART OF THE SETTLEMENT? HOW DO I EXCLUDE MYSELF?**

51.     Each Class Member will be bound by all determinations and judgments in this lawsuit concerning the Settlement, whether favorable or unfavorable, unless such person or entity mails, by first-class mail (or its equivalent outside the U.S.), or otherwise delivers a written request for exclusion from the Class, addressed to *Banc of California Securities Settlement*, c/o Gilardi & Co. LLC, EXCLUSIONS, 3301 Kerner Blvd., San Rafael, CA 94901.  The exclusion request must be ***postmarked*** no later than _____*, 20__*.  Each request for exclusion must state the name, address and telephone number of the person or entity seeking exclusion, that the sender requests to be excluded from the Class in *Banc of California Securities Settlement*, and must be signed by such person.  Such persons or entities requesting exclusion must also provide the following information: the number of shares of Banc of California Securities that the Person requesting exclusion purchased, acquired and/or sold from April 15, 2016 through January 20, 2017, inclusive, as well as the dates and prices for each such purchase or acquisition and sale.  The request for exclusion will not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.  If you exclude yourself from the Class, you should understand that Defendant Banc of California and the other Released Defendant Parties will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose.

52.     Excluding yourself from the Class is the only option that allows you to be part of any other current or future lawsuit against Defendants or any of the other Released Defendant Parties concerning the Released Plaintiff's Claims.  Please note, however, that if you decide to exclude yourself from the Class, you may be time-barred from asserting the claims covered by the Litigation by a statute of repose.

53.     If you request to be excluded from the Class, you will not receive any benefit provided for in the Stipulation.

- 19 -

1
2
3

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?**
**DO I HAVE TO COME TO THE HEARING?**
**MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

4
5
6
7

54.    If you do not wish to object in person to the proposed Settlement, the proposed Plan of Allocation, and/or the application for attorneys' fees and litigation expenses, you do not need to attend the Settlement Hearing.  You can object to or participate in the Settlement without attending the Settlement Hearing.

8
9
10
11
12
13

55.    The Settlement Hearing will be held on _____, 20__, at _____ _.m., before the Honorable Andrew J. Guilford, at the United States District Court, Central District of California, Southern Division, Ronald Reagan Federal Building and United States Courthouse, 411 West Fourth Street, Courtroom 10D, Santa Ana, CA 92701.  The Court may approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and expenses, and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the Members of the Class.

14
15
16
17
18
19
20

56.    Any Class Member who does not timely request exclusion may object to the Settlement, the Plan of Allocation, and/or Lead Counsel's request for an award of attorneys' fees and litigation expenses, including Lead Plaintiff's request for an award pursuant to 15 U.S.C. §78u-4(a)(4) in connection with its representation of the Class.[4] You must submit your objection in writing.  You must file any written objection or opposition, together with copies of all other supporting papers and briefs, with the Clerk's Office at the United States District Court for the Central District of California, Southern Division, at the address set forth below on or before _____, 20__.  You must also serve the papers on Lead Counsel for the Class and counsel for Defendant Banc of California at the addresses set forth below so that the papers are ***received*** on or before _____, 20__.

21
22
23
24
25
26
27
28

_____

[4]    Lead Plaintiff's initial motion papers in support of these matters will be filed with the Court on or before _____, 20__.

- 20 -

EXHIBIT A-1

68

| **Court** | **Lead Counsel for the Class** | **Counsel for Defendant Banc of California** |
|---|---|---|
| UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA Clerk of the Court Ronald Reagan Federal Building and United States Courthouse 411 West Fourth Street Santa Ana, CA 92701 | ROBBINS GELLER RUDMAN & DOWD LLP Theodore J. Pintar 655 West Broadway Suite 1900 San Diego, CA 92101 | MORRISON & FOERSTER LLP Mark R. McDonald 707 Wilshire Blvd. Suite 6000 Los Angeles, CA 90017 |

57.     Your objection must document the objecting Person's membership in the Class, including the number of shares of Banc of California Securities that you (1) owned as of the opening of trading on April 15, 2016, and (2) purchased, acquired and/or sold during the Class Period, as well as the dates and prices for each such purchase, acquisition or sale.  Your objection must state whether it applies only to you, to a specific subset of the Class, or to the entire Class, and also state with specificity the grounds for the objection.  Your objection must include copies of any papers, briefs, or other documents upon which the objection is based, a statement of whether the objector intends to appear at the Settlement Hearing, and your signature, even if you are represented by counsel.  Documentation establishing your membership in the Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.  If you object and desire to present evidence at the Settlement Hearing in support of your objection, you must include in your written objection or notice of appearance the identity of any witnesses you may call to testify and any exhibits they intend to introduce into evidence at the hearing.

58.     You may not appear at the Settlement Hearing to present your objection unless you first filed and served a written objection in accordance with the procedures described above, unless the Court orders otherwise.

59.     You need not hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  If you hire an attorney, which will be at your own expense, however, he or she must file a notice of appearance with the Court and serve it on Lead Counsel so that the notice is received on or before _____, 20___.

