UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 17-00118 AG (DFMx) | Date | December 4, 2019 |
|---|---|---|---|
| Title | IN RE BANC OF CALIFORNIA SECURITIES LITIGATION | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Melissa Kunig | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**[IN CHAMBERS] ORDER REGARDING MOTION FOR PRELIMIANRY APPROVAL OF CLASS ACTION SETTLEMENT**

Several lawsuits were filed against Defendant Banc of California, a financial holding company, and its former CEO Defendant Steven A. Sugarman ("Mr. Sugarman"). The lawsuits allege securities fraud claims under the Securities Exchange Act of 1934 and 17 C.F.R. § 240.10b–5. Those lawsuits were consolidated, and Iron Workers Local No. 25 Pension Fund was appointed as lead plaintiff. (Dkt No. 39.) Now, the parties have reached a settlement, and Plaintiffs ask the Court to, among other things, preliminarily approve that settlement. (Dkt. No. 589.) Banc of California hasn't filed an opposition to Plaintiffs' motion, and Mr. Sugarman has filed a statement of non-opposition. (Dkt. No. 593.)

The Court GRANTS Plaintiffs' motion for preliminary approval of class action settlement. The Court ORDERS that the final approval hearing be set **March 16, 2020 at 10:00 A.M.**

1.      **PRELIMINARY APPROVAL OF SETTLEMENT TERMS AND COSTS**

Under Federal Rule of Civil Procedure 23(e), judicial approval is required for a settlement of claims brought as a class action. And under Rule 23(e)(1), the issue at preliminary approval turns on whether the Court "will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal." As an initial matter, the Court has already certified the Class so it need not determine whether it could certify the class for purposes of judgment on the proposal. *See* Fed. R. Civ. P. 23(e)(1)(ii); Dkt. No. 236.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 17-00118 AG (DFMx) | | Date | December 4, 2019 |
|---|---|---|---|---|
| Title | IN RE BANC OF CALIFORNIA SECURITIES LITIGATION | | | |

Further, the Court may approve a settlement agreement only "after a hearing and on finding that it is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). District courts must consider various factors in assessing a settlement proposal:

> the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). Because of the danger of improper collusion, "settlement approval that takes place [before] formal class certification requires a higher standard of fairness." *Id.* But "the court's intrusion upon what is otherwise a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Id.* at 1027. "[T]he decision to approve or reject a settlement is committed to the sound discretion of the trial judge." *Id.* at 1026. Ultimately, "[s]trong judicial policy favors settlements." *Churchill Vill., LLC. v. Gen. Elec.*, 361 F.3d 566, 576 (9th Cir. 2004) (omission and quotation marks omitted) (quoting *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992)).

Here, each class member would receive a payment unless the class member opts out. (Dkt. No. 589-1 at 18.) Under the proposed settlement, designated payees will pay $19,750,000 to Plaintiffs and class members, minus attorney fees and costs. (*Id.* at 2.) Class attorney fees aren't to exceed 33% of the settlement amount and expenses aren't to exceed $1,700,000, plus interest on both amounts. (Dkt. No. 590 at 13.) The Allocation Plan, which is set out in the Notice, explains how the settlement proceeds will be distributed among claimants. Specifically, the Allocation Plan provides formulas for calculating the recognized claim of each Class member, based on each person's purchases or acquisitions of Banc of California common stock on the open market during the Class Period. (*Id.* at 14-15.) The Lead Plaintiff, just like all other Class members, will be subject to the same formula for distribution of the settlement. (*Id.* at 15.) Assuming all estimated potential Class members elect to participate, the estimated

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 17-00118 AG (DFMx) | Date | December 4, 2019 |
|---|---|---|---|
| Title | IN RE BANC OF CALIFORNIA SECURITIES LITIGATION | | |

average recovery is $0.52 per damaged share before deduction of Court-approved fees and expenses. (Dkt. No. 589-1, Ex. A-1 at 2.)

The Court has considered various factors in assessing this class settlement and finds that, at this stage, the settlement is overall fair, reasonable, and appropriate. One important factor is that the parties reached the settlement after significant arms-length negotiations with a third-party mediator. *See In re First Capital Holdings Corp. Financial Prods.*, No. MDL 901, 1992 WL 226321, at *2 (C.D. Cal. June 10, 1992) ("[T]here is typically an initial presumption of fairness where the settlement was negotiated at arm's length.") Indeed, the parties' settlement negotiations followed nearly three years of vigorous prosecution. (*See* Dkt. No. 590 at 8.)

Further, the parties have grappled with significant discovery throughout this case. (*Id.*) Plaintiffs obtained and reviewed over 1,200,000 pages of documents, and Plaintiffs' counsel conducted a comprehensive factual investigation into their allegations that encompassed 17 depositions. (*Id.*) The parties also met and conferred on many occasions regarding issues relating to the pleadings, motion practice, and discovery. Plaintiffs successfully opposed Defendants' motions to dismiss, obtained class certification, and underwent two full days of in-person mediation. (*Id.* at 8-9.) All this tends to show that the settlement is based on a sufficient understanding of what's at stake in this case. Plaintiffs' counsel are experienced litigators and have apparently concluded that the benefits of settlement outweigh the risks of continued litigation.

