UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| In re BANC OF CALIFORNIA SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | No. SA CV 17-118 DMG (DFMx)<br>consolidated with<br>SA CV 17-00138 DMG (DFMx)<br><br>CLASS ACTION<br><br>ORDER AWARDING ATTORNEYS' FEES AND EXPENSES AND AWARD TO LEAD PLAINTIFF PURSUANT TO 15 U.S.C. §78u-4(a)(4) |

1    This matter came before the Court on March 16, 2020, on the motion of Lead
2 Counsel for an award of attorneys' fees and expenses incurred in the Litigation and
3 an award to Lead Plaintiff [Doc. # 598].  The Court, having considered the record
4 and the motion and having found the Settlement of this Litigation to be fair,
5 reasonable, and adequate, and good cause appearing therefor;
6    IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:
7    1.    This Order incorporates by reference the definitions in the Stipulation
8 of Settlement, dated October 28, 2019 (the "Stipulation") [Doc. # 592], and all
9 capitalized terms used, but not defined herein, shall have the same meanings as set
10 forth in the Stipulation.
11    2.    This Court has jurisdiction over the subject matter of this application
12 and all matters relating thereto, including all Members of the Class who have not
13 timely and validly requested exclusion.
14    3.    Notice of Lead Counsel's request for attorneys' fees and expenses was
15 given to all Class Members who could be located with reasonable effort.  The form
16 and method of notifying the Class of the request for attorneys' fees and expenses
17 met the requirements of due process, Rule 23 of the Federal Rules of Civil
18 Procedure, and 15 U.S.C. § 78u-4(a)(7) (the Securities Exchange Act of 1934, as
19 amended by the Private Securities Litigation Reform Act of 1995),  constituted the
20 best notice practicable under the circumstances, and provided due and sufficient
21 notice to all persons and entities entitled thereto.
22    4.    The Court hereby awards Lead Counsel attorneys' fees of 33% of the
23 Settlement Amount, which amounts to $6,517,500, plus expenses in the amount of
24 $1,575,210.83, together with the interest earned on both amounts for the same time
25 period and at the same rate as that earned on the Settlement Fund until paid.  The
26 Court finds that the amount of fees awarded is fair, reasonable, and appropriate under
27 the "percentage-of-recovery" method.
28

5. The awarded attorneys' fees and expenses and interest earned thereon, shall be paid to Lead Counsel immediately upon execution of the Final Judgment and Order of Dismissal with Prejudice and this Order, and subject to the terms, conditions and obligations of the Stipulation, and in particular the terms of ¶ 6.2, which terms, conditions and obligations are incorporated herein.

6. In making this award of fees and expenses to Lead Counsel, the Court has considered and found that:

(a) the Settlement has created a fund of $19,750,000 in cash that is already on deposit, and numerous Class Members who submit, or have submitted, valid Proof of Claim and Release forms will benefit from the Settlement created by Lead Counsel;

(b) over 35,000 copies of the Notice were disseminated to potential Class Members indicating that Lead Counsel would move for attorneys' fees in an amount not to exceed 33% of the Settlement Amount and for expenses in an amount not to exceed $1,700,000, plus interest on both amounts, and no objections to the fees or expenses were filed by Class Members;

(c) Lead Counsel have pursued the Litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

(d) Lead Counsel have expended substantial time and effort pursuing the Litigation on behalf of the Class;

(e) Lead Counsel pursued the Litigation on a contingent basis, having received no compensation during the Litigation, and any fee amount has been contingent on the result achieved;

(f) the Litigation involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

(g) had Lead Counsel not achieved the Settlement, there would remain a significant risk that the Class may have recovered less or nothing from Defendants;

(h) public policy concerns favor the award of reasonable attorneys' fees and expenses in securities class action litigation; and

(i) the attorneys' fees and expenses awarded are fair and reasonable and consistent with awards in similar cases within the Ninth Circuit.

7. Any appeal or any challenge affecting this Court's approval regarding the Fee Motion shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

8. Pursuant to 15 U.S.C. § 78u-4(a)(4), the Court awards $1,444 to Lead Plaintiff Iron Workers Local No. 25 Pension Fund in order to reimburse it for its expenses incurred directly related to its representation of the Class.

9. In the event that the Settlement is terminated or does not become Final or the Effective Date does not occur in accordance with the terms of the Stipulation, this Order shall be rendered null and void to the extent provided in the Stipulation and shall be vacated in accordance with the Stipulation.

IT IS SO ORDERED.

DATED: March 16, 2020

DOLLY M. GEE
UNITED STATES DISTRICT JUDGE