**JS-6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| In re BANC OF CALIFORNIA SECURITIES LITIGATION | No. SA CV 17-118 DMG (DFMx) consolidated with SACV 17-00138 DMG (DFMx) |
| This Document Relates To:<br><br>ALL ACTIONS. | <u>CLASS ACTION</u><br><br>ORDER OF DISMISSAL OF ACTION WITH PREJUDICE AND FINAL JUDGMENT |

1  This matter came before the Court upon Lead Plaintiff Iron Workers Local No. 25 Pension Fund's unopposed motion for final approval of class action settlement. [Doc. # 598.] Due and adequate notice having been given to the Class as required in the Order, the Court having considered the record, including all papers filed in support of the motion, and good cause appearing therefor,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation of Settlement dated October 28, 2019 (the "Stipulation") [Doc. # 592] , and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise stated herein.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation and finds that:

    (a) the Stipulation and the Settlement contained therein are, in all respects, fair, reasonable, and adequate;

    (b) there was no collusion in connection with the Stipulation;

    (c) the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel; and

    (d) the record is sufficiently developed and complete to have enabled Lead Plaintiff and Defendant Banc of California to have adequately evaluated and considered their positions.

4. Accordingly, the Court directs the Settling Parties to consummate the Settlement pursuant to the Stipulation, as well as the terms and provisions hereof. The Litigation and all claims contained therein are dismissed with prejudice as to Lead Plaintiff and the other Class Members. Except as to any persons who validly request exclusion and whose names are set out in Exhibit 1 hereto, the Court hereby dismisses with prejudice the Litigation and all Released Plaintiff's Claims

1  (including, without limitation, Unknown Claims) of the Class as against each and all
2  of the Released Defendant Parties. The Settling Parties are to bear their own costs
3  except as otherwise provided in the Stipulation.

4      5. No Person shall have any claim against Lead Plaintiff, Lead Counsel,
5  or the Claims Administrator, or any other Person designated by Lead Counsel based
6  on determinations or distributions made substantially in accordance with the
7  Stipulation and the Settlement contained therein, the Plan of Allocation, or further
8  order(s) of the Court.

9      6. Upon the Effective Date, Lead Plaintiff and each of the Class Members
10 shall be deemed to have, and by operation of this Judgment shall have, fully, finally
11 and forever waived, released, discharged, and dismissed each and every one of the
12 Released Plaintiff's Claims (including, without limitation, Unknown Claims)
13 against each and every one of the Released Defendant Parties with prejudice on the
14 merits, whether or not Lead Plaintiff or such Class Member executes and delivers
15 the Proof of Claim and Release and whether or not Lead Plaintiff or each of the Class
16 Members ever seeks or obtains any distribution from the Settlement Fund. Claims
17 to enforce the terms of the Stipulation are not released.

18     7. Upon the Effective Date, Defendant Banc of California and each and
19 every Released Defendant Party shall be deemed to have, and by operation of this
20 Judgment shall have, fully, finally, and forever waived, released, discharged, and
21 dismissed the Releasing Plaintiff Parties from all Released Defendant's Claims
22 (including, without limitation, Unknown Claims). Claims to enforce the terms of
23 the Stipulation are not released.

24     8. Upon the Effective Date, Lead Plaintiff, all Class Members and anyone
25 claiming through or on behalf of any of them are forever barred and enjoined from
26 commencing, instituting, asserting or continuing to prosecute any action or
27 proceeding in any court of law or equity, arbitration tribunal, administration forum
28

or other forum of any kind any of the Released Plaintiff's Claims (including, without limitation, Unknown Claims) against any of the Released Defendant Parties.

9. The distribution of the Notice of Pendency and Proposed Settlement of Class Action and publication of the Summary Notice as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances, including individual notice to Class Members who could be identified through reasonable effort. The notice provided was the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, due process and any other applicable law, including the Private Securities Litigation Reform Act of 1995. No Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. Section 1715, were fully discharged and that the statutory waiting period has elapsed. Thus, the Court hereby determines that all Members of the Class are bound by this Judgment, except those persons listed on Exhibit 1 to this Judgment.

10. Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment. Any order or proceeding relating to the Plan of Allocation or any order entered regarding any attorneys' fee and expense application, or any appeal from any order relating thereto or reversal or modification thereof, shall not affect or delay the finality of the Final Judgment in this action.

11. This Judgment and the Stipulation, whether or not consummated, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the Settling Parties or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

(a) do not constitute, and shall not be offered or received against or to the prejudice of Defendant Banc as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by Defendant Banc with respect to the truth of any allegation by Lead Plaintiff and the Class or the validity of any claim that has been or could have been asserted in the Litigation or in any litigation, including, but not limited to, the Released Plaintiff's Claims, or of any liability, damages, negligence, fault or wrongdoing of Defendant Banc or any person or entity whatsoever;

(b) do not constitute, and shall not be offered or received against or to the prejudice of Defendant Banc as evidence of a presumption, concession, or admission of any fault, misrepresentations, or omission with respect to any statement or written document approved or made by Defendant Banc, or against or to the prejudice of Lead Plaintiff or any other Class Members as evidence of any infirmity in the claims of Lead Plaintiff or the other Class Members;

(c) do not constitute, and shall not be offered or received against or to the prejudice of Defendant Banc, Lead Plaintiff, any other Class Members, or their respective counsel, as evidence of a presumption, concession or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Settling Parties, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

- 4 -

1     (d) do not constitute, and shall not be construed as, or offered or 2 received against or to the prejudice of Defendant Banc, Lead Plaintiff, or any other 3 Class Members, as evidence of a presumption, concession, or admission that the 4 consideration to be given hereunder represents the amount which could be or would 5 have been recovered after trial;

6     (e) do not constitute, and shall not be construed as, or offered or 7 received against or to the prejudice of Defendant Banc, Lead Plaintiff, or any other 8 Class Members, as evidence of a presumption, concession, or admission that any of 9 their claims are without merit or infirm or that damages recoverable under the 10 Consolidated Complaint would not have exceeded the Settlement Amount.

11   12. Without affecting the finality of this Judgment in any way, this Court 12 retains continuing jurisdiction over: (a) implementation of the Settlement and any 13 award or distribution of the Settlement Fund, including interest earned thereon; 14 (b) disposition of the Settlement Fund; (c) hearing and determining applications for 15 attorneys' fees and expenses in the Litigation; and (d) all parties hereto for the 16 purpose of construing, enforcing and administering the Settlement.

17   13. The Court finds that the Settling Parties and their respective counsel at 18 all times complied with the requirements of Federal Rule of Civil Procedure 11.

19   14. If the Settlement does not become effective in accordance with the 20 terms of the Stipulation, or the Effective Date does not occur, including by reason 21 of the dismissal, with prejudice, of Defendant Steven A. Sugarman, not being 22 entered by the Court or by such dismissal not becoming Final, or the Settlement 23 Fund, or any portion thereof, is returned to Defendant Banc of California or its 24 insurers, then this Judgment shall be rendered null and void to the extent provided 25 by and in accordance with the Stipulation and shall be vacated; and in such event, 26 all orders entered and releases delivered in connection herewith shall be null and 27 void to the extent provided by and in accordance with the Stipulation.

28

15. The Settling Parties shall bear their own costs and expenses except as otherwise provided in the Stipulation or in this Judgment.

16. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

17. The Court directs immediate entry of this Judgment by the Clerk of the Court and orders this action administratively closed.

18. The Court's orders entered during this Litigation relating to the confidentiality of information shall survive this Settlement.

IT IS SO ORDERED.

DATED: March 16, 2020

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE

# Exhibit 1

## List of Persons and Entities Excluded from the Settlement Class

## Pursuant to Request

1. April M. Evans
2. Godfrey B. Evans
3. Frank W. Frye
4. Carol F. Frye