MONA Z. HANNA, ESQ. (SBN 131439)
 mhanna@mrllp.com
SAMANTHA A. DRYSDALE, ESQ. (SBN 307233)
 sdrysdale@mrllp.com
**MICHELMAN & ROBINSON, LLP**
17901 Von Karman Avenue, Suite 1000
Irvine, CA 92614
Telephone:  (714) 557-7990
Facsimile:   (714) 557-7991

MARC R. JACOBS, ESQ. (SBN 185924)
 mjacobs@mrllp.com
JESSE J. CONTRERAS, ESQ. (SBN 190538)
 jcontreras@mrllp.com
**MICHELMAN & ROBINSON, LLP**
10880 Wilshire Boulevard, 19th Floor
Los Angeles, CA 90024
Tel: (310) 299-5500
Fax: (310) 299-5600

Attorneys for
STEVEN A. SUGARMAN

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re BANC OF CALIFORNIA SECURITIES LITIGATION,<br><br>_____<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Case No.: 8:17-cv-00118-DMG (DFMx)<br><br><u>CLASS ACTION</u><br><br>**DEFENDANT STEVEN A. SUGARMAN'S OBJECTIONS TO NON-PARTY MUDDY WATERS CAPITAL LLC'S EVIDENCE IN SUPPORT OF ITS APPLICATION FOR LEAVE TO FILE UNDER SEAL IN SUPPORT OF MOTION FOR SANCTIONS AND CONTEMPT ORDER**<br><br>Date:    December 15, 2023<br>Time:   9:30 A.M.<br>Judge:  Hon. Dolly M. Gee<br>Courtroom: 8C |

-1-

Defendant Steven A. Sugarman ("Sugarman") hereby objects to the evidence of Non-Party Muddy Waters Capital LLC's ("Muddy Waters") in support of its Application for Leave to File Under Seal Documents in Support of Motion for Sanctions and Contempt Order against Defendant Steve A. Sugarman and Latham & Watkins LLP ("Application") (Dkt. No. 624) as follows:

## I. DECLARATION OF DILAN ESPER

| EVIDENCE | GROUNDS FOR OBJECTION | RULING |
|---|---|---|
| Mr. Sugarman has also taken the position, which I believe to be frivolous but is nonetheless his position, that the Expert Report is protected by the lawyer-client privilege. **Declaration of Dilan Esper, ¶ 6.** | Improper Opinion/Legal Conclusion. Fed. R. Evid. 701.<br><br>Misstates Evidence. Fed. R. Evid. 403. Mr. Sugarman has stated that he believed his communications with Mr. Levine were covered by attorney client privilege. Declaration of Steven Sugarman ¶ 7.<br><br>Conclusory "Fact". *National Steel Corp. v. Golden Eagle Ins. Co.*, 121 F.3d 496, 502 (9th Cir. 1997) [finding that conclusory allegations, without factual support, are insufficient to satisfy burden].<br><br>Hearsay. F.R.E. 802. | Sustained: _____<br>Overruled: _____ |
| As set forth more fully in Muddy Waters' forthcoming Sanctions Motion, Latham should have designated the Expert Report "Attorneys' Eyes Only" pursuant to Section II, Paragraph 2 of the Protective | Improper Opinion/Legal Conclusion. Fed. R. Evid. 701.<br><br>Misstates Evidence (Fed. R. Evid. 403). As set forth in Steven Sugarman's Opposition to Muddy | Sustained: _____<br>Overruled: _____ |

| **EVIDENCE** | **GROUNDS FOR OBJECTION** | **RULING** |
|---|---|---|
| Order because it contains extensive references to Muddy Waters' document production in this case, which Magistrate Judge McCormick previously ruled constituted "Attorney's Eyes' Only" material in its entirety. *In re Subpoenas to Produce Documents, Information, or Objects to Muddy Waters, et al.*, No. 2:18-mc-00147-AG (DFMx), Dkt. 31, Order (Jan. 8, 2019) ("McCormick Order"), at 5. **Declaration of Dilan Esper, ¶ 7.** | Waters's Motion for Sanctions and Contempt Order, (the "Opposition"), the Exert Report did not contain extensive references to Muddy Waters's document production.<br><br>Conclusory "Fact". *National Steel Corp. v. Golden Eagle Ins. Co.*, 121 F.3d 496, 502 (9th Cir. 1997) [finding that conclusory allegations, without factual support, are insufficient to satisfy burden].<br><br>Lack of Personal Knowledge/Foundation. F.R.E. 602, 701. | |
| Moreover, Mr. Lee derives his general thesis and conclusion in the Expert Report on Muddy Waters' document production, which he admits that he reviewed and considered in full. *Id.* ¶ 45, n.52 & Appendix § B, item [246].<br><br>**Declaration of Dilan Esper, n. 2.** | Improper Opinion/Legal Conclusion. Fed. R. Evid. 701.<br><br>Misstates Evidence (Fed. R. Evid. 403). Muddy Waters' document production is listed as 1 of 248 sources that Mr. Lee considered. Declaration of Dilan Esper, Ex. 1 at Section IX (B).<br><br>Hearsay. F.R.E. 802. | |
| because the Expert Report contains extensive references to Muddy Waters' AEO document production, containing "proprietary and sensitive business information," **Declaration of Dilan Esper, ¶ 8.** | Improper Opinion/Legal Conclusion. Fed. R. Evid. 701.<br><br>Misstates Evidence (Fed. R. Evid. 403). Muddy Waters' document production is listed as 1 of 248 sources that Mr. Lee considered. Declaration of Dilan Esper, Ex. 1 at Section IX (B). | Sustained: \_\_\_\_\_<br>Overruled: \_\_\_\_\_ |

| EVIDENCE | GROUNDS FOR OBJECTION | RULING |
|---|---|---|
| | Hearsay. F.R.E. 802. | |
| Muddy Waters reserves its rights to argue that the Transmittal Emails are not privileged on the grounds they are evidence of a willful violation of the Protective Order and McCormick Order, and therefore not privileged under the crime-fraud exception, and that they were, in any event, forwarded to a third party, Adam Levine. **Declaration of Dilan Esper, ¶ 10.** | Improper Argument/Argumentative without Evidentiary Fact. Fed. R. Evid. 701. | Sustained: _____ Overruled: _____ |

Dated: November 22, 2023

**MICHELMAN & ROBINSON, LLP**

By:     */s/ Marc R. Jacobs*
        MONA Z. HANNA
        MARC R. JACOBS
        JESSE J. CONTRERAS
        SAMANTHA A. DRYSDALE
        Attorneys for Defendant
        STEVEN A. SUGARMAN

DEFENDANT STEVEN A. SUGARMAN'S OBJECTIONS TO NON-PARTY MUDDY WATERS CAPITAL LLC'S EVIDENCE IN SUPPORT OF ITS APPLICATION FOR LEAVE TO FILE UNDER SEAL IN SUPPORT OF MOTION FOR SANCTIONS AND CONTEMPT ORDER