# EXHIBIT A



**SUBP-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Lara A.H. Shortz (SBN 239609); Alexandra D. Miller (SBN 347969);<br>Samantha A. Drysdale (SBN 307233); Allison C. Aguirre (SBN 312544)<br>Michelman & Robinson, LLP, 10880 Wilshire Blvd., 19th Floor, Los Angeles, CA 90024<br><br>TELEPHONE NO.: (310) 299-5500      FAX NO.: (310) 299-5600<br>E-MAIL ADDRESS: lshortz@mrllp.com; sdrysdale@mrllp.com; aaguirre@mrllp.com<br>ATTORNEY FOR *(Name):* Defendant The Change Company CDFI, LLC | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  ORANGE
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS: 700 Civic Center Drive West
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice Center

PLAINTIFF/ PETITIONER: Adam Levine

DEFENDANT/ RESPONDENT: The Change Company CDFI LLC

| DEPOSITION SUBPOENA<br>FOR PRODUCTION OF BUSINESS RECORDS | CASE NUMBER:<br>30-2023-01331710-CU-WT-CJC |
|---|---|

THE PEOPLE OF THE STATE OF CALIFORNIA, TO *(name, address, and telephone number of deponent, if known):*
Custodian of Records for Harder Stonerock, LLP, 8383 Wilshire Blvd., Ste. 526, Beverly Hills, CA 90211; (424) 203-1600

1.  **YOU ARE ORDERED TO PRODUCE THE BUSINESS RECORDS** described in item 3, as follows:

    To *(name of deposition officer):* First Legal Records

    On *(date):* November 20, 2023                    At *(time):* 10:00 a.m.

    Location *(address):* 1517 W. Beverly Boulevard, Los Angeles, CA 90026

    **Do not release the requested records to the deposition officer prior to the date and time stated above.**

    a. ☒  by delivering a true, legible, and durable **copy** of the business records described in item 3, enclosed in a sealed inner wrapper with the title and number of the action, name of witness, and date of subpoena clearly written on it. The inner wrapper shall then be enclosed in an outer envelope or wrapper, sealed, and mailed to the deposition officer at the address in item 1.

    b. ☐  by delivering a true, legible, and durable **copy** of the business records described in item 3 to the deposition officer at the witness's address, on receipt of payment in cash or by check of the reasonable costs of preparing the copy, as determined under Evidence Code section 1563(b).

    c. ☐  by making the **original** business records described in item 3 available for inspection at your business address by the attorney's representative and permitting **copying** at your business address under reasonable conditions during normal business hours.

2.  *The records are to be produced by the date and time shown in item 1 (but not sooner than 20 days after the issuance of the deposition subpoena, or 15 days after service, whichever date is later). Reasonable costs of locating records, making them available or copying them, and postage, if any, are recoverable as set forth in Evidence Code section 1563(b). The records shall be accompanied by an affidavit of the custodian or other qualified witness pursuant to Evidence Code section 1561.*

3.  The records to be produced are described as follows *(if electronically stored information is demanded, the form or forms in which each type of information is to be produced may be specified):*
    See Attachment 3.
    ☒  Continued on Attachment 3.

4.  **IF YOU HAVE BEEN SERVED WITH THIS SUBPOENA AS A CUSTODIAN OF CONSUMER OR EMPLOYEE RECORDS UNDER CODE OF CIVIL PROCEDURE SECTION 1985.3 OR 1985.6 AND A MOTION TO QUASH OR AN OBJECTION HAS BEEN SERVED ON YOU, A COURT ORDER OR AGREEMENT OF THE PARTIES, WITNESSES, *AND* CONSUMER OR EMPLOYEE AFFECTED MUST BE OBTAINED BEFORE YOU ARE REQUIRED TO PRODUCE CONSUMER OR EMPLOYEE RECORDS.**

| **DISOBEDIENCE OF THIS SUBPOENA MAY BE PUNISHED AS CONTEMPT BY THIS COURT. YOU WILL ALSO BE LIABLE FOR THE SUM OF FIVE HUNDRED DOLLARS AND ALL DAMAGES RESULTING FROM YOUR FAILURE TO OBEY.** |
|---|

Date issued: October 20, 2023

Allison C. Aguirre                                     ▶ *Allison Aguirre*
_____                                _____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PERSON ISSUING SUBPOENA)

                                                       Attorney for Defendant The Change Company CDFI, LLC
                                                       _____
                                                       (TITLE)

(Proof of service on reverse)                                                    Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUBP-010 [Rev. January 1, 2012]     **DEPOSITION SUBPOENA FOR PRODUCTION OF BUSINESS RECORDS**     Code of Civil Procedure, §§ 2020.410–2020.440;<br>Government Code, § 68097.1<br>www.courts.ca.gov

**SUBP-010**

| PLAINTIFF/PETITIONER: Adam Levine | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: The Change Company CDFI LLC | 30-2023-01331710-CU-WT-CJC |

### PROOF OF SERVICE OF DEPOSITION SUBPOENA FOR PRODUCTION OF BUSINESS RECORDS

1. I served this *Deposition Subpoena for Production of Business Records* by personally delivering a copy to the person served as follows:

   a. Person served *(name)*:

   b. Address where served:

   c. Date of delivery:

   d. Time of delivery:

   e. (1) ☐ Witness fees were paid.
        Amount: . . . . . . . . . . . . . . $ _____

      (2) ☐ Copying fees were paid.
        Amount: . . . . . . . . . . . . . . $ _____

   f. Fee for service: . . . . . . . . . . . . . . . . $ _____

2. I received this subpoena for service on *(date)*:

3. Person serving:

   a. ☐ Not a registered California process server.

   b. ☐ California sheriff or marshal.

   c. ☐ Registered California process server.

   d. ☐ Employee or independent contractor of a registered California process server.

   e. ☐ Exempt from registration under Business and Professions Code section 22350(b).

   f. ☐ Registered professional photocopier.

   g. ☐ Exempt from registration under Business and Professions Code section 22451.

   h. Name, address, telephone number, and, if applicable, county of registration and number:

| **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct. | **(For California sheriff or marshal use only)** **I certify** that the foregoing is true and correct. |
|---|---|
| Date: | Date: |
| ▶ _____ <br> (SIGNATURE) | ▶ _____ <br> (SIGNATURE) |

SUBP-010 [Rev. January 1, 2012]

### DEPOSITION SUBPOENA FOR PRODUCTION OF BUSINESS RECORDS

Page 2 of 2

*Adam Levine v. The Change Company CDFI LLC, et. al.,*
Orange County Superior Court, Case No. 30-2023-01331710-CU-WT-CJC
Action date: 06/20/2023
File No.: 9106-0005

**ATTACHMENT 3**

**I.    DEFINITIONS OF TERMS**

1.    "YOU" and "YOUR" shall refer to the subpoenaed party, **HARDER STONEROCK, LLC,** and shall include any subsidiaries, agents, employees, independent contractors, representatives, and any other PERSON(S) (as defined below) acting on its behalf.

2.    "LEVINE" shall mean and refer to Adam Levine, DOB: 1/15/1969, and/or any PERSON acting on his behalf or under his direction or control.

3.    "TCC" shall mean and refer to The Change Company CDFI LLC, including its employees, agents, assigns, attorneys, independent contractors, representatives, subsidiaries and affiliates (including but not limited to Change Home Mortgage, Xchange, TCC Manager, or any other affiliate), employees at such subsidiaries and affiliates, and any other PERSON(S) (as defined below) acting on its behalf or under its direction or control.

4.    "S. SUGARMAN" shall mean and refer to Steven Sugarman, founder of TCC, and/or any PERSON acting on his behalf or under his direction or control.

5.    "J. SUGARMAN" shall mean and refer to Jason Sugarman and/or any PERSON acting on his behalf or under his direction or control.

6.    "BROOKS" shall mean and refer to Blake Brooks and/or any PERSON acting on her behalf or under her direction or control.

7.    "PERSON" shall mean and include a natural PERSON or PERSONS, a group of natural PERSONS acting as individuals, a group of natural PERSONS acting in a collegial capacity (e.g., as a committee, board of directors, etc.), an association, corporation, company, partnership, joint venture, and any other incorporated or unincorporated business, enterprise, or entity, unless otherwise limited herein.

8.    "DOCUMENT" or "DOCUMENTS" shall mean and refer to all "writings," as that term is defined in Section 250 of the California Evidence Code, and shall include, but not be limited to, each

1

and every form in which information is kept, however produced, reproduced or stored, in YOUR actual or constructive possession, custody or control, and whether prepared, published or released by YOU or by any other person or entity, including but not limited to, letters, reports, agreements, correspondence, intra-office or inter-office correspondence, electronic mail messages, instant messages, telegrams, minutes or records of meetings, reports or summaries of investigations, expressions or statements of policy, opinions or reports of consultants, lists, drafts, revisions, invoices, receipts, original and preliminary notes, preliminary sketches, records, ledgers, contracts, bills of lading, bills, inventories, financial data, maps, memoranda, accounting and financial records, diaries, journals, calendars, statements, work papers, videotapes, audiotapes, photographs, pamphlets, brochures, advertisements, trade letters, press releases, drawings, recaps, tables, articles, summaries of conversations, computer cards, tapes, disks, and any other means of electronically or magnetically maintained information, printouts, notations of any sort of social media (including direct messages), including but not limited to Twitter or X, Instagram, LinkedIn, SnapChat, and/or TikTok, and electronic communications such as messages sent via text, Signal, and/or WhatsApp.  "DOCUMENT" and "DOCUMENTS" include, without limitation, all originals and non-identical copies.

  9. The term "DOCUMENTS" shall also mean and include, without limitation, any and all originals, duplicate originals, facsimiles and extra copies or reproductions of all such written, printed, typed, reported, recorded or graphic matter included above, upon which notations and writing, print or otherwise, have been made or to which such notations have been appended, any electronically stored data on magnetic or optical storage media as an "active" file or files (readily readable by one or more computer applications or forensics software), any "deleted" but recoverable electronic files of said media; any electronic file fragments (files that have been deleted and partially overwritten with new data), and slack (data fragments stored randomly from random access memory on a hard drive during the normal operation of a computer [RAM slack] or residual data left on the hard drive after new data has overwritten some but not all of previously stored data). A reference to any one or more of these types of documents shall be construed to include all other types of documents without limitation.

  10. The term "COMMUNICATIONS" shall have the broadest possible meaning and shall include all means of any contact whatsoever, including any transmission or exchange of words, numbers,

2

graphic material, or other information, either orally, electronically, or in writing, whether made, received, or participated in, and includes without limitation any conversion, correspondence, letter, notes, memorandum, inter-office or intra-office correspondence, telephone call, telegraph, telex, telecopy, facsimile, electronic mail, internet communication, text by phone, other electronic message, cable, tape recording, discussion, face-to-face meeting, conference or meeting of any kind (whether in person, by audio, video, telephone, or in any other form), communications of any sort via social media (including direct messages), including but not limited to Twitter or X, Instagram, LinkedIn, SnapChat, and/or TikTok, or electronic communications such as messages sent via Signal and/or WhatsApp.

11. The term "RELATING TO" is used in its broadest sense and includes all matter directly or indirectly embodying, containing, comprising, indicating, concerning, referring to, reflecting, mentioning, identifying, describing, discussing, involving, evidencing, or otherwise pertaining to, arising out of, or in connection with whether legally, logically, or factually) the referenced subject, including the referenced subject itself or any litigation involving the referenced subject.

12. The words "and" and "or" shall be construed conjunctively or disjunctively as is necessary to make the request inclusive rather than exclusive.

13. The past tense shall be construed to include the present test, and vice versa, to make the request inclusive rather than exclusive.

14. The singular shall be construed to include the plural, and vice versa, to make the request inclusive rather than exclusive.

15. Unless specifically defined herein, all words and terms used herein shall be construed and interpreted according to ordinary custom, usage, and meaning.

