MONA Z. HANNA, ESQ. (SBN 131439)
mhanna@mrllp.com
SAMANTHA A. DRYSDALE, ESQ. (SBN 307233)
sdrysdale@mrllp.com
**MICHELMAN & ROBINSON, LLP**
17901 Von Karman Avenue, Suite 1000
Irvine, CA 92614
Telephone: (714) 557-7990
Facsimile: (714) 557-7991

MARC R. JACOBS, ESQ. (SBN 185924)
mjacobs@mrllp.com
JESSE J. CONTRERAS, ESQ. (SBN 190538)
jcontreras@mrllp.com
**MICHELMAN & ROBINSON, LLP**
10880 Wilshire Boulevard, 19th Floor
Los Angeles, CA 90024
Tel: (310) 299-5500
Fax: (310) 299-5600

Attorneys for
STEVEN A. SUGARMAN

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re BANC OF CALIFORNIA SECURITIES LITIGATION,<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Case No.: 8:17-cv-00118-DMG (DFMx)<br><br>CLASS ACTION<br><br>**DEFENDANT STEVEN A. SUGARMAN'S RESPONSE TO DECLARATIONS IN SUPPORT OF REQUEST BY MUDDY WATERS CAPITAL LLC TO SET AMOUNT OF ATTORNEYS' FEES** |

**DEFENDANT STEVEN A. SUGARMAN'S RESPONSE TO DECLARATIONS IN SUPPORT OF REQUEST BY MUDDY WATERS CAPITAL LLC TO SET AMOUNT OF ATTORNEYS' FEES**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Non-Party Muddy Waters Capital LLC's ("Muddy Waters") request for $1,153,673.93 should be reduced as it grossly exceeds the Court's award of "reasonable fees and costs incurred to investigate and litigate" its Motion for Sanctions and Contempt Order brought against Defendant Steven A. Sugarman ("Sugarman") and Latham & Watkins LLP ("Latham") (the "Sanctions Motion").

The Sanctions Motion arose from a dispute over Latham and Sugarman's handling and dissemination of an expert report which cited to documents produced by Muddy Waters that had been designated "Attorneys' Eyes Only" in action. On October 7, 2024, the Court entered an order granting the Sanctions Motion and instructed Muddy Waters to file a declaration of reasonable attorney's fees and costs incurred to investigate and litigate the Sanctions Motion. Muddy Waters' request goes beyond the investigation and litigation of the Sanctions Motion. In addition to the Sanctions Motion, Muddy Waters seeks fees for: (1) responding to the subpoena in the instant action (which was ordered by the Court) that predates the expert report; (2) challenging and, after being ordered to do so, responding to subpoenas in a pending California Superior Court Action and; (3) litigating entirely separate actions filed in Minnesota and California. These fees are outside of the scope of the Court's order and, as a result, should be excluded from the final award of fees and costs. Moreover, the remaining fees, totaling 295.5 (equating to almost two months of work), are unreasonable and should be reduced. As a result, Muddy Waters' fee request should be reduced. As explained more fully below, a reasonable fee award should not exceed $110,391.94.

## II. RELEVANT PROCEDURAL AND FACTUAL BACKGROUND

### A. The Sanctions Motion

Beginning in June 2023, Muddy Waters' attorneys at the law firm Harder Stonerock LLP ("Harder") began researching and drafting the Sanctions Motion. *See* Dkt # 655-1. On October 20, 2023, Muddy Waters filed the Sanctions Motion seeking, among other things, attorneys' fees pursuant to Federal Rules of Civil Procedure Rule 37. Dkt. # 623. On

November 22, 2023, Sugarman and Latham filed their respective Oppositions to the Sanctions Motion. Dkt. # 637, 641. On December 1, 2023, Muddy Waters filed its reply. Dkt. # 645. On December 14, 2023, the Court issued a minute order vacating the December 15, 2023 hearing date and taking the Sanctions Motion under submission. Dkt. # 649.

