MONA Z. HANNA, ESQ. (SBN 131439)
mhanna@mrllp.com
SAMANTHA A. DRYSDALE, ESQ. (SBN 307233)
sdrysdale@mrllp.com
**MICHELMAN & ROBINSON, LLP**
17901 Von Karman Avenue, Suite 1000
Irvine, CA 92614
Telephone:  (714) 557-7990
Facsimile:   (714) 557-7991

MARC R. JACOBS, ESQ. (SBN 185924)
mjacobs@mrllp.com
JESSE J. CONTRERAS, ESQ. (SBN 190538)
jcontreras@mrllp.com
**MICHELMAN & ROBINSON, LLP**
10880 Wilshire Boulevard, 19th Floor
Los Angeles, CA 90024
Tel: (310) 299-5500
Fax: (310) 299-5600

Attorneys for
STEVEN A. SUGARMAN

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re BANC OF CALIFORNIA SECURITIES LITIGATION,<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Case No.: 8:17-cv-00118-DMG (DFMx)<br><br>CLASS ACTION<br><br>**DECLARATION OF SAMANTHA A. DRYSDALE IN SUPPORT OF DEFENDANT STEVEN A. SUGARMAN'S RESPONSE TO DECLARATIONS IN SUPPORT OF REQUEST BY MUDDY WATERS CAPITAL LLC TO SET AMOUNT OF ATTORNEYS' FEES** |

**DECLARATION OF SAMANTHA A. DRYSDALE IN SUPPORT OF DEFENDANT STEVEN A. SUGARMAN'S RESPONSE TO DECLARATIONS IN SUPPORT OF REQUEST BY MUDDY WATERS CAPITAL LLC TO SET AMOUNT OF ATTORNEYS' FEES**

# DECLARATION OF SAMANTHA A. DRYSDALE

I, Samantha A. Drysdale, hereby declare as follows:

1. I am an attorney licensed to practice before this Court. I am a senior associate at Michelman & Robinson, LLP ("Michelman"), and I am counsel of record for Steven A. Sugarman ("Sugarman") in this action. I have personal knowledge of the facts set forth in this declaration, and if called as a witness, I would and could competently testify to them.

## The Levine Lawsuit

2. Michelman is counsel of record for The Change Company CDFI LLC ("TCC") in a pending lawsuit filed by Adam Levine in California Superior Court styled, *Levine v. The Change Company CDFI, LLC et al.*, Orange County Superior Court Case No. 30-2023-01331710-CU-WT-CJ (the "Levine Lawsuit"). I am one of the attorneys at Michelman responsible for handling the Levine Lawsuit and, in that role, am familiar with the pleadings and discovery conducted in the Levine Lawsuit.

3. In the Levine Lawsuit, Levine alleges he was wrongfully terminated from TCC based upon whistleblower retaliation. TCC alleges that Levine is not a whistleblower and was terminated for other reasons, including his erratic behavior resulting in the Los Angeles Superior Court granting a Workplace Violence Restraining Order. In connection with the Levine Lawsuit, TCC issued subpoenas to Muddy Waters Capital, LLC ("Muddy Waters") and its counsel of record (Harder Stonerock LLP ("Harder")) for the purpose of obtaining information relevant to TCC's defense of Levine's claims. Indeed, as outlined in TCC's Motion to Compel Muddy Waters and Harder to Produce Documents, TCC believed that Levine may have stolen confidential information from TCC, and then provided such information to third parties as a means to pressure TCC into settling the Levine Lawsuit. TCC sent the subpoena to Harder on October 20, 2023 and Muddy Waters on November 3, 2023.

4. On or about November 28, 2023, TCC began meeting and conferring with Harder and Muddy regarding the subpoenas. Harder, Muddy Waters, and TCC extensively met and conferred regarding the subpoenas issued. TCC even agreed to extend the

1

production deadline to after the December 15, 2023 hearing date and enter into an agreement that any production made by Harder and/or Muddy Waters wouldn't be used in the instant action. As a result, Harder and Muddy Waters agreed to produce the documentation that Levine provided to Muddy Waters and Harder. However, Harder and Muddy Waters refused to produce communications with Levine. As the parties were unable to reach an agreement, TCC moved to compel. The Motion to Compel hearing was set for July 6, 2024.

