LATHAM & WATKINS LLP
Manuel A. Abascal (Bar No. 171301)
  *manny.abascal@lw.com*
Nathan M. Saper (Bar No. 294492)
  *nathan.saper@lw.com*
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071
Telephone: (213) 485-1234
Facsimile: (213) 891-8763

*Attorneys for Respondent Latham & Watkins LLP*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| In re BANC OF CALIFORNIA SECURITIES LITIGATION | CASE NO. 8:17-cv-00118-DMG (DFMx) |
|---|---|
| | <u>CLASS ACTION</u> |
| This Document Relates To: ALL ACTIONS. | **LATHAM & WATKINS LLP'S PARTIAL OPPOSITION TO NONPARTY MUDDY WATERS CAPITAL LLC'S REQUEST TO SET AMOUNT OF ATTORNEYS' FEES** |

## I. INTRODUCTION

Latham & Watkins LLP ("Latham") will comply with the Court's order entered October 7, 2024 (the "Order") and does not oppose a portion of Muddy Waters Capital LLC's ("Muddy Waters") demand for fees in this matter. The Court ordered that Latham and Steven Sugarman ("Mr. Sugarman") be jointly and severally liable for Muddy Waters' "reasonable fees and costs incurred to investigate and litigate the *motion for contempt*." Order at 14 (emphasis added). Muddy Waters has identified support for $276,238.60 in fees associated with this motion and Latham does not contest this amount based on the declaration provided by counsel.

However, Muddy Waters also seeks fees for *other* matters not included in the Order and not "incurred to investigate and litigate the motion for contempt." *Id.* Muddy Waters acknowledges this in Paragraph 2 of the Declaration of Dilan A. Esper in Support of Request by Muddy Waters to Set Amount of Attorneys' Fees, ECF No. 655 (hereinafter "Esper Decl."). These include (a) the cost of defending separate lawsuits by Mr. Sugarman against Muddy Waters in Minnesota and California actions, (b) costs in unsuccessfully opposing a motion to compel in a separate lawsuit between The Change Company and Mr. Levine, and (c) costs in unsuccessfully moving to quash Mr. Sugarman's motion to compel in the underlying litigation, as well as various matters unconnected to this motion for contempt. These fees and costs are outside the scope of the Court's October 7, 2024 Order and on that basis Latham opposes them.

To support this Partial Opposition, Latham attaches the Declaration of Nathan M. Saper which includes a chart that describes the fees opposed, the ones not opposed, and how the numbers were calculated. The information contained in the chart is derived from the declarations in Support of Request by Muddy Waters to Set Amount of Attorneys' Fees.

## II. LATHAM DOES NOT OPPOSE $276,238.60 OF THE REQUESTED FEES BASED ON MR. ESPER'S DECLARATION

The Court's October 7, 2024 Order granted Muddy Waters "payment of all reasonable fees and costs incurred to **investigate and litigate the motion for contempt**." Order at 14 (emphasis added). Muddy Waters' submission states that $330,967.45 of their fees relate to the investigation and litigation of the motion for contempt, and it cites to invoices for the time period June 30, 2023 to July 31, 2024 included in Exhibits A through M of the declaration by Mr. Esper. Esper Decl. ¶¶ 8–12. They also acknowledge that a portion of the work reflected in these invoices relates to a different matter. Latham calculated that at least $54,728.85 appears related to Muddy Waters' expenses in unsuccessfully opposing a motion to compel brought by Mr. Sugarman's company (The Change Company) in a different litigation called *Levine v. The Change Company CDFI LLC, et al.*, Orange County Superior Court Case No. 30-2023-0133 1710-CU-WT-CJC (the "*Levine* Litigation"). In that case, The Change Company appears to have issued a subpoena to Muddy Waters and Harder Stonerock, LLP for communications with Mr. Levine, and, after they refused to produce discovery, The Change Company brought a motion to compel. The court appears to have granted the motion to compel in part. Latham is not involved in that lawsuit.

Exhibits E and F of the Esper Declaration include invoices with time entries that are related to the present motion for contempt, but certain time entries in those invoices for the following dates appear to be related to the subpoenas in the *Levine* Litigation and not the motion for contempt: Exhibit E entries from 10/23/2023 to 10/31/2023 and Exhibit F entries from 11/1/2023 to 11/20/2023.[1] In addition, Exhibits H, I, J, K, L, and M of the Esper Declaration cover the time period January

---

[1] The 11/28/2023 and 12/08/2023 entries appear to include both work performed for the motion for contempt and work performed for the *Levine* Litigation. Nevertheless, Latham has not attempted to allocate what portion of that work was for the *Levine* Litigation and thus did not deduct any amounts associated with these dates from the calculation.

