LATHAM & WATKINS LLP
Manuel A. Abascal (Bar No. 171301)
 *manny.abascal@lw.com*
Nathan M. Saper (Bar No. 294492)
 *nathan.saper@lw.com*
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071
Telephone: (213) 485-1234
Facsimile: (213) 891-8763

*Attorneys for Respondent Latham & Watkins LLP*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| In re BANC OF CALIFORNIA SECURITIES LITIGATION<br><br>This Document Relates To:<br>ALL ACTIONS. | CASE NO. 8:17-cv-00118-DMG (DFMx)<br><br><u>CLASS ACTION</u><br><br>**DECLARATION OF MANUEL A. ABASCAL**<br><br>**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL** |
|---|---|

I, Manuel A. Abascal, hereby declare and state as follows:

1. I am a member of the State Bar of California. I am an attorney with the law firm of Latham & Watkins LLP ("Latham"), counsel to Latham in this matter. I have personal knowledge of all the matters referred to herein and, if called upon to do so, could and would competently testify truthfully with respect thereto.

2. I make this declaration in response to the Court's Order entered October 7, 2024 (the "October 7th Order"). Specifically, I offer this declaration as evidence of Latham's compliance with the October 7th Order, including Latham's compliance with Sections VI and IX of this Court's Protective Order entered November 13, 2017 (the "Protective Order").

3. In response to the Court's October 7th Order, a team of Latham personnel collected and conducted a good faith review of the relevant electronic and paper documents in Latham's possession in an effort to determine whether any materials from Muddy Waters Capital LLC ("Muddy Waters") designated under the Protective Order were disclosed by Latham to persons not authorized to receive such materials under the Protective Order. This review included searches for disclosure of the February 22, 2019 Expert Report of Dr. Charles Lee, other expert reports of Dr. Lee, and Muddy Waters' January 30, 2019 document production.

4. Through the work described above, Latham attorneys identified, to the best of their knowledge, the persons who may have received from Latham the February 22, 2019 Expert Report of Dr. Lee or other designated material or information from Muddy Waters in circumstances that may not have been authorized under the Protective Order. Except with respect to the Court filing described below in Paragraph 5, in an effort to comply with the Court's October 7th Order and Section VI of the Protective Order, Latham sent correspondence to those persons (i) informing them of the Protective Order and attaching a copy of it, (ii) requesting that they return the material, and (iii) asking that they execute the Agreement to Be

Bound to the extent they have not already done so. Latham also gave written notice to Muddy Waters' counsel of the potentially unauthorized disclosures that Latham identified after a good faith search of its records.

5. As for the Court filing referenced in the preceding paragraph, Latham found that a ███████████████████████████████████████ ███████████████████████████████████████ ███████████████████████████████████████ ██████████████████████████████ contained redactions of information from Muddy Waters' document production but inadvertently failed to redact certain information on ████████████████. Because this was a public filing that resides on the Court's docket, Latham is unable to identify who received this document and, therefore, could not implement the procedures specified in Section VI of the Protective Order as to that document. Latham has no objection to the Court sealing this document so that it is no longer publicly available, although it notes that the information in question is also publicly disclosed in the Court's October 7th Order.

6. Consistent with Section IX of the Protective Order and the Court's October 7th Order, Latham destroyed the January 30, 2019 production of documents from Muddy Waters as well as copies, abstracts, compilations, summaries or any other format reproducing or capturing the production that it could locate after reasonable and good faith searches (except to the extent such materials may exist in (a) archival copies that counsel is allowed to retain under Section IX or (b) disaster recovery or business continuity backups in queue for permanent deletion). Latham provided written certification to counsel for Muddy Waters of the foregoing.

7. I certify that Latham has taken the above described steps that, to the best of our knowledge, comply with Sections VI and IX of the Protective Order.

1     I declare under penalty of perjury under the laws of the United States that the
2 foregoing is true and correct. Executed on December 6, 2024 at Los Angeles,
3 California.

                                */s/ Manuel A. Abascal*
                                Manuel A. Abascal