HAYNES AND BOONE, LLP
Mark D. Erickson (Bar No. 104403)
  mark.erickson@haynesboone.com
Kevin A. Crisp (Bar No. 261023)
  kevin.crisp@haynesboone.com
600 Anton Boulevard, Suite 700
Costa Mesa, California 92626
Telephone: (949) 202-3000
Facsimile: (949) 202-3001

Attorneys for Respondent
Latham & Watkins LLP

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re BANC OF CALIFORNIA SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Case No. 8:17-cv-00118-DMG (DFMx)<br><br>CLASS ACTION<br><br>**RESPONSE OF LATHAM & WATKINS LLP TO STEVEN A. SUGARMAN'S OBJECTION TO MUDDY WATERS CAPITAL LLC'S INTENTION TO DISCONTINUE SEEKING A MONETARY AWARD AGAINST LATHAM & WATKINS LLP**<br><br>Judge:     Hon. Dolly M. Gee<br>Courtroom:  8C |

**RESPONSE TO OBJECTION**

Latham & Watkins LLP responds as follows to Steven A. Sugarman's Objection to the Notice of Muddy Waters Capital LLC's Intention to Discontinue Seeking a Monetary Award Against Latham & Watkins LLP (respectively, the "Objection" and the "Notice") (Docket Numbers 670 and 669). Specifically, Latham writes to make five brief points, including that it does not object to the Court compelling Latham's disclosure of the settlement agreement subject to the terms of the existing protective order.

First, although Latham is ethically constrained as to what it can say in this response, Latham wants to assure the Court and Mr. Sugarman that Latham has at all times complied with its ethical duties to Mr. Sugarman. That includes Latham's conduct in connection with the negotiation and execution of the settlement agreement that is the subject of the Notice and Objection. Just as importantly, when it comes to the underlying contempt motion in general and the settlement agreement in particular, Latham has not acted *adversely* to Mr. Sugarman under California's rules of ethics.

Second, Mr. Sugarman and Latham have been represented by separate counsel throughout Muddy Waters' contempt motion and request for sanctions. Mr. Sugarman has been and continues to be represented by Michelman & Robinson LLP. Latham has represented itself until this response and is now represented by Haynes and Boone LLP.

Third, contrary to the contention in the Objection, Latham does not seek to undo or to otherwise modify the Court's contempt order against it. *Cf.* Docket 670 at 5. Indeed, Muddy Waters' Notice expressly "requests that the Court . . . leave the September 30, 2024 order finding Latham and Sugarman in contempt in place in its entirety." Docket 669 at 2:19-21.

Fourth, Latham has not done anything to deny Mr. Sugarman his right to seek offset with respect to the fees and expenses, if any, awarded to Muddy Waters on the pending sanctions motion. Nor has Latham taken any steps to deny

1

**RESPONSE TO OBJECTION**

Mr. Sugarman his right to seek contribution against Latham. In short, Mr. Sugarman retains his full suite of rights under California and federal law as to both Muddy Waters and Latham. And Latham has no objection to Mr. Sugarman's enforcement of those rights.

Fifth, Latham has no objection to the disclosure of the settlement agreement, subject to it being designated Confidential under the terms of the existing protective order, either through Muddy Waters' consent (although Muddy Waters has given Latham notice that it currently objects to disclosure) or pursuant to Court order.

DATED: June 13, 2025         HAYNES AND BOONE, LLP

By: /s/ Mark D. Erickson
Mark D. Erickson
Attorneys for Respondent
Latham & Watkins LLP