HARDER STONEROCK LLP
DILAN A. ESPER (CA Bar No. 178293)
6300 Wilshire Blvd., Suite 640
Los Angeles, California 90048
Telephone:   (424) 203-1600
Facsimile:   (424) 203-1601
Email:  DEsper@HarderStonerock.com

*Attorneys for Nonparty*
*Muddy Waters Capital LLC*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re BANC OF CALIFORNIA SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Case No. 8:17-cv-00118-DMG (DFMx)<br><br>CLASS ACTION<br><br>**RESPONSE OF THIRD PARTY MUDDY WATERS CAPITAL LLC TO DEFENDANT STEVEN A. SUGARMAN'S OBJECTION TO MUDDY WATERS' INTENTION TO DISCONTINUE SEEKING A MONETARY AWARD AGAINST LATHAM & WATKINS LLP**<br><br>Judge:   Hon. Dolly M. Gee<br>Courtroom:  8C |

## I.     INTRODUCTION

Defendant Steven A. Sugarman's filing regarding Third Party Muddy Waters Capital LLC's ("Muddy Waters") intention not to pursue a monetary sanctions award against Latham & Watkins LLP ("Latham") is entirely inappropriate.

Muddy Waters has the right to seek remedies, or not seek remedies, against those who violated its rights as it sees fit.  In this case, Sugarman and Latham both engaged in sanctionable conduct as set forth in Muddy Waters' motion for contempt sanctions, and were both found in contempt by this Court.  Latham then resolved its differences with Muddy Waters, leaving Muddy Waters to continue pursuing its claims against Sugarman alone.

This situation—where two different wrongdoers wronged a party—occurs all the time, and Sugarman's attempt to paint this as some sort of act of disloyalty falls flat. Sugarman's pose of moral and legal outrage seems comical given his own actions and the Court's finding of contempt.

## II.    THE CONTEMPTS OF SUGARMAN AND LATHAM ARE NOT CONGRUENT.

There is no basis for any of the relief that Sugarman seeks.  First, while obviously Latham represented Sugarman at the time of the contumacious conduct[1],

---

[1] Sugarman includes a bank shot argument that, because of some filings from 2021 in which Latham may have adverted to continuing obligations to Sugarman, this means Latham is still representing him now in 2025.  However, Sugarman could have easily filed a declaration averring a continued lawyer-client relationship if one existed, but did not do so.  "If weaker and less satisfactory evidence is offered when it was within the power of the party to produce stronger and more satisfactory evidence, the evidence offered should be viewed with distrust." *Carolina Power & Light Co. v Uranex*, 451 F.Supp. 1044, 1056 n. 4 (N.D. Cal. 1977) (citing Cal. Evid. Code § 412). In any event, Muddy Waters had a claim for contempt against Latham that was based on different allegations than its claim against Latham, and had every right to deal with Latham at arm's length, whatever Latham's current relationship with Sugarman might be.

Sugarman and Latham were found in contempt for different conduct and at different levels of culpability. The Court held that Latham violated the Court's protective order by stamping the Lee Report "confidential" when it contained "attorneys' eyes only" material, and then giving the report to Sugarman (who should not have received it because it should have been "attorneys' eyes only"). Dkt. 654 at 9. Further, the Court rejected Muddy Waters' argument that Latham acted in bad faith: "there is insufficient evidence to suggest that Latham acted in bad faith as opposed to in serious error." *Id.* at 11. Thus, the Court found a single — to be clear, serious — violation of the Court's protective order by Latham that was an error, but not one motivated by bad faith.

In contrast, the Court not only found that Sugarman deliberately and knowingly distributed and directed distribution of attorneys' eyes only material to his then-employee, Adam Levine, and to the press (a **different** violation than Latham's conduct), but also that Sugarman made false statements to this Court in opposition to Muddy Waters' motion. *Id.* at 12–14. Thus, Sugarman's contumacious conduct was both at a different, greater level of culpability **and** was different conduct than Latham's.

Under California law, a settlement only reduces a different party's liability when the two are "joint tortfeasors." *FDIC v. Ching*, 189 F. Supp. 3d 978, 996 (E.D. Cal. 2016). Put another way, they must "be liable for the same tort." Cal. Code Civ. Proc. § 877.

Sugarman and Latham are not joint tortfeasors. The Court's contempt of court ruling (and any monetary sanctions it awards) are a sanction, not tort damages. *Ching* indicates that the obligations are separate: *Ching* involved a payment of $4 million to a bank by its investors in a settlement to remedy a shortfall; the court held this payment did not reduce liability of the bank's directors to the FDIC for banking law violations, because the directors' obligation to pay administrative sanctions to the FDIC and the $4 million payment to remedy the asset shortfall were not the

1    obligations of joint tortfeasors.

