MONA Z. HANNA, ESQ. (SBN 131439)
  *mhanna@mrllp.com*
SAMANTHA A. DRYSDALE, ESQ. (SBN 307233)
  *sdrysdale@mrllp.com*
**MICHELMAN & ROBINSON, LLP**
17901 Von Karman Avenue, 10th Floor
Irvine, CA 92614
T: (714) 557-7990
F: (714) 557-7991

MARC R. JACOBS, ESQ. (SBN 185932)
  *mjacobs@mrllp.com*
JESSE J. CONTRERAS, ESQ. (SBN 190538)
  *jcontreras@mrllp.com*
**MICHELMAN & ROBINSON, LLP**
10880 Wilshire Blvd., 19th Floor
Los Angeles, CA 90024
T: (310) 299-5500
F: (310) 299-5600
Attorneys for  STEVEN A. SUGARMAN

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re BANC OF CALIFORNIA SECURITIES LITIGATION,<br><br>This Document Relates to:<br><br>ALL ACTIONS. | CASE NO.: 8:17-cv-00118-DMG (DFMx)<br><br>CLASS ACTION<br><br>**DEFENDANT STEVEN A. SUGARMAN'S REPLY IN SUPPORT OF HIS OBJECTION TO MUDDY WATERS CAPITAL LLC'S INTENTION TO DISCONTINUE SEEKING A MONETARY AWARD AGAINST LATHAM & WATKINS LLP**<br><br>Judge:    Hon. Dolly M. Gee<br>Crtrm:   8C |

Latham & Watkins LLP's ("Latham") and Muddy Waters Capital LLC's ("Muddy Waters") have attempted to weaponize a clandestine, undisclosed, collusive settlement ("Collusive Settlement") to subvert this Court's unambiguous September 30, 2024 Order.[1]  After the Court found Latham and Steven Sugarman jointly and severally liable for Muddy Waters' purported attorneys' fees [Dkt. # 654, page 14], Latham and Muddy Waters now seek to rewrite history — and this Court's ruling — by seeking that any sanctions award apply solely to Mr. Sugarman. Muddy Waters' request to pursue the entirety of its outrageous and wholly unjustified demand of $1,159,751.77[2] (which is the amount that it initially sought for fees allegedly incurred due to *both* Latham and Mr. Sugarman), while shielding Latham from liability and any contribution to Mr. Sugarman, reeks of strategic bad faith and gamesmanship.  It is an impermissible end-run around this Court's binding judicial findings and a transparent effort to manipulate this Court into rubber-stamping a wholly unjustified and inequitable outcome.  Such gamesmanship deserves not indulgence, but swift and unambiguous rejection.

As expounded upon in detail below, Muddy Waters has no legal or factual basis for this requested relief.  As such, this Court should disregard the Notice and Responses filed by Muddy Waters and Latham because: (1) Muddy Waters' requested relief is an improper motion for reconsideration designed to impermissibly modify and direct this Court how to impose its September 30, 2024 Order in which the Court

---

[1] Defendant Steven A. Sugarman ("Mr. Sugarman") files this Reply in Support of His Objection to the Notice of Muddy Waters Capital LLC's Intention to Discontinue Seeking a Monetary Award Against Latham & Watkins (the "Notice") [Dkt. 669] and (the "Objection") [Dkt. #670].  In so doing, Mr. Sugarman collectively responds to Latham and Muddy Waters' Responses to the Objection [Dkt. #673 and 675].

[2] Mr. Sugarman maintains that the vast majority of fees sought by Muddy Waters are unrelated to the "reasonable fees and costs incurred to investigate and litigate the motion for contempt" awarded in the Court's September 30th Order.  As explained more fully in Mr. Sugarman's November 4, 2024 Response to Declarations in Support of Request by Muddy Waters Capital LLC to Set Amount of Attorneys' Fees [Dkt. #658], which is incorporated herein by reference, Muddy Waters' fee award, if any, should not exceed $110,391.94.

1

already found that both Latham and Mr. Sugarman were *jointly and severally liable* for the fees Muddy Waters incurred to investigate and file its contempt motion, and (2) there is no legal or factual basis to support a sanctions award solely against Mr. Sugarman.

All that is left for the Court to do is to determine the amount, if any, of the sanctions award against both Latham and Mr. Sugarman for the fees Muddy Waters incurred in bringing the Motion, which the Court has already held are subject to joint and several liability. Whether Muddy Waters chooses to enforce and execute upon that award against Latham is up to Muddy Waters and potentially governed by the terms of their Collusive Settlement, but that is not a basis for the Court to *change* its prior order.

### A. Muddy Waters' Request is a Disguised Motion for Reconsideration as it Seeks to Improperly Modify the Court's September 30, 2024 Order.

