HARDER STONEROCK LLP
DILAN A. ESPER (CA Bar No. 178293)
6300 Wilshire Boulevard, Suite 640
Los Angeles, CA 90048
Telephone: (424) 203-1600
Facsimile: (424) 203-1601
Email: DEsper@HarderLLP.com

*Attorneys for Nonparty*
*Muddy Waters Capital LLC*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| In re BANC OF CALIFORNIA SECURITIES LITIGATION | Case No. 8:17-cv-00118-DMG (DFMx) |
|---|---|
| | CLASS ACTION |
| This Document Relates To: | **STATUS REPORT AND REQUEST FOR STATUS OF ATTORNEY'S FEES APPLICATION** |
| ALL ACTIONS. | |

On September 30, 2024, this Court ordered that Latham & Watkins LLP and Steven Sugarman were in contempt of court for their actions in the dissemination of confidential information regarding third party deponent Muddy Waters Capital, LLC ("Muddy Waters"). [Dkt. 654] The parties then briefed the issue of the amount of attorney's fees to be awarded to Muddy Waters. [Dkt. 655, 658] Briefing was complete as of November 4, 2024.

Subsequent to the briefing on this issue, two major events have happened. First, pursuant to this Court's order, in December 2024, both Latham & Watkins and Sugarman provided information to Muddy Waters regarding who received confidential information that was protected by this Court's protective order (the "December 2024 disclosures") (this is discussed below). Second, on May 22, 2025, Muddy Waters withdrew its request for a monetary award against Latham & Watkins, while continuing to seek a monetary award against Sugarman. [Dkt. 669] Sugarman filed objections to that notice of withdrawal, and Latham & Watkins and Muddy Waters each filed responses to those objections. [Dkt. 670, 673, 675] Sugarman filed a reply brief on this issue. [Dkt. 676] The issue of the effect of the withdrawal of the application for a monetary award against Latham & Watkins was fully briefed as of July 18, 2025.

The December 2024 Disclosures contain evidence of additional violations of this Court's protective order by Sugarman, beyond what was already known to Muddy Waters and presented to this Court in Muddy Waters' original motion for contempt of court.

For example, while the original contempt motion was premised on a single expert report by Sugarman's expert (Dr. Charles Lee) that contained "attorney's eyes only" information from Muddy Waters and was improperly disseminated to Sugarman and by Sugarman to his employee Adam Levine (this is discussed in this Court's contempt order [Dkt 654] at pages 4-6), in fact, there was a second, rebuttal report also prepared by Dr. Lee, which also contained "attorney's eyes only"

STATUS REPORT AND REQUEST FOR STATUS

information from Muddy Waters and which was also disseminated to Sugarman in violation of this Court's order. *See Letter of Manny Abascal to Dilan A. Esper* (Dec. 6, 2024) at 1 ("Abascal Letter") (attached hereto). Sugarman, as this Court has already found, was aware that he was not supposed to receive or possess "attorney's eyes only" information from Muddy Waters. [Dkt. 654 at 12-14]

Moreover, there were also drafts of the two Lee reports which contained "attorney's eyes only" information from Muddy Waters and which were disseminated to Sugarman in violation of this Court's order as well. *Abascal Letter* at 1. Once again, Sugarman has already been found to have known that he was not supposed to receive or possess "attorney's eyes only" information.

Additionally, Mr. Abascal also admitted that his firm, during its representation of Sugarman and acting on his behalf, sent Muddy Waters' entire "attorney's eyes only" document production to Sugarman, though he states that he then asked Sugarman to delete it and Sugarman claims he did so. *Id.* at 2.

Mr. Abascal also admitted that his firm, during its representation of Sugarman and acting on his behalf, sent the Securities and Exchange Commision unredacted copies of the Lee reports containing the "attorneys eyes only" material without complying with the notice requirements of the protective order and notifying Muddy Waters. *Id.* Mr. Abascal claimed that he asked the SEC to delete the unredacted Lee Reports.

Again, Muddy Waters was not aware of these violations as of the time this Court ruled on its contempt motion in September 2024. (To be clear, Muddy Waters has withdrawn its request for a monetary remedy against Mr. Abascal or his firm and is only seeking a monetary remedy against Sugarman for these violations.) There were thus a grand total of at least 13 separate violations of the protective order by Sugarman or his representatives acting on his behalf in this case.

Muddy Waters respectfully requests this Court (1) take the above additional violations of the protective order into account when deciding the severity of the

1  monetary sanctions to be awarded against Sugarman and (2) inform the parties of the
2  status of its determinations regarding the amount of sanctions and whether any further
3  briefing or action from the parties is needed.
4
5  DATED: February 13, 2026           HARDER STONEROCK LLP
6
7                                     By: */s/ Dilan A. Esper*
8                                     DILAN A. ESPER
                                       Attorneys for Muddy Waters Capital, LLC

# DECLARATION OF DILAN A. ESPER

I, DILAN A. ESPER, declare:

1. I am an active member of the State Bar of California and the bar of this Court, and am counsel for Third Party Deponent and Moving Party Muddy Waters Capital LLC in this litigation. I have personal knowledge of the facts set forth herein.

2. Attached hereto is a letter from Manny Abascal, who was counsel of record for Steven Sugarman at all relevant times in this action, to me dated December 6, 2024.

I declare under penalty of perjury under the laws of California and the United States that the foregoing is true and that this declaration is executed on February 13, 2026 in Fontana, California.

_____
DILAN A. ESPER