# Exhibit 1

# LATHAM&WATKINS LLP

355 South Grand Avenue, Suite 100
Los Angeles, California  90071-1560
Tel: +1.213.485.1234  Fax: +1.213.891.8763
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Century City | Paris |
| Chicago | Riyadh |
| Dubai | San Diego |
| Düsseldorf | San Francisco |
| Frankfurt | Seoul |
| Hamburg | Silicon Valley |
| Hong Kong | Singapore |
| Houston | Tel Aviv |
| London | Tokyo |
| Los Angeles | Washington, D.C. |
| Madrid | |

December 6, 2024

**VIA EMAIL**
**DESIGNATED CONFIDENTIAL UNDER**
**PROTECTIVE ORDER**

Dilan Esper, Esq.
desper@harderllp.com
Harder Stonerock LLP
8383 Wilshire Blvd
Suite 526
Beverly Hills, CA  90211

Re:  *In re Banc of California Securities Litigation,* Case No. SACV 17-00118 AG

Dear Mr. Esper:

We are writing to you in connection with the Court order entered on October 7, 2024 and the Protective Order dated November 13, 2017 in the above entitled case.

Pursuant to Section VI of the Protective Order, we advise you that on February 22, 2019, Dr. Charles Lee prepared an expert that in part referred to documents produced by your client, Muddy Waters.  Our office designated the entire report as "Confidential" and produced it to other counsel in the litigation who were subject to the Protective Order.  Dr. Lee also prepared a rebuttal report dated April 5, 2019 (together with the February 22, 2019 report the "Lee Reports") that also referred to documents produced by your client.  This report was also designated as "Confidential" and produced to other counsel in the litigation.  Consistent with the Court's Order, we have now changed the designation of the reports to "Highly Confidential – Attorney's Eyes Only" and informed counsel who received these reports of that new designation.

Without waiving any privileges, we also advise you that in privileged communications during the course of our representation of Mr. Sugarman in the litigation, Latham provided Mr. Sugarman with drafts and final copies of the Lee Reports and communicated with him regarding those Reports.  In addition, in January 2019 we mistakenly sent via email your client's January 30, 2019 document production to Mr. Sugarman but immediately requested that he delete it without review and he confirmed he did so and has not reviewed the production.  His counsel has also confirmed that the production was double deleted from his inbox and deleted items.

# LATHAM&WATKINS LLP

  We also advise you that on February 22, 2019, we filed on behalf of Mr. Sugarman in the *In re Subpoenas to Produce Documents, Information, or Objects to Muddy Waters, et al.* docket (C.D. Cal. No. 2:18-mc-00147-AG-DFM) a document entitled "Defendant Steven A. Sugarman's Opposition to Aurelius's Ex Parte Motion for Protective Order," Dkt. No. 51. The document redacted information from your client's document production; however, page 15 of the brief inadvertently failed to redact a statement that Muddy Waters' production of documents included a draft of the October 18, 2016 Blog. We understand your client's counsel reviewed this filing and attended the hearing on the *ex parte* motion without objection.

  We also advise you that in 2019 in connection with the investigation of Banc of California and its executives by the New York Office of the Securities and Exchange Commission ("SEC NY"), we produced to the SEC NY versions of the Lee Reports that contained redactions relating to your client's document production, and a letter from Dr. Lee that refers to your client's trading but states that it is not sharing the contents or obvious conclusions from your client's document production (despite Dr. Lee's statement, we give you notice of this letter out of abundance of caution). In addition, on April 15, 2019 we inadvertently produced to the SEC NY unredacted copies of the Lee Reports, and on April 18, 2019 we asked the SEC NY to delete such records.

  In response to an April 2020 unsolicited request for information from the United States Attorney's Office in Los Angeles (USAO LA) regarding a pending investigation described to us as confidential, in May 2020 we provided to the USAO LA (a) versions of the Lee Reports that contained redactions relating to your client's document production and (b) Dr. Lee's letter.

  Since October 7, 2024, we have asked all recipients identified above to comply with all the terms of Section VI of the Protective Order with respect to the subject materials including, out of abundance of caution, the redacted reports.

  Finally, pursuant to Section IX of the Protective Order, we certify that we destroyed the January 30, 2019 production of documents from Muddy Waters as well as copies, abstracts, compilations, summaries or any other format reproducing or capturing the document production that we were able to locate after reasonable and good faith searches, and we affirm that we have not knowingly retained any such materials except to the extent such materials may exist in (a) archival copies that Latham is allowed to retain under Section IX, or (b) disaster recovery or business continuity backups in queue for permanent deletion.

            Best regards,

            Manny Abascal
            of LATHAM & WATKINS LLP