60.     The Settlement Hearing may be adjourned by the Court without further written notice to the Class, other than a posting of the adjournment on the Settlement

- 21 -

EXHIBIT A-1
69

website, www.BancOfCaliforniaSecuritiesSettlement.com.  If you plan to attend the
Settlement Hearing, you should confirm the date and time with Lead Counsel.

**Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and litigation expenses and any amount sought by Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(4) in connection with its representation of the Class.  Class Members do not need to appear at the hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

61.    Nominees who purchased, acquired, and/or sold Banc of California Securities for beneficial owners who are Class Members are directed to: (a) request within seven (7) calendar days of receipt of this Notice additional copies of the Notice and the Claim Form from the Claims Administrator for such beneficial owners; or (b) send a list of the names and addresses of such beneficial owners to the Claims Administrator within seven (7) calendar days after receipt of this Notice.  If a nominee elects to send the Notice to beneficial owners, such nominee is directed to mail the Notice within seven (7) calendar days of receipt of the additional copies of the Notice from the Claims Administrator, and upon such mailing, the nominee shall send a statement to the Claims Administrator confirming that the mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Class.  Upon full compliance with these instructions, including the timely mailing of the Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with these instructions by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions, including timely mailing of the Notice, if the nominee elected or elects to do so.  Such properly documented expenses incurred by nominees in compliance with the terms of these instructions will be paid from the Settlement Fund.  You may also obtain copies of this Notice by calling toll-free 1-866-617-3471, and you may also download it from the Settlement website, www.BancOfCaliforniaSecuritiesSettlement.com.

## CAN I SEE THE COURT FILE?
## WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

62.    This Notice contains only a summary of the terms of the proposed Settlement.  More detailed information about the matters involved in the Litigation is

4829-9028-0358.v4

available at www.BancOfCaliforniaSecuritiesSettlement.com, including, among other documents, copies of the Stipulation and Claim Form.  All inquiries concerning this Notice or the Claim Form should be directed to:

*Banc of California Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 43319
Providence, RI  02940-3319
Toll-free number:  1-866-617-3471

**OR**

Theodore J. Pintar
ROBBINS GELLER RUDMAN & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
1-800-449-4900
tedp@rgrdlaw.com

**DO NOT CALL OR WRITE THE COURT OR THE OFFICE OF THE CLERK OF COURT REGARDING THIS NOTICE.**

Dated: _____          By Order of the Court
                                  United States District Court
                                  Central District of California
                                  Southern Division

EXHIBIT A-1
71

- 23 -

4829-9028-0358.v4

# EXHIBIT A-2

ROBBINS GELLER RUDMAN
  & DOWD LLP
SPENCER A. BURKHOLZ (147029)
LAURIE L. LARGENT (153493)
ROBERT R. HENSSLER JR. (216165)
MATTHEW I. ALPERT (238024)
ERIKA OLIVER (306614)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
spenceb@rgrdlaw.com
llargent@rgrdlaw.com
bhenssler@rgrdlaw.com
malpert@rgrdlaw.com
eoliver@rgrdlaw.com

Lead Counsel for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| In re BANC OF CALIFORNIA SECURITIES LITIGATION | No. SACV 17-00118 AG (DFMx) consolidated with SACV 17-00138 AG (DFMx) |
| This Document Relates To: | CLASS ACTION |
| ALL ACTIONS. | PROOF OF CLAIM AND RELEASE |
| | EXHIBIT A-2 |

## I.      GENERAL INSTRUCTIONS

1.      To recover as a Member of the Class based on your claims in the action entitled *In re Banc of California Securities Litigation*, No. SACV 17-00118 AG (DFMx) consolidated with SACV 17-00138 AG (DFMx) (the "Litigation"), you must complete and, on page __ hereof, sign this Proof of Claim and Release.  If you fail to submit a timely and properly addressed (as set forth in paragraph 3 below) Proof of Claim and Release, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed Settlement of the Litigation.

2.      Submission of this Proof of Claim and Release, however, does not assure that you will share in the proceeds of the Settlement of the Litigation.

3.      YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE ON OR BEFORE _____, 20__, ADDRESSED AS FOLLOWS:

*Banc of California Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 43319
Providence, RI  02940-3319

Online submissions: www.BancOfCaliforniaSecuritiesSettlement.com
If you are NOT a Member of the Class (as defined in the Notice of Pendency and Proposed Settlement of Class Action (the "Notice")), DO NOT submit a Proof of Claim and Release form.

4.      If you are a Member of the Class and you do not timely request exclusion in connection with the proposed Settlement, you will be bound by the terms of any judgment entered in the Litigation, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE FORM.

- 1 -

4840-7404-9958.v2

## II.      CLAIMANT IDENTIFICATION

If you purchased or otherwise acquired Banc of California, Inc. ("Banc of California" or the "Company") common stock ("Securities") during the period from April 15, 2016 through and including January 20, 2017, and held the Securities in your name, you are the beneficial purchaser, acquirer or seller as well as the record purchaser, acquirer or seller.  If, however, you purchased, otherwise acquired or sold Securities that were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser, acquirer or seller and the third party is the record purchaser, acquirer or seller.