Next, the proposed release of claims appears fair and reasonable. The scope of released claims is limited to those claims based upon "the allegations, transactions, facts, matters or occurrences, representations or omissions referred to in the operative complaint." (*Id.* at 12-13.) The release is also limited to claims arising during the Class period. (*Id.*) Further, the proposed release provision was part of a very complex negotiation over a long period of time with very experienced counsel.

The Court is also satisfied that the proposed fee award is likely reasonable. The requested fee reflects fair compensation for undertaking this complex, risky, expensive, and time-consuming class action, particularly since both parties have been actively litigating this case for nearly three years. *See Morris v. Lifescan, Inc.*, 54 F. App'x 663, 664 (9th Cir. 2003) (affirming attorney fee award of 33% of a $14,800,000 cash settlement); *see also In re Pac. Enters. Sec. Litig.*, 47 F.3d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 17-00118 AG (DFMx) | Date | December 4, 2019 |
|---|---|---|---|
| Title | IN RE BANC OF CALIFORNIA SECURITIES LITIGATION | | |

373, 379 (9th Cir. 1995); *Tawfilis v. Allergan, Inc.*, Case No. 8:15-cv-00307-JLS-JCG, 2018 WL 4849716, at *7 (C.D. Cal. Nov. 18, 2014).

The Court GRANTS preliminary approval of the class settlement.

## 2.    PROPOSED NOTICE

When a court certifies a class under Rule 23(b)(3), it must "direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). In "plain, easily understood language" the notice must "clearly and concisely" state:

> (i) the nature of the action;
> (ii) the definition of the class certified;
> (iii) the class claims, issues, or defenses;
> (iv) that a class member may enter an appearance through an attorney if the member so desires;
> (v) that the court will exclude from the class any member who requests exclusion;
> (vi) the time and manner for requesting exclusion;
> (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

*Id.* Finally, "[n]otice is satisfactory if it generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *Churchill Vill., L.L.C.*, 361 F.3d at 575 (internal quotation marks omitted).

The parties agree that a third party, Gilardi & Co. LLC, will mail via first-class mail, postage prepaid, individual copies of the Notice, together with a copy of the Proof of Claim, to all potential Class members who can reasonably be identified and located. (Dkt. No. 590 at 17.) The Summary Notice will be published in the *Wall Street Journal* and over *Business Wire*. (*Id.*) And it lists the address for the settlement website, which will provide settlement Class members with detailed information about the case and access to key documents. (*See* Dkt. No. 589-1, Ex. A-3 at 1-2.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 17-00118 AG (DFMx) | Date | December 4, 2019 |
|---|---|---|---|
| Title | IN RE BANC OF CALIFORNIA SECURITIES LITIGATION | | |

Further, the Notice provides detailed information in plain English, and it sets forth, among other things: (1) the nature, history, and status of the litigation; (2) the definition of the Class and who is excluded; (3) the reasons the parties have proposed the settlement; (4) the amount of the settlement fund; (5) the estimated average distribution per damaged share; (6) the Class's claims and issues; (7) the parties' disagreement over damages and liability; (8) the maximum amount of attorneys' fees and expenses that lead counsel intend to seek with final settlement approval; (9) the maximum amount Lead Plaintiff will request under 15 U.S.C. § 78u-4(a)(4); (10) the plan for allocating the settlement proceeds to the Class; and (11) the date, time, and place of the settlement hearing. (Dkt. No. 590 at 18.) This Court's own review of the proposed notice materials confirms that the documents are broken down into clearly labeled categories and subcategories of information, and all the elements outlined in Rule 23(c)(2)(B) are adequately covered. (*See generally* Proposed Notices, Dkt. No. 592, Exs. A-1, A-3.)

At the hearing on this matter, the Court noted that a simple statement of the range of potential recoveries might be helpful in the summary notice. Counsel for both parties agreed to make those changes to the notice and summary notice.

The Court concludes that the notice packet and plan comply with Federal Rule of Civil Procedure 23. The Court also appoints Gilardi & Co. LLC as the third-party claims administrator.

3.     **FINAL APPROVAL HEARING**

A court must hold a hearing before finally determining whether a class settlement is fair, reasonable, and adequate. Fed. R. Civ. P. 23(e)(2). Plaintiffs propose that the final fairness hearing take place at least 100 days from the date of this Order. (Dkt. No. 589-1 at 1.) The Court thus ORDERS that the final fairness hearing be set **March 16, 2020 at 10:00 A.M.** Regarding all other applicable dates, the Court ADOPTS the implementation schedule requested by Plaintiffs. (*See* Dkt. No. 590 at 19.) The parties are encouraged to work together in choosing any additional dates or deadlines needed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 17-00118 AG (DFMx) | Date | December 4, 2019 |
|---|---|---|---|
| Title | IN RE BANC OF CALIFORNIA SECURITIES LITIGATION | | |

4.      **DISPOSITION**

The Court GRANTS Plaintiffs' motion for preliminary approval of class action settlement.
The Court ORDERS that the final approval hearing be set **March 16, 2020 at 10:00 A.M.**

                                                                         :    0

                              Initials of Preparer        mku