## II.   DOCUMENTS TO BE PRODUCED

1. All COMMUNICATIONS and DOCUMENTS between YOU and LEVINE regarding TCC and/or S. SUGARMAN.

2. All DOCUMENTS and COMMUNICATIONS that LEVINE sent YOU regarding TCC and/or S. SUGARMAN.

ATTACHMENT 3 TO DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO HARDER STONEROCK, LLC

1       3.    All COMMUNICATIONS between YOU and any PERSON (excluding any of YOUR

2 clients) forwarding the DOCUMENTS and COMMUNICATIONS that LEVINE sent YOU regarding

3 TCC and/or S. SUGARMAN.

4       4.    All COMMUNICATIONS between YOU and any PERSON (excluding any of YOUR

5 clients), including the DOCUMENTS and COMMUNICATIONS that LEVINE sent YOU, regarding

6 TCC and/or S. SUGARMAN.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

LARA A.H. SHORTZ (SBN 239609)
MICHELMAN & ROBINSON, LLP
10880 Wilshire Boulevard, 19th Floor
Los Angeles, CA 90024
Telephone:   (310) 299-5500
Facsimile:   (310) 299-5600

SAMANTHA A. DRYSDALE (SBN 307233)
ALLISON C. AGUIRRE (SBN 312544)
MICHELMAN & ROBINSON, LLP
17901 Von Karman Avenue, Suite 1000
Irvine, CA 92614
Telephone:   (714) 557-7990
Facsimile:   (714) 557-7991
Attorneys for Plaintiff
*The Change Company CDFI LLC*

Attorneys for Defendant,
THE CHANGE COMPANY CDFI, LLC

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ORANGE

| | |
|---|---|
| ADAM LEVINE, an individual,<br><br>        Plaintiff,<br><br>    vs.<br><br>THE CHANGE COMPANY CDFI LLC, a limited liability company, and Does 1 through 10, inclusive,<br><br>        Defendants. | Case No.: 30-2023-01331710-CU-WT-CJC<br><br>Judge. Hon. Nathan Nhan Vu<br>Dept. N15<br><br>**DEFENDANT THE CHANGE COMPANY CDFI, LLC'S NOTICE OF ISSUANCE OF SUBPOENAS**<br><br>Action Filed:  June 20, 2023<br>Trial Date: None Set |

1

DEFENDANT THE CHANGE COMPANY CDFI, LLC'S NOTICE OF ISSUANCE OF SUBPOENAS

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

      **PLEASE TAKE NOTICE** that on October 20, 2023, Defendant The Change Company CDFI, LLC issued and caused to be served a deposition subpoena for production of business records to the following individual:

Custodian of Records from Harder Stonerock LLP
8383 Wilshire Blvd #526
Beverly Hills, CA 90211

      PLEASE TAKE FURTHER NOTICE that on October 20, 2023, Defendant The Change Company CDFI, LLC issued and caused to be served deposition subpoenas for personal appearance and production of documents and things to the following individual and entities:

Martice Mills
429 N. Colorado St
Anaheim, CA 92801

Person Most Knowledgeable from Muddy Waters Capital, LLC
c/o CT Corporation
330 N Brand Blvd., Ste 700
Glendale, CA 91203

Person Most Knowledgeable from Muddy Waters, LLC
c/o CT Corporation
330 N Brand Blvd., Ste 700
Glendale, CA 91203

Person Most Knowledgeable from Muddy Waters Research, LLC
c/o CT Corporation
330 N Brand Blvd., Ste 700
Glendale, CA 91203

    A copy of the subpoenas are attached hereto.

Dated: October 20, 2023            **MICHELMAN & ROBINSON LLP**

                By:    *Allison Aguirre*

                     Lara A.H. Shortz, Esq.
                     Samantha A. Drysdale, Esq.
                     Alexandra D. Miller, Esq.
                     Allison C. Aguirre, Esq.
                     Attorneys for Defendant,
                     THE CHANGE COMPANY CDFI LLC

2

**DEFENDANT THE CHANGE COMPANY CDFI, LLC'S NOTICE OF ISSUANCE OF SUBPOENAS**

**SUBP-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Lara A.H. Shortz (SBN 239609); Alexandra D. Miller (SBN 347969); Samantha A. Drysdale (SBN 307233); Allison C. Aguirre (SBN 312544) Michelman & Robinson, LLP, 10880 Wilshire Blvd., 19th Floor, Los Angeles, CA 90024 | |

TELEPHONE NO.: (310) 299-5500     FAX NO.: (310) 299-5600
E-MAIL ADDRESS: lshortz@mrllp.com; sdrysdale@mrllp.com; aaguirre@mrllp.com
ATTORNEY FOR *(Name):* Defendant The Change Company CDFI, LLC

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF  ORANGE**
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS: 700 Civic Center Drive West
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice Center

PLAINTIFF/ PETITIONER: Adam Levine
DEFENDANT/ RESPONDENT: The Change Company CDFI LLC

| **DEPOSITION SUBPOENA**<br>**FOR PRODUCTION OF BUSINESS RECORDS** | CASE NUMBER:<br>30-2023-01331710-CU-WT-CJC |
|---|---|

THE PEOPLE OF THE STATE OF CALIFORNIA, TO *(name, address, and telephone number of deponent, if known):*
Custodian of Records for Harder Stonerock, LLP, 8383 Wilshire Blvd., Ste. 526, Beverly Hills, CA 90211; (424) 203-1600

1. **YOU ARE ORDERED TO PRODUCE THE BUSINESS RECORDS described in item 3, as follows:**

   To *(name of deposition officer):* First Legal Records
   On *(date):* November 20, 2023     At *(time):* 10:00 a.m.
   Location *(address):* 1517 W. Beverly Boulevard, Los Angeles, CA 90026

   **Do not release the requested records to the deposition officer prior to the date and time stated above.**

   a. ☒ by delivering a true, legible, and durable **copy** of the business records described in item 3, enclosed in a sealed inner wrapper with the title and number of the action, name of witness, and date of subpoena clearly written on it. The inner wrapper shall then be enclosed in an outer envelope or wrapper, sealed, and mailed to the deposition officer at the address in item 1.

   b. ☐ by delivering a true, legible, and durable **copy** of the business records described in item 3 to the deposition officer at the witness's address, on receipt of payment in cash or by check of the reasonable costs of preparing the copy, as determined under Evidence Code section 1563(b).

   c. ☐ by making the **original** business records described in item 3 available for inspection at your business address by the attorney's representative and permitting **copying** at your business address under reasonable conditions during normal business hours.

2. *The records are to be produced by the date and time shown in item 1 (but not sooner than 20 days after the issuance of the deposition subpoena, or 15 days after service, whichever date is later). Reasonable costs of locating records, making them available or copying them, and postage, if any, are recoverable as set forth in Evidence Code section 1563(b). The records shall be accompanied by an affidavit of the custodian or other qualified witness pursuant to Evidence Code section 1561.*

3. The records to be produced are described as follows *(if electronically stored information is demanded, the form or forms in which each type of information is to be produced may be specified):*
   See Attachment 3.
   ☒ Continued on Attachment 3.

4. **IF YOU HAVE BEEN SERVED WITH THIS SUBPOENA AS A CUSTODIAN OF CONSUMER OR EMPLOYEE RECORDS UNDER CODE OF CIVIL PROCEDURE SECTION 1985.3 OR 1985.6 AND A MOTION TO QUASH OR AN OBJECTION HAS BEEN SERVED ON YOU, A COURT ORDER OR AGREEMENT OF THE PARTIES, WITNESSES, *AND* CONSUMER OR EMPLOYEE AFFECTED MUST BE OBTAINED BEFORE YOU ARE REQUIRED TO PRODUCE CONSUMER OR EMPLOYEE RECORDS.**

| **DISOBEDIENCE OF THIS SUBPOENA MAY BE PUNISHED AS CONTEMPT BY THIS COURT. YOU WILL ALSO BE LIABLE FOR THE SUM OF FIVE HUNDRED DOLLARS AND ALL DAMAGES RESULTING FROM YOUR FAILURE TO OBEY.** |
|---|

Date issued: October 20, 2023

Allison C. Aguirre
_____
(TYPE OR PRINT NAME)

▶ *Allison Aguirre*
_____
(SIGNATURE OF PERSON ISSUING SUBPOENA)
Attorney for Defendant The Change Company CDFI, LLC
(TITLE)

(Proof of service on reverse)     Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
SUBP-010 [Rev. January 1, 2012]

**DEPOSITION SUBPOENA FOR PRODUCTION OF BUSINESS RECORDS**

Code of Civil Procedure, §§ 2020.410–2020.440;
Government Code, § 68097.1
www.courts.ca.gov

**SUBP-010**

| PLAINTIFF/PETITIONER: Adam Levine | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: The Change Company CDFI LLC | 30-2023-01331710-CU-WT-CJC |

## PROOF OF SERVICE OF DEPOSITION SUBPOENA FOR PRODUCTION OF BUSINESS RECORDS

1. I served this *Deposition Subpoena for Production of Business Records* by personally delivering a copy to the person served as follows:

   a. Person served *(name)*:

   b. Address where served:

   c. Date of delivery:

   d. Time of delivery:

   e. (1) ☐ Witness fees were paid.
   Amount: . . . . . . . . . . . . . $ _____

   (2) ☐ Copying fees were paid.
   Amount: . . . . . . . . . . . . . $ _____

   f. Fee for service: . . . . . . . . . . . . . . . $ _____

2. I received this subpoena for service on *(date)*:

3. Person serving:

   a. ☐ Not a registered California process server.

   b. ☐ California sheriff or marshal.

   c. ☐ Registered California process server.

   d. ☐ Employee or independent contractor of a registered California process server.

   e. ☐ Exempt from registration under Business and Professions Code section 22350(b).

   f. ☐ Registered professional photocopier.

   g. ☐ Exempt from registration under Business and Professions Code section 22451.

   h. Name, address, telephone number, and, if applicable, county of registration and number:

| **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct. | **(For California sheriff or marshal use only)** **I certify** that the foregoing is true and correct. |
|---|---|
| Date: | Date: |
| ▶ _____ (SIGNATURE) | ▶ _____ (SIGNATURE) |

SUBP-010 [Rev. January 1, 2012]          **DEPOSITION SUBPOENA FOR PRODUCTION OF BUSINESS RECORDS**          Page 2 of 2

_Adam Levine v. The Change Company CDFI LLC, et. al.,_
Orange County Superior Court, Case No. 30-2023-01331710-CU-WT-CJC
Action date: 06/20/2023
File No.: 9106-0005

## ATTACHMENT 3

**I.   DEFINITIONS OF TERMS**

1.    "YOU" and "YOUR" shall refer to the subpoenaed party, **HARDER STONEROCK, LLC,** and shall include any subsidiaries, agents, employees, independent contractors, representatives, and any other PERSON(S) (as defined below) acting on its behalf.

2.    "LEVINE" shall mean and refer to Adam Levine, DOB: 1/15/1969, and/or any PERSON acting on his behalf or under his direction or control.

3.    "TCC" shall mean and refer to The Change Company CDFI LLC, including its employees, agents, assigns, attorneys, independent contractors, representatives, subsidiaries and affiliates (including but not limited to Change Home Mortgage, Xchange, TCC Manager, or any other affiliate), employees at such subsidiaries and affiliates, and any other PERSON(S) (as defined below) acting on its behalf or under its direction or control.

4.    "S. SUGARMAN" shall mean and refer to Steven Sugarman, founder of TCC, and/or any PERSON acting on his behalf or under his direction or control.

5.    "J. SUGARMAN" shall mean and refer to Jason Sugarman and/or any PERSON acting on his behalf or under his direction or control.

6.    "BROOKS" shall mean and refer to Blake Brooks and/or any PERSON acting on her behalf or under her direction or control.

7.    "PERSON" shall mean and include a natural PERSON or PERSONS, a group of natural PERSONS acting as individuals, a group of natural PERSONS acting in a collegial capacity (e.g., as a committee, board of directors, etc.), an association, corporation, company, partnership, joint venture, and any other incorporated or unincorporated business, enterprise, or entity, unless otherwise limited herein.

8.    "DOCUMENT" or "DOCUMENTS" shall mean and refer to all "writings," as that term is defined in Section 250 of the California Evidence Code, and shall include, but not be limited to, each

1

1 and every form in which information is kept, however produced, reproduced or stored, in YOUR actual
2 or constructive possession, custody or control, and whether prepared, published or released by YOU or
3 by any other person or entity, including but not limited to, letters, reports, agreements, correspondence,
4 intra-office or inter-office correspondence, electronic mail messages, instant messages, telegrams,
5 minutes or records of meetings, reports or summaries of investigations, expressions or statements of
6 policy, opinions or reports of consultants, lists, drafts, revisions, invoices, receipts, original and
7 preliminary notes, preliminary sketches, records, ledgers, contracts, bills of lading, bills, inventories,
8 financial data, maps, memoranda, accounting and financial records, diaries, journals, calendars,
9 statements, work papers, videotapes, audiotapes, photographs, pamphlets, brochures, advertisements,
10 trade letters, press releases, drawings, recaps, tables, articles, summaries of conversations, computer
11 cards, tapes, disks, and any other means of electronically or magnetically maintained information,
12 printouts, notations of any sort of social media (including direct messages), including but not limited to
13 Twitter or X, Instagram, LinkedIn, SnapChat, and/or TikTok, and electronic communications such as
14 messages sent via text, Signal, and/or WhatsApp.  "DOCUMENT" and "DOCUMENTS" include,
15 without limitation, all originals and non-identical copies.

16      9.      The term "DOCUMENTS" shall also mean and include, without limitation, any and all
17 originals, duplicate originals, facsimiles and extra copies or reproductions of all such written, printed,
18 typed, reported, recorded or graphic matter included above, upon which notations and writing, print or
19 otherwise, have been made or to which such notations have been appended, any electronically stored
20 data on magnetic or optical storage media as an "active" file or files (readily readable by one or more
21 computer applications or forensics software), any "deleted" but recoverable electronic files of said
22 media; any electronic file fragments (files that have been deleted and partially overwritten with new
23 data), and slack (data fragments stored randomly from random access memory on a hard drive during
24 the normal operation of a computer [RAM slack] or residual data left on the hard drive after new data
25 has overwritten some but not all of previously stored data). A reference to any one or more of these
26 types of documents shall be construed to include all other types of documents without limitation.

27      10.     The term "COMMUNICATIONS" shall have the broadest possible meaning and shall
28 include all means of any contact whatsoever, including any transmission or exchange of words, numbers,

ATTACHMENT 3 TO DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO HARDER STONEROCK, LLC

graphic material, or other information, either orally, electronically, or in writing, whether made, received, or participated in, and includes without limitation any conversion, correspondence, letter, notes, memorandum, inter-office or intra-office correspondence, telephone call, telegraph, telex, telecopy, facsimile, electronic mail, internet communication, text by phone, other electronic message, cable, tape recording, discussion, face-to-face meeting, conference or meeting of any kind (whether in person, by audio, video, telephone, or in any other form), communications of any sort via social media (including direct messages), including but not limited to Twitter or X, Instagram, LinkedIn, SnapChat, and/or TikTok, or electronic communications such as messages sent via Signal and/or WhatsApp.