On October 7, 2024, the Court entered an order granting the Sanctions Motion and awarded Muddy Waters its "reasonable fees and costs incurred to investigate and litigate the motion for contempt" pursuant to Rule 37. Dkt. # 654 ("October 7 Order") at pg. 14. The Court directed Muddy Waters to "file a declaration of its reasonable attorney's fees and costs with an itemized accounting and a proposed order." *Id*.

**B. Muddy Waters Files Declarations Seeking $1,153,673.93 of Fees and Costs**

On October 21, 2024, Muddy Waters filed the Declaration of Dilan A. Esper ("Esper Declaration") attaching the Declarations of Patrick Strawbridge ("Strawbridge Declaration") and Ambika Kumar ("Kumar Declaration") which together request $1,153,673.93 of attorneys' fees and costs.[1] Dkt. # 655 to 655-26. "[I]n addition to the fees incurred in the preparation of the contempt motion" the declarations include fees Muddy Waters contends were "incurred as a result of the contemnor's conduct." Dkt. # 655 at ¶ 9. The invoices extend back to October 2018 — *years before Muddy Waters began investigating the Sanctions Motion*[2] — and concern litigation outside the scope of the October 7 Order.

a. Esper Declaration and Harder Fees

The Esper Declaration attaches Harder invoices totaling $321,967.45 for attorneys' fees and expenses billed between June 2023 and July 2024. *See* Dkt. #655-1 to 655-13; Dkt. #655, ¶¶ 8-10. Additionally, Mr. Esper states that Harder "expended at least an additional 12 hours in attorney time researching and preparing this declaration, totaling another $9,000, for a cumulative total of $330,967.45." Dkt. #655, ¶ 10.

---

[1] This amount consists of $330,967.45 (Esper Declaration) + $136,840.58 (Strawbridge Declaration) + $685,866 (Kumar Declaration).
[2] According to Muddy Waters, it first learned of the facts that would form the basis for the Sanctions Motion in April 2023. Dkt. # 652 at 5; Dkt. # 623-2 at ¶ 13.

2
**DEFENDANT STEVEN A. SUGARMAN'S RESPONSE TO DECLARATIONS IN SUPPORT OF REQUEST BY MUDDY WATERS CAPITAL LLC TO SET AMOUNT OF ATTORNEYS' FEES**

In addition to the Sanctions Motion, the Harder invoices include work billed in connection with subpoenas that non-party The Change Company ("TCC)[3] issued to Muddy Waters and Harder Stonerock in connection with a pending lawsuit filed by Levine styled *Levine v. The Change Company CDFI, LLC et al.*, Orange County Superior Court Case No. 30-2023-01331710-CU-WT-CJ (the "Levine Lawsuit"). *See* Dkt. #655, ¶ 12. The Levine Lawsuit arises from TCC's termination of Levine's employment. (Declaration of Samatha A. Drysdale ("Drysdale Decl."), ¶ 3.) TCC alleges that Levine was terminated, in part, for his erratic behavior which resulted in the Los Angeles Superior Court granting a Workplace Violence Restraining Order. (*Id.*) TCC issued the subpoenas on October 20 and November 3, 2023, to obtain information relevant to its defenses to Levine's claims, including that Levine stole confidential information from TCC, and then provided such information to third parties as a means to pressure TCC into settling the Levine Lawsuit. (*Id.*)

After extensive meet and confer efforts, Harder and Muddy Waters agreed to produce the documentation that Levine provided to Muddy Waters and Harder, but refused to produce communications with Levine. TCC moved to compel, arguing that the subpoenas sought information relating to Levine's unauthorized sharing of TCC's internal documents, which was relevant to TCC's defense. (Drysdale Decl. ¶ 4.) On August 5, 2024, the Orange County Superior Court found that TCC demonstrated good cause and ordered Harder and Muddy Waters to produce responsive documentation. (*Id*, ¶ 5.)

b. Strawbridge Declaration and Consovoy McCarthy PLLC Invoices

The Strawbridge Declaration attaches invoices issued by the law firm Consovoy McCarthy PLLC ("Consovoy McCarthy") totaling $136,840.58. Consovoy McCarthy was retained to move to quash the subpoenas served in connection with this class action. Dkt. # 655 at ¶¶ 4-5. The Consovoy McCarthy invoices detail services rendered between September 2018 to December 2019 — *over two years before Muddy Waters contends it learned of the*

---

[3] TCC is a non-party not subject to this Court's jurisdiction as it has not appeared in this action. Muddy Waters did not request, nor did the Court grant, sanctions against TCC.