5. On August 5, 2024, the Orange County Superior Court found that the TCC demonstrated good cause and ordered Harder and Muddy Waters to produce responsive documentation. A true and correct copy of the Court's ruling is attached hereto as **Exhibit A**.

6. On June 11, 2024, my office took the deposition of Adam Levine in connection with the Levine Lawsuit. I was present at the deposition. During the deposition, Mr. Levine refused to answer questions about the substance of his communications with Muddy Waters' founder, Carson Block, based on a claim of attorney-client privilege.

### Review of Harder Invoices

7. I have reviewed the exhibits attached to the Declaration of Dilan A. Esper in Support of Request by Muddy Waters Capital LLC to Set Amount of Attorneys' Fees. In reviewing Harder's invoices, I noted that many entries were unrelated to the Sanctions Motion brought by Muddy Waters.

8. All entries after December 14, 2023 should not relate to the Sanctions Motion as the Court vacated the hearing date and took the matter under submission on December 14, 2023. [Dkt. #655] In fact, these entries generally appear to relate to the subpoenas and Motion to Compel in the Levine Lawsuit. These fees total 32.5 hours and $26,900.

9. Upon information and belief, from October 23, 2023 to December 14, 2023, Harder incurred approximately 34.75 hours and $28,087.50 in attorneys' fees as a result of the Levine Lawsuit. I believe these entries relate to the Levine Lawsuit based upon my knowledge of the Levine Lawsuit, knowledge of the instant action, the entry descriptions,

and the timing[1] of when the entry was made. I have marked the entries that relate to the Levine Lawsuit below.

| DATE | DESCRIPTION | TIME | AMOUNT |
|---|---|---|---|
| 10/23/23 | REVIEW AND ANALYZE CHANGE COMPANY SUBPOENAS DIRECTED TO HARDER AND MUDDY WATERS RE LEVINE COMMUNICATIONS | 0.5 | $375 |
| 10/23/23 | REVIEW SUBPOENAS; LEGAL RESEARCH RE [REDACTED] ; DRAFT CORRESPONDENCE | 2 | $1,700 |
| 10/24/23 | LEGAL RESEARCH RE [REDACTED] ; LEGAL RESEARCH RE [REDACTED] ; CONFER WITH D. ESPER RE [REDACTED | 3.25 | $2,437.5 |
| 10/24/23 | DRAFT CORRESPONDENCE; LEGAL RESEARCH RE | 1.75 | $1,487.5 |
| 10/25/23 | OUTLINE [REDACTED] ; LEGAL RESEARCH RE [REDACTED]; REVIEW [REDACTED]; DRAFT EMAIL TO D. ESPER RE [REDACTED] | 3.75 | $2,812.5 |
| 10/25/23 | REVIEW [REDACTED] AND PREPARE FOR CALL; REVIEW [REDACTED] AND DRAFT CORRESPONDENCE; LEGAL RESEARCH | 3.5 | $2,975 |
| 10/26/23 | TELEPHONE CALL [REDACTED]; DRAFT LETTER TO CHANGE CO.'S COUNSEL OBJECTING TO SUBPOENAS; REVIEW [REDACTED]; REVIEW [REDACTED]; CONFER [REDACTED] | 3.25 | $2,437.5 |
| 10/26/23 | PREPARE FOR CONFERENCE CALL AND TELEPHONE CONFERENCE CALL [REDACTED] ; FOLLOW UP RESEARCH | 1.75 | $1,487.5 |
| 10/27/23 | DRAFT LETTER TO CHANGE CO. COUNSEL OBJECTING TO SUBPOENAS AND SETTING FORTH MOTION TO QUASH AND SANCTIONS ARGUMENTS; LEGAL RESEARCH [REDACTED] | 1.75 | $1,312.5 |
| 10/30/23 | RESEARCH AND DRAFT RESPONSES TO SUBPOENAS | 2.25 | $1,912.5 |
| 10/31/23 | REVISE LETTER OBJECTING TO CHANGE CO. SUBPOENAS; FURTHER LEGAL RESEARCH [REDACTED] ; REVIEW [REDACTED] | 1.5 | $1,125 |
| 11/01/23 | DRAFT CORRESPONDENCE | 1 | $850 |
| 11/07/23 | REVIEW SUBPOENAS AND LEGAL RESEARCH RE | 1.75 | $1,487.5 |

---

[1] Notably, Muddy Waters filed their Motion on October 20, 2023 and the first Opposition was not filed until November 22, 2023.