2024 to July 2024 during which the motion for contempt was under submission, and the time entries in these invoices (except for the one dated May 2, 2024) appear related to the *Levine* Litigation (though the block billing makes it difficult to determine the actual work performed). Because expenses associated with the *Levine* Litigation were not ordered to be paid by the Court, Latham opposes the fees sought in these time entries and exhibits, which total $54,728.85 as reflected in the chart in Exhibit 1 to the Declaration of Nathan M. Saper.[2] Latham does not oppose the remaining $276,238.60 in fees identified in Paragraph 10 of the Esper Declaration based on counsel's declaration.

## III. LATHAM OPPOSES THE REMAINING $828,784.32 OF THE REQUESTED FEES

Latham opposes the remaining $828,784.32 of Muddy Waters' fee request as outside the scope of the Court order. These amounts relate to (a) opposing a separate lawsuit by Mr. Sugarman in which Latham was not involved, (b) unsuccessfully moving to quash the September 2018 subpoena served on Muddy Waters by Mr. Sugarman, and (c) various matters not connected to this motion for contempt. None of these matters involve fees for "investigat[ing] and litigat[ing] the motion for contempt" as ordered by this Court. *See* Order at 14.

### A. Request For Fees To Oppose Mr. Sugarman's Separate Lawsuit Against Muddy Waters Is Inappropriate

In the Esper Declaration and Declaration of Ambika Kumar, Muddy Waters seeks $691,943.84 in defense costs for what appears to be work opposing Mr. Sugarman's lawsuits against Muddy Waters. Esper Decl. ¶¶ 15–17; Kumar Decl. ¶¶ 2, 10, Ex. C. Mr. Sugarman sued Muddy Waters in Minnesota for (1) defamation; (2) conspiracy to defame and aiding and abetting defamation; and (3) violation of

---

[2] Because Latham is not involved in the *Levine Litigation,* it does not have visibility as to whether any other time entries relate to that litigation and defers to the Court if additional evidence is provided regarding any other time entries.

the Minnesota Unfair and Deceptive Trade Practices Act.[3]  Mr. Sugarman also sued Muddy Waters in the Northern District of California alleging (1) violation of California Civil Code § 17200 for unfair competition; (2) conspiracy to violate California Civil Code § 17200 for unfair competition; (3) defamation; and (4) violation of the Racketeer Influenced Corrupt Organizations Act 18 U.S.C. §§ 1962(c), (d).[4]  Latham was not counsel in any of those actions.  The fees Muddy Waters incurred in defending these lawsuits are not within the Court's Order and should be denied.

### B. Request For Fees Relating to the Dispute to Enforce Mr. Sugarman's Subpoena In the Banc Of California Litigation and Other Unrelated Matters Is Inappropriate

In the Declaration from Patrick Strawbridge, Muddy Waters seeks $136,840.48 in attorneys' fees.  The invoices do not reflect any work on the 2023 motion for contempt.  Instead, they relate to (a) work performed from 2018 to late 2019 for unsuccessfully moving to quash the September 2018 subpoena served on Muddy Waters by Mr. Sugarman in the Banc of California Litigation,[5] and (b) other matters independent from this motion for contempt. Esper Decl. ¶¶ 3–7; Strawbridge Decl. ¶ 3, Exs. A–H.  The Court's Order did not include any of these costs in the sanctions.

## IV. CONCLUSION

For the foregoing reasons, Latham respectfully requests that the Court deny in relevant part the Request to Set Amount of Attorneys' Fees.

---

[3] *Sugarman v. Muddy Waters Capital, LLC et al.*, Hennepin County District Court File No. 27-CV-21-11850 and Minnesota Court of Appeals Case Nos. A22-0659 and A23-1906. *See* 2022 WL 16910577 (Minn. App. Nov. 14, 2022) and 2024 WL 2813944 (Minn. App. June 3, 2024).

[4] *Sugarman v. Muddy Waters Capital, LLC et al.*, United States District Court for the Northern District of California No. 19-4248, and United States District Court for the Central District of California No. 21-cv-1453.

[5] *In re Subpoenas to Produce Documents, Information or Objects to Muddy Waters Capital LLC, MLAF LP and SS&C Technologies, Inc.*, No. 2:18-mc-147 (C.D. Cal.).

Dated: November 4, 2024

Respectfully Submitted,

LATHAM & WATKINS LLP
By: /s/ Manuel A. Abascal
Manuel A. Abascal (Bar No. 171301)
manny.abascal@lw.com
Nathan M. Saper (Bar No. 294492)
nathan.saper@lw.com
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071
Telephone: (213) 485-1234
Facsimile: (213) 891-8763

*Attorneys for Latham & Watkins LLP*

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Latham & Watkins LLP, certifies that this brief contains 1,385 words and 5 pages, which complies with the word limit of L.R. 11-6.1 and the Initial Standing Order of the Hon. Dolly M. Gee.

Dated: November 4, 2024            LATHAM & WATKINS LLP

By: */s/ Manuel A. Abascal*
Manuel A. Abascal (Bar No. 171301)
*Attorneys for Latham & Watkins LLP*

**PARTIAL OPPOSITION TO REQUEST TO SET AMOUNT OF FEES**