2         Here, Latham and Muddy Waters resolved their differences including for

3    failing to stamp the Lee Report "attorney's eyes only" and giving it to Sugarman; this

4    in no way compensates Muddy Waters for the entirely separate contumacious acts of

5    Sugarman in distributing the Lee Report to Levine and to the press.

6         Indeed, if the law were otherwise, it would seriously interfere with the Court's

7    ability to punish and deter contumacious conduct.  A party's decision to settle one

8    party's contempt of court could mean that another party, even one who engaged in far

9    more egregious conduct, could escape punishment for contempt of court entirely.  It

10   would constitute a free pass for persons who not only wrong other parties to court

11   proceedings, but commit grave wrongs against the court system itself, such as

12   Sugarman did when he lied to the Court and falsely denied his conduct in this case.

13   The result of such a rule would also likely be to deter settlements of contempt claims.

14   Parties found to be in contempt of court, even jointly or in the same contempt order,

15   simply should not be treated as joint tortfeasors, for both textual and policy reasons.[2]

16   ## III.    THERE IS NOTHING UNETHICAL ABOUT LATHAM'S

17   ##         RESOLVING MUDDY WATERS' CLAIMS AGAINST IT.

18        As noted above, Latham no longer represents Sugarman.  Sugarman's brief

19

20   _____

21        [2] For the same reasons, Muddy Waters had no obligation to move for a hearing
     under Cal. Code Civ. Proc. 877.6, which by its express terms only applies either to
22   "joint tortfeasors" or "co-obligors on a contract."  Sugarman and Latham are merely
     co-opposing parties in a contempt proceeding who have both been adjudged
23   responsible for separate contempts.  The statute by its terms does not apply.

24        Further, because there is no basis for a reduction in the amount Sugarman
     owes, there is also no justification for a discovery order here.  And even if this Court
25   believes any discovery is necessary, Muddy Waters would urge this Court to allow
     briefing on the narrow scope of such discovery before any such discovery is
26   permitted, as a party such as Sugarman who has flouted confidentiality and lied to this
     Court should be strictly limited in any discovery he tries to obtain as well as with
27   respect to whether he (rather than his lawyers) should ever see it.

28

throws around a lot of innuendo about ethical rules that bind Latham but, simply put, Sugarman identifies no rule that says that law firm cannot settle a contempt of court claim when there is also a claim against a former (or even current) client.

For instance, Sugarman uses the word "collusive" a lot, but does not identify any actual collusion. Surely settling a sanctions claim by itself is not "collusion." Sugarman also intimates that Latham violated his lawyer-client privilege, but does not identify any actual violation of the privilege.

Sugarman refers to an apparent promise Latham made not to take on adverse representation to Sugarman, but of course, Latham is acting *in pro per* and is not representing anyone at all in resolving the contempt claim, let alone any party adverse to Sugarman.

Muddy Waters and its counsel take legal ethics obligations seriously. However, Sugarman makes no actual allegation of a legal ethics violation; he merely handwaves and throws theories out in the hope something will stick. He has not shown any ethical principle that would bar his former lawyers from resolving a claim against them.

### IV. MUDDY WATERS' DECISION NOT TO PURSUE A MONETARY REMEDY AGAINST LATHAM DOES NOT MODIFY THIS COURT'S ORDER OR DEPRIVE IT OF JURISDICTION.

Finally, Sugarman's argument lashing out at Muddy Waters' counsel and accusing Muddy Waters and its lawyers of "modify[ing]" a court order and "depriv[ing]" this Court of jurisdiction is wrong. Dkt. 670 at 2, 5.

This Court has full jurisdiction to act on the matters before it, and Muddy Waters has specifically **not** asked for this Court to modify its contempt order. *See* Dkt. 669 at 2 (asking that this Court "leave the September 30, 2024 order finding Latham and Sugarman in contempt in place in its entirety"). Muddy Waters has simply notified the Court that it is not seeking a money award against Latham. That truthful statement of what Muddy Waters is not asking this Court to do does not

RESPONSE TO OBJECTION

purport to modify the Court's order or affect its jurisdiction.  The Court's jurisdiction did not change at all following Muddy Waters' filing as opposed to what it was before it.  The only thing that changed is the scope of Muddy Waters' request for relief. Further, Sugarman's statement that Muddy Waters does not have standing to tell the Court what relief it is and is not seeking is not supported by any authority and, frankly, makes no sense.

## V.    CONCLUSION

For the foregoing reasons, Muddy Waters requests that this Court reject Sugarman's unsupported requests and (1) leave the September 30, 2024 order finding Latham and Sugarman in contempt in place in its entirety, and (2) enter an order fixing the amount of monetary contempt sanctions against Sugarman consistent with Muddy Waters' prior filings.

Dated: July 8, 2025                  HARDER STONEROCK LLP

By:*/s/ Dilan A. Esper*
_____
     DILAN A. ESPER
     *Attorneys for Nonparty*
     *Muddy Waters Capital LLC*