As set forth in Mr. Sugarman's Objection, neither Muddy Waters nor Latham have the authority to modify the Court's September 30, 2024 Order mandating that "Latham and Sugarman are *jointly and severally liabl*e" for payment of the sanctions the Court imposed. [Dkt. #654, page 14] (emphasis added). While Muddy Waters now claims that it "has specifically **not** asked for this Court to modify its contempt order" and Latham similarly asserts that it "does not seek to undo or to otherwise modify the Court's contempt order," these statements fall flat in light of the relief sought because that is precisely what Muddy Waters is asking this Court to do. [Dkt. #675 at page 5; Dkt. #673 at page 1]. Indeed, Muddy Waters acknowledges that what has "changed is the scope[3] of Muddy Waters' request for relief" which now includes a request that the Court "not enter any order fixing any amount of contempt sanctions against Latham" and instead "enter an order fixing the amount of monetary contempt sanctions *against*

---

[3] In its original Motion and Proposed Order, Muddy Waters requested that fees and costs be issued against "Latham and Sugarman [as they] are jointly and severally liable for all such fees and costs." [Dkt. # 655-27].

*Sugarman.*" [Dkt. #669 at page 2 and #675 at page 6] (emphasis added). By seeking a subsequent order fixing monetary sanctions only against Mr. Sugarman, Muddy Waters is necessarily asking the Court to modify its September 30, 2024 Order, ignore its findings related to Latham's "serious violation of the Protective Order," and nullify its prior imposition of joint and several liability for the sanctions.

Not only does Muddy Waters not have the authority to decide what civil contempt sanctions are appropriate, but its requested relief constitutes a disguised motion for reconsideration. *See Armstrong v. Brown*, 939 F. Supp. 2d 1012, 1018 (N.D. Cal. 2013) ("Civil sanctions are appropriate, at the court's discretion, to encourage Defendants to comply with its order"); *Bailey v. Superior Ct. In & For Shasta Cnty.*, 142 Cal. App. 2d 47, 54 (1956) ("The enforcement of an order of contempt in this state is not for the vindication of a private right but is for the maintenance of the dignity and authority of the court, and to preserve the peace and dignity of the people of the State of California."). Indeed, Muddy Waters has failed to establish any of the requirements for a motion for reconsideration. *See County of Santa Clara v. Trump*, 267 F.Supp.3d 1201, 1207 (N.D. Cal. 2017) ("Reconsideration is appropriate 'if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) there is an intervening change in controlling law.'") (quoting *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)); *see also* L.R. 7-18 ("…any motion for reconsideration must be filed no later than 14 days after entry of the Order that is the subject of the motion or application"). Thus, Muddy Waters' request to modify the September 30, 2024 Order must be denied.

**B. Even if Muddy Waters Could Modify the September 30, 2024 Order (Which It Cannot), There is No Legal or Factual Basis Allowing A Sanctions Award Solely Against Mr. Sugarman.**

Muddy Waters and Latham's Collusive Settlement cannot form the basis for the Court to disregard joint and several liability. Imposing a sanctions award solely

---

3

against Mr. Sugarman would not only run squarely counter to the plain language of the Court's September 30, 2024 Order—it would effectively redefine the meaning of "joint and several" liability. The factual record makes clear that liability must remain joint and several as between Latham and Mr. Sugarman, as Muddy Waters' claimed damages cannot be separated or apportioned based on each party's individual conduct. As such, the Court must issue an Order consistent with its September 30, 2024 Order that Latham and Mr. Sugarman are jointly and severally liable.

Pursuant to Cal. Civ. Proc. Code § 877 and 877.6, joint tortfeasors and co-obligors are each responsible for payment of the damages award.  In fact, to limit the obligation to solely non-settling co-obligors or joint tortfeasors, that party must seek court approval. Pursuant to Cal. Civ. Proc. Code § 877.6, "[a] determination by the court that the settlement was made in good faith shall bar any other joint tortfeasors or co-obligor from any further claims against the settling tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault." *Id*.  Latham and Muddy Waters cannot seek to weaponize the Collusive Settlement to impose judgment solely against Mr. Sugarman, particularly when the Court has found the parties jointly and severally liable.

Muddy Waters relies on *FDIC v. Ching* to support its overly broad argument that "Sugarman and Latham are not joint tortfeasors," and thus, the Collusive Settlement does not reduce Mr. Sugarman's liability. [Dkt. 675 at page 3]; 189 F. Supp. 3d 978, 996 (E.D. Cal. 2016). However, Muddy Waters analysis is incomplete and inaccurate, as the *Ching* Court explains that, in analyzing whether parties are "joint tortfeasors," the Court determines whether there was "one indivisible injury caused by two or more parties." *Id*.; *May v. Miller*, 228 Cal. App. 3d 404, 409 (Cal. Ct. App. 1991). To that end, nowhere in the *Ching* opinion does the Court make the sweeping holding that two parties must be joint tortfeasors before the settlement by one impacts the remaining

monetary liability of the other. *Id*. In fact, the *Ching* Court explicitly acknowledges other doctrines and theories that could result in an offset despite ultimately rejecting their application to the circumstances that were presented in that case. Cal. Civ. Proc. Code § 877; *see e.g. id*. at 998 ("The equitable doctrines of double recovery, offset, and unjust enrichment do not apply *to these payments*…The directors have not produced evidence…as required before the doctrine against double recovery may apply… the evidence presented would not allow a trier of fact to find that the directors and the FDIC share a mutual debt or have a claim "enforceable in its own right. Offset cannot apply.") (emphasis added).