Use Part I of this form entitled "Claimant Identification" to identify each purchaser, acquirer or seller of record ("nominee"), if different from the beneficial purchaser, acquirer or seller of the Securities which form the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S), ACQUIRER(S) OR SELLER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S), ACQUIRER(S) OR SELLER(S) OF THE SECURITIES UPON WHICH THIS CLAIM IS BASED.

All joint purchasers, acquirers and/or seller(s) must sign this claim.  Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated.  The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.   Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

If you are acting in a representative capacity on behalf of a Class Member (for example, as an executor, administrator, trustee, or other representative), you must submit evidence of your current authority to act on behalf of that Class Member.  Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.

- 2 -

1    NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large

2  numbers of transactions may request to, or may be requested to by the Claims

3  Administrator, submit information regarding their transactions in electronic files.  All

4  such claimants MUST also submit a manually signed paper Proof of Claim and

5  Release form listing all their transactions whether or not they also submit electronic

6  copies.  If you wish to submit your claim electronically, you must contact the Claims

7  Administrator at edata@gilardi.com to obtain the required file layout.  No electronic

8  files will be considered to have been properly submitted unless the Claims

9  Administrator issues to the claimant a written acknowledgement of receipt and

10  acceptance of electronically submitted data.

11  **III.    CLAIM FORM**

12    Use Part II of this form entitled "Schedule of Transactions in Banc of California

13  Securities" to supply all required details of your transaction(s) in Banc of California

14  Securities.  If you need more space or additional schedules, attach separate sheets

15  giving all of the required information in substantially the same form.  Sign and print or

16  type your name on each additional sheet.

17    On the schedules, provide all of the requested information with respect to *all* of

18  your purchases or acquisitions and *all* of your sales of Banc of California Securities

19  between April 15, 2016 and April 21, 2017, inclusive, whether such transactions

20  resulted in a profit or a loss.  You must also provide all of the requested information

21  with respect to *all* of the Banc of California Securities you held at the close of trading

22  on April 14, 2016, January 20, 2017, and April 21, 2017.  Failure to report all such

23  transactions may result in the rejection of your claim.

24    List these transactions separately and in chronological order, by trade date,

25  beginning with the earliest.  You must accurately provide the month, day and year of

26  each transaction you list.

27

28

4840-7404-9958.v2

1    The date of covering a "short sale" is deemed to be the date of purchase of Banc

2  of California Securities.  The date of a "short sale" is deemed to be the date of sale of

3  Banc of California Securities.

4    Copies of stockbroker confirmation slips, stockbroker statements, or other

5  documents evidencing your transactions in Banc of California Securities should be

6  attached to your claim, including documentation for the close of any exchange traded

7  options listed on your claim even if the option was closed outside of the period

8  between April 15, 2016 and January 20, 2017, inclusive.  If any such documents are

9  not in your possession, please obtain a copy or equivalent documents from your

10 broker because these documents are necessary to prove and process your claim.

11 Failure to provide this documentation could delay verification of your claim or result

12 in rejection of your claim.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -

EXHIBIT A-2

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

*In re Banc of California Securities Litigation*,

Case No. SACV 17-00118 AG (DFMx) consolidated with SACV 17-00138 AG (DFMx)

PROOF OF CLAIM AND RELEASE

Must Be Postmarked (if Mailed) or Received (if Submitted Online) No Later Than:

_____, 20__

Please Type or Print

**Remember to attach copies of stockbroker confirmation slips, stockbroker statements or other documentation of your transactions in Banc of California Securities. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.**

PART I:     CLAIMANT IDENTIFICATION

_____
Beneficial Owner's Name (First, Middle, Last)

_____
Street Address

_____          _____
City                                                              State or Province

_____          _____
Zip Code or Postal Code                                 Country

_____  _____          Individual
Social Security Number or
Taxpayer Identification Number              _____          Corporation/Other

_____  _____
Area Code          Telephone Number (work)

_____  _____
Area Code          Telephone Number (home)

_____
Record Owner's Name (if different from beneficial owner listed above)

- 5 -

4840-7404-9958.v2

EXHIBIT A-2

77

PART II:     SCHEDULE OF TRANSACTIONS IN BANC OF CALIFORNIA SECURITIES

    A.    Number of Banc of California Securities held at the close of trading on April 14, 2016: _____.

    B.    Purchases or acquisitions of Banc of California Securities between April 15, 2016 and April 21, 2017, inclusive:

| Trade Date Mo. Day Year | Number of Securities Purchased or Acquired | Total Purchase or Acquisition Price |
|---|---|---|
| 1. _____ | 1. _____ | 1. _____ |
| 2. _____ | 2. _____ | 2. _____ |
| 3. _____ | 3. _____ | 3. _____ |

IMPORTANT: Identify by number listed above all purchases in which you covered a "short sale": _____

    C.    Sales of Banc of California Securities between April 15, 2016 and April 21, 2017, inclusive:

| Trade Date Mo. Day Year | Number of Securities Sold | Total Sales Price |
|---|---|---|
| 1. _____ | 1. _____ | 1. _____ |
| 2. _____ | 2. _____ | 2. _____ |
| 3. _____ | 3. _____ | 3. _____ |

    D.    Number of Banc of California Securities held at the close of trading on January 20, 2017: _____

    E.    Number of Banc of California Securities held at the close of trading on April 21, 2017: _____

If you require additional space, attach extra schedules in the same format as above.  Sign and print your name on each additional page.