11.     The term "RELATING TO" is used in its broadest sense and includes all matter directly or indirectly embodying, containing, comprising, indicating, concerning, referring to, reflecting, mentioning, identifying, describing, discussing, involving, evidencing, or otherwise pertaining to, arising out of, or in connection with whether legally, logically, or factually) the referenced subject, including the referenced subject itself or any litigation involving the referenced subject.

12.     The words "and" and "or" shall be construed conjunctively or disjunctively as is necessary to make the request inclusive rather than exclusive.

13.     The past tense shall be construed to include the present test, and vice versa, to make the request inclusive rather than exclusive.

14.     The singular shall be construed to include the plural, and vice versa, to make the request inclusive rather than exclusive.

15.     Unless specifically defined herein, all words and terms used herein shall be construed and interpreted according to ordinary custom, usage, and meaning.

## II.     DOCUMENTS TO BE PRODUCED

1.     All COMMUNICATIONS and DOCUMENTS between YOU and LEVINE regarding TCC and/or S. SUGARMAN.

2.     All DOCUMENTS and COMMUNICATIONS that LEVINE sent YOU regarding TCC and/or S. SUGARMAN.

3

1        3.    All COMMUNICATIONS between YOU and any PERSON (excluding any of YOUR

2    clients) forwarding the DOCUMENTS and COMMUNICATIONS that LEVINE sent YOU regarding

3    TCC and/or S. SUGARMAN.

4        4.    All COMMUNICATIONS between YOU and any PERSON (excluding any of YOUR

5    clients), including the DOCUMENTS and COMMUNICATIONS that LEVINE sent YOU, regarding

6    TCC and/or S. SUGARMAN.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ATTACHMENT 3 TO DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO HARDER STONEROCK, LLC

SUBP-020

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Lara A.H. Shortz (SBN 239609); Alexandra D. Miller (SBN 347969);<br>Samantha A. Drysdale (SBN 307233); Allison C. Aguirre (SBN 312544)<br>Michelman & Robinson, LLP, 10880 Wilshire Blvd., 19th Floor, Los Angeles, CA 90024<br><br>TELEPHONE NO.: (310) 299-5500    FAX NO. *(Optional):* (310) 299-5600<br>E-MAIL ADDRESS *(Optional):* lshortz@mrllp.com; sdrysdale@mrllp.com; aaguirre@mrllp.com<br>ATTORNEY FOR *(Name):* Defendant The Change Company CDFI, LLC | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS: 700 Civic Center Drive West
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice Center

| PLAINTIFF/ PETITIONER: Adam Levine | |
|---|---|
| DEFENDANT/ RESPONDENT: The Change Company CDFI LLC | |

| | CASE NUMBER: |
|---|---|
| **DEPOSITION SUBPOENA**<br>**FOR PERSONAL APPEARANCE AND PRODUCTION OF DOCUMENTS AND THINGS** | 30-2023-01331710-CU-WT-CJC |

THE PEOPLE OF THE STATE OF CALIFORNIA, TO *(name, address, and telephone number of deponent, if known):*
Martice Mills, 429 N. Colorado St., Anaheim, CA 92801

1. **YOU ARE ORDERED TO APPEAR IN PERSON TO TESTIFY AS A WITNESS** in this action at the following date, time, and place:

   | Date: November 20, 2023    Time: 10:00 a.m.    Address: 17901 Von Karman Ave., 10th Floor, Irvine, CA 92614 |
   |---|

   a. ☐  As a deponent who is not a natural person, you are ordered to designate one or more persons to testify on your behalf as to the matters described in item 4. (Code Civ. Proc., § 2025.230.)

   b. ☒  You are ordered to produce the documents and things described in item 3.

   c. ☒  This deposition will be recorded stenographically ☒ through the instant visual display of testimony and by ☒ audiotape ☒ videotape.

   d. ☒  This videotape deposition is intended for possible use at trial under Code of Civil Procedure section 2025.620(d).

2. The personal attendance of the custodian or other qualified witness and the production of the original records are required by this subpoena. The procedure authorized by Evidence Code sections 1560(b), 1561, and 1562 will not be deemed sufficient compliance with this subpoena.

3. The documents and things to be produced and any testing or sampling being sought are described as follows:
   See Attachment 3.
   ☒ Continued on Attachment 3.

4. If the witness is a representative of a business or other entity, the matters upon which the witness is to be examined are described as follows:

   ☐ Continued on Attachment 4.

5. **IF YOU HAVE BEEN SERVED WITH THIS SUBPOENA AS A CUSTODIAN OF CONSUMER OR EMPLOYEE RECORDS UNDER CODE OF CIVIL PROCEDURE SECTION 1985.3 OR 1985.6 AND A MOTION TO QUASH OR AN OBJECTION HAS BEEN SERVED ON YOU, A COURT ORDER OR AGREEMENT OF THE PARTIES, WITNESSES, *AND* CONSUMER OR EMPLOYEE AFFECTED MUST BE OBTAINED BEFORE YOU ARE REQUIRED TO PRODUCE CONSUMER OR EMPLOYEE RECORDS.**

6. *At the deposition, you will be asked questions under oath. Questions and answers are recorded stenographically at the deposition; later they are transcribed for possible use at trial. You may read the written record and change any incorrect answers before you sign the deposition. You are entitled to receive witness fees and mileage actually traveled both ways. The money must be paid, at the option of the party giving notice of the deposition, either with service of this subpoena or at the time of the deposition. Unless the court orders or you agree otherwise, if you are being deposed as an individual, the deposition must take place within 75 miles of your residence or within 150 miles of your residence if the deposition will be taken within the county of the court where the action is pending. The location of the deposition for all deponents is governed by Code of Civil Procedure section 2025.250.*

| **DISOBEDIENCE OF THIS SUBPOENA MAY BE PUNISHED AS CONTEMPT BY THIS COURT. YOU WILL ALSO BE LIABLE FOR THE SUM OF $500 AND ALL DAMAGES RESULTING FROM YOUR FAILURE TO OBEY.** |
|---|

Date issued: October 20, 2023

▶ *Allison Aguirre*
(SIGNATURE OF PERSON ISSUING SUBPOENA)

Allison C. Aguirre
_____
(TYPE OR PRINT NAME)

Attorneys for The Change Company CDFI LLC
_____
(TITLE)

(Proof of service on reverse)                                                        Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
SUBP-020 [Rev. January 1, 2009]

**DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE AND PRODUCTION OF DOCUMENTS AND THINGS**

Code of Civil Procedure §§ 2020.510,
2025.220, 2025.230, 2025.250, 2025.620;
Government Code, § 68097.1
www.courts.ca.gov

**SUBP-020**

| PLAINTIFF/PETITIONER: Adam Levine | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: The Change Company CDFI LLC | 30-2023-01331710-CU-WT-CJC |

## PROOF OF SERVICE OF DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE
### AND PRODUCTION OF DOCUMENTS AND THINGS

1. I served this *Deposition Subpoena for Personal Appearance and Production of Documents and Things* by personally delivering a copy to the person served as follows:

   a. Person served *(name)*:

   b. Address where served:

   c. Date of delivery:

   d. Time of delivery:

   e. Witness fees and mileage both ways *(check one)*:

      (1) ☐ were paid. Amount: . . . . . . . . . . $ _____

      (2) ☐ were not paid.

      (3) ☐ were tendered to the witness's public entity employer as required by Government Code section 68097.2. The amount tendered was *(specify)*: . . . . . . . $ _____

   f. Fee for service: . . . . . . . . . . . . . . . . . . $ _____

2. I received this subpoena for service on *(date)*:

3. Person serving:

   a. ☐ Not a registered California process server

   b. ☐ California sheriff or marshal

   c. ☐ Registered California process server.

   d. ☐ Employee or independent contractor of a registered California process server

   e. ☐ Exempt from registration under Business and Professions Code section 22350(b)

   f. ☐ Registered professional photocopier

   g. ☐ Exempt from registration under Business and Professions Code section 22451

   h. Name, address, telephone number, and, if applicable, county of registration and number:

| | |
|---|---|
| **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct. | **(For California sheriff or marshal use only)** **I certify** that the foregoing is true and correct. |
| Date: | Date: |
| ▶ _____ (SIGNATURE) | ▶ _____ (SIGNATURE) |

**DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE
AND PRODUCTION OF DOCUMENTS AND THINGS**

*Adam Levine v. The Change Company CDFI LLC, et. al.,*
Orange County Superior Court, Case No. 30-2023-01331710-CU-WT-CJC
Action date: 06/20/2023
File No.: 9106-0005

**ATTACHMENT 3**

**I.    DEFINITIONS OF TERMS**

1.    "YOU" and "YOUR" shall refer to the subpoenaed party, **MARTICE MILLS**, and shall include any subsidiaries, agents, employees, independent contractors, representatives, and any other PERSON(S) (as defined below) acting on its behalf.

2.    "LEVINE" shall mean and refer to Adam Levine, DOB: 1/15/1969, and/or any PERSON acting on his behalf or under his direction or control.

3.    "TCC" shall mean and refer to The Change Company CDFI LLC, including its employees, agents, assigns, attorneys, independent contractors, representatives, subsidiaries and affiliates (including but not limited to Change Home Mortgage, Xchange, TCC Manager, or any other affiliate), employees at such subsidiaries and affiliates, and any other PERSON(S) (as defined below) acting on its behalf or under its direction or control.

4.    "S. SUGARMAN" shall mean and refer to Steven Sugarman, founder of TCC, and/or any PERSON acting on his behalf or under his direction or control.

5.    "J. SUGARMAN" shall mean and refer to Jason Sugarman and/or any PERSON acting on his behalf or under his direction or control.

6.    "BROOKS" shall mean and refer to Blake Brooks and/or any PERSON acting on her behalf or under her direction or control.

7.    "PERSON" shall mean and include a natural PERSON or PERSONS, a group of natural PERSONS acting as individuals, a group of natural PERSONS acting in a collegial capacity (e.g., as a committee, board of directors, etc.), an association, corporation, company, partnership, joint venture, and any other incorporated or unincorporated business, enterprise, or entity, unless otherwise limited herein.

8.    "DOCUMENT" or "DOCUMENTS" shall mean and refer to all "writings," as that term is defined in Section 250 of the California Evidence Code, and shall include, but not be limited to, each

1

and every form in which information is kept, however produced, reproduced or stored, in YOUR actual or constructive possession, custody or control, and whether prepared, published or released by YOU or by any other person or entity, including but not limited to, letters, reports, agreements, correspondence, intra-office or inter-office correspondence, electronic mail messages, instant messages, telegrams, minutes or records of meetings, reports or summaries of investigations, expressions or statements of policy, opinions or reports of consultants, lists, drafts, revisions, invoices, receipts, original and preliminary notes, preliminary sketches, records, ledgers, contracts, bills of lading, bills, inventories, financial data, maps, memoranda, accounting and financial records, diaries, journals, calendars, statements, work papers, videotapes, audiotapes, photographs, pamphlets, brochures, advertisements, trade letters, press releases, drawings, recaps, tables, articles, summaries of conversations, computer cards, tapes, disks, and any other means of electronically or magnetically maintained information, printouts, notations of any sort of social media (including direct messages), including but not limited to Twitter or X, Instagram, LinkedIn, SnapChat, and/or TikTok, and electronic communications such as messages sent via text, Signal, and/or WhatsApp. "DOCUMENT" and "DOCUMENTS" include, without limitation, all originals and non-identical copies.

9.     The term "DOCUMENTS" shall also mean and include, without limitation, any and all originals, duplicate originals, facsimiles and extra copies or reproductions of all such written, printed, typed, reported, recorded or graphic matter included above, upon which notations and writing, print or otherwise, have been made or to which such notations have been appended, any electronically stored data on magnetic or optical storage media as an "active" file or files (readily readable by one or more computer applications or forensics software), any "deleted" but recoverable electronic files of said media; any electronic file fragments (files that have been deleted and partially overwritten with new data), and slack (data fragments stored randomly from random access memory on a hard drive during the normal operation of a computer [RAM slack] or residual data left on the hard drive after new data has overwritten some but not all of previously stored data). A reference to any one or more of these types of documents shall be construed to include all other types of documents without limitation.

10.     The term "COMMUNICATIONS" shall have the broadest possible meaning and shall include all means of any contact whatsoever, including any transmission or exchange of words, numbers,

2

graphic material, or other information, either orally, electronically, or in writing, whether made, received, or participated in, and includes without limitation any conversion, correspondence, letter, notes, memorandum, inter-office or intra-office correspondence, telephone call, telegraph, telex, telecopy, facsimile, electronic mail, internet communication, text by phone, other electronic message, cable, tape recording, discussion, face-to-face meeting, conference or meeting of any kind (whether in person, by audio, video, telephone, or in any other form), communications of any sort via social media (including direct messages), including but not limited to Twitter or X, Instagram, LinkedIn, SnapChat, and/or TikTok, or electronic communications such as messages sent via Signal and/or WhatsApp.

11.    The term "RELATING TO" is used in its broadest sense and includes all matter directly or indirectly embodying, containing, comprising, indicating, concerning, referring to, reflecting, mentioning, identifying, describing, discussing, involving, evidencing, or otherwise pertaining to, arising out of, or in connection with whether legally, logically, or factually) the referenced subject, including the referenced subject itself or any litigation involving the referenced subject.

12.    The words "and" and "or" shall be construed conjunctively or disjunctively as is necessary to make the request inclusive rather than exclusive.

13.    The past tense shall be construed to include the present test, and vice versa, to make the request inclusive rather than exclusive.