3

**DEFENDANT STEVEN A. SUGARMAN'S RESPONSE TO DECLARATIONS IN SUPPORT OF REQUEST BY MUDDY WATERS CAPITAL LLC TO SET AMOUNT OF ATTORNEYS' FEES**

*Expert Report at issue in the Sanctions Motion*. *See* Dkt. # 655-15 to 655-22.

      c.  <u>Kumar Declaration and Davis Wright Tremaine LLP Invoices</u>

Lastly, the Kumar Declaration attaches invoices from the law firm Davis Wright Tremaine LLP ("DWT"), which was retained in connection with litigation between Sugarman and Muddy Waters filed in Minesota and the Northern District of California. Dkt. # 655-23, ¶ 2.[4] Muddy Waters seeks to recover $685,866 of DWT fees incurred between 2019 and 2024. Dkt. # 655-23, ¶ 10.

The California litigation was filed on July 24, 2020 and dismissed on October 7, 2021 in connection with a Motion to Dismiss filed by Muddy Waters. *Sugarman v. Muddy Waters Cap., LLC*, No. CV 21-1453-DMG (DFM), 2021 WL 6104158, at *10 (C.D. Cal. Sept. 1, 2021). In doing so, the Court denied Muddy Waters' request for sanctions under Federal Rule of Civil Procedure Rule 11. *Id*. The Minnesota litigation was filed on September 29, 2021 and ultimately dismissed in connection with a motion for forum non-convenes. *See Sugarman v. Muddy Waters Capital, et al.,* 2022 WL 16910577 (Minn. App. Nov. 14, 2022) and *Sugarman v. Muddy Waters Capital, et al.,* 2024 WL 2813944 (Minn. App. June 3, 2024). The case is subject to refiling in California state court. There is no mention of the Expert Report or Motion in any of the DWT invoices. *See* Dkt. #655-26.

## III.  <u>LEGAL STANDARD</u>

"Rule 37(b)(2)(C) limits the amount of recoverable fees and expenses to those directly related to, or "caused by," the discovery misconduct." *Abrogina v. Kentech Consulting Inc.*, 2023 WL 6370913, at *15 (S.D. Cal. Sept. 5, 2023). "Reasonable attorney fees are calculated based on the lodestar method, which requires the Court to 'multiply[ ] the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate.'" *Id.*, at *13; *see also Prescott v. Cnty. of Stanislaus,* 2012 WL 393387, at *10 (E.D. Cal. Feb. 6, 2012) (noting Ninth Circuit has adopted the lodestar method).

///

---

[4] The case was filed in the Central District of California as *Sugarman v. Muddy Waters Capital*, Case No. 19-4248 and then transferred to the Northern District, No. 21-cv-1453.

## IV. LEGAL ARGUMENT

### A. The Fees Sought Under the Strawbridge Declaration and Kumar Declaration Should Be Excluded Entirely

On October 7, 2024, the Court entered an award granting the Sanctions Motion and awarded Muddy Waters its "reasonable fees and costs incurred to investigate and litigate the motion for contempt" pursuant to Rule 37(b)(2)(A). Dkt. 654 at pg. 14. The Strawbridge Declaration and Kumar Declaration, which together seek **$822,706.58**, do not pertain to the Sanctions Motion and should be disregarded entirely. Nor do they relate to any claimed wrongdoing in the sanctions motion.