3

**DECLARATION OF SAMANTHA A. DRYSDALE IN SUPPORT OF DEFENDANT STEVEN A. SUGARMAN'S RESPONSE TO DECLARATIONS IN SUPPORT OF REQUEST BY MUDDY WATERS CAPITAL LLC TO SET AMOUNT OF ATTORNEYS' FEES**

| Date | Description | Hours | Amount |
|---|---|---|---|
| 11/08/23 | REVIEW NEW CHANGE CO SUBPOENA; REVISE LETTER OBJECTING TO ALL CHANGE CO SUBPOENAS | 0.5 | $375 |
| 11/08/23 | RESEARCH AND REVISE MEET AND CONFER LETTER RE SUBPOENAS | 1.5 | $1,275 |
| 11/10/23 | RESEARCH DRAFT AND REVISE OBJECTIONS TO SUBPOENAS; REVIEW NEW SUBPOENAS | 1.25 | $1,062.5 |
| 11/14/2023 | DRAFT AND REVISE OMNIBUS LETTER RE SUBPOENAS | 1.5 | $1,275 |
| 11/15/2023 | RESEARCH AND REVISE SUBPOENA OBJECTIONS | 1.5 | $1,275 |
| 11/20/2023 | REVISE AND FINALIZE DISCOVERY LETTER | 0.5 | $425 |
| | **TOTAL** | 34.75 | $28,087.50 |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on November 4, 2024 at Irvine, California.

                                               */s/ Samantha A. Drysdale*
                                               Samantha A. Drysdale, Esq.

4

**DECLARATION OF SAMANTHA A. DRYSDALE IN SUPPORT OF DEFENDANT STEVEN A. SUGARMAN'S RESPONSE TO DECLARATIONS IN SUPPORT OF REQUEST BY MUDDY WATERS CAPITAL LLC TO SET AMOUNT OF ATTORNEYS' FEES**

# EXHIBIT A

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**<br>North Justice Center<br>1275 N. Berkeley Ave<br>Fullerton , CA 92838 | |
| **SHORT TITLE:** Levine vs. The Change Company CDFI LLC | |

| | |
|---|---|
| **CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE** | **CASE NUMBER:**<br>**30-2023-01331710-CU-WT-NJC** |

I certify that I am not a party to this cause. I certify that a true copy of the above Minute Order dated 08/05/24 has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practice and addressed as indicated below. This certification occurred at Fullerton , California on 8/5/24. Following standard court practice the mailing will occur at Sacramento, California on 8/6/24.

BROCK & GONZALES
6701 W CENTER DRIVE 610
LOS ANGELES, CA 90045

Clerk of the Court, by: _____, Deputy

I certify that I am not a party to this cause. I certify that that the following document(s), Minute Order dated 08/05/24, was transmitted electronically by an Orange County Superior Court email server on August 5, 2024, at 10:14:07 AM PDT. The business mailing address is Orange County Superior Court, 700 Civic Center Dr. W, Santa Ana, California 92701. Pursuant to Code of Civil Procedure section 1013b, I electronically served the document(s) on the persons identified at the email addresses listed below:

MICHELMAN & ROBINSON, LLP
AAGUIRRE@MRLLP.COM

MICHELMAN & ROBINSON, LLP
AMILLER@MRLLP.COM

MICHELMAN & ROBINSON, LLP
LSHORTS@MRLLP.COM

MICHELMAN & ROBINSON, LLP
LSHORTZ@MRLLP.COM

MICHELMAN & ROBINSON, LLP
SDRYSDALE@MRLLP.COM

Clerk of the Court, by: _____, Deputy

**CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE**

V3 1013a (June 2004)                                                                                                 Code of Civ. Procedure , § CCP1013(a)

SUPERIOR COURT OF CALIFORNIA,
COUNTY OF ORANGE
NORTH JUSTICE CENTER

MINUTE ORDER

DATE: 08/05/2024               TIME: 10:07:00 AM        DEPT: N15
JUDICIAL OFFICER PRESIDING: Nathan Vu
CLERK: R. Castro
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT: S. Howard

CASE NO: **30-2023-01331710-CU-WT-NJC**   CASE INIT.DATE: 06/20/2023
CASE TITLE: **Levine vs. The Change Company CDFI LLC**
CASE CATEGORY: Civil - Unlimited      CASE TYPE: Wrongful Termination

EVENT ID/DOCUMENT ID: 74353948
**EVENT TYPE:** Under Submission Ruling

**APPEARANCES**

There are no appearances by any party.