Here, Muddy Waters cannot avoid this Court's finding of joint and several liability and seek to prohibit Mr. Sugarman from his right to contribution against Latham. Such finding runs contrary to the Court's prior September 30, 2024 Order and is unsupported by any law. Simply because Muddy Waters alleges the conduct and levels of culpability are different, does not mean that Latham and Mr. Sugarman are not co-obligors and/or joint tortfeasors due to the finding of joint and several liability. In fact, Muddy Waters' alleged damages (*i.e.*, its fees in bringing the Motion) relates to the conduct of both Latham and Mr. Sugarman. Muddy Waters has given this Court no way to segregate or separate those fees; rather, it wants the Court to now hold Mr. Sugarman liable and responsible for 100% of the fees incurred – including fees directly attributable to Latham's conduct. As such, Muddy Waters has no legal or factual basis for its request to solely issue a judgement against Mr. Sugarman.

Further, Mr. Sugarman is entitled to an offset as a co-obligor and/or joint tortfeasor of a mutual debt, pursuant to Cal. Civ. Proc. Code § 877 and 877.6, to prevent him from suffering a manifest injustice by being forced to fund an impermissible double recovery for Muddy Waters. *See Bravo v. City of Santa Maria*, 810 F.3d 659, 668 (9th Cir. 2016) (when a "settlement with one defendant covers the very same costs a plaintiff is trying to recover from the non-settling defendant, the plaintiff cannot recover the same costs twice."). At least some portion of the

$1,153,673.93 that Muddy Waters alleged constitutes their "reasonable attorney's fees and costs" incurred "to investigate and litigate the motion for contempt" has been paid by Latham and it would be an abuse of discretion for the Court to not take that payment into account when fixing the amount of Mr. Sugarman's sanctions. *Bravo*, 810 F.3d at 668  ("A district court abuses its discretion when it refuses to offset an award of attorney fees by a settling defendant's payment of those same fees."); *see also Corder v. Brown*, 25 F.3d 833, 840 (9th Cir. 1994) ("We hold here that a non-settling defendant is entitled to offset attorney's fees owed by the amount already paid by settling defendants…If an offset is denied, the plaintiff's attorney may receive a windfall. A windfall would be manifestly unreasonable.").

Indeed, if Muddy Waters' revised request is granted, the record will contain conflicting orders on the same issue — one holding Latham jointly and severally liable for any amount of sanctions imposed and one assigning all monetary liability to Mr. Sugarman — undoubtedly frustrating Mr. Sugarman's future appellate and contribution rights. While Muddy Waters can ultimately choose whether or not to pursue additional payment from Latham, Muddy Waters' attempt to alter the scope of relief that the Court has already granted by requesting a subsequent contradictory order is both procedurally improper and patently unfair.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

DEFENDANT STEVEN A. SUGARMAN'S REPLY IN SUPPORT OF OBJECTION TO MUDDY WATERS
CAPITAL LLC'S INTENTION TO DISCONTINUE SEEKING A MONETARY AWARD AGAINST LATHAM
& WATKINS LLP

1

## CONCLUSION AND PRAYER

For these reasons, Defendant Steven A. Sugarman respectfully requests that the Court deny Muddy Waters' request for an order fixing the amount of monetary contempt sanctions against solely Mr. Sugarman. Mr. Sugarman further requests that any subsequent order relating to the matters set forth herein continue to find Latham and Mr. Sugarman jointly and severally liable for any monetary sanctions imposed pursuant to the Court's September 30, 2024 Order, and that Latham and Muddy Waters be required to disclose the terms of their alleged Collusive Settlement to allow the Court to apply the appropriate offset before entering any sanctions award.

**MICHELMAN & ROBINSON, LLP**

Dated: July 18, 2025                    By: _____ */s/ Marc R. Jacobs* _____
                                        MONA Z. HANNA
                                        MARC R. JACOBS
                                        JESSE J. CONTRERAS
                                        SAMANTHA A. DRYSDALE
                                        Attorneys for Defendant
                                        STEVEN A. SUGARMAN

**DEFENDANT STEVEN A. SUGARMAN'S REPLY IN SUPPORT OF OBJECTION TO MUDDY WATERS
CAPITAL LLC'S INTENTION TO DISCONTINUE SEEKING A MONETARY AWARD AGAINST LATHAM
& WATKINS LLP**