**YOU MUST READ AND SIGN THE RELEASE ON PAGE _____.**

**FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING YOUR CLAIM OR IN THE REJECTION OF YOUR CLAIM.**

- 6 -

## IV.    SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Proof of Claim and Release under the terms of the Stipulation of Settlement described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the Central District of California with respect to my (our) claim as a Class Member and for purposes of enforcing the release set forth herein.  I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Litigation.  I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.  I (We) have not submitted any other claim in connection with the purchase or acquisition of Banc of California Securities and know of no other person having done so on my (our) behalf.

## V.    RELEASE

1.    I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release and discharge from the Released Plaintiff's Claims each and all of the Released Defendant Parties as provided in paragraph 4.1 of the Stipulation of Settlement.

2.    This release shall be of no force or effect unless and until the Court approves the Stipulation of Settlement and the Settlement becomes effective on the Effective Date.

3.    I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

4.    I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases, acquisitions and sales of Banc of California Securities between April 15, 2016 and April 21, 2017, inclusive, and the number of Banc of California Securities held by me (us) at the close of trading on April 14, 2016, January 20, 2017, and April 21, 2017.

- 7 -

I declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____

<div align="center">(Month/Year)</div>

in _____.

<div align="center">(City)                              (State/Country)</div>

_____

(Sign your name here)

_____

(Type or print your name here)

_____

(Capacity of person(s) signing, *e.g.*, Beneficial Purchaser or Acquirer, Executor or Administrator)

<div align="center">

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME. THANK YOU FOR YOUR PATIENCE.**

</div>

Reminder Checklist:

1.   Please sign the above release and acknowledgment.

2.   Remember to attach copies of supporting documentation.

3.   Do not send originals of stock certificates or other documentation as they will not be returned.

4.   Keep a copy of your claim form and all supporting documentation for your records.

5.   If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.

6.   If you move, please send your new address to the address below.

7.   Do not use red pen or highlighter on the Proof of Claim and Release or supporting documentation.

**THIS PROOF OF CLAIM AND RELEASE MUST BE SUBMITTED ONLINE OR IF MAILED POSTMARKED NO LATER THAN _____, 20__, ADDRESSED AS FOLLOWS:**

<div align="center">- 8 -</div>

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Banc of California Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 43319
Providence, RI  02940-3319
www.BancOfCaliforniaSecuritiesSettlement.com

- 9 -

EXHIBIT A-2

81

# EXHIBIT A-3

1  ROBBINS GELLER RUDMAN
    & DOWD LLP
2  SPENCER A. BURKHOLZ (147029)
   LAURIE L. LARGENT (153493)
3  ROBERT R. HENSSLER JR. (216165)
   MATTHEW I. ALPERT (238024)
4  ERIKA OLIVER (306614)
   655 West Broadway, Suite 1900
5  San Diego, CA  92101
   Telephone:  619/231-1058
6  619/231-7423 (fax)
   spenceb@rgrdlaw.com
7  llargent@rgrdlaw.com
   bhenssler@rgrdlaw.com
8  malpert@rgrdlaw.com
   eoliver@rgrdlaw.com
9
   Lead Counsel for Plaintiff
10
                    UNITED STATES DISTRICT COURT
11
                 CENTRAL DISTRICT OF CALIFORNIA
12
                       SOUTHERN DIVISION
13
   In re BANC OF CALIFORNIA          )   No. SACV 17-00118 AG (DFMx)
14 SECURITIES LITIGATION             )   consolidated with
                                     )   SACV 17-00138 AG (DFMx)
15 _____   )
                                     )
16 This Document Relates To:         )   CLASS ACTION
                                     )
17     ALL ACTIONS.                  )   SUMMARY NOTICE
                                     )
18 _____   )   EXHIBIT A-3
19
20
21
22
23
24
25
26
27
28

1  IF YOU PURCHASED OR ACQUIRED BANC OF CALIFORNIA, INC. ("BANC
2  OF CALIFORNIA") COMMON STOCK FROM APRIL 15, 2016, THROUGH AND
   INCLUDING JANUARY 20, 2017 (THE "CLASS"), YOU COULD RECEIVE A
3  PAYMENT FROM A CLASS ACTION SETTLEMENT.  CERTAIN PERSONS
   ARE EXCLUDED FROM THE DEFINITION OF THE CLASS AS SET FORTH IN
4  THE STIPULATION OF SETTLEMENT.