14.    The singular shall be construed to include the plural, and vice versa, to make the request inclusive rather than exclusive.

15.    Unless specifically defined herein, all words and terms used herein shall be construed and interpreted according to ordinary custom, usage, and meaning.

II.    **DOCUMENTS TO BE PRODUCED**

1.    All COMMUNICATIONS and DOCUMENTS between YOU and LEVINE regarding TCC.

2.    All COMMUNICATIONS and DOCUMENTS between YOU and LEVINE regarding S. SUGARMAN.

**ATTACHMENT 3 TO DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO MARTICE MILLS**

3.      All COMMUNICATIONS and DOCUMENTS that RELATE TO any settlement payment LEVINE was attempting to get from TCC and/or S. SUGARMAN.

4.      All COMMUNICATIONS and DOCUMENTS that RELATE TO LEVINE providing information to any PERONS regarding TCC.

5.      All COMMUNICATIONS and DOCUMENTS that RELATE TO LEVINE recording telephone or meetings at TCC.

6.      All COMMUNICATIONS and DOCUMENTS that RELATE TO YOUR COMMUNICATIONS with investigators regarding LEVINE.

7.      All COMMUNICATIONS and DOCUMENTS that RELATE TO LEVINE's conduct while employed at TCC.

8.      All COMMUNICATIONS and DOCUMENTS that RELATE TO LEVINE's employment at TCC.

9.      All COMMUNICATIONS and DOCUMENTS that RELATE TO LEVINE's threats to provide any PERSON with TCC's confidential information.

10.     All COMMUNICATIONS RELATING TO the December 2022 incident between LEVINE and Carlos Velasquez at TCC's Pacific Palisades office, including COMMUNICATIONS about YOUR testimony RELATING TO same.

11.     All COMMUNICATIONS with LEVINE RELATING TO YOUR testimony and cooperation with TCC.

12.     All COMMUNICATIONS with the CDFI Fund or Treasury RELATING TO TCC.

13.     All COMMUNICATIONS with any media, journalists, and/or publications, including but not limited to Barrons and Jacob Alderman, RELATING TO LEVINE, or TCC.

14.     All DOCUMENTS that RELATE TO alleged mischaracterization of loans, regulatory reporting, or securitization disclosures at TCC.

4

**ATTACHMENT 3 TO DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO MARTICE MILLS**

SUBP-020

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Lara A.H. Shortz (SBN 239609); Alexandra D. Miller (SBN 347969); Samantha A. Drysdale (SBN 307233); Allison C. Aguirre (SBN 312544) Michelman & Robinson, LLP, 10880 Wilshire Blvd., 19th Floor, Los Angeles, CA 90024 | |

TELEPHONE NO.: (310) 299-5500          FAX NO. *(Optional):* (310) 299-5600
E-MAIL ADDRESS *(Optional):* lshortz@mrllp.com; sdrysdale@mrllp.com; aaguirre@mrllp.com
ATTORNEY FOR *(Name):* Defendant The Change Company CDFI, LLC

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** ORANGE
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS: 700 Civic Center Drive West
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice Center

PLAINTIFF/ PETITIONER: Adam Levine

DEFENDANT/ RESPONDENT: The Change Company CDFI LLC

| **DEPOSITION SUBPOENA** **FOR PERSONAL APPEARANCE AND PRODUCTION OF DOCUMENTS AND THINGS** | CASE NUMBER: 30-2023-01331710-CU-WT-CJC |
|---|---|

**THE PEOPLE OF THE STATE OF CALIFORNIA, TO** *(name, address, and telephone number of deponent, if known):*
Person Most Knowledgeable of Muddy Waters Capital, LLC c/o CT Corporation, 330 N Brand Blvd., Ste 700 Glendale, CA 91203

1. **YOU ARE ORDERED TO APPEAR IN PERSON TO TESTIFY AS A WITNESS in this action at the following date, time, and place:**

   Date: November 22, 2023          Time: 12:00 p.m.          Address: 10880 Wilshire Boulevard, 19th Floor Los Angeles, CA 90024

   a. [X] As a deponent who is not a natural person, you are ordered to designate one or more persons to testify on your behalf as to the matters described in item 4. (Code Civ. Proc., § 2025.230.)

   b. [X] You are ordered to produce the documents and things described in item 3.

   c. [X] This deposition will be recorded stenographically [X] through the instant visual display of testimony and by [X] audiotape [X] videotape.

   d. [X] This videotape deposition is intended for possible use at trial under Code of Civil Procedure section 2025.620(d).

2. The personal attendance of the custodian or other qualified witness and the production of the original records are required by this subpoena. The procedure authorized by Evidence Code sections 1560(b), 1561, and 1562 will not be deemed sufficient compliance with this subpoena.

3. The documents and things to be produced and any testing or sampling being sought are described as follows:
   See Attachment 3.
   [X] Continued on Attachment 3.

4. If the witness is a representative of a business or other entity, the matters upon which the witness is to be examined are described as follows:
   See Attachment 4.
   [X] Continued on Attachment 4.

5. **IF YOU HAVE BEEN SERVED WITH THIS SUBPOENA AS A CUSTODIAN OF CONSUMER OR EMPLOYEE RECORDS UNDER CODE OF CIVIL PROCEDURE SECTION 1985.3 OR 1985.6 AND A MOTION TO QUASH OR AN OBJECTION HAS BEEN SERVED ON YOU, A COURT ORDER OR AGREEMENT OF THE PARTIES, WITNESSES, *AND* CONSUMER OR EMPLOYEE AFFECTED MUST BE OBTAINED BEFORE YOU ARE REQUIRED TO PRODUCE CONSUMER OR EMPLOYEE RECORDS.**

6. *At the deposition, you will be asked questions under oath. Questions and answers are recorded stenographically at the deposition; later they are transcribed for possible use at trial. You may read the written record and change any incorrect answers before you sign the deposition. You are entitled to receive witness fees and mileage actually traveled both ways. The money must be paid, at the option of the party giving notice of the deposition, either with service of this subpoena or at the time of the deposition. Unless the court orders or you agree otherwise, if you are being deposed as an individual, the deposition must take place within 75 miles of your residence or within 150 miles of your residence if the deposition will be taken within the county of the court where the action is pending. The location of the deposition for all deponents is governed by Code of Civil Procedure section 2025.250.*

**DISOBEDIENCE OF THIS SUBPOENA MAY BE PUNISHED AS CONTEMPT BY THIS COURT. YOU WILL ALSO BE LIABLE FOR THE SUM OF $500 AND ALL DAMAGES RESULTING FROM YOUR FAILURE TO OBEY.**

Date issued: October 20, 2023

_Allison Aguirre_
▶ (SIGNATURE OF PERSON ISSUING SUBPOENA)

Allison C. Aguirre
(TYPE OR PRINT NAME)

Attorneys for The Change Company CDFI LLC
(TITLE)

(Proof of service on reverse)                                   Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
SUBP-020 [Rev. January 1, 2009]
**DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE AND PRODUCTION OF DOCUMENTS AND THINGS**
Code of Civil Procedure §§ 2020.510, 2025.220, 2025.230, 2025.250, 2025.620, Government Code, § 68097.1
www.courts.ca.gov

**SUBP-020**

| | |
|---|---|
| PLAINTIFF/PETITIONER: Adam Levine<br>DEFENDANT/RESPONDENT: The Change Company CDFI LLC | CASE NUMBER:<br>30-2023-01331710-CU-WT-CJC |

## PROOF OF SERVICE OF DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE
### AND PRODUCTION OF DOCUMENTS AND THINGS

1. I served this *Deposition Subpoena for Personal Appearance and Production of Documents and Things* by personally delivering a copy to the person served as follows:

   a. Person served *(name)*:

   b. Address where served:

   c. Date of delivery:

   d. Time of delivery:

   e. Witness fees and mileage both ways *(check one)*:

     (1) ☐ were paid. Amount: . . . . . . . . . . $ _____

     (2) ☐ were not paid.

     (3) ☐ were tendered to the witness's
         public entity employer as
         required by Government Code
         section 68097.2. The amount
         tendered was *(specify)*: . . . . . . $ _____

   f. Fee for service: . . . . . . . . . . . . . . . . . . $ _____

2. I received this subpoena for service on *(date)*:

3. Person serving:

   a. ☐ Not a registered California process server

   b. ☐ California sheriff or marshal

   c. ☐ Registered California process server.

   d. ☐ Employee or independent contractor of a registered California process server

   e. ☐ Exempt from registration under Business and Professions Code section 22350(b)

   f. ☐ Registered professional photocopier

   g. ☐ Exempt from registration under Business and Professions Code section 22451

   h. Name, address, telephone number, and, if applicable, county of registration and number:

**I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶ _____
      (SIGNATURE)

**(For California sheriff or marshal use only)**
**I certify** that the foregoing is true and correct.

Date:

▶ _____
      (SIGNATURE)

SUBP-020 [Rev. January 1, 2009]

**PROOF OF SERVICE**
**DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE**
**AND PRODUCTION OF DOCUMENTS AND THINGS**

Page 2 of 2

<u>Adam Levine v. The Change Company CDFI LLC, et. al.,</u>
Orange County Superior Court, Case No. 30-2023-01331710-CU-WT-CJC
Action date: 06/20/2023
File No.: 9106-0005

## ATTACHMENT 3

### I.    DEFINITIONS OF TERMS

1.    "YOU" and "YOUR" shall refer to the subpoenaed party, **MUDDY WATERS CAPITAL, LLC,** and shall include any subsidiaries, agents, employees, independent contractors, representatives, and any other PERSON(S) (as defined below) acting on its behalf.

2.    "LEVINE" shall mean and refer to Adam Levine, DOB: 1/15/1969, and/or any PERSON acting on his behalf or under his direction or control.

3.    "TCC" shall mean and refer to The Change Company CDFI LLC, including its employees, agents, assigns, attorneys, independent contractors, representatives, subsidiaries and affiliates (including but not limited to Change Home Mortgage, Xchange, TCC Manager, or any other affiliate), employees at such subsidiaries and affiliates, and any other PERSON(S) (as defined below) acting on its behalf or under its direction or control.

4.    "S. SUGARMAN" shall mean and refer to Steven Sugarman, founder of TCC, and/or any PERSON acting on his behalf or under his direction or control.

5.    "J. SUGARMAN" shall mean and refer to Jason Sugarman and/or any PERSON acting on his behalf or under his direction or control.

6.    "BROOKS" shall mean and refer to Blake Brooks and/or any PERSON acting on her behalf or under her direction or control.

7.    "PERSON" shall mean and include a natural PERSON or PERSONS, a group of natural PERSONS acting as individuals, a group of natural PERSONS acting in a collegial capacity (e.g., as a committee, board of directors, etc.), an association, corporation, company, partnership, joint venture, and any other incorporated or unincorporated business, enterprise, or entity, unless otherwise limited herein.

8.    "DOCUMENT" or "DOCUMENTS" shall mean and refer to all "writings," as that term is defined in Section 250 of the California Evidence Code, and shall include, but not be limited to, each

1  and every form in which information is kept, however produced, reproduced or stored, in YOUR actual

2  or constructive possession, custody or control, and whether prepared, published or released by YOU or

3  by any other person or entity, including but not limited to, letters, reports, agreements, correspondence,

4  intra-office or inter-office correspondence, electronic mail messages, instant messages, telegrams,

5  minutes or records of meetings, reports or summaries of investigations, expressions or statements of

6  policy, opinions or reports of consultants, lists, drafts, revisions, invoices, receipts, original and

7  preliminary notes, preliminary sketches, records, ledgers, contracts, bills of lading, bills, inventories,

8  financial data, maps, memoranda, accounting and financial records, diaries, journals, calendars,

9  statements, work papers, videotapes, audiotapes, photographs, pamphlets, brochures, advertisements,

10  trade letters, press releases, drawings, recaps, tables, articles, summaries of conversations, computer

11  cards, tapes, disks, and any other means of electronically or magnetically maintained information,

12  printouts, notations of any sort of social media (including direct messages), including but not limited to

13  Twitter or X, Instagram, LinkedIn, SnapChat, and/or TikTok, and electronic communications such as

14  messages sent via text, Signal, and/or WhatsApp.  "DOCUMENT" and "DOCUMENTS" include,

15  without limitation, all originals and non-identical copies.

16       9.    The term "DOCUMENTS" shall also mean and include, without limitation, any and all

17  originals, duplicate originals, facsimiles and extra copies or reproductions of all such written, printed,

18  typed, reported, recorded or graphic matter included above, upon which notations and writing, print or

19  otherwise, have been made or to which such notations have been appended, any electronically stored

20  data on magnetic or optical storage media as an "active" file or files (readily readable by one or more

21  computer applications or forensics software), any "deleted" but recoverable electronic files of said

22  media; any electronic file fragments (files that have been deleted and partially overwritten with new

23  data), and slack (data fragments stored randomly from random access memory on a hard drive during

24  the normal operation of a computer [RAM slack] or residual data left on the hard drive after new data

25  has overwritten some but not all of previously stored data). A reference to any one or more of these

26  types of documents shall be construed to include all other types of documents without limitation.