The Strawbridge Declaration attaches Consovoy McCarthy invoices for fees incurred between September 2018 to December 2019 in connection with the subpoena served in this action. Dkt. #655 at ¶¶ 4-5. As a preliminary matter, Muddy Waters was compelled to produce these documents based upon Magistrate Judge McCormick's January 8, 2019 Order. Dkt. #654, pg. 2. Muddy Waters should not be permitted to claim that this court-ordered production generated fees in connection with the Sanctions Motion. Given that Muddy Waters contends its investigation began in April 2023 [*Id.*, pg. 5] and Harder invoices show drafting on the Sanctions Motion began in June 2023 [Dkt. #655-1], it is impossible for the Consovoy McCarthy invoices to encompass time spent investigating or litigating the motion for contempt. The Kumar Declaration attaches DWT invoices for fees arising from entirely separate lawsuits and, regardless, contains no reference to the Sanctions Motion. Dkt. #655-23, ¶ 2; Dkt. #655-26. As a result, the Strawbridge Declaration and Kumar Declaration should be disregarded entirely.

### B. The Fees Sought in the Esper Declaration Should Be Reduced

While the Esper Declaration includes fees for the Sanctions Motion, it also goes beyond the Court's order by requesting fees and costs incurred in connection with the Levine Lawsuit. These amounts should be excluded from any award of attorneys' fees. Even after those amounts are excluded, the amounts sought are unreasonable and should be reduced.
///

5

      i. <u>The Court Should Exclude Amounts Not Related to the Sanctions Motion</u>

As a preliminary matter, all fees incurred after the Court's December 14, 2023 order taking the Sanctions Motion under submission should be excluded. Dkt. # 649. At that point, there was no need to do any further work on the Sanctions Motion. Accordingly, Harder's request for **$26,900** of fees for 32.5 hours incurred between January 2024 and July 2024 should be excluded.[5] *See* Dkt. # 655-8 to 655-12; *see* Drysdale Decl., ¶ 8.

The Esper Declaration should be further reduced to exclude amounts incurred in connection with the Levine Lawsuit. These amounts do not pertain to the investigation or litigation of the Sanctions Motion and, as a result, are outside of the scope of the Court's order. Indeed, a good portion of these time entries were made between October 23, 2023 (the court day after Muddy Waters filed the Sanctions Motion) and November 22, 2023 (the date oppositions were filed). (*See* Drysdale Decl. ¶ 9. )To the extent Muddy Waters argues this time was incurred preparing a reply that responded to an opposition it had net yet received or reviewed, such fees would be unreasonable. This results in a reduction of **$28,087.50** of fees for 34.75 hours.

To the extent Muddy Waters argues it should be allowed to recover fees incurred to resist subpoenas issued by TCC in the Levine Lawsuit because the subpoenas were issued to improperly obtain evidence to oppose the Sanctions Motion, this contention lacks merit. As reflected by TCC's motion and the Superior Court's ruling, the subpoena was issued to obtain information relevant to TCC's defenses in the Levine Lawsuit. (Drysdale Decl. ¶¶ 3, 5.) Further, TCC agreed that Muddy Waters and Harder Stonerock could withhold any production until after the Court's Order and was willing to enter into an agreement that such production would not be used in the instant action. (*Id*, ¶ 4.) Accordingly, all entries referencing the subpoena should be excluded.

Additionally, even if Muddy Waters were to claim these entries pertain to the

---

[5] $6,800 (January 2024, 8 hours) + $4,125.00 (February 2024, 5 hours) + $425.00 (March 2024, 0.5 hours) + $2,250 (May 2024, 3 hours) + $7,987.50 (June 2024, 9.75 hours) + $5,312.50 (July 2024, 6.25 hours).

**DEFENDANT STEVEN A. SUGARMAN'S RESPONSE TO DECLARATIONS IN SUPPORT OF REQUEST BY MUDDY WATERS CAPITAL LLC TO SET AMOUNT OF ATTORNEYS' FEES**

Sanctions Motion, the redactions make it impossible to confirm this and assess the fees' reasonableness. For this additional reason, the entries should be excluded. *N. Cent. Distrib., Inc. v. Bogenschutz*, No. 117CV01351AWIEPG, 2018 WL 6528422, at *6 (E.D. Cal. Dec. 12, 2018) (excluding entries "partially redacted, thereby obscuring to the Court major details about the billed task."). For example, an October 25, 2023 entry for 3.75 hours reads "OUTLINE [REDACTED]; LEGAL RESEARCH RE [REDACTED]; REVIEW [REDACTED]; DRAFT EMAIL TO D. ESPER RE [REDACTED]." DKT. #655-5.[6]

Accordingly, at least **$54,987.50 ($26,900 + $28,087.50)** of fees not relating to the Sanctions Motion should be excluded from the Harder invoices.