The Court, having taken the above-entitled matter under submission on and having fully considered the arguments of all parties, both written and oral, as well as the evidence presented, now rules as follows:

Motions to Compel Discovery

Defendant The Change Company CDFI LLC's Motion to Compel Muddy Waters Capital, LLC to Produce Documents in Response to Deposition Subpoena and Appear for Deposition is **GRANTED in part and DENIED in part.**

Defendant The Change Company CDFI LLC's Motion to Compel Harder Stonerock, LLP to Produce Documents in Response to Deposition Subpoena for Production of Business Records is **GRANTED in part and DENIED in part.**

Third-Party Muddy Waters Capital, LLC is **ORDERED** to serve full, complete, and verified responses and responsive documents to the Deposition Subpoena for Personal Appearance Production of Documents and Things, Requests for Production Numbers 1-2, 5, and 6-7, within 30 days of service of the notice of ruling.

Third-Party Harder Stonerock, LLP is O**RDERED** to serve full, complete, and verified responses and responsive documents to the Deposition Subpoena for Personal Appearance Production of Documents and Things, Requests for Production Numbers 1-2, within 30 days of this ruling.

Third-Parties and Muddy Waters Capital, LLC are **ORDERED** to serve full, complete, and verified responses to the Deposition Subpoena for Production of Business Records within 30 days of this ruling.

The Court further **ORDERS** that:

1. Third-Parties may designate any information or document produced to any party in this action as

CASE TITLE: Levine vs. The Change Company CDFI LLC

CASE NO: 30-2023-01331710-CU-WT-NJC

Case 8:17-cv-00118-DMG-DFM   Document 658-1   Filed 11/04/24   Page 9 of 14   Page ID #:2611

"Confidential – Attorney's Eyes Only."

2. All persons, including counsel, who receive information or documents designated as "Confidential – Attorney's Eyes Only" shall not allow access to or disclosure of the information or documents designated as "Confidential – Attorney's Eyes Only" except to the judge, court personnel, the attorneys of record in this action and their affiliated attorneys, and any person to whom the designating party agrees in writing.

3. Any documents derived from information or documents designated as "Confidential – Attorney's Eyes Only" also shall be designated as "Confidential – Attorney's Eyes Only."

4. Information or documents designated as "Confidential – Attorney's Eyes Only" shall only be used in this action.

5. Any party in this action may bring a noticed motion in this court to request that information or documents not be designated as "Confidential – Attorney's Eyes Only" or that information or documents be disclosed to persons other than those listed above. The motion may be made on an *ex parte* basis if the requirements for *ex parte* relief are met. The party bringing the motion has the burden of showing good cause for the relief requested.

6. Any violation of a court order may result in the parties or their counsel being sanctioned or held in contempt.

Defendant The Change Company CDFI LLC's Request for Judicial Notice in Support of Motion to Compel Muddy Waters, LLC is **GRANTED.**

Defendant The Change Company CDFI LLC's Request for Judicial Notice in Support of Motion to Compel Harder Stonerock, LLP is **GRANTED.**

Third-Parties Muddy Waters LLC's and Harder Stonerock LLP's Request for Judicial Notice in Support of Opposition to Motions to Compel Production of Documents is **GRANTED.**

Defendant The Change Company CDFI LLC (Defendant) moves to compel the appearance for deposition and the production of documents in response to the Deposition Subpoena for Personal Appearance Production of Documents and Things served upon Third-Party Muddy Waters Capital LLC (Third-Party Muddy Waters).

Defendant also moves to compel the production of documents in response to the Deposition Subpoena for Production of Business Records served upon Third-Party Harder Stonerock LLP (Third-Party Harder). Harder).

Standard to Compel Compliance with Third-Party Subpoena

Any party may obtain discovery by taking in California the oral deposition of any other person. (See Code Civ. Proc., § 2025.010.)

A party wishing to take the oral testimony of a person who is not a party to the action may do so by serving the nonparty with a deposition subpoena a sufficient time in advance to allow the nonparty a reasonable opportunity to travel to the place of deposition. (See Civil Procedure Code, §§ 1985, 1987, 2020.220.)