5       PLEASE READ THIS NOTICE CAREFULLY.  YOUR RIGHTS MAY BE

6  AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.

7       YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of

8  Civil Procedure and Order of the United States District Court for the Central District

9  of California, Southern Division, that the above-captioned litigation (the "Litigation")

10 has been certified as a class action and that a Settlement has been proposed for

11 $19,750,000 in cash.  A hearing will be held on _____, 20__, at __:__ _.m.,

12 before the Honorable Andrew J. Guilford at the Ronald Reagan Federal Building and

13 United States Courthouse, 411 West Fourth Street, Courtroom 10D, Santa Ana, CA

14 92701, for the purpose of determining whether: (1) the proposed Settlement should be

15 approved by the Court as fair, reasonable and adequate; (2) the proposed Plan of

16 Allocation for distribution of the Settlement proceeds is fair, reasonable and adequate

17 and therefore should be approved; and (3) the application of Lead Counsel for the

18 payment of attorneys' fees and litigation expenses from the Settlement Fund,

19 including interest earned thereon, and an amount for Lead Plaintiff pursuant to

20 15 U.S.C. §78u-4(a)(4) in connection with its representation of the Class, should be

21 approved; and (4) the Court should enter the Final Judgment and Order of Dismissal

22 with Prejudice.

23      IF YOU ARE A MEMBER OF THE CLASS DESCRIBED ABOVE, YOUR

24 RIGHTS WILL BE AFFECTED BY THE SETTLEMENT OF THE LITIGATION,

25 AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT FUND.  If

26 you have not received a detailed Notice of Pendency and Proposed Settlement of

27 Class Action (the "Notice") and a copy of the Proof of Claim and Release, you may

28 obtain a copy of these documents by contacting the Claims Administrator: *Banc of*

- 1 -

1  *California Securities Settlement*, c/o Gilardi & Co. LLC, P.O. Box 43319, Providence,

2  RI  02940-3319, 1-866-617-3471.  You may also obtain copies of the Stipulation of

3  Settlement,       Notice       and       Proof       of       Claim       and       Release       at

4  www.BancOfCaliforniaSecuritiesSettlement.com.

5          If you are a Class Member, to be eligible to share in the distribution of the Net

6  Settlement Fund, you must submit a Proof of Claim and Release by mail postmarked

7  no later than _____, 20__, or submit it online by that date, establishing that

8  you are entitled to a recovery.  If you do not submit a valid Proof of Claim and

9  Release, you will not share in the distribution of the Net Settlement Fund, but you will

10  still be bound by any judgment entered by the Court in this Litigation (including the

11  releases provided for therein).

12          If you are a Class Member and do not exclude yourself from the Class, you will

13  be bound by any judgment entered by the Court in this Litigation (including the

14  releases provided for therein) whether or not you submit a Proof of Claim and

15  Release.  To exclude yourself from the Class, you must submit a written request for

16  exclusion so that is postmarked no later than _____, 20__, in accordance with

17  the instructions set forth in the Notice.  If you request exclusion, you will not recover

18  money pursuant to the Settlement.  Any objection to the proposed Settlement, the Plan

19  of Allocation, or the fee and expense application must be filed with the Court and

20  delivered such that it is ***received*** by each of the following no later than _____, 20__:

21                    *Court*:

22                    UNITED STATES DISTRICT COURT
                     CENTRAL DISTRICT OF CALIFORNIA
23                    CLERK OF THE COURT
                     Ronald Reagan Federal Building &
24                        United States Courthouse
                     411 West Fourth Street
25                    Santa Ana, CA  92701

26

27

28

- 2 -

4849-1251-7542.v2

EXHIBIT A-3
84

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Lead Counsel*:

ROBBINS GELLER RUDMAN
   & DOWD LLP
THEODORE J. PINTAR
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  800/449-4900

*Defendants' Counsel*:

MORRISON & FOERSTER LLP
MARK R. McDONALD
707 Wilshire Blvd., Suite 6000
Los Angeles, CA  90017
Telephone:  213/892-5200

PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, DEFENDANT, OR DEFENDANT'S COUNSEL REGARDING THIS NOTICE.  If you have any questions about the Settlement, or your eligibility to participate in the Settlement, you may contact Lead Counsel at the address and phone number listed above.

DATED:  _____            BY ORDER OF THE COURT
                                 UNITED STATES DISTRICT COURT
                                 CENTRAL DISTRICT OF CALIFORNIA
                                 SOUTHERN DIVISION

- 3 -

# EXHIBIT B

1   ROBBINS GELLER RUDMAN
      & DOWD LLP
2   SPENCER A. BURKHOLZ (147029)
    LAURIE L. LARGENT (153493)
3   ROBERT R. HENSSLER JR. (216165)
    MATTHEW I. ALPERT (238024)
4   ERIKA OLIVER (306614)
    655 West Broadway, Suite 1900
5   San Diego, CA  92101
    Telephone:  619/231-1058
6   619/231-7423 (fax)
    spenceb@rgrdlaw.com
7   llargent@rgrdlaw.com
    bhenssler@rgrdlaw.com
8   malpert@rgrdlaw.com
    eoliver@rgrdlaw.com
9
    Lead Counsel for Plaintiff
10
                   UNITED STATES DISTRICT COURT
11
               CENTRAL DISTRICT OF CALIFORNIA
12
                        SOUTHERN DIVISION
13
    In re BANC OF CALIFORNIA          )   No. SACV 17-00118 AG (DFMx)
14  SECURITIES LITIGATION             )   consolidated with
                                      )   SACV 17-00138 AG (DFMx)
15  _____  )
                                      )
16                                    )   CLASS ACTION
    This Document Relates To:         )
17                                    )   [PROPOSED] FINAL JUDGMENT
                                      )   AND ORDER OF DISMISSAL WITH
18      ALL ACTIONS.                  )   PREJUDICE
                                      )
19  _____  )   EXHIBIT B
20
21
22
23
24
25
26
27
28