27       10.    The term "COMMUNICATIONS" shall have the broadest possible meaning and shall

28  include all means of any contact whatsoever, including any transmission or exchange of words, numbers,

2

**ATTACHMENT 3 TO DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO MUDDY WATERS CAPITAL, LLC**

graphic material, or other information, either orally, electronically, or in writing, whether made, received, or participated in, and includes without limitation any conversion, correspondence, letter, notes, memorandum, inter-office or intra-office correspondence, telephone call, telegraph, telex, telecopy, facsimile, electronic mail, internet communication, text by phone, other electronic message, cable, tape recording, discussion, face-to-face meeting, conference or meeting of any kind (whether in person, by audio, video, telephone, or in any other form), communications of any sort via social media (including direct messages), including but not limited to Twitter or X, Instagram, LinkedIn, SnapChat, and/or TikTok, or electronic communications such as messages sent via Signal and/or WhatsApp.

11. The term "RELATING TO" is used in its broadest sense and includes all matter directly or indirectly embodying, containing, comprising, indicating, concerning, referring to, reflecting, mentioning, identifying, describing, discussing, involving, evidencing, or otherwise pertaining to, arising out of, or in connection with whether legally, logically, or factually) the referenced subject, including the referenced subject itself or any litigation involving the referenced subject.

12. The words "and" and "or" shall be construed conjunctively or disjunctively as is necessary to make the request inclusive rather than exclusive.

13. The past tense shall be construed to include the present test, and vice versa, to make the request inclusive rather than exclusive.

14. The singular shall be construed to include the plural, and vice versa, to make the request inclusive rather than exclusive.

15. Unless specifically defined herein, all words and terms used herein shall be construed and interpreted according to ordinary custom, usage, and meaning.

## II.   DOCUMENTS TO BE PRODUCED

1. All COMMUNICATIONS and DOCUMENTS between YOUR representative(s) and LEVINE regarding TCC and/or S. SUGARMAN.

2. All DOCUMENTS and COMMUNICATIONS that LEVINE sent YOU regarding TCC and/or S. SUGARMAN.

3

3. All COMMUNICATIONS between YOU and any PERSON forwarding the DOCUMENTS and COMMUNICATIONS that LEVINE sent YOU regarding TCC and/or S. SUGARMAN.

4. All COMMUNICATIONS between YOU and any PERSON, including the DOCUMENTS and COMMUNICATIONS that LEVINE sent YOU, regarding TCC and/or S. SUGARMAN.

5. ALL DOCUMENTS that reference, characterize, or summarize any DOCUMENTS provided by LEVINE to YOU.

6. All COMMUNICATIONS between YOU and LEVINE RELATING TO any litigation between YOU and S. SUGARMAN.

7. All COMMUNICATIONS and DOCUMENTS between YOU and LEVINE regarding J. SUGARMAN.

ATTACHMENT 3 TO DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO MUDDY WATERS CAPITAL, LLC

## ATTACHMENT 4

### I.  DEFINITIONS OF TERMS

1. "YOU" and "YOUR" shall refer to the subpoenaed party, **MUDDY WATERS CAPITAL LLC,** and shall include any subsidiaries, agents, employees, independent contractors, representatives, and any other PERSON(S) (as defined below) acting on its behalf.

2. "LEVINE" shall mean and refer to Adam Levine, DOB: 1/15/1969, and/or any PERSON acting on his behalf or under his direction or control.

3. "TCC" shall mean and refer to The Change Company CDFI LLC, including its employees, agents, assigns, attorneys, independent contractors, representatives, subsidiaries and affiliates (including but not limited to Change Home Mortgage, Xchange, TCC Manager, or any other affiliate), employees at such subsidiaries and affiliates, and any other PERSON(S) (as defined below) acting on its behalf or under its direction or control.

4. "S. SUGARMAN" shall mean and refer to Steven Sugarman, founder of TCC, and/or any PERSON acting on his behalf or under his direction or control.

5. "J. SUGARMAN" shall mean and refer to Jason Sugarman and/or any PERSON acting on his behalf or under his direction or control.

6. "BROOKS" shall mean and refer to Blake Brooks and/or any PERSON acting on her behalf or under her direction or control.

7. "PERSON" shall mean and include a natural PERSON or PERSONS, a group of natural PERSONS acting as individuals, a group of natural PERSONS acting in a collegial capacity (e.g., as a committee, board of directors, etc.), an association, corporation, company, partnership, joint venture, and any other incorporated or unincorporated business, enterprise, or entity, unless otherwise limited herein.

8. "DOCUMENT" or "DOCUMENTS" shall mean and refer to all "writings," as that term is defined in Section 250 of the California Evidence Code, and shall include, but not be limited to, each and every form in which information is kept, however produced, reproduced or stored, in YOUR actual or constructive possession, custody or control, and whether prepared, published or released by YOU or

ATTACHMENT 4 TO DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO MUDDY WATERS CAPITAL, LLC

by any other person or entity, including but not limited to, letters, reports, agreements, correspondence, intra-office or inter-office correspondence, electronic mail messages, instant messages, telegrams, minutes or records of meetings, reports or summaries of investigations, expressions or statements of policy, opinions or reports of consultants, lists, drafts, revisions, invoices, receipts, original and preliminary notes, preliminary sketches, records, ledgers, contracts, bills of lading, bills, inventories, financial data, maps, memoranda, accounting and financial records, diaries, journals, calendars, statements, work papers, videotapes, audiotapes, photographs, pamphlets, brochures, advertisements, trade letters, press releases, drawings, recaps, tables, articles, summaries of conversations, computer cards, tapes, disks, and any other means of electronically or magnetically maintained information, printouts, notations of any sort of social media (including direct messages), including but not limited to Twitter or X, Instagram, LinkedIn, SnapChat, and/or TikTok, and electronic communications such as messages sent via text, Signal, and/or WhatsApp.  "DOCUMENT" and "DOCUMENTS" include, without limitation, all originals and non-identical copies.

9.     The term "DOCUMENTS" shall also mean and include, without limitation, any and all originals, duplicate originals, facsimiles and extra copies or reproductions of all such written, printed, typed, reported, recorded or graphic matter included above, upon which notations and writing, print or otherwise, have been made or to which such notations have been appended, any electronically stored data on magnetic or optical storage media as an "active" file or files (readily readable by one or more computer applications or forensics software), any "deleted" but recoverable electronic files of said media; any electronic file fragments (files that have been deleted and partially overwritten with new data), and slack (data fragments stored randomly from random access memory on a hard drive during the normal operation of a computer [RAM slack] or residual data left on the hard drive after new data has overwritten some but not all of previously stored data). A reference to any one or more of these types of documents shall be construed to include all other types of documents without limitation.

10.     The term "COMMUNICATIONS" shall have the broadest possible meaning and shall include all means of any contact whatsoever, including any transmission or exchange of words, numbers, graphic material, or other information, either orally, electronically, or in writing, whether made, received, or participated in, and includes without limitation any conversion, correspondence, letter,

6

notes, memorandum, inter-office or intra-office correspondence, telephone call, telegraph, telex, telecopy, facsimile, electronic mail, internet communication, text by phone, other electronic message, cable, tape recording, discussion, face-to-face meeting, conference or meeting of any kind (whether in person, by audio, video, telephone, or in any other form), communications of any sort via social media (including direct messages), including but not limited to Twitter or X, Instagram, LinkedIn, SnapChat, and/or TikTok, or electronic communications such as messages sent via Signal and/or WhatsApp.

11.   The term "RELATING TO" is used in its broadest sense and includes all matter directly or indirectly embodying, containing, comprising, indicating, concerning, referring to, reflecting, mentioning, identifying, describing, discussing, involving, evidencing, or otherwise pertaining to, arising out of, or in connection with whether legally, logically, or factually) the referenced subject, including the referenced subject itself or any litigation involving the referenced subject.

12.   The words "and" and "or" shall be construed conjunctively or disjunctively as is necessary to make the request inclusive rather than exclusive.

13.   The past tense shall be construed to include the present test, and vice versa, to make the request inclusive rather than exclusive.

14.   The singular shall be construed to include the plural, and vice versa, to make the request inclusive rather than exclusive.

15.   Unless specifically defined herein, all words and terms used herein shall be construed and interpreted according to ordinary custom, usage, and meaning.

## II.   TOPICS OF EXAMINATION

1.   YOUR efforts to locate and produce DOCUMENTS in response to this subpoena.

2.   All COMMUNICATIONS and DOCUMENTS between YOUR representative(s) and LEVINE regarding TCC and/or S. SUGARMAN.

3.   All DOCUMENTS and COMMUNICATIONS that LEVINE sent YOU regarding TCC and/or S. SUGARMAN.

ATTACHMENT 4 TO DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO MUDDY WATERS CAPITAL, LLC

4.      All COMMUNICATIONS between YOU and any PERSON forwarding the DOCUMENTS and COMMUNICATIONS that LEVINE sent YOU regarding TCC and/or S. SUGARMAN.

5.      All COMMUNICATIONS between YOU and any PERSON, including the DOCUMENTS and COMMUNICATIONS that LEVINE sent YOU, regarding TCC and/or S. SUGARMAN.

6.      All COMMUNICATIONS and DOCUMENTS between YOU and LEVINE regarding J. SUGARMAN.

ATTACHMENT 4 TO DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO MUDDY WATERS CAPITAL, LLC

**SUBP-020**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Lara A.H. Shortz (SBN 239609); Alexandra D. Miller (SBN 347969); Samantha A. Drysdale (SBN 307233); Allison C. Aguirre (SBN 312544) Michelman & Robinson, LLP, 10880 Wilshire Blvd., 19th Floor, Los Angeles, CA 90024<br><br>TELEPHONE NO.: (310) 299-5500    FAX NO. *(Optional):* (310) 299-5600<br>E-MAIL ADDRESS *(Optional):* lshortz@mrllp.com; sdrysdale@mrllp.com; aaguirre@mrllp.com<br>ATTORNEY FOR *(Name):* Defendant The Change Company CDFI, LLC | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS: 700 Civic Center Drive West
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice Center

| PLAINTIFF/ PETITIONER: Adam Levine | |
|---|---|
| DEFENDANT/ RESPONDENT: The Change Company CDFI LLC | |

| **DEPOSITION SUBPOENA**<br>**FOR PERSONAL APPEARANCE AND PRODUCTION OF DOCUMENTS AND THINGS** | CASE NUMBER:<br>30-2023-01331710-CU-WT-CJC |
|---|---|

THE PEOPLE OF THE STATE OF CALIFORNIA, TO *(name, address, and telephone number of deponent, if known):*
Person Most Knowledgeable of Muddy Waters Research, LLC c/o CT Corporation, 330 N Brand Blvd., Ste 700 Glendale, CA 91203

1. **YOU ARE ORDERED TO APPEAR IN PERSON TO TESTIFY AS A WITNESS** in this action at the following date, time, and place:

   | Date: November 22, 2023   Time: 2:00 p.m.   Address: 10880 Wilshire Boulevard, 19th Floor Los Angeles, CA 90024 |
   |---|

   a. [ x ] As a deponent who is not a natural person, you are ordered to designate one or more persons to testify on your behalf as to the matters described in item 4. (Code Civ. Proc., § 2025.230.)

   b. [ x ] You are ordered to produce the documents and things described in item 3.

   c. [ x ] This deposition will be recorded stenographically [ x ] through the instant visual display of testimony
   and by [ x ] audiotape   [ x ] videotape.

   d. [ x ] This videotape deposition is intended for possible use at trial under Code of Civil Procedure section 2025.620(d).

2. The personal attendance of the custodian or other qualified witness and the production of the original records are required by this subpoena. The procedure authorized by Evidence Code sections 1560(b), 1561, and 1562 will not be deemed sufficient compliance with this subpoena.

3. The documents and things to be produced and any testing or sampling being sought are described as follows:
   See Attachment 3.
   [ x ] Continued on Attachment 3.

4. If the witness is a representative of a business or other entity, the matters upon which the witness is to be examined are described as follows:
   See Attachment 4.
   [ x ] Continued on Attachment 4.

5. **IF YOU HAVE BEEN SERVED WITH THIS SUBPOENA AS A CUSTODIAN OF CONSUMER OR EMPLOYEE RECORDS UNDER CODE OF CIVIL PROCEDURE SECTION 1985.3 OR 1985.6 AND A MOTION TO QUASH OR AN OBJECTION HAS BEEN SERVED ON YOU, A COURT ORDER OR AGREEMENT OF THE PARTIES, WITNESSES, *AND* CONSUMER OR EMPLOYEE AFFECTED MUST BE OBTAINED BEFORE YOU ARE REQUIRED TO PRODUCE CONSUMER OR EMPLOYEE RECORDS.**

6. *At the deposition, you will be asked questions under oath. Questions and answers are recorded stenographically at the deposition; later they are transcribed for possible use at trial. You may read the written record and change any incorrect answers before you sign the deposition. You are entitled to receive witness fees and mileage actually traveled both ways. The money must be paid, at the option of the party giving notice of the deposition, either with service of this subpoena or at the time of the deposition. Unless the court orders or you agree otherwise, if you are being deposed as an individual, the deposition must take place within 75 miles of your residence or within 150 miles of your residence if the deposition will be taken within the county of the court where the action is pending. The location of the deposition for all deponents is governed by Code of Civil Procedure section 2025.250.*

| **DISOBEDIENCE OF THIS SUBPOENA MAY BE PUNISHED AS CONTEMPT BY THIS COURT. YOU WILL ALSO BE LIABLE FOR THE SUM OF $500 AND ALL DAMAGES RESULTING FROM YOUR FAILURE TO OBEY.** |
|---|

Date issued: October 20, 2023

Allison C. Aguirre
*(TYPE OR PRINT NAME)*

*(SIGNATURE OF PERSON ISSUING SUBPOENA)*

Attorneys for The Change Company CDFI LLC
*(TITLE)*

*(Proof of service on reverse)*                                                                 Page 1 of 2

**DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE
AND PRODUCTION OF DOCUMENTS AND THINGS**

Code of Civil Procedure §§ 2020.510,
2025.220, 2025.230, 2025.250, 2025.620;
Government Code, § 68097.1
www.courts.ca.gov

SUBP-020

| PLAINTIFF/PETITIONER: Adam Levine | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: The Change Company CDFI LLC | 30-2023-01331710-CU-WT-CJC |

### PROOF OF SERVICE OF DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE
### AND PRODUCTION OF DOCUMENTS AND THINGS

1. I served this *Deposition Subpoena for Personal Appearance and Production of Documents and Things* by personally delivering a copy to the person served as follows:

   a.  Person served *(name)*:

   b.  Address where served:

   c.  Date of delivery:

   d.  Time of delivery:

   e.  Witness fees and mileage both ways *(check one)*:

      (1) ☐ were paid. Amount: . . . . . . . . . . $ _____

      (2) ☐ were not paid.