### ii. The Amount of Time Billed for the Sanctions Motion Is Unreasonable

Excluding the amounts not related to the Sanctions Motion, this leaves at most $275,979.85 for 295.5 hours spent on the Sanctions Motion. In other words, Muddy Waters is claiming it took almost *two months'* worth of work devoted solely to this matter to investigate and litigate the Sanctions Motion. This is more than double the amount typically found to reasonable in this district. *See, e.g.*, *Billion Motors, Inc. v. 5 Star Auto Grp.*, No. 8:19-CV-00945-SVW, 2020 WL 8373396, at *2 (C.D. Cal. Dec. 17, 2020) (finding 66 hours reasonable for a motion for contempt); *Rolex Watch USA Inc. v. Zeotec Diamonds Inc.*, No. CV021089PSGVBKX, 2021 WL 4786889, at *4 (C.D. Cal. Aug. 24, 2021) (awarding 130 hours of attorney time and 28.5 hours of legal staff time where plaintiff had to do an investigation, defendant opposed the motion, and there were multiple hearings to address the motion); *Snow Joe, LLC v. Linemart Inc.*, 2022 WL 3446032, at *3 (C.D. Cal. Aug. 16, 2022) (finding 73.08 hours to be reasonable). Accordingly, Muddy Waters' remaining time should be reduced by at least 50%.

Muddy Waters' time entries do not provide sufficient detail to assess the

---

[6] Moreover, the redactions also make it difficult to confirm if the entries are related to Harder conducting work for the Levine Lawsuit and/or on behalf of Levine. Notably, Levine asserted the attorney-client privilege in response to deposition questions about the substance of his communications with Muddy Waters. (*See* Drysdale Decl. ¶ 6.)

7

**DEFENDANT STEVEN A. SUGARMAN'S RESPONSE TO DECLARATIONS IN SUPPORT OF REQUEST BY MUDDY WATERS CAPITAL LLC TO SET AMOUNT OF ATTORNEYS' FEES**

reasonableness of the fees. Determining the reasonableness of the fees is impossible because the entries are block-billed, heavily redacted, and/or vague. *See, e.g., Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007) (reducing requested attorneys' fees because counsel's practice of block billing "lump[ed] together multiple tasks, making it impossible to evaluate their reasonableness"); *Abrogina v. Kentech Consulting Inc.*, 2023 WL 6370913, at *16 (S.D. Cal. Sept. 5, 2023) (deducting time entries that are "overly broad and vague"). Examples of these entries include:

| Date | Time | Entry |
|---|---|---|
| 10/03/23 | 5.25 | REVIEW AND ANALYZE [REDACTED]; REVIEW [REDACTED]; REVIEW [REDACTED]; TELPHONE CONFERENCE WITH D. ESPER RE [REDACTED]; OUTLINE [REDACTED] |
| 10/04/23 | 4.00 | REVIEW [REDACTED]; DRAFT [REDACTED]; REVIEW AND ANALYZE [REDACTED]; EMAILS WITH D. ESPER RE [REDACTED]; REVIEW [REDACTED] |
| 10/25/23 | 3.75 | OUTLINE [REDACTED]; LEGAL RESEARCH RE [REDACTED]; REVIEW [REDACTED]; DRAFT EMAIL TO D. ESPER RE [REDACTED] |

Muddy Waters attempts to justify these fees by arguing that substantial time was incurred in September and October 2023 in connection with the meet and confer process. *See* Dkt. # 655, ¶ 11-12. Again, due to the vague and block-billed nature of Muddy Waters' time entries, it is difficult to determine how much of the 127.75 billed in September and October time can be attributed to this task or otherwise evaluate the reasonableness of the time. As such, this explanation should be given little weight.