The party seeking to take the deposition may also request that the deponent produce documents at the deposition by including in the notice of deposition a "specification with reasonable particularity of any

Case 8:17-cv-00118-DMG-DFM  Document 658-1  Filed 11/04/24  Page 10 of 14  Page ID #:26118

| CASE TITLE: Levine vs. The Change Company CDFI, LLC | CASE NO: 30-2023-01331710-CU-WT-NJC |

materials or category of materials, including any electronically stored information, to be produced by the deponent." (Code Civ. Proc., § 2025.220, subd. (a)(4).)

Where a party seeks the production of documents at deposition, the party must serve the subpoena a sufficient time in advance to allow the deponent a reasonable opportunity to locate and produce any designated documents. (See Civil Procedure Code, §§ 1985, 1987, 2020.220.)

"If a deponent fails . . . to produce any document or tangible thing under the deponent's control that is specified in the deposition notice or a deposition subpoena, the party seeking discovery may move the court for an order compelling . . . production." (Code Civ. Proc., § 2025.480, subd. (a).)

The court may also "make an order . . . directing compliance with [the subpoena] upon those terms or conditions as the court shall declare, including protective orders." (Code Civ. Proc., § 1987.1, subd. (a).) Additionally, the court "may make any other order as may be appropriate to protect the person from unreasonable or oppressive demands, including unreasonable violations of the right of privacy of the person." (*Ibid.*)

A party seeking documents from a third-party must also "'set forth specific facts showing good cause justifying the discovery sought by the inspection demand . . . .'" (*Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 223 [applying good cause requirement of Civil Procedure Code section 2031(l) to party seeking documents from third-party], quoting Code Civ. Proc., § 2031, subd. (l).)

In other words, the party requesting the discovery "must identify a disputed fact that is of consequence in the action and explain how the discovery sought will tend in reason to prove or disprove that fact or lead to other evidence that will tend to prove or disprove the fact." (*Digital Music News LLC v. Superior Court* (2014) 226 Cal.App.4th 216, 224 disapproved on other grounds, *William v. Superior Court* (2014) 3 Cal.5th 531, 557 fn.8.)

"In the context of discovery, evidence is 'relevant' if it might reasonably assist a party in evaluating its case, preparing for trial, or facilitating a settlement. Admissibility is not the test, and it is sufficient if the information sought might reasonably lead to other admissible evidence." (*Glenfed Develop. Corp. v. Superior Court* (1997) 53 Cal.App.4th 1113, 1117.)

Arguments made in the moving papers or in a separate statement are insufficient to satisfy this requirement; good cause must be shown by way of admissible evidence, such as by declaration. (*Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 224.)

A court is to construe statutes governing discovery "liberally in favor of disclosure unless the request is clearly improper by virtue of well-established causes for denial." (*Yelp Inc. v. Superior Court* (2017) 17 Cal.App.5th 1, 15.)

Requests for Production

Here, Defendant served the Deposition Subpoena for Personal Appearance Production of Documents and Things on Third-Party Muddy Waters (Muddy Waters Subpoena) and the Deposition Subpoena for Production of Business Records on Third-Party Harder (Harder Subpoena). (See Decl. of Samantha A. Drysdale, Esq. in Supp. of Def.'s Mot. to Compel Muddy Waters Capital, LLC (Drysdale Muddy Waters Decl.) ¶ 2, Exh. A; Decl. of Samantha A. Drysdale, Esq. in Supp. of Def.'s Mot. to Compel Harder Stonerock, LLP (Drysdale Harder Decl.) ¶ 2, Exh. A.)

Defendant and the Third-Parties then met and conferred regarding the Muddy Waters Subpoena and Harder Subpoena, but were not able to come to an agreement. (See Drysdale Muddy Waters Decl., ¶¶ 6-10, Exh.s B-D; Drysdale Harder Decl., ¶¶ 6-10, Exh.s B-D.).

CASE TITLE: Levine vs. The Change Company CDFI, LLC

Case 8:17-cv-00118-DMG-DFM   Document 658-1   Filed 11/04/24   Page 11 of 14   Page ID #:26119

CASE NO: 30-2023-01331710-CU-WT-NJC

Waiver of Objections

As an initial matter, Defendant contends that, during the meet and confer discussions, Third-Parties waived their objections to deposition subpoenas.