    4836-9289-2582.v3                                    EXHIBIT B
                                                              86

1    This matter came before the Court for hearing pursuant to the Order of this

2    Court, dated _____, on the application of the Settling Parties for approval of

3    the Settlement set forth in the Stipulation of Settlement dated October 28, 2019 (the

4    "Stipulation").  Due and adequate notice having been given to the Class as required in

5    the Order, the Court having considered all papers filed and proceedings held herein

6    and otherwise being fully informed in the premises and good cause appearing

7    therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

8        1.    This Judgment incorporates by reference the definitions in the

9    Stipulation, and all terms used herein shall have the same meanings as set forth in the

10   Stipulation, unless otherwise stated herein.

11       2.    This Court has jurisdiction over the subject matter of the Litigation and

12   over all parties to the Litigation, including all Members of the Class.

13       3.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court

14   hereby approves the Settlement set forth in the Stipulation and finds that:

15           (a)    the Stipulation and the Settlement contained therein are, in all

16   respects, fair, reasonable and adequate;

17           (b)    there was no collusion in connection with the Stipulation;

18           (c)    the Stipulation was the product of informed, arm's-length

19   negotiations among competent, able counsel; and

20           (d)    the record is sufficiently developed and complete to have enabled

21   Lead Plaintiff and Defendant Banc of California to have adequately evaluated and

22   considered their positions.

23       4.    Accordingly, the Court directs the Settling Parties to consummate the

24   Settlement pursuant to the Stipulation, as well as the terms and provisions hereof.  The

25   Litigation and all claims contained therein are dismissed with prejudice as to Lead

26   Plaintiff and the other Class Members.  Except as to any persons who validly request

27   exclusion and whose names are set out in Exhibit 1 hereto, the Court hereby dismisses

28   with prejudice the Litigation and all Released Plaintiff's Claims (including, without

4836-9289-2582.v3

EXHIBIT B

87

1  limitation, Unknown Claims) of the Class as against each and all of the Released

2  Defendant Parties.  The Settling Parties are to bear their own costs except as otherwise

3  provided in the Stipulation.

4         5.      No Person shall have any claim against Lead Plaintiff, Lead Counsel, or

5  the Claims Administrator, or any other Person designated by Lead Counsel based on

6  determinations or distributions made substantially in accordance with the Stipulation

7  and the Settlement contained therein, the Plan of Allocation, or further order(s) of the

8  Court.

9         6.      Upon the Effective Date, Lead Plaintiff and each of the Class Members

10  shall be deemed to have, and by operation of this Judgment shall have, fully, finally

11  and forever waived, released, discharged, and dismissed each and every one of the

12  Released Plaintiff's Claims (including, without limitation, Unknown Claims) against

13  each and every one of the Released Defendant Parties with prejudice on the merits,

14  whether or not Lead Plaintiff or such Class Member executes and delivers the Proof of

15  Claim and Release and whether or not Lead Plaintiff or each of the Class Members

16  ever seeks or obtains any distribution from the Settlement Fund.  Claims to enforce

17  the terms of the Stipulation are not released.

18         7.      Upon the Effective Date, Defendant Banc of California and each and

19  every Released Defendant Party shall be deemed to have, and by operation of this

20  Judgment shall have, fully, finally and forever waived, released, discharged, and

21  dismissed the Releasing Plaintiff Parties from all Released Defendant's Claims

22  (including, without limitation, Unknown Claims).  Claims to enforce the terms of the

23  Stipulation are not released.

24         8.      Upon the Effective Date, Lead Plaintiff, all Class Members and anyone

25  claiming through or on behalf of any of them are forever barred and enjoined from

26  commencing, instituting, asserting or continuing to prosecute any action or proceeding

27  in any court of law or equity, arbitration tribunal, administration forum or other forum

28

1    of any kind any of the Released Plaintiff's Claims (including, without limitation,

2    Unknown Claims) against any of the Released Defendant Parties.

3            9.      The distribution of the Notice of Pendency and Proposed Settlement of

4    Class Action and publication of the Summary Notice as provided for in the

5    Preliminary Approval Order constituted the best notice practicable under the

6    circumstances, including individual notice to Class Members who could be identified

7    through reasonable effort.  The notice provided was the best notice practicable under

8    the circumstances of those proceedings and of the matters set forth therein, including

9    the proposed Settlement set forth in the Stipulation, to all Persons entitled to such

10   notice, and said notice fully satisfied the requirements of Federal Rule of Civil

11   Procedure 23, due process and any other applicable law, including the Private

12   Securities Litigation Reform Act of 1995.  No Class Member is relieved from the

13   terms of the Settlement, including the releases provided for therein, based upon the

14   contention or proof that such Class Member failed to receive actual or adequate

15   notice.  A full opportunity has been offered to the Class Members to object to the

16   proposed Settlement and to participate in the hearing thereon.  The Court further finds

17   that the notice provisions of the Class Action Fairness Act, 28 U.S.C. Section 1715,

18   were fully discharged and that the statutory waiting period has elapsed.  Thus, the

19   Court hereby determines that all Members of the Class are bound by this Judgment,

20   except those persons listed on Exhibit 1 to this Judgment.