      (3) ☐ were tendered to the witness's public entity employer as required by Government Code section 68097.2. The amount tendered was *(specify)*: . . . . . . . $ _____

   f.  Fee for service: . . . . . . . . . . . . . . . . . . . $ _____

2. I received this subpoena for service on *(date)*:

3. Person serving:

   a.  ☐ Not a registered California process server

   b.  ☐ California sheriff or marshal

   c.  ☐ Registered California process server.

   d.  ☐ Employee or independent contractor of a registered California process server

   e.  ☐ Exempt from registration under Business and Professions Code section 22350(b)

   f.  ☐ Registered professional photocopier

   g.  ☐ Exempt from registration under Business and Professions Code section 22451

   h.  Name, address, telephone number, and, if applicable, county of registration and number:

**I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶ _____
      (SIGNATURE)

**(For California sheriff or marshal use only)**
**I certify** that the foregoing is true and correct.

Date:

▶ _____
      (SIGNATURE)

SUBP-020 [Rev. January 1, 2009]

### PROOF OF SERVICE
### DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE
### AND PRODUCTION OF DOCUMENTS AND THINGS

Page 2 of 2

_Adam Levine v. The Change Company CDFI LLC, et. al._,
Orange County Superior Court, Case No. 30-2023-01331710-CU-WT-CJC
Action date: 06/20/2023
File No.: 9106-0005

## ATTACHMENT 3

**I.   DEFINITIONS OF TERMS**

1.   "YOU" and "YOUR" shall refer to the subpoenaed party, **MUDDY WATERS RESEARCH, LLC**, and shall include any subsidiaries, agents, employees, independent contractors, representatives, and any other PERSON(S) (as defined below) acting on its behalf.

2.   "LEVINE" shall mean and refer to Adam Levine, DOB: 1/15/1969, and/or any PERSON acting on his behalf or under his direction or control.

3.   "TCC" shall mean and refer to The Change Company CDFI LLC, including its employees, agents, assigns, attorneys, independent contractors, representatives, subsidiaries and affiliates (including but not limited to Change Home Mortgage, Xchange, TCC Manager, or any other affiliate), employees at such subsidiaries and affiliates, and any other PERSON(S) (as defined below) acting on its behalf or under its direction or control.

4.   "S. SUGARMAN" shall mean and refer to Steven Sugarman, founder of TCC, and/or any PERSON acting on his behalf or under his direction or control.

5.   "J. SUGARMAN" shall mean and refer to Jason Sugarman and/or any PERSON acting on his behalf or under his direction or control.

6.   "BROOKS" shall mean and refer to Blake Brooks and/or any PERSON acting on her behalf or under her direction or control.

7.   "PERSON" shall mean and include a natural PERSON or PERSONS, a group of natural PERSONS acting as individuals, a group of natural PERSONS acting in a collegial capacity (e.g., as a committee, board of directors, etc.), an association, corporation, company, partnership, joint venture, and any other incorporated or unincorporated business, enterprise, or entity, unless otherwise limited herein.

8.   "DOCUMENT" or "DOCUMENTS" shall mean and refer to all "writings," as that term is defined in Section 250 of the California Evidence Code, and shall include, but not be limited to, each

**ATTACHMENT 3 TO DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO MUDDY WATERS RESEARCH, LLC**

1    and every form in which information is kept, however produced, reproduced or stored, in YOUR actual

2    or constructive possession, custody or control, and whether prepared, published or released by YOU or

3    by any other person or entity, including but not limited to, letters, reports, agreements, correspondence,

4    intra-office or inter-office correspondence, electronic mail messages, instant messages, telegrams,

5    minutes or records of meetings, reports or summaries of investigations, expressions or statements of

6    policy, opinions or reports of consultants, lists, drafts, revisions, invoices, receipts, original and

7    preliminary notes, preliminary sketches, records, ledgers, contracts, bills of lading, bills, inventories,

8    financial data, maps, memoranda, accounting and financial records, diaries, journals, calendars,

9    statements, work papers, videotapes, audiotapes, photographs, pamphlets, brochures, advertisements,

10   trade letters, press releases, drawings, recaps, tables, articles, summaries of conversations, computer

11   cards, tapes, disks, and any other means of electronically or magnetically maintained information,

12   printouts, notations of any sort of social media (including direct messages), including but not limited to

13   Twitter or X, Instagram, LinkedIn, SnapChat, and/or TikTok, and electronic communications such as

14   messages sent via text, Signal, and/or WhatsApp.  "DOCUMENT" and "DOCUMENTS" include,

15   without limitation, all originals and non-identical copies.

16        9.    The term "DOCUMENTS" shall also mean and include, without limitation, any and all

17   originals, duplicate originals, facsimiles and extra copies or reproductions of all such written, printed,

18   typed, reported, recorded or graphic matter included above, upon which notations and writing, print or

19   otherwise, have been made or to which such notations have been appended, any electronically stored

20   data on magnetic or optical storage media as an "active" file or files (readily readable by one or more

21   computer applications or forensics software), any "deleted" but recoverable electronic files of said

22   media; any electronic file fragments (files that have been deleted and partially overwritten with new

23   data), and slack (data fragments stored randomly from random access memory on a hard drive during

24   the normal operation of a computer [RAM slack] or residual data left on the hard drive after new data

25   has overwritten some but not all of previously stored data). A reference to any one or more of these

26   types of documents shall be construed to include all other types of documents without limitation.

27        10.    The term "COMMUNICATIONS" shall have the broadest possible meaning and shall

28   include all means of any contact whatsoever, including any transmission or exchange of words, numbers,

2

**ATTACHMENT 3 TO DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO MUDDY WATERS RESEARCH, LLC**

graphic material, or other information, either orally, electronically, or in writing, whether made, received, or participated in, and includes without limitation any conversion, correspondence, letter, notes, memorandum, inter-office or intra-office correspondence, telephone call, telegraph, telex, telecopy, facsimile, electronic mail, internet communication, text by phone, other electronic message, cable, tape recording, discussion, face-to-face meeting, conference or meeting of any kind (whether in person, by audio, video, telephone, or in any other form), communications of any sort via social media (including direct messages), including but not limited to Twitter or X, Instagram, LinkedIn, SnapChat, and/or TikTok, or electronic communications such as messages sent via Signal and/or WhatsApp.

11.   The term "RELATING TO" is used in its broadest sense and includes all matter directly or indirectly embodying, containing, comprising, indicating, concerning, referring to, reflecting, mentioning, identifying, describing, discussing, involving, evidencing, or otherwise pertaining to, arising out of, or in connection with whether legally, logically, or factually) the referenced subject, including the referenced subject itself or any litigation involving the referenced subject.

12.   The words "and" and "or" shall be construed conjunctively or disjunctively as is necessary to make the request inclusive rather than exclusive.

13.   The past tense shall be construed to include the present test, and vice versa, to make the request inclusive rather than exclusive.

14.   The singular shall be construed to include the plural, and vice versa, to make the request inclusive rather than exclusive.

15.   Unless specifically defined herein, all words and terms used herein shall be construed and interpreted according to ordinary custom, usage, and meaning.

II.   **DOCUMENTS TO BE PRODUCED**

1.   All COMMUNICATIONS and DOCUMENTS between YOUR representative(s) and LEVINE regarding TCC and/or S. SUGARMAN.

2.   All DOCUMENTS and COMMUNICATIONS that LEVINE sent YOU regarding TCC and/or S. SUGARMAN.

3

**ATTACHMENT 3 TO DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO MUDDY WATERS RESEARCH, LLC**

1    3.    All COMMUNICATIONS between YOU and any PERSON forwarding the

2  DOCUMENTS and COMMUNICATIONS that LEVINE sent YOU regarding TCC and/or S.

3  SUGARMAN.

4    4.    All COMMUNICATIONS between YOU and any PERSON, including the

5  DOCUMENTS and COMMUNICATIONS that LEVINE sent YOU, regarding TCC and/or S.

6  SUGARMAN.

7    5.    ALL DOCUMENTS that reference, characterize, or summarize any DOCUMENTS

8  provided by LEVINE to YOU.

9    6.    All COMMUNICATIONS between YOU and LEVINE RELATING TO any litigation

10  between YOU and S. SUGARMAN.

11    7.    All COMMUNICATIONS and DOCUMENTS between YOU and LEVINE regarding J.

12  SUGARMAN.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ATTACHMENT 3 TO DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO MUDDY WATERS RESEARCH, LLC**

## ATTACHMENT 4

### I.     DEFINITIONS OF TERMS

1.     "YOU" and "YOUR" shall refer to the subpoenaed party, **MUDDY WATERS RESEARCH LLC**, and shall include any subsidiaries, agents, employees, independent contractors, representatives, and any other PERSON(S) (as defined below) acting on its behalf.

2.     "LEVINE" shall mean and refer to Adam Levine, DOB: 1/15/1969, and/or any PERSON acting on his behalf or under his direction or control.

3.     "TCC" shall mean and refer to The Change Company CDFI LLC, including its employees, agents, assigns, attorneys, independent contractors, representatives, subsidiaries and affiliates (including but not limited to Change Home Mortgage, Xchange, TCC Manager, or any other affiliate), employees at such subsidiaries and affiliates, and any other PERSON(S) (as defined below) acting on its behalf or under its direction or control.

4.     "S. SUGARMAN" shall mean and refer to Steven Sugarman, founder of TCC, and/or any PERSON acting on his behalf or under his direction or control.

5.     "J. SUGARMAN" shall mean and refer to Jason Sugarman and/or any PERSON acting on his behalf or under his direction or control.

6.     "BROOKS" shall mean and refer to Blake Brooks and/or any PERSON acting on her behalf or under her direction or control.

7.     "PERSON" shall mean and include a natural PERSON or PERSONS, a group of natural PERSONS acting as individuals, a group of natural PERSONS acting in a collegial capacity (e.g., as a committee, board of directors, etc.), an association, corporation, company, partnership, joint venture, and any other incorporated or unincorporated business, enterprise, or entity, unless otherwise limited herein.

8.     "DOCUMENT" or "DOCUMENTS" shall mean and refer to all "writings," as that term is defined in Section 250 of the California Evidence Code, and shall include, but not be limited to, each and every form in which information is kept, however produced, reproduced or stored, in YOUR actual or constructive possession, custody or control, and whether prepared, published or released by YOU or

1  by any other person or entity, including but not limited to, letters, reports, agreements, correspondence,
2  intra-office or inter-office correspondence, electronic mail messages, instant messages, telegrams,
3  minutes or records of meetings, reports or summaries of investigations, expressions or statements of
4  policy, opinions or reports of consultants, lists, drafts, revisions, invoices, receipts, original and
5  preliminary notes, preliminary sketches, records, ledgers, contracts, bills of lading, bills, inventories,
6  financial data, maps, memoranda, accounting and financial records, diaries, journals, calendars,
7  statements, work papers, videotapes, audiotapes, photographs, pamphlets, brochures, advertisements,
8  trade letters, press releases, drawings, recaps, tables, articles, summaries of conversations, computer
9  cards, tapes, disks, and any other means of electronically or magnetically maintained information,
10 printouts, notations of any sort of social media (including direct messages), including but not limited to
11 Twitter or X, Instagram, LinkedIn, SnapChat, and/or TikTok, and electronic communications such as
12 messages sent via text, Signal, and/or WhatsApp.  "DOCUMENT" and "DOCUMENTS" include,
13 without limitation, all originals and non-identical copies.

14      9.    The term "DOCUMENTS" shall also mean and include, without limitation, any and all
15 originals, duplicate originals, facsimiles and extra copies or reproductions of all such written, printed,
16 typed, reported, recorded or graphic matter included above, upon which notations and writing, print or
17 otherwise, have been made or to which such notations have been appended, any electronically stored
18 data on magnetic or optical storage media as an "active" file or files (readily readable by one or more
19 computer applications or forensics software), any "deleted" but recoverable electronic files of said
20 media; any electronic file fragments (files that have been deleted and partially overwritten with new
21 data), and slack (data fragments stored randomly from random access memory on a hard drive during
22 the normal operation of a computer [RAM slack] or residual data left on the hard drive after new data
23 has overwritten some but not all of previously stored data). A reference to any one or more of these
24 types of documents shall be construed to include all other types of documents without limitation.