   iii. <u>The Amount Awarded For the Harder Invoices Should Be Reduced By 20% To Account for Harder's Billing Practice of Quarter Increments</u>

Lastly, Harder's practice of quarter billing, rather than the prevailing practice of billing in one-tenth hour increments, inflated the time entries and, as a result, the remaining time should be reduced by 20%. *Lingenfelter v. Astrue*, 2009 WL 2900286, at *3 (C.D. Cal. Sept. 3, 2009) (noting billing in one-tenth hour increments is the prevailing practice) "A court may impose an across-the-board reduction on hours that are billed by quarter-hour

8

DEFENDANT STEVEN A. SUGARMAN'S RESPONSE TO DECLARATIONS IN SUPPORT OF REQUEST BY MUDDY WATERS CAPITAL LLC TO SET AMOUNT OF ATTORNEYS' FEES

increments when such billing results in an attorney's fees award request reflecting excessive hours." *Sekula v. FCA US LLC* (E.D. Cal., Oct. 18, 2019) 2019 WL 5290903, at *4; *see also Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 949 (9th Cir. 2007); *see also Alvarado v. FedEx Corp.*, No. C 04-0098 SI, 2011 WL 4708133, at *17 (N.D. Cal. Sept. 30, 2011). Accordingly, a 20% reduction of the remaining time is warranted.

## V. CONCLUSION

Muddy Waters' request goes well beyond the Court's award for reasonable fees and costs incurred in investigating and litigating the Sanctions Motion. As a result, Sugarman requests that the amount of fees and costs requested by Muddy Waters be limited to only reasonable attorneys' fees incurred in connection with the Sanctions Motion. As summarized below, this amounts to a fee award that should not exceed $110,391.94.

| Category | Amount Requested | Deductions | Adjusted Total |
|---|---|---|---|
| Strawbridge Declaration (*See, supra,* Section III(A)) | $136,840.58 | $136,840.58 | $0.00 |
| Kumar Declaration (*See, supra,* Section III(A)) | $685,866 | $685,866 | $0.00 |
| Esper Declaration (*See, supra,* Section III(B)) | $330,967.45 | $220,575.51[7] | $110,391.94 |
| **Total** | | | **$110,391.94** |

///
///
///
///
///

---

[7] The amount requested in the Esper Declaration, $330,967.45, is reduced by $54,987.50 to account for work not related to Sanctions Motion, leaving $275,979.85. *See, supra*, Section IV(B)(i). Given that the amount billed was at least 50% more than the amount found reasonable by other Courts, $275,979.85 is reduced by 50% leaving $137,989.93. *See, supra*, Section IV(B)(ii). Finally, the $137,989.93 is reduced by 20% (*see*, *supra*, Section IV(B)(iii) resulting in $110,391.94.

9

Dated: November 4, 2024            **MICHELMAN & ROBINSON, LLP**

                      By:    */s/ Marc R. Jacobs*
                             MONA Z. HANNA
                             MARC R. JACOBS
                             JESSE J. CONTRERAS
                             SAMANTHA A. DRYSDALE
                             Attorneys for Defendant
                             STEVEN A. SUGARMAN

10

**DEFENDANT STEVEN A. SUGARMAN'S RESPONSE TO DECLARATIONS IN SUPPORT OF REQUEST BY MUDDY WATERS CAPITAL LLC TO SET AMOUNT OF ATTORNEYS' FEES**

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Steven A. Sugarman, certifies that this brief contains 3,035 words and 10 pages, which complies with the word limit of L.R. 11-6.1.

Dated: November 4, 2024          **MICHELMAN & ROBINSON, LLP**

By: */s/ Marc R. Jacobs*
 MARC R. JACOBS (Bar No 185924)
 Attorneys for Defendant
 STEVEN A. SUGARMAN

11

**DEFENDANT STEVEN A. SUGARMAN'S RESPONSE TO DECLARATIONS IN SUPPORT OF REQUEST BY MUDDY WATERS CAPITAL LLC TO SET AMOUNT OF ATTORNEYS' FEES**