However, a review of the evidence shows that, as part of the meet and confer process, Third-Parties' Counsel stated that he was "generally in agreement as to [Defense Counsel's] description of the three categories" of document requested and that the Third-Parties were offering to produce the documents in one category, to certify that there were no responsive documents as to another a category, and to negotiate a protective order as to the third category. (See Drysdale Muddy Waters Decl., Exh. D at pp. 1-2; Drysdale Harder Decl., Exh. D at pp. 1-2.)

These statements were an attempt to negotiate on the issue of the deposition subpoenas and did not constitute a waiver of any objections. Thus, Third-Parties have not waived their objections and in particular, have asserted an objection of relevance.

In any case, Defendant has the independent obligation, under the Civil Procedure Code, to show, by declaration or other admissible evidence, that there was good cause for the documents sought by the deposition subpoenas.

Relevance and Good Cause

With respect to the Muddy Waters Subpoena, Requests for Production Numbers 1-2 and 6-7 seek all documents and communications between Plaintiff and Third-Party Muddy Waters or sent by Plaintiff to Third-Party Muddy Waters regarding Defendant or its CEO, Steven Sugarman. Request for Production Number 5 asks for all documents that reference, characterize, or summarize any documents that Plaintiff sent to Third-Party Muddy Waters.

In addition, Requests for Production Numbers 3-4 ask for all communications between Third-Party Muddy Waters and any other person regarding Defendant or its chairman, and all communications in which Third-Party Waters forwarded to any other person the documents that Plaintiff sent to Third-Party Muddy Waters.

With respect to the Harder Subpoena, Requests for Production Numbers 1-2 seek all documents and communications between Plaintiff and Third-Party Harder or sent by Plaintiff to Third-Harder regarding Defendant or Sugarman.

Requests for Production Numbers 3-4 ask for all communications between Third-Party Harder and any other person regarding Defendant or its chairman, and all communications in which Third-Party Harder forwarded to any other person the documents that Plaintiff sent to Third-Party Harder.

In her declaration, Defendant's Counsel asserts that the deposition subpoenas seek information that "is relevant to establish that the purpose of [Plaintiff's]
termination from [Defendant] was not based on his purported status as a whistleblower." (See Drysdale Muddy Waters Decl., ¶ 3; Drysdale Harder Decl., ¶ 3.)

Specifically, Defendant's Counsel points to the fact that the documents sought tend to show that "that [Plaintiff] was terminated on April 28, 2023 for cause, as he engaged in threatening behavior, including but not limited to, cursing at co-workers, threatening to burn down [Defendant's] office building, making monetary demands, and intimidating [Defendant's] security in a profanity laden rant wherein he stated he had a concealed weapons permit and Federal Firearms License." (*Ibid.*)

CASE TITLE: Levine vs. The Change Company CDFI, LLC

Case 8:17-cv-00118-DMG-DFM   Document 658-1   Filed 11/04/24   Page 12 of 14   Page ID #:26120

CASE NO: 30-2023-01331710-CU-WT-NJC

Defendant's Counsel contends that "taking documents from [Defendant] and giving them to [Third-Parties] is further evidence of such erratic and disturbing behavior" and that such information "directly relevant to [Defendant's] defenses in this matter." ( *Ibid.*)

Defendant points out that in the First Amended Complaint (FAC), Plaintiff contends that he was terminated because he was a whistleblower. Thus, obtaining these alleged whistleblower documents is relevant to proving or disproving this allegation and showing the reason that Plaintiff was terminated.

This is a sufficient showing of good cause and relevance with respect to the Muddy Waters Subpoena Requests for Production Numbers 1-2, 5, and 6-7, as well as the Harder Subpoena Requests for Production Numbers 1-2. These seek the documents provided by Plaintiff to the Third-Parties or documents discussing or describing the documents provided by Plaintiff to Third-Parties.

However, Defendant has not shown good cause to produce or the relevance of the Muddy Waters Subpoena Requests for Production Numbers 3-4 and the Harder Subpoena Requests for Production Numbers 3-4. These seek communications between the Third-Parties and any other person about Defendant or its chairman, and all communications in which the Third-Parties forwarded to any other person the documents that Plaintiff sent to Third-Parties.

Requests for Production Numbers 3-4 are not the actions of Plaintiff and have no bearing on whether Plaintiff was terminated because he was a whistleblower or because he engaged in threatening behavior. Defendant has not shown good cause or the relevance of the Requests for Production and the court will not order their production.

Other Objections

Third-Parties also contend that the deposition subpoenas also place an undue burden on them, specifically because the documents are available from Plaintiff.