21           10.     Any Plan of Allocation submitted by Lead Counsel or any order entered

22   regarding any attorneys' fee and expense application shall in no way disturb or affect

23   this Judgment and shall be considered separate from this Judgment.  Any order or

24   proceeding relating to the Plan of Allocation or any order entered regarding any

25   attorneys' fee and expense application, or any appeal from any order relating thereto

26   or reversal or modification thereof, shall not affect or delay the finality of the Final

27   Judgment in this action.

28

4836-9289-2582.v3

1    11.    This Judgment and the Stipulation, whether or not consummated, and any

2  discussion, negotiation, proceeding, or agreement relating to the Stipulation, the

3  Settlement, and any matter arising in connection with settlement discussions or

4  negotiations, proceedings, or agreements, shall not be offered or received against or to

5  the prejudice of the Settling Parties or their respective counsel, for any purpose other

6  than in an action to enforce the terms hereof, and in particular:

7        (a)    do not constitute, and shall not be offered or received against or to

8  the prejudice of Defendant Banc as evidence of, or construed as, or deemed to be

9  evidence of any presumption, concession or admission by Defendant Banc with

10  respect to the truth of any allegation by Lead Plaintiff and the Class or the validity of

11  any claim that has been or could have been asserted in the Litigation or in any

12  litigation, including, but not limited to, the Released Plaintiff's Claims, or of any

13  liability, damages, negligence, fault or wrongdoing of Defendant Banc or any person

14  or entity whatsoever;

15        (b)    do not constitute, and shall not be offered or received against or to

16  the prejudice of Defendant Banc as evidence of a presumption, concession, or

17  admission of any fault, misrepresentations, or omission with respect to any statement

18  or written document approved or made by Defendant Banc, or against or to the

19  prejudice of Lead Plaintiff or any other Class Members as evidence of any infirmity in

20  the claims of Lead Plaintiff or the other Class Members;

21        (c)    do not constitute, and shall not be offered or received against or to

22  the prejudice of Defendant Banc, Lead Plaintiff, any other Class Members, or their

23  respective counsel, as evidence of a presumption, concession or admission with

24  respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any

25  way referred to for any other reason against or to the prejudice of any of the Settling

26  Parties, in any other civil, criminal, or administrative action or proceeding, other than

27  such proceedings as may be necessary to effectuate the provisions of the Stipulation;

28

- 4 -

1              (d)    do not constitute, and shall not be construed as, or offered or

2 received against or to the prejudice of Defendant Banc, Lead Plaintiff, or any other

3 Class Members, as evidence of a presumption, concession, or admission that the

4 consideration to be given hereunder represents the amount which could be or would

5 have been recovered after trial;

6              (e)    do not constitute, and shall not be construed as, or offered or

7 received against or to the prejudice of Defendant Banc, Lead Plaintiff, or any other

8 Class Members, as evidence of a presumption, concession, or admission that any of

9 their claims are without merit or infirm or that damages recoverable under the

10 Consolidated Complaint would not have exceeded the Settlement Amount.

11      12.    Without affecting the finality of this Judgment in any way, this Court

12 retains continuing jurisdiction over: (a) implementation of the Settlement and any

13 award or distribution of the Settlement Fund, including interest earned thereon;

14 (b) disposition of the Settlement Fund; (c) hearing and determining applications for

15 attorneys' fees and expenses in the Litigation; and (d) all parties hereto for the purpose

16 of construing, enforcing and administering the Settlement.

17      13.    The Court finds that the Settling Parties and their respective counsel at all

18 times complied with the requirements of Federal Rule of Civil Procedure 11.

19      14.    If the Settlement does not become effective in accordance with the terms

20 of the Stipulation, or the Effective Date does not occur, including by reason of the

21 dismissal, with prejudice, of Steven A. Sugarman, not being entered by the Court or

22 by such dismissal not becoming Final, or the Settlement Fund, or any portion thereof,

23 is returned to Defendant Banc of California or its insurers, then this Judgment shall be

24 rendered null and void to the extent provided by and in accordance with the

25 Stipulation and shall be vacated; and in such event, all orders entered and releases

26 delivered in connection herewith shall be null and void to the extent provided by and

27 in accordance with the Stipulation.

28

- 5 -

EXHIBIT B

91

15.     The Settling Parties shall bear their own costs and expenses except as otherwise provided in the Stipulation or in this Judgment.

16.     Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

17.     The Court directs immediate entry of this Judgment by the Clerk of the Court.

18.     The Court's orders entered during this Litigation relating to the confidentiality of information shall survive this Settlement.