25      10.    The term "COMMUNICATIONS" shall have the broadest possible meaning and shall
26 include all means of any contact whatsoever, including any transmission or exchange of words, numbers,
27 graphic material, or other information, either orally, electronically, or in writing, whether made,
28 received, or participated in, and includes without limitation any conversion, correspondence, letter,

2

ATTACHMENT 4 TO DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO MUDDY WATERS RESEARCH, LLC

1   notes, memorandum, inter-office or intra-office correspondence, telephone call, telegraph, telex,

2   telecopy, facsimile, electronic mail, internet communication, text by phone, other electronic message,

3   cable, tape recording, discussion, face-to-face meeting, conference or meeting of any kind (whether in

4   person, by audio, video, telephone, or in any other form), communications of any sort via social media

5   (including direct messages), including but not limited to Twitter or X, Instagram, LinkedIn, SnapChat,

6   and/or TikTok, or electronic communications such as messages sent via Signal and/or WhatsApp.

7         11.    The term "RELATING TO" is used in its broadest sense and includes all matter directly

8   or indirectly embodying, containing, comprising, indicating, concerning, referring to, reflecting,

9   mentioning, identifying, describing, discussing, involving, evidencing, or otherwise pertaining to,

10  arising out of, or in connection with whether legally, logically, or factually) the referenced subject,

11  including the referenced subject itself or any litigation involving the referenced subject.

12        12.    The words "and" and "or" shall be construed conjunctively or disjunctively as is

13  necessary to make the request inclusive rather than exclusive.

14        13.    The past tense shall be construed to include the present test, and vice versa, to make the

15  request inclusive rather than exclusive.

16        14.    The singular shall be construed to include the plural, and vice versa, to make the request

17  inclusive rather than exclusive.

18        15.    Unless specifically defined herein, all words and terms used herein shall be construed

19  and interpreted according to ordinary custom, usage, and meaning.

20

21  **II.**    **TOPICS OF EXAMINATION**

22        1.    YOUR efforts to locate and produce DOCUMENTS in response to this subpoena.

23        2.    All COMMUNICATIONS and DOCUMENTS between YOUR representative(s) and

24  LEVINE regarding TCC and/or S. SUGARMAN.

25        3.    All DOCUMENTS and COMMUNICATIONS that LEVINE sent YOU regarding TCC

26  and/or S. SUGARMAN.

27

28

ATTACHMENT 4 TO DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO MUDDY WATERS RESEARCH, LLC

4.      All COMMUNICATIONS between YOU and any PERSON forwarding the DOCUMENTS and COMMUNICATIONS that LEVINE sent YOU regarding TCC and/or S. SUGARMAN.

5.      All COMMUNICATIONS between YOU and any PERSON, including the DOCUMENTS and COMMUNICATIONS that LEVINE sent YOU, regarding TCC and/or S. SUGARMAN.

6.      All COMMUNICATIONS and DOCUMENTS between YOU and LEVINE regarding J. SUGARMAN.

4

**SUBP-020**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Lara A.H. Shortz (SBN 239609); Alexandra D. Miller (SBN 347969); Samantha A. Drysdale (SBN 307233); Allison C. Aguirre (SBN 312544) Michelman & Robinson, LLP, 10880 Wilshire Blvd., 19th Floor, Los Angeles, CA 90024 | |

TELEPHONE NO.: (310) 299-5500        FAX NO. *(Optional)*: (310) 299-5600
E-MAIL ADDRESS *(Optional)*: lshortz@mrllp.com; sdrysdale; aaguirre@mrllp.com
ATTORNEY FOR *(Name)*: Defendant The Change Company CDFI, LLC

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF  ORANGE**
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS: 700 Civic Center Drive West
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice Center

PLAINTIFF/ PETITIONER: Adam Levine

DEFENDANT/ RESPONDENT: The Change Company CDFI LLC

| DEPOSITION SUBPOENA<br>**FOR PERSONAL APPEARANCE AND PRODUCTION OF DOCUMENTS AND THINGS** | CASE NUMBER:<br>30-2023-01331710-CU-WT-CJC |
|---|---|

THE PEOPLE OF THE STATE OF CALIFORNIA, TO *(name, address, and telephone number of deponent, if known)*:
Person Most Knowledgeable of Muddy Waters LLC c/o CT Corporation, 330 N Brand Blvd., Ste 700 Glendale, CA 91203

1. **YOU ARE ORDERED TO APPEAR IN PERSON TO TESTIFY AS A WITNESS** in this action at the following date, time, and place:

Date: November 22, 2023      Time: 10:00 a.m.      Address: 10880 Wilshire Boulevard, 19th Floor Los Angeles, CA 90024

   a. ☒ As a deponent who is not a natural person, you are ordered to designate one or more persons to testify on your behalf as to the matters described in item 4. (Code Civ. Proc., § 2025.230.)

   b. ☒ You are ordered to produce the documents and things described in item 3.

   c. ☒ This deposition will be recorded stenographically ☒ through the instant visual display of testimony and by ☒ audiotape ☒ videotape.

   d. ☒ This videotape deposition is intended for possible use at trial under Code of Civil Procedure section 2025.620(d).

2. The personal attendance of the custodian or other qualified witness and the production of the original records are required by this subpoena. The procedure authorized by Evidence Code sections 1560(b), 1561, and 1562 will not be deemed sufficient compliance with this subpoena.

3. The documents and things to be produced and any testing or sampling being sought are described as follows:
   See Attachment 3.
   ☒ Continued on Attachment 3.

4. If the witness is a representative of a business or other entity, the matters upon which the witness is to be examined are described as follows:
   See Attachment 4.
   ☒ Continued on Attachment 4.

5. **IF YOU HAVE BEEN SERVED WITH THIS SUBPOENA AS A CUSTODIAN OF CONSUMER OR EMPLOYEE RECORDS UNDER CODE OF CIVIL PROCEDURE SECTION 1985.3 OR 1985.6 AND A MOTION TO QUASH OR AN OBJECTION HAS BEEN SERVED ON YOU, A COURT ORDER OR AGREEMENT OF THE PARTIES, WITNESSES, *AND* CONSUMER OR EMPLOYEE AFFECTED MUST BE OBTAINED BEFORE YOU ARE REQUIRED TO PRODUCE CONSUMER OR EMPLOYEE RECORDS.**

6. *At the deposition, you will be asked questions under oath. Questions and answers are recorded stenographically at the deposition; later they are transcribed for possible use at trial. You may read the written record and change any incorrect answers before you sign the deposition. You are entitled to receive witness fees and mileage actually traveled both ways. The money must be paid, at the option of the party giving notice of the deposition, either with service of this subpoena or at the time of the deposition. Unless the court orders or you agree otherwise, if you are being deposed as an individual, the deposition must take place within 75 miles of your residence or within 150 miles of your residence if the deposition will be taken within the county of the court where the action is pending. The location of the deposition for all deponents is governed by Code of Civil Procedure section 2025.250.*

**DISOBEDIENCE OF THIS SUBPOENA MAY BE PUNISHED AS CONTEMPT BY THIS COURT. YOU WILL ALSO BE LIABLE FOR THE SUM OF $500 AND ALL DAMAGES RESULTING FROM YOUR FAILURE TO OBEY.**

Date issued: October 20, 2023

*Allison Aguirre*
(SIGNATURE OF PERSON ISSUING SUBPOENA)

Allison C. Aguirre                                Attorneys for The Change Company CDFI LLC
(TYPE OR PRINT NAME)                                        (TITLE)

(Proof of service on reverse)                                                              Page 1 of 2

**DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE AND PRODUCTION OF DOCUMENTS AND THINGS**
Code of Civil Procedure §§ 2020.510, 2025.220, 2025.230, 2025.250, 2025.620; Government Code, § 68097.1
www.courts.ca.gov

**SUBP-020**

| PLAINTIFF/PETITIONER: Adam Levine | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: The Change Company CDFI LLC | 30-2023-01331710-CU-WT-CJC |

## PROOF OF SERVICE OF DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE
## AND PRODUCTION OF DOCUMENTS AND THINGS

1. I served this *Deposition Subpoena for Personal Appearance and Production of Documents and Things* by personally delivering a copy to the person served as follows:

    a. Person served *(name):*

    b. Address where served:


    c. Date of delivery:

    d. Time of delivery:

    e. Witness fees and mileage both ways *(check one):*

        (1) ☐ were paid. Amount: . . . . . . . . . . $ _____

        (2) ☐ were not paid.

        (3) ☐ were tendered to the witness's public entity employer as required by Government Code section 68097.2. The amount tendered was *(specify):* . . . . . . . $ _____

    f. Fee for service: . . . . . . . . . . . . . . . . . . $ _____

2. I received this subpoena for service on *(date):*

3. Person serving:

    a. ☐ Not a registered California process server

    b. ☐ California sheriff or marshal

    c. ☐ Registered California process server.

    d. ☐ Employee or independent contractor of a registered California process server

    e. ☐ Exempt from registration under Business and Professions Code section 22350(b)

    f. ☐ Registered professional photocopier

    g. ☐ Exempt from registration under Business and Professions Code section 22451

    h. Name, address, telephone number, and, if applicable, county of registration and number:


I **declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶ _____
(SIGNATURE)

**(For California sheriff or marshal use only)**
I **certify** that the foregoing is true and correct.

Date:

▶ _____
(SIGNATURE)

SUBP-020 [Rev. January 1, 2009]

**PROOF OF SERVICE**
**DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE**
**AND PRODUCTION OF DOCUMENTS AND THINGS**

Page 2 of 2

_Adam Levine v. The Change Company CDFI LLC, et. al.,_
Orange County Superior Court, Case No. 30-2023-01331710-CU-WT-CJC
Action date: 06/20/2023
File No.: 9106-0005

**ATTACHMENT 3**

**I.    DEFINITIONS OF TERMS**

1.    "YOU" and "YOUR" shall refer to the subpoenaed party, **MUDDY WATERS, LLC**, and shall include any subsidiaries, agents, employees, independent contractors, representatives, and any other PERSON(S) (as defined below) acting on its behalf.

2.    "LEVINE" shall mean and refer to Adam Levine, DOB: 1/15/1969, and/or any PERSON acting on his behalf or under his direction or control.

3.    "TCC" shall mean and refer to The Change Company CDFI LLC, including its employees, agents, assigns, attorneys, independent contractors, representatives, subsidiaries and affiliates (including but not limited to Change Home Mortgage, Xchange, TCC Manager, or any other affiliate), employees at such subsidiaries and affiliates, and any other PERSON(S) (as defined below) acting on its behalf or under its direction or control.

4.    "S. SUGARMAN" shall mean and refer to Steven Sugarman, founder of TCC, and/or any PERSON acting on his behalf or under his direction or control.

5.    "J. SUGARMAN" shall mean and refer to Jason Sugarman and/or any PERSON acting on his behalf or under his direction or control.

6.    "BROOKS" shall mean and refer to Blake Brooks and/or any PERSON acting on her behalf or under her direction or control.

7.    "PERSON" shall mean and include a natural PERSON or PERSONS, a group of natural PERSONS acting as individuals, a group of natural PERSONS acting in a collegial capacity (e.g., as a committee, board of directors, etc.), an association, corporation, company, partnership, joint venture, and any other incorporated or unincorporated business, enterprise, or entity, unless otherwise limited herein.

8.    "DOCUMENT" or "DOCUMENTS" shall mean and refer to all "writings," as that term is defined in Section 250 of the California Evidence Code, and shall include, but not be limited to, each

1

1  and every form in which information is kept, however produced, reproduced or stored, in YOUR actual

2  or constructive possession, custody or control, and whether prepared, published or released by YOU or

3  by any other person or entity, including but not limited to, letters, reports, agreements, correspondence,

4  intra-office or inter-office correspondence, electronic mail messages, instant messages, telegrams,

5  minutes or records of meetings, reports or summaries of investigations, expressions or statements of

6  policy, opinions or reports of consultants, lists, drafts, revisions, invoices, receipts, original and

7  preliminary notes, preliminary sketches, records, ledgers, contracts, bills of lading, bills, inventories,

8  financial data, maps, memoranda, accounting and financial records, diaries, journals, calendars,

9  statements, work papers, videotapes, audiotapes, photographs, pamphlets, brochures, advertisements,

10  trade letters, press releases, drawings, recaps, tables, articles, summaries of conversations, computer

11  cards, tapes, disks, and any other means of electronically or magnetically maintained information,

12  printouts, notations of any sort of social media (including direct messages), including but not limited to

13  Twitter or X, Instagram, LinkedIn, SnapChat, and/or TikTok, and electronic communications such as

14  messages sent via text, Signal, and/or WhatsApp.  "DOCUMENT" and "DOCUMENTS" include,

15  without limitation, all originals and non-identical copies.

16      9.      The term "DOCUMENTS" shall also mean and include, without limitation, any and all

17  originals, duplicate originals, facsimiles and extra copies or reproductions of all such written, printed,

18  typed, reported, recorded or graphic matter included above, upon which notations and writing, print or

19  otherwise, have been made or to which such notations have been appended, any electronically stored

20  data on magnetic or optical storage media as an "active" file or files (readily readable by one or more

21  computer applications or forensics software), any "deleted" but recoverable electronic files of said

22  media; any electronic file fragments (files that have been deleted and partially overwritten with new

23  data), and slack (data fragments stored randomly from random access memory on a hard drive during

24  the normal operation of a computer [RAM slack] or residual data left on the hard drive after new data

25  has overwritten some but not all of previously stored data). A reference to any one or more of these

26  types of documents shall be construed to include all other types of documents without limitation.