However, once good cause is shown by the moving party, the burden then shifts to the responding party to justify any objections made to requests for production. (See *Kirkland v. Superior Court* (2002) 95 Cal.App.4th 92, 98.)

Here, Third-Parties failed to explain how responding to the deposition subpoenas would unduly burden them, or provide evidence of this undue burden.

While the burden of discovery should be placed on third-parties only if the discovery cannot be obtained from the parties to the litigation, (see *Calcor Space Facility, Inc. v. Superior Court*, *supra*, 53 Cal. App. 4th at pp. 222, 225), Defendant asserts that Plaintiff has provided verified discovery responses stating that he does not have the information or documents in question and Third-Parties do not provide evidence to the contrary.

Standard for Protective Order for Depositions

Civil Procedure Code section 2017.020 provides that:

(a) The court shall limit the scope of discovery if it determines that the burden, expense, or intrusiveness of that discovery clearly outweighs the likelihood that the information sought will lead to the discovery of admissible evidence. The court may make this determination pursuant to a motion for protective order by a party or other affected person.

(Code Civ. Proc., § 2017.020, subd. (a).)

In addition, Civil Procedure Code section 2025.420 allows the court to issue a protective order specifically with regard to depositions:

(b) The court, for good cause shown, may make any order that justice requires to protect any party, deponent, or other natural person or organization from unwarranted annoyance, embarrassment, or oppression, or undue burden and expense. This protective order may include, but is not limited to, one or more of the following directions:

. . .

(5) That the deposition be taken only on certain specified terms and conditions.

. . .

(11) That all or certain of the writings or tangible things designated in the deposition notice not be produced, inspected, copied, tested, or sampled, or that conditions be set for the production of electronically stored information designated in the deposition notice.

. . .

(13) That a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only to specified persons or only in a specified way.

. . .

(Code Civ. Proc., § 2025.420, subd. (b).)

In general, the burden of establishing good cause for issuance of an order denying or limiting discovery falls on the shoulders of the party seeking the protection, who must make this showing by a preponderance of the evidence. (*Coriell v. Superior Court* (1974) 39 Cal.App.3d 487, 492; *Stadish v. Superior Court* (1999) 71 Cal.App.4th 1130, 1145.)

In this case, Third-Parties request that the requested documents only provided pursuant to a protective order that allows them to designate documents as "Confidential – Attorney's Eyes Only", and that Defendant's chairman provide a "substantial bond" that will be forfeited if the confidential documents are "leaked", and a written commitment by Defendant's chairman that he will personally obey the terms of any protective order and to immediate report to the court if he receives confidential information, under penalty of contempt.

Here, Third-Parties have provided evidence that in another case in federal court, Defendant's chairman violated a confidentiality protective order. While Defendant contends that this is untrue, Defendant does not provide sufficient evidence to undermine Third-Parties' showing.

Third-Parties thus have met their burden to show good cause by a preponderance of the evidence for a protective order that would allow them to designate information or documents as "Confidential – Attorney's Eyes Only."

Defendant also contends that Third-Parties have not shown that the information or documents in question are, in fact, confidential. However, any concerns about this may be addressed by allowing Defendant to challenge any designation of "Attorney's Eyes Only" in court.

At the same time, Third-Parties have not shown good cause for the drastic requirements of a bond and written commitment from Defendant's chairman. For example, Third-Parties have not shown that the

confidentiality protective order in the federal case has not been effective.

In addition, it is not clear that the court has the authority to issue orders to Defendant's chairman, who is not a party to this action and is not before the court.

In any case, the court can address this issue by ordering that Defendant's Counsel not to allow access or disclose the information or documents to any persons other than the court, court personnel, themselves and affiliated lawyers; that any documents derived from the confidential documents also be designated "Attorney's Eyes Only"; and that information or documents designated as "Confidential – Attorney's Eyes Only" shall only be used in this action.

The parties and counsel are reminded that any violation of a court order may result in the parties or their counsel being sanctioned or held in contempt.

<u>Deposition</u>

While Defendant states in the notice of motion that it is moving for an order compelling Third-Party Waters to appear for deposition (in addition to producing documents), Defendant does not address this issue in its memorandum of points and authorities.

The motion papers contain no argument or legal authority in support of this relief.

The court therefore denies this request without prejudice.

The court clerk shall give notice of this ruling.