IT IS SO ORDERED.

DATED: _____         _____

THE HONORABLE ANDREW J. GUILFORD
UNITED STATES DISTRICT JUDGE

4836-9289-2582.v3

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on October 30, 2019, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Laurie L. Largent
LAURIE L. LARGENT

ROBBINS GELLER RUDMAN
  & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  llargent@rgrdlaw.com

# Mailing Information for a Case 8:17-cv-00118-AG-DFM In re Banc of California Securities Litigation,

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Manuel A Abascal**
  manny.abascal@lw.com,manuel-abascal-7112@ecf.pacerpro.com

- **Zainab Anna Ali**
  zali@mofo.com

- **Matthew Isaac Alpert**
  malpert@rgrdlaw.com,kathyj@rgrdlaw.com,e_file_sd@rgrdlaw.com,MAlpert@ecf.courtdrive.com

- **Joel M Athey**
  joel.athey@dlapiper.com,joel-athey-7389@ecf.pacerpro.com,kimberly.bachman@dlapiper.com

- **Margaret Nicole Buckles**
  mbuckles@mofo.com

- **Spencer Alan Burkholz**
  spenceb@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jordan Davisson Cook**
  jordan.cook@lw.com,#ocecf@lw.com,jordan-cook-5273@ecf.pacerpro.com

- **Roman E Darmer , II**
  rdarmer@jonesday.com,lmatson@jonesday.com,jthakur@jonesday.com,ECFIrvineNotifications@jonesday.com,epete@jonesday.com

- **Joseph De Leon**
  joseph.deleon@lw.com

- **Lionel Zevi Glancy**
  lglancy@glancylaw.com,lionel-glancy-2522@ecf.pacerpro.com,info@glancylaw.com

- **Brian T Glennon**
  brian.glennon@lw.com,shirin.behrooz@lw.com,brian-glennon-0505@ecf.pacerpro.com

- **Andrew R Gray**
  andrew.gray@lw.com,andrew-gray-3541@ecf.pacerpro.com,#ocecf@lw.com,khadijah-fields-2405@ecf.pacerpro.com,jordan.cook@lw.com,CLAUDIA.BARBERENA@lw.com,jana.roach@lw.com

- **Robert Russell Henssler , Jr**
  bhenssler@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **William C Herbert**
  wherbert@mofo.com

- **Robert B Hubbell**
  rhubbell@mofo.com,docket-la@mofo.com,dawn-millner-4650@ecf.pacerpro.com,robert-hubbell-7718@ecf.pacerpro.com,dmillner@mofo.com

- **Michele D Johnson**
  michele.johnson@lw.com,michele-johnson-7426@ecf.pacerpro.com,#ocecf@lw.com,khadijah-fields-2405@ecf.pacerpro.com,jana.roach@lw.com

- **Laurie L Largent**
  llargent@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Charles Henry Linehan**
  clinehan@glancylaw.com,charles-linehan-8383@ecf.pacerpro.com

- **Tricia L McCormick**
  triciam@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Mark R McDonald**
  mmcdonald@mofo.com,docket-la@mofo.com,mmendoza@mofo.com,melissa-mendoza-4207@ecf.pacerpro.com,mark-mcdonald-0458@ecf.pacerpro.com

- **Erika Limpin Oliver**
  eoliver@rgrdlaw.com,crosini@rgrdlaw.com,kmccormack@rgrdlaw.com,CRosini@rgrdlaw.com

- **Steven J Olson**
  solson@omm.com,steven-j-olson-2026@ecf.pacerpro.com

- **Lesley F Portnoy**
  LPortnoy@glancylaw.com,lesley-portnoy-3007@ecf.pacerpro.com

- **Robert Vincent Prongay**
  rprongay@glancylaw.com,CLinehan@glancylaw.com,info@glancylaw.com,robert-prongay-0232@ecf.pacerpro.com

- **Nicholas Gray Purcell**
  nick.purcell@wilmerhale.com

- **Joseph Roth Rosner**
  jrosner@mofo.com

- **Carlos Salas**
  ecoff@ecofflaw.com

- **Nathan Matthew Saper**
  nathan.saper@lw.com

- **Robert Moss Tiefenbrun**
  rtiefenbrun@jonesday.com,lmatson@jonesday.com,ecfirvinenotifications@jonesday.com,ynomiyama@jonesday.com

- **Kristen Meredith Tuey**
  kristen.tuey@lw.com,kristen-tuey-6684@ecf.pacerpro.com

- **Ryan Arber Walsh**
  ryan.walsh@lw.com,ryan--walsh-0031@ecf.pacerpro.com,#ocecf@lw.com

- **Whitney Bruder Weber**
  whitney.weber@lw.com,whitney-weber-2642@ecf.pacerpro.com,#sflitigationservices@lw.com

- **Meryl L Young**
  myoung@gibsondunn.com,pmclean@gibsondunn.com

- **Mazamir Yousefi**
  mazamir.yousefi@lw.com,mazamir-yousefi-1016@ecf.pacerpro.com,#ocecf@lw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)