27      10.      The term "COMMUNICATIONS" shall have the broadest possible meaning and shall

28  include all means of any contact whatsoever, including any transmission or exchange of words, numbers,

2

**ATTACHMENT 3 TO DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO MUDDY WATERS, LLC**

graphic material, or other information, either orally, electronically, or in writing, whether made, received, or participated in, and includes without limitation any conversion, correspondence, letter, notes, memorandum, inter-office or intra-office correspondence, telephone call, telegraph, telex, telecopy, facsimile, electronic mail, internet communication, text by phone, other electronic message, cable, tape recording, discussion, face-to-face meeting, conference or meeting of any kind (whether in person, by audio, video, telephone, or in any other form), communications of any sort via social media (including direct messages), including but not limited to Twitter or X, Instagram, LinkedIn, SnapChat, and/or TikTok, or electronic communications such as messages sent via Signal and/or WhatsApp.

11.     The term "RELATING TO" is used in its broadest sense and includes all matter directly or indirectly embodying, containing, comprising, indicating, concerning, referring to, reflecting, mentioning, identifying, describing, discussing, involving, evidencing, or otherwise pertaining to, arising out of, or in connection with whether legally, logically, or factually) the referenced subject, including the referenced subject itself or any litigation involving the referenced subject.

12.     The words "and" and "or" shall be construed conjunctively or disjunctively as is necessary to make the request inclusive rather than exclusive.

13.     The past tense shall be construed to include the present test, and vice versa, to make the request inclusive rather than exclusive.

14.     The singular shall be construed to include the plural, and vice versa, to make the request inclusive rather than exclusive.

15.     Unless specifically defined herein, all words and terms used herein shall be construed and interpreted according to ordinary custom, usage, and meaning.

## II.     DOCUMENTS TO BE PRODUCED

1.     All COMMUNICATIONS and DOCUMENTS between YOUR representative(s) and LEVINE regarding TCC and/or S. SUGARMAN.

2.     All DOCUMENTS and COMMUNICATIONS that LEVINE sent YOU regarding TCC and/or S. SUGARMAN.

ATTACHMENT 3 TO DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO MUDDY WATERS, LLC

3.    All COMMUNICATIONS between YOU and any PERSON forwarding the DOCUMENTS and COMMUNICATIONS that LEVINE sent YOU regarding TCC and/or S. SUGARMAN.

4.    All COMMUNICATIONS between YOU and any PERSON, including the DOCUMENTS and COMMUNICATIONS that LEVINE sent YOU, regarding TCC and/or S. SUGARMAN.

5.    ALL DOCUMENTS that reference, characterize, or summarize any DOCUMENTS provided by LEVINE to YOU.

6.    All COMMUNICATIONS between YOU and LEVINE RELATING TO any litigation between YOU and S. SUGARMAN.

7.    All COMMUNICATIONS and DOCUMENTS between YOU and LEVINE regarding J. SUGARMAN.

ATTACHMENT 3 TO DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO MUDDY WATERS, LLC

## ATTACHMENT 4

### I.    DEFINITIONS OF TERMS

1.    "YOU" and "YOUR" shall refer to the subpoenaed party, **MUDDY WATERS LLC**, and shall include any subsidiaries, agents, employees, independent contractors, representatives, and any other PERSON(S) (as defined below) acting on its behalf.

2.    "LEVINE" shall mean and refer to Adam Levine, DOB: 1/15/1969, and/or any PERSON acting on his behalf or under his direction or control.

3.    "TCC" shall mean and refer to The Change Company CDFI LLC, including its employees, agents, assigns, attorneys, independent contractors, representatives, subsidiaries and affiliates (including but not limited to Change Home Mortgage, Xchange, TCC Manager, or any other affiliate), employees at such subsidiaries and affiliates, and any other PERSON(S) (as defined below) acting on its behalf or under its direction or control.

4.    "S. SUGARMAN" shall mean and refer to Steven Sugarman, founder of TCC, and/or any PERSON acting on his behalf or under his direction or control.

5.    "J. SUGARMAN" shall mean and refer to Jason Sugarman and/or any PERSON acting on his behalf or under his direction or control.

6.    "BROOKS" shall mean and refer to Blake Brooks and/or any PERSON acting on her behalf or under her direction or control.

7.    "PERSON" shall mean and include a natural PERSON or PERSONS, a group of natural PERSONS acting as individuals, a group of natural PERSONS acting in a collegial capacity (e.g., as a committee, board of directors, etc.), an association, corporation, company, partnership, joint venture, and any other incorporated or unincorporated business, enterprise, or entity, unless otherwise limited herein.

8.    "DOCUMENT" or "DOCUMENTS" shall mean and refer to all "writings," as that term is defined in Section 250 of the California Evidence Code, and shall include, but not be limited to, each and every form in which information is kept, however produced, reproduced or stored, in YOUR actual or constructive possession, custody or control, and whether prepared, published or released by YOU or

1

by any other person or entity, including but not limited to, letters, reports, agreements, correspondence, intra-office or inter-office correspondence, electronic mail messages, instant messages, telegrams, minutes or records of meetings, reports or summaries of investigations, expressions or statements of policy, opinions or reports of consultants, lists, drafts, revisions, invoices, receipts, original and preliminary notes, preliminary sketches, records, ledgers, contracts, bills of lading, bills, inventories, financial data, maps, memoranda, accounting and financial records, diaries, journals, calendars, statements, work papers, videotapes, audiotapes, photographs, pamphlets, brochures, advertisements, trade letters, press releases, drawings, recaps, tables, articles, summaries of conversations, computer cards, tapes, disks, and any other means of electronically or magnetically maintained information, printouts, notations of any sort of social media (including direct messages), including but not limited to Twitter or X, Instagram, LinkedIn, SnapChat, and/or TikTok, and electronic communications such as messages sent via text, Signal, and/or WhatsApp. "DOCUMENT" and "DOCUMENTS" include, without limitation, all originals and non-identical copies.

9.     The term "DOCUMENTS" shall also mean and include, without limitation, any and all originals, duplicate originals, facsimiles and extra copies or reproductions of all such written, printed, typed, reported, recorded or graphic matter included above, upon which notations and writing, print or otherwise, have been made or to which such notations have been appended, any electronically stored data on magnetic or optical storage media as an "active" file or files (readily readable by one or more computer applications or forensics software), any "deleted" but recoverable electronic files of said media; any electronic file fragments (files that have been deleted and partially overwritten with new data), and slack (data fragments stored randomly from random access memory on a hard drive during the normal operation of a computer [RAM slack] or residual data left on the hard drive after new data has overwritten some but not all of previously stored data). A reference to any one or more of these types of documents shall be construed to include all other types of documents without limitation.

10.     The term "COMMUNICATIONS" shall have the broadest possible meaning and shall include all means of any contact whatsoever, including any transmission or exchange of words, numbers, graphic material, or other information, either orally, electronically, or in writing, whether made, received, or participated in, and includes without limitation any conversion, correspondence, letter,

2

1  notes, memorandum, inter-office or intra-office correspondence, telephone call, telegraph, telex,

2  telecopy, facsimile, electronic mail, internet communication, text by phone, other electronic message,

3  cable, tape recording, discussion, face-to-face meeting, conference or meeting of any kind (whether in

4  person, by audio, video, telephone, or in any other form), communications of any sort via social media

5  (including direct messages), including but not limited to Twitter or X, Instagram, LinkedIn, SnapChat,

6  and/or TikTok, or electronic communications such as messages sent via Signal and/or WhatsApp.

7      11.  The term "RELATING TO" is used in its broadest sense and includes all matter directly

8  or indirectly embodying, containing, comprising, indicating, concerning, referring to, reflecting,

9  mentioning, identifying, describing, discussing, involving, evidencing, or otherwise pertaining to,

10  arising out of, or in connection with whether legally, logically, or factually) the referenced subject,

11  including the referenced subject itself or any litigation involving the referenced subject.

12      12.  The words "and" and "or" shall be construed conjunctively or disjunctively as is

13  necessary to make the request inclusive rather than exclusive.

14      13.  The past tense shall be construed to include the present test, and vice versa, to make the

15  request inclusive rather than exclusive.

16      14.  The singular shall be construed to include the plural, and vice versa, to make the request

17  inclusive rather than exclusive.

18      15.  Unless specifically defined herein, all words and terms used herein shall be construed

19  and interpreted according to ordinary custom, usage, and meaning.

20

21  **II.   TOPICS OF EXAMINATION**

22      1.  YOUR efforts to locate and produce DOCUMENTS in response to this subpoena.

23      2.  All COMMUNICATIONS and DOCUMENTS between YOUR representative(s) and

24  LEVINE regarding TCC and/or S. SUGARMAN.

25      3.  All DOCUMENTS and COMMUNICATIONS that LEVINE sent YOU regarding TCC

26  and/or S. SUGARMAN.

27

28

ATTACHMENT 4 TO DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO MUDDY WATERS, LLC

1      4.     All COMMUNICATIONS between YOU and any PERSON forwarding the

2   DOCUMENTS and COMMUNICATIONS that LEVINE sent YOU regarding TCC and/or S.

3   SUGARMAN.

4      5.     All COMMUNICATIONS between YOU and any PERSON, including the

5   DOCUMENTS and COMMUNICATIONS that LEVINE sent YOU, regarding TCC and/or S.

6   SUGARMAN.

7      6.     All COMMUNICATIONS and DOCUMENTS between YOU and LEVINE regarding J.

8   SUGARMAN.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ATTACHMENT 4 TO DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO MUDDY WATERS, LLC

**PROOF OF SERVICE**

*Adam Levine v. The Change Company CDFI LLC*
OCSC Case No. 30-2023-01331710-CU-WT-CJC

**STATE OF CALIFORNIA, LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 10880 Wilshire Blvd., 19th Floor, Los Angeles, California 90024.

On October 20, 2023, I served the document(s) described as follows: **DEFENDANT THE CHANGE COMPANY CDFI, LLC'S NOTICE OF ISSUANCE OF SUBPOENAS** on the interested parties in the action, by placing a true copy thereof enclosed in a sealed envelope(s) addressed to the following addressee(s):

**SEE ATTACHED SERVICE LIST**

[ ]   **BY MAIL:** I caused such envelope to be deposited in the mail at Irvine, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the law firm's practice of collection and processing correspondence for mailing. Under the practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California, in the ordinary course of business. I am aware that on motion of a party served, service is presumed invalid if the postal cancellation date or postage meter is more than one day after the date of deposit for mailing the affidavit.

[X]   **BY ELECTRONIC MAIL:** I caused the documents to be sent to the persons at the email addresses above. By personally transmitting to the above-named persons on the date below, originating from the Michelman & Robinson, LLP's electronic mail address, pursuant to the C.R.C. 2060 and Government Code § 11440.20. A true copy of the above-described documents were transmitted by electronic transmission through the Michelman & Robinson, LLP's mail server, which did not report any error in sending the transmission.

[X]   **(BY OVERNIGHT MAIL)** I am readily familiar with the practice of Michelman & Robinson LLP for the collection and processing of correspondence for overnight delivery and know that the document(s) described herein where sealed in an envelope and will be deposited in a box or other facility regularly maintained by Federal Express/United Postal Service/Overnite Express in Los Angeles, CA for overnight delivery.

[X]   **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on October 20, 2023, at Los Angeles, California.

Gabriella Merino

1
**PROOF OF SERVICE**

## SERVICE LIST

*Adam Levine v. The Change Company CDFI LLC*
OCSC Case No. 30-2023-01331710-CU-WT-CJC

D. Aaron Brock, Esq.
**BROCK & GONZALES, LLP**
6701 Center Drive West. Ste.610
Los Angeles, CA 90045
Tel: (310) 294-9595
Email: ab@brockgonzales.com

*Attorney for Plaintiff,*
*ADAM LEVINE*

David Lizerbram, Esq.
**DAVID LIZERBRAM & ASSOCIATES**
3180 University Avenue, Suite 260
San Diego, CA 92104
Tel: (619) 517-2272
Fax: (619) 393-0498
Email: david@lizerbramlaw.com

*Attorney for Plaintiff,*
*ADAM LEVINE*

2

**PROOF OF SERVICE**

## DECLARATION OF CUSTODIAN OF RECORDS

**Regarding:** _____

**SS#** _____

**DOB or Other ID#** _____        **Our File#** _____

I am duly authorized as Custodian of Records (or other qualified witness) with the authority to certify records for:

Facility Name: _____

Address: _____

☐ **CERTIFICATION OF RECORDS COPIED**

Including this declaration, all documents, records, and other things called for in the Subpoena Duces Tecum or Authorization which are in my custody have been photocopied at my office, in my presence, under my direction and control; and the copy submitted with declaration is a true copy thereof.

To the best of my knowledge all records referred to above were prepared or compiled by the personnel of the above-named business, in the ordinary course of business, at or near the time of the acts, conditions, or events recorded.

No documents, records, or other things have been withheld in order to avoid their being photocopied.

Certain records were omitted because: _____

_____

_____

☐ **CERTIFICATION OF NO RECORDS**

A thorough search of the business revealed no records described in the attached subpoena or authorization for the following reason(s):

_____ Patient was never treated at this facility
_____ Records were destroyed
_____ Records were lost/misplaced
_____ Records purged/nothing found
_____ Storage facilities were searched and no records found
_____ Radiological Film/Images were: __ lost __ destroyed __ not taken at this facility __ patient has them
_____ Billing records were: __ purged __ not kept because this is a prepaid health plan
_____ This person was never employed at this facility
_____ Other comments: _____

_____

_____

This certification is limited to the information supplied to me in the attached document; records may exist under another name, another spelling, or other identifying data.

**CUSTODIAN SIGNATURE**
I DECLARE under penalty of perjury the foregoing is true and correct.

Executed on _____        At _____ ,
                                                                                    State to be filled
                                                                                    in by Custodian

Print Name _____        Signed _